COPY

FILED

2012 DEC 21  PM 3:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:

1  Stephen C. Jensen (SBN 149,894)
   steve.jensen@kmob.com
2  Jon W. Gurka (SBN 187,964)
   jon.gurka@kmob.com
3  Irfan A. Lateef (SBN 204,004)
   irfan.lateef@kmob.com
4  Jarom D. Kesler (SBN 239,136)
   jarom.kesler@kmob.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
6  2040 Main Street, Fourteenth Floor
   Irvine, CA 92614
7  Phone: (949) 760-0404
   Fax:   (949) 760-9502
8
9  Attorneys for Plaintiff
   MASIMO CORPORATION

10

11

12          IN THE UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  MASIMO CORPORATION a Delaware corporation, | **SACV12-02206 CJC (JPRx)** Civil Action No. |
| 16 | |
| 17          Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT OF U.S.** |
| 17 | **PATENT NOS. 6,002,952;** |
| 18          v. | **6,263,222; 6,580,086; 6,699,194;** |
| 18 | **6,745,060; 7,215,986; 7,489,958,** |
| 19  MINDRAY DS USA, INC. a Delaware corporation, | **7,509,154 AND 8,229,533;** |
| | **BREACH OF CONTRACT;** |
| 20  and | **BREACH OF THE** |
| | **COVENANT OF GOOD** |
| 21  SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD | **FAITH AND FAIR DEALING;** |
| | **ACCOUNTING; TORTIOUS** |
| 22  a corporation of the People's Republic of China | **INTERFERENCE WITH** |
| | **PROSPECTIVE ECONOMIC** |
| 23 | **ADVANTAGE;** |
| | **DECLARATORY RELIEF;** |
| 24          Defendants. | **AND STATUTORY UNFAIR** |
| | **COMPETITION** |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |

27

28

Plaintiff Masimo Corporation ("Masimo") hereby complains of Defendants Mindray DS USA, Inc. and Shenzhen Mindray Bio-Medical Electronics Co., Ltd (collectively "Mindray") and alleges as follows:

## PARTIES

1.    Plaintiff Masimo is a Delaware corporation having its principal place of business at 40 Parker, Irvine, California 92618.

2.    Masimo is a global medical technology company that develops and manufactures innovative noninvasive patient monitoring technologies. Masimo's award-winning innovations over nearly twenty years have led to a portfolio of products that have been demonstrated clinically superior in more than 100 independent and objective studies.  In addition to a complete array of Masimo-branded monitors, Masimo technology is integrated into more than 90 multiparameter monitors and more than 40 monitoring brands throughout the world.  Masimo's pioneering Signal Extraction Technology, Masimo SET® ("Masimo SET"), acquires and detects signals generated by red and infrared light-emitting diodes to extract oxygen saturation and pulse rate values from such signals. Masimo SET is covered by numerous patents worldwide.

3.    Upon information and belief, Defendant Mindray DS USA, Inc. ("Mindray USA") is a Delaware corporation having a principal place of business at 800 MacArthur Boulevard, Mahwah, New Jersey 07430.  Mindray USA is a manufacturer of medical equipment, and is largely focused in the areas of anesthesia, emergency medicine and critical care.

4.    Upon information and belief, Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd ("Mindray Shenzhen") is a corporation of the People's Republic of China having a principal place of business at Mindray Building, Keji 12th Road South, High-Tech Industrial Park, Nanshan, Shenzhen, People's Republic of China 518057.  Mindray Shenzhen develops, manufactures, and markets medical devices worldwide.

## JURISDICTION AND VENUE

5.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-4 of this Complaint.

6.     This action also includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., more particularly, 35 U.S.C. § 271.  This Court has subject matter jurisdiction of these claims under 28 U.S.C. § 1338(a).

7.     This action also includes claims for breach of contract, breach of the covenant of good faith and fair dealing, accounting, interference with prospective economic advantage, declaratory relief, and unfair competition by Mindray Shenzhen against Masimo.  The amount in controversy on these claims exceeds $75,000 and there exists complete diversity between and among these parties.  This Court therefore has subject matter jurisdiction of these claims under 28 U.S.C. § 1332.  This Court also has supplemental subject matter jurisdiction under 28 U.S.C. § 1367(a).

8.     The relevant Agreement between Mindray Shenzhen and Masimo includes consent to personal jurisdiction in the Central District of California for any dispute or difference concerning the rights or obligation of either Masimo or Mindray Shenzhen.  More specifically the Agreement and Amendments in Section 18 state "any claim or cause of action shall be filed in any court in Orange County, California USA.  MASIMO and MINDRAY each consents to personal jurisdiction in any action brought in the United States District Court for the Central District of California... ."

9.     Upon information and belief, Mindray conducts business throughout the United States, including in this district, and has committed the acts complained of in this district.

10.     Venue is proper in this district under 28 U.S.C. §§ 1391, 1400(b) and pursuant to the agreement between Mindray Shenzhen and Masimo.

## THE PATENTS-IN-SUIT

11.  Masimo repeats and realleges and incorporates by reference the allegations set forth in Paragraphs 1-10 of this Complaint.

12.  On December 14, 1999, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,002,952 ("the '952 patent") entitled "Signal Processing Apparatus and Method."  Masimo owns the '952 patent by assignment.

13.  On July 17, 2001, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,263,222 ("the '222 patent") entitled "Signal Processing Apparatus."  Masimo owns the '222 patent by assignment.

14.  On June 17, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,580,086 ("the '086 patent") entitled "Shielded Optical Probe and Method."  Masimo owns the '086 patent by assignment.

15.  On March 2, 2004, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,699,194 ("the '194 patent") entitled "Signal Processing Apparatus and Method."  Masimo owns the '194 patent by assignment.

16.  On June 1, 2004, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,745,060 ("the '060 patent") entitled "Signal Processing Apparatus."  Masimo owns the '060 patent by assignment.

17.  On May 8, 2007, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,215,986 ("the '986 patent") entitled "Signal Processing Apparatus."  Masimo owns the '986 patent by assignment.

18.  On February 10, 2009, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,489,958 ("the '958 patent") entitled "Signal Processing Apparatus and Method."  Masimo owns the '958 patent by assignment.

19. On March 24, 2009, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,509,154 ("the '154 patent") entitled "Signal Processing Apparatus." Masimo owns the '154 patent by assignment.

20. On July 24, 2012, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,229,533 ("the '533 patent") entitled "Low-Noise Optical Probes For Reducing Ambient Noise." Masimo owns the '533 patent by assignment.

21. Masimo has continuously marked its patient monitoring devices manufactured and sold under the '952, '222, '086, '194, '060, '986, '958, '154 and '533 patents.

22. Masimo has provided notice to Mindray of its infringement of the '952, '222, '086, '194, '060, and '986 patents.

## GENERAL ALLEGATIONS AS TO NON-PATENT CLAIMS

23. Masimo repeats and realleges and incorporates by reference the allegations set forth in Paragraphs 1-21 of this Complaint.

24. On or about November 13, 2002, Masimo and Mindray Shenzhen entered into a Purchasing And Licensing Agreement ("Original Agreement").

25. Section 4.2 of the Original Agreement, among other things, required Mindray Shenzhen to use best efforts to integrate Masimo SET into all products requiring SpO2 measurement and to adopt Masimo SET as Mindray Shenzhen's primary standard pulse oximetry product offering. Section 4.2 further limited Mindray Shenzhen's non-Masimo SET technology to situations where Nellcor or Mindray technology was demanded. Even when Nellcor or Mindray Technology was demanded, Mindray Shenzhen was required to fully inform customers of the advantages of Masimo SET and to bring in a Masimo representative to convince customers to purchase Masimo SET.

26.     Section 4.3 of the Original Agreement, among other things, obligated Mindray Shenzhen to promptly and adequately train its sales representatives on the Masimo SET technology and Masimo sensors.

27.     Section 4.4 of the Original Agreement, among other things, required Mindray Shenzhen to exhibit the features and benefits of Masimo SET in Mindray Shenzhen's trade show booths.

28.     Section 4.5 of the Original Agreement required Mindray Shenzhen to promote Masimo SET as the new standard of care in pulse oximetry.

29.     Section 4.7 of the Original Agreement required Mindray Shenzhen to inform Masimo of all new licensed products prior to their launch.

30.     On or about November 13, 2003, Masimo and Mindray Shenzhen entered into Amendment Number One To Purchasing And Licensing Agreement ("Amendment One").

31.     Among other things, Amendment One set quarterly minimums for Mindray Shenzhen to order Masimo SET kits for the years 2004 to 2006.

32.     On or about June 23, 2008, Masimo and Mindray Shenzhen entered into Amendment Number Two To Purchasing And Licensing Agreement ("Amendment Two").

33.     Among other things, Amendment Two rewrote the first two sentences of Section 4.2 in the Original Agreement to state additional integration commitments by Mindray Shenzhen as follows:

During the one year term of this Amendment, Mindray will integrate Masimo SET as the default SpO2 product offering in all of its BENEVIEW monitor devices to be sold in China.  Mindray will only ship its BENEVIEW devices providing SpO2 Measurement without Masimo SET if the customer has expressly requested a different SpO2 brand. Outside China, Mindray will make best efforts to make Masimo SET its primary and default SpO2 product offering, except in developing regions

for low end products that utilize only the current Mindray all-in-one board. Mindray will use best efforts to integrate Masimo SET into all of its product requiring SpO2 measurement, except for low end products which utilize only the current Mindray all-in-one board. Mindray agrees to adopt Masimo SET as its primary standard pulse oximetry product offering.

34. Further, Section 4.5 of Amendment Two established a guaranty purchase requirement by Mindray Shenzhen of Masimo SET boards and competitive pricing requirements for devices incorporating Masimo SET, including a requirement that Mindray Shenzhen purchase and ship to third party customers 3,000 Masimo SET boards in China and a total of 6,000 Masimo SET boards overall.

35. Section 4.5 of Amendment Two also required Mindray Shenzhen to "charge no more than $250 for Masimo SET options in Mindray's Licensed Devices, in comparison to a device without SpO2 functionality." Mindray Shenzhen further represented and warranted that "the pricing it charges for Masimo SET will be no more than the pricing it charges for other third party SpO2 offerings."

36. In addition, Amendment Two deleted Section 7.6 of the Original Agreement and replaced that section to require a quarterly certificate under penalty of perjury regarding Mindray Shenzhen's compliance with terms of the Original Agreement, specifically related to product positioning and pricing.

37. On or about January 1, 2010, Masimo and Mindray Shenzhen entered into Amendment Number Three To Purchasing and Licensing Agreement ("Amendment Three").

38. Among other things, Amendment Three extended the terms of the Original Agreement and prior amendments to March 31, 2010.

39.   On or about April 1, 2010, Masimo and Mindray Shenzhen entered into Amendment Number Four To Purchasing and Licensing Agreement ("Amendment Four").

40.   Among other things, Amendment Four extended the terms of the Original Agreement and prior amendments to March 31, 2011, including the minimum purchases of Masimo SET boards.

41.   On or about April 20, 2011, Masimo and Mindray Shenzhen entered into Amendment Number Five To Purchasing and Licensing Agreement ("Amendment Five").

42.   Among other things, Amendment Five extended the terms of the Original Agreement and prior amendments to March 31, 2012, including the guaranteed minimum purchases of 6,000 Masimo SET boards.

43.   On or about April 1, 2012, Masimo and Mindray Shenzhen entered into Amendment Six To Purchasing and Licensing Agreement ("Amendment Six"), which among other things, extended the terms of the Original Agreement and prior amendments to June 30, 2012.

44.   On or about July 1, 2012, Masimo and Mindray Shenzhen entered into Amendment Seven To Purchasing and Licensing Agreement ("Amendment Seven"), which among other things, extended the terms of the Original Agreement and prior amendments to August 31, 2012.

45.   All of the above agreements and amendments thereto are subject to a dispute resolution clause in Section 18 of the original Purchasing And Licensing Agreement dated November 13, 2002.  Section 18 provides that "any claim or cause of action shall be filed in any court in Orange County, California USA.  MASIMO and MINDRAY each consents to personal jurisdiction in any action brought in the United States District Court for the Central District of California and to service of process upon it in the manner set forth in Section 19.6 [sic] ("Notice").

46.     On November 9, 2011, Masimo sent an Official Intent to Audit to Mindray Shenzhen pursuant to Section 7.7 of the original Purchasing And Licensing Agreement dated November 13, 2002 in order to conduct a contract audit.

47.     On February 27, 2012, Masimo notified Mindray Shenzhen of a dispute between Masimo and Mindray under Section 18 of the Purchasing and Licensing Agreement between Mindray Shenzhen and Masimo, including a notice of breach of such agreement.

48.     Subsequently, Masimo endeavored to resolve the dispute with Mindray through multiple discussions and correspondence.  On May 14, 2012, Masimo provided additional detail in a letter describing certain breaches of the agreement.  Masimo and Mindray have been unable to resolve their differences.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,002,952**

49.     Masimo repeats and realleges and incorporates by reference the allegations set forth in Paragraphs 1-47 of this Complaint.

50.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

51.     Upon information and belief, Mindray has in the past and is currently infringing the '952 patent by making, using, selling, offering to sell and/or importing patient monitoring devices covered by one or more claims of the '952 patent in violation of 35 U.S.C. § 271(a), (b), and/or (c).   These products include, without limitation, the BeneView series of patient monitoring devices.

52.     Upon information and belief, Mindray's infringement of the '952 patent has been and continues to be deliberate and willful.

53.     Upon information and belief, Mindray's infringement will continue unless enjoined by this Court.

54.     Upon information and belief, Mindray has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo.  Due to Mindray's infringement of the '952 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

55.     Unless Mindray is enjoined from infringing the '952 patent, Masimo will continue to suffer irreparable injury for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,263,222

56.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-54 of this Complaint.

57.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

58.     Upon information and belief, Mindray has infringed the '222 patent by making, using, selling, offering to sell and/or importing patient monitoring devices covered by one or more claims of the '222 patent in violation of 35 U.S.C. § 271(a), (b) and (c).  These products include, without limitation, the BeneView series of patient monitoring devices.

59.     Upon information and belief, Mindray's infringement of the '222 patent has been and continues to be deliberate and willful.

60.     Upon information and belief, Mindray's infringement will continue unless enjoined by this Court.

61.     Upon information and belief, Mindray has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo.  Due to Mindray's infringement of the '222 patent, Masimo has been

1    damaged and is entitled to monetary relief in an amount to be determined at
2    trial.

3                           **THIRD CLAIM FOR RELIEF**
4                 **INFRINGEMENT OF U.S. PATENT NO. 6,580,086**

5        62.     Masimo repeats, realleges and incorporates by reference the
6    allegations set forth in Paragraphs 1-60 of this Complaint.

7        63.     This is a claim for patent infringement and arises under the Patent
8    Laws of the United States, Title 35 of the United States Code.

9        64.     Upon information and belief, Mindray has in the past and is
10   currently infringing the '086 patent by making, using, selling, offering to sell
11   and/or importing reusable oximetry sensors covered by one or more claims of
12   the '086 patent in violation of 35 U.S.C. § 271(a), (b) and (c).  These products
13   include, without limitation, SpO2 sensors for use with the BeneView series of
14   patient monitoring devices.

15       65.     Upon information and belief, Mindray's infringement of the '086
16   patent has been and continues to be deliberate and willful.  Upon information
17   and belief, Mindray's infringement will continue unless enjoined by this Court.

18       66.     Upon information and belief, Mindray has derived, received, and
19   will continue to derive and receive gains, profits and advantages from the
20   aforesaid acts of infringement in an amount that is not presently known to
21   Masimo.  Due to Mindray's infringement of the '086 patent, Masimo has been
22   damaged and is entitled to monetary relief in an amount to be determined at
23   trial.

24       67.     Unless Mindray is enjoined from infringing the '086 patent,
25   Masimo will continue to suffer irreparable injury for which it has no adequate
26   remedy at law.

27
28

## FOURTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,699,194

68.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-66 of this Complaint.

69.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

70.     Upon information and belief, Mindray has in the past and is currently infringing the '194 patent by making, using, selling, offering to sell and/or importing patient monitoring devices covered by one or more claims of the '194 patent in violation of 35 U.S.C. § 271(a), (b) and (c). These products include, without limitation, the BeneView series of patient monitoring devices.

71.     Upon information and belief, Mindray's infringement of the '194 patent has been and continues to be deliberate and willful. Upon information and belief, Mindray's infringement will continue unless enjoined by this Court.

72.     Upon information and belief, Mindray has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo. Due to Mindray's infringement of the '194 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

73.     Unless Mindray is enjoined from infringing the '194 patent, Masimo will continue to suffer irreparable injury for which it has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,745,060

74.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-72 of this Complaint.

-11-

75.   This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

76.   Upon information and belief, Mindray has infringed the '060 patent by making, using, selling, offering to sell and/or importing patient monitoring devices covered by one or more claims of the '060 patent in violation of 35 U.S.C. § 271(a), (b) and (c).   These products include, without limitation, the BeneView series of patient monitoring devices.

77.   Upon information and belief, Mindray's infringement of the '060 patent has been and continues to be deliberate and willful.   Upon information and belief, Mindray's infringement will continue unless enjoined by this Court.

78.   Upon information and belief, Mindray has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo.   Due to Mindray's infringement of the '060 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,215,986

79.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-77 of this Complaint.

80.   This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

81.   Upon information and belief, Mindray has in the past and is currently infringing the '986 patent by making, using, selling, offering to sell and/or importing patient monitoring devices covered by one or more claims of the '986 patent in violation of 35 U.S.C. § 271(a), (b) and (c). These products include, without limitation, the BeneView series of patient monitoring devices.

82.   Upon information and belief, Mindray's infringement of the '986 patent has been and continues to be deliberate and willful.  Upon information and belief, Mindray's infringement will continue unless enjoined by this Court.

83.   Upon information and belief, Mindray has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo.  Due to Mindray's infringement of the '986 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

84.   Unless Mindray is enjoined from infringing the '986 patent, Masimo will continue to suffer irreparable injury for which it has no adequate remedy at law.

<b>SEVENTH CLAIM FOR RELIEF</b>

<b>INFRINGEMENT OF U.S. PATENT NO. 7,489,958</b>

85.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-83 of this Complaint.

86.   This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

87.   Upon information and belief, Mindray has in the past and is currently infringing the '958 patent by making, using, selling, offering to sell and/or importing patient monitoring devices covered by one or more claims of the '958 patent in violation of 35 U.S.C. § 271(a), (b) and (c). These products include, without limitation, the BeneView series of patient monitoring devices.

88.   Upon information and belief, Mindray's infringement of the '958 patent has been and continues to be deliberate and willful.  Upon information and belief, Mindray's infringement will continue unless enjoined by this Court.

89.   Upon information and belief, Mindray has derived, received, and will continue to derive and receive gains, profits and advantages from the

1    aforesaid acts of infringement in an amount that is not presently known to

2    Masimo. Due to Mindray's infringement of the '958 patent, Masimo has been

3    damaged and is entitled to monetary relief in an amount to be determined at

4    trial.

5          90.    Unless Mindray is enjoined from infringing the '958 patent,

6    Masimo will continue to suffer irreparable injury for which it has no adequate

7    remedy at law.

8    **EIGHTH CLAIM FOR RELIEF**

9    **INFRINGEMENT OF U.S. PATENT NO. 7,509,154**

10          91.    Masimo repeats, realleges and incorporates by reference the

11    allegations set forth in Paragraphs 1-89 of this Complaint.

12          92.    This is a claim for patent infringement and arises under the Patent

13    Laws of the United States, Title 35 of the United States Code.

14          93.    Upon information and belief, Mindray has in the past and is

15    currently infringing the '154 patent by making, using, selling, offering to sell

16    and/or importing patient monitoring devices covered by one or more claims of

17    the '154 patent in violation of 35 U.S.C. § 271(a), (b) and (c). These products

18    include, without limitation, the BeneView series of patient monitoring devices.

19          94.    Upon information and belief, Mindray's infringement of the '154

20    patent has been and continues to be deliberate and willful. Upon information

21    and belief, Mindray's infringement will continue unless enjoined by this Court.

22          95.    Upon information and belief, Mindray has derived, received, and

23    will continue to derive and receive gains, profits and advantages from the

24    aforesaid acts of infringement in an amount that is not presently known to

25    Masimo. Due to Mindray's infringement of the '154 patent, Masimo has been

26    damaged and is entitled to monetary relief in an amount to be determined at

27    trial.

28

96.     Unless Mindray is enjoined from infringing the '154 patent, Masimo will continue to suffer irreparable injury for which it has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,229,533

97.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-95 of this Complaint.

98.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

99.     Upon information and belief, Mindray has in the past and is currently infringing the '533 patent by making, using, selling, offering to sell and/or importing reusable oximetry sensors covered by one or more claims of the '533 patent in violation of 35 U.S.C. § 271(a), (b) and (c). These products include, without limitation, SpO2 sensors for use with the BeneView series of patient monitoring devices.

100.    Upon information and belief, Mindray has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo. Due to Mindray's infringement of the '533 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

101.    Unless Mindray is enjoined from infringing the '533 patent, Masimo will continue to suffer irreparable injury for which it has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

102.    Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-100 of this Complaint.

103.   Mindray Shenzhen entered into a contractual relationship with Masimo as a result of the Original Agreement and all Amendments thereto.

104.   The Original Agreement and all Amendments thereto, including the obligations of Mindray Shenzhen are existing and continuing.

105.   Upon information and belief, Mindray Shenzhen materially breached its contractual obligations, including Sections 4.2, 4.3, 4.4, 4.5, 4.7, and 7.6 of the Original Agreement and all Amendments thereto. Specifically, Mindray Shenzhen materially breached as follows:

A.   Material Breaches of Section 4.2:

1.   Mindray Shenzhen failed to use best efforts to make Masimo SET its primary and default SpO2 product.

2.   Mindray Shenzhen failed to use best efforts to integrate Masimo SET into all of its products requiring SpO2 measurement.

3.   Mindray Shenzhen failed to adopt Masimo SET as its primary standard pulse oximetry product offering.

4.   Mindray Shenzhen failed to fully inform customers of the advantages of Masimo SET and to bring in a Masimo representative to convince customers to purchase Masimo SET in situations where Nellcor or Mindray technology was demanded.

5.   Mindray Shenzhen failed to use best efforts to ensure that its sales force was fully trained in the use, advantages and technical competence underlying Masimo SET.

6.   Mindray Shenzhen failed to adequately incentivize its sales force to encourage customers to use Masimo SET.

7.   Over the last several years, Masimo experienced a significant drop in Mindray Shenzhen's purchasing of Masimo SET boards. Over this same period, Masimo's share of the market for pulse oximetry monitors has increased significantly. Mindray Shenzhen's significantly reduced purchase

volumes over a period of Masimo's increasing market presence is a material breach of Section 4.2 of the Original Agreement and the Amendments thereto.

**B.     Material Breach of Section 4.3:**

1.     Mindray Shenzhen failed to adequately train its sales representatives on the Masimo SET technology and Masimo sensors.

**C.     Material Breach of Section 4.4:**

1.     Mindray Shenzhen failed to exhibit the features and benefits of Masimo SET in Mindray Shenzhen's trade show booths and kiosks.

**D.     Material Breach of Section 4.5:**

1.     Mindray Shenzhen failed to promote Masimo SET as the new standard of care in pulse oximetry.

2.     Mindray Shenzhen charged a premium of several hundred dollars for its monitors when equipped with Masimo SET versus the same monitors equipped with Mindray pulse oximetry.

**E.     Material Breach of Section 4.7:**

1.     Mindray Shenzhen failed to inform Masimo of a description and model number of each licensed product prior to launch.

2.     Mindray Shenzhen failed to provide Masimo with all customer product literature and technical specifications on each licensed product.

**F.     Material Breach of Section 7.6:**

1.     Mindray Shenzhen failed to supply a certificate from an officer of Mindray Shenzhen on a quarterly basis under penalty of perjury that Mindray Shenzhen was in compliance with the terms set forth in Amendment Two to the Original Agreement.

106.     The consideration of all of the covenants entered into by Mindray Shenzhen was fair and reasonable.

107.   Masimo has performed all conditions, covenants, and promises required in accordance with the terms and conditions of the Original Agreement and all Amendments thereto.

108.   As a result of Mindray Shenzhen's material breaches, Masimo has been injured in its business or property through the loss of past, present and future profits, by the loss of business opportunities, by the loss of customers and potential customers, and by the loss of good will and product image.

109.   Masimo has suffered and continues to suffer actual damages as a result of Mindray Shenzhen's actions and is entitled to monetary relief in an amount to be determined at trial. The amount of damages exceeds $75,000.

110.   In addition, Mindray Shenzhen's breaches, including its continuing efforts to market and promote its own SpO2 products to the detriment of Masimo have caused and will continue to cause irreparable harm to Masimo, unless enjoined by the Court.

111.   Masimo is therefore entitled to injunctive relief or specific performance, as provided by law.

## ELEVENTH CLAIM FOR RELIEF

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

112.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-110 of this Complaint.

113.   In the Original Agreement and all Amendments thereto there was an implied promise of good faith and fair dealing.

114.   Mindray Shenzhen entered into a contractual relationship with Masimo as a result of the Original Agreement and all Amendments thereto.

115.   The Original Agreement and all Amendments thereto include the obligations of Mindray Shenzhen.

116.   Masimo has performed all conditions, covenants, and promises required in accordance with the terms and conditions of the Original Agreement and all Amendments thereto.

117.   All conditions for the performance under the Original Agreement and all Amendments thereto by Mindray Shenzhen have occurred.

118.   Mindray Shenzhen, by its acts, unfairly interfered with Masimo's rights to receive the benefits of the Original Agreement and all Amendments thereto.

119.   Masimo was harmed by Mindray Shenzen's conduct.

120.   As a proximate result of the actions by Mindray Shenzen, Masimo has suffered and continues to suffer actual damages and is entitled to monetary relief in an amount to be determined at trial.   The amount of damages exceeds $75,000.

## TWELFTH CLAIM FOR RELIEF

## ACCOUNTING

121.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-119 of this Complaint.

122.   Upon information and belief, Mindray has breached the Original Agreement and the Amendments thereto resulting in gains, profits, and advantages which are due to Masimo.

123.   The amount of money due from Mindray to Masimo is unknown to Masimo and cannot be ascertained without an accounting of all gains, profits, and advantages derived by Mindray Shenzen's breach of the Original Agreement and the Amendments thereto.

124.   Upon information and belief, however, Masimo alleges that the amount owed exceeds $75,000.

## THIRTEENTH CLAIM FOR RELIEF

## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

125.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-123 of this Complaint.

126.   Mindray Shenzhen entered into a binding contractual relationship with Masimo as a result of the Original Agreement and all Amendments thereto.

127.   As a result of Mindray Shenzhen's contractual obligations regarding minimum purchase guarantee and integration commitments under the Original Agreement and all Amendments thereto, Masimo had a prospective economic opportunity to sell its pulse oximetry products to Mindray Shenzhen's present and future customers.  Mindray Shenzhen was aware of this opportunity.

128.   By virtue of Mindray Shenzhen's breach of its contractual commitments, Mindray Shenzhen has interfered with Masimo's economic opportunity, secured by the Original Agreement and all Amendments thereto, to sell its products to Mindray Shenzhen's present and future customers.

129.   But for Mindray Shenzhen's wrongful acts, Masimo would have realized additional sales of its products to present and future customers of Mindray Shenzhen, which interfered with Masimo's prospective business relationships for the benefit of Mindray Shenzhen.

130.   Masimo is informed and believes that the above-mentioned actions of Mindray Shenzhen were performed with the intent to interfere with Masimo's prospective business relationships.

131.   As a result of Mindray Shenzhen's acts, Masimo has been injured in its business or property through the loss of past, present and future profits, by the loss of business opportunities, by the loss of customers and potential customers, and by the loss of good will and product image.

132.   Masimo has suffered and continues to suffer actual damages as a result of Mindray Shenzhen's actions.

133.   Masimo is informed and believes that Mindray Shenzhen's acts were willful, malicious, oppressive, and undertaken with the intent of harming Masimo.

134.   Masimo is informed and believes that unless restrained, Mindray Shenzhen will continue to disrupt the  prospective relationships of Masimo, all to Masimo's great and irreparable injury, for which damages would not afford an adequate remedy as damages would not completely compensate for the injury to Masimo's business reputation and good will.

## FOURTEENTH CLAIM FOR RELIEF
## DECLARATORY RELIEF

135.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-133 of this Complaint.

136.   An actual controversy has arisen and now exists between Masimo and Mindray Shenzen concerning their respective rights and duties under the Original Agreement and the Amendments thereto.  Masimo contends that Mindray Shenzen is in material breach of its contractual obligations, including Sections 4.2, 4.3, 4.4. 4.5, 4.7, and 7.6, whereas Mindray Shenzen disputes these contentions.

137.   Masimo desires a judicial determination of the respective rights and duties of Masimo and Mindray Shenzen under the Original Agreement and the Amendments thereto, and a declaration that Mindray Shenzen is in material breach of the Original Agreement and the Amendments thereto.

138.   A judicial declaration is necessary and appropriate at this time under the circumstances in that Masimo may ascertain its rights and duties with respect to the Original Agreement and the Amendments thereto.

## FIFTEENTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

139.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-137 of this Complaint.

-21-

140.   This is a cause of action for statutory unfair competition under the California Business & Professions Code § 17200, et seq.

141.   The acts of Mindray Shenzhen alleged herein, including, but not limited to, failure to satisfy minimum purchase requirements and failure to satisfy integration commitments, constitute unlawful, unfair and fraudulent business practices in violation of the California Business & Professions Code § 17200, et seq.

142.   As a result of Mindray Shenzhen's acts, Masimo has been injured in its business or property through the loss of past, present and future profits, by the loss of business opportunities, by the loss of customers and potential customers, and by the loss of good will and product image.

143.   Masimo has suffered and continues to suffer actual damages as a result of Mindray Shenzhen's actions and further, that similar acts by Mindray Shenzhen will, unless restrained, cause irreparable injury and damage to Masimo.

144.   Masimo is informed and believes that Mindray Shenzhen's acts were willful, malicious, oppressive, and undertaken with the intent of harming Masimo.

## PRAYER FOR RELIEF

WHEREFORE, Masimo prays for the following relief:

A.   An Order adjudging Mindray to have infringed, directly and indirectly, each of the '952, '222, '086, '194, '060, '986, '958,'154 and '533 patents;

B.   A permanent injunction enjoining Mindray, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Mindray, from infringing each of the '952, '086, '194, '986, '958,'154 and '533 patents;

C.   An accounting of all gains, profits, and advantages derived by Mindray's infringement of each of the '952, '222, '086, '194, '060, '986, '958, '154 and '533 patents and for damages adequate to compensate Masimo for

1    Mindray's infringement of each of the '952, '222, '086, '194, '060, '986,

2    '958,'154, and '533 patents;

3         D.    An Order adjudging Mindray to have willfully infringed one or

4    more of the '952, '222, '086, '194, '060, and '986 patents;

5         E.    An Order trebling damages due to Mindray's willful infringement

6    under 35 U.S.C. § 284;

7         F.    An Order declaring this to be an exceptional case under 35 U.S.C.

8    § 285, and an award to Masimo of its attorneys' fees incurred in connection

9    with this action;

10        G.    An award of pre-judgment and post-judgment interest and costs of

11   this action against Mindray;

12        H.    Judgment that Mindray Shenzhen has breached the Original

13   Agreement and the Amendments thereto;

14        I.    Judgment that Mindray Shenzhen has tortiously interfered with

15   Masimo's prospective economic advantage;

16        J.    Judgment that Mindray Shenzhen competed unfairly with Masimo

17   under California Business & Professions Code § 17200, et seq., and that

18   Mindray Shenzhen's actions in doing so be adjudged as intentional and willful;

19        K.    Judgment that Mindray Shenzhen competed unfairly with Masimo

20   under the common law of the State of California and that Mindray Shenzhen's

21   actions in doing so be adjudged as intentional and willful;

22        L.    An accounting of all gains, profits, and advantages derived by

23   Mindray Shenzhen, and an award of such gains, profits and advantages to

24   Masimo;

25        M.    Judgment in the form of specific performance to require Mindray

26   Shenzhen to perform under its contractual obligations;

27   / / /

28   / / /

N.     For an order that interest be awarded on all applicable damages resulting from Mindray Shenzhen's breach of contract under California Civil Code § 3289;

O.     For a recovery of reasonable attorneys' fees for Mindray Shenzhen's tortious interference with prospective advantage;

P.     For a recovery of punitive damages for Mindray Shenzhen's wrongful conduct;

Q.     An award to Masimo of all damages sustained on account of Mindray Shenzhen's wrongful conduct, in an amount to be proven at trial;

R.     Preliminary and permanent injunctive relief enjoining Mindray Shenzhen, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them from engaging in any act or practice that: 1) constitutes a breach of the Original Agreement and the Amendments therefore, 2) intentionally interferences with Masimo's prospective economic advantage, 3) constitutes unfair competition against Masimo; and

S.     Such other and further relief as the Court may deem just and proper.


KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 21, 2012     By: _____
                                  Stephen C. Jensen
                                  Jon W. Gurka
                                  Irfan A. Lateef
                                  Jarom D. Kesler
                                  Attorneys for Plaintiff
                                  Masimo Corporation

-24-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Masimo Corporation hereby demands a trial by jury on all issues so triable.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 21, 2012   By: _____

Stephen C. Jensen
Jon W. Gurka
Irfan A. Lateef
Jarom D. Kesler
Attorneys for Plaintiff
Masimo Corporation

14537803

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 2206 CJC  (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ]  **Western Division**
    312 N. Spring St., Rm. G-8
    Los Angeles, CA 90012

[X]  **Southern Division**
    411 West Fourth St., Rm. 1-053
    Santa Ana, CA 92701-4516

[ ]  **Eastern Division**
    3470 Twelfth St., Rm. 134
    Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Stephen C. Jensen / Jon W. Gurka
Irfan A. Lateef / Jarom D. Kesler
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Attorneys for Plaintiff, MASIMO CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>MINDRAY DS USA, INC. a Delaware corporation, and SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV12-02206 CJC (JPRx)**<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Stephen C. Jensen, Jon W. Gurka, et al._, whose address is _Knobbe, Martens, Olson & Bear, 2040 Main Street, 14th Floor, Irvine, CA 92614_.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

                                                        Clerk, U.S. District Court

Dated: ___12-21-12___                       By: _____
                                                               **LORI WAGERS**
                                                               Deputy Clerk

                                                               *(Seal of the Court)*

                                                               1146

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MASIMO CORPORATION, a Delaware Corporation | MINDRAY DS USA, Inc. a Delaware corporation, and SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stephen C. Jensen, Jon W. Gurka, Irfan A. Lateef, Jarom D. Kesler KNOBBE, MARTENS, OLSON & BEAR, LLP, 2040 Main Street, Fourteenth Floor, Irvine, CA. 92614, Telephone (949) 760-0404 | TBD |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 75,000 or more

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Sec 271 and 281 Patent Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV12-02206 CJC (JPRx)**

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | MINDRAY -DS -Bergen County, New Jersey
SHENZHEN MINDRAY -People's Republic of China |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 12/21/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |