ORIGINAL

1   Joseph R. Re (SBN 134,4,79)
    Joe.Re@knobbe.com
2   Stephen C. Jensen (SBN 149,894)
    Steve.Jensen@kmob.com
3   Jon W. Gurka (SBN 187,964)
    Jon.Gurka@kmob.com
4   Stephen W. Larson (SBN 240,844)
    Stephen.Larson@kmob.com
5   KNOBBE, MARTENS, OLSON & BEAR, LLP
6   2040 Main Street, Fourteenth Floor
    Irvine, CA 92614
7   Phone: (949) 760-0404
    Fax:    (949) 760-9502
8
9   Attorneys for Plaintiff, Counter-Defendant
    and Counter-Counter Claimant
10  MASIMO CORPORATION

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                     SOUTHERN DIVISION

14

15

| 16 | MASIMO CORPORATION a Delaware corporation, | Civil Action No. SACV12-02206 CJC (JPRx) |
|---|---|---|
| 17 | | |
| 18 | Plaintiff, | **MASIMO CORPORATION'S REPLY TO SHENZHEN** |
| 19 | v. | **MINDRAY BIOMEDICAL ELECTRONICS CO., LTD'S** |
| 20 | SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation | **ANSWER AND COUNTERCLAIMS;** |
| 21 | of the People's Republic of China | **MASIMO CORPORATION'S COUNTER-** |
| 22 | Defendants. | **COUNTERCLAIMS** |
| 23 | SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation | |
| 24 | of the People's Republic of China | |
| 25 | Counter-Plaintiff. | |
| | v. | |
| 26 | MASIMO CORPORATION a Delaware corporation, | |
| 27 | | |
| 28 | Counter-Defendant, | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MASIMO CORPORATION
a Delaware corporation,

           Counter-Counter-Claimant

    v.

SHENZHEN MINDRAY BIO-MEDICAL
ELECTRONICS CO., LTD a corporation
of the People's Republic of China

           Counter-Counter-Defendant

**MASIMO'S REPLY TO SHENZHEN MINDRAY'S COUNTERCLAIMS**

Plaintiff Masimo Corporation ("Masimo") hereby replies to Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd.'s ("Shenzhen Mindray") Counterclaims to Masimo's Complaint ("Shenzhen Mindray's Counterclaims"). The numbered paragraphs below correspond to the numbered paragraphs in Shenzhen Mindray's Counterclaims.

## JURISDICTION AND VENUE

1.      Masimo admits that Shenzhen Mindray's Counterclaims purport to assert violations of federal antitrust law, specifically Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, and Section 3 of the Clayton Act, 15 U.S.C. § 14.  Masimo denies that Shenzhen Mindray has valid claims.

2.      Masimo admits that Shenzhen Mindray's Counterclaims purport to seek monetary and equitable relief under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 & 26.  Masimo denies that such relief is warranted.

3.      Masimo admits that Shenzhen Mindray's Counterclaims purport to assert that counterclaims are brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the Patent Laws of the United States, United States Code Title 35, that the patents asserted by Masimo are invalid, unenforceable, and not infringed.  Masimo denies that Shenzhen Mindray has valid claims.

4.      Masimo admits that Shenzhen Mindray's Counterclaims purport to assert violations of the Patent Laws of the United States, specifically 35 U.S.C. § 271.  Masimo denies that Shenzhen Mindray has valid claims.

5.      Masimo admits that the Court has subject matter jurisdiction over Shenzhen Mindray's purported counterclaims.

6.      Masimo admits that the Court has personal jurisdiction over Masimo.

7.      Masimo admits that venue is proper in this District.

**THE PARTIES**

8.     Masimo admits the allegations of Paragraph 8 of Shenzhen Mindray's Counterclaims.

9.     Masimo admits the allegations of Paragraph 9 of Shenzhen Mindray's Counterclaims.

**ALLEGATIONS COMMON TO ANTITRUST, UNFAIR COMPETITION, TORTIOUS INTERFERENCE, AND PATENT INFRINGEMENT COUNTERCLAIMS**

10.    Masimo admits that pulse oximetry involves the noninvasive measurement of oxygen in blood.  This may be accomplished by using a system generally comprising a sensor, a monitor and a patient cable that connects the sensor to the monitor.  The sensor may fit onto the finger or the foot of a patient, among other possible parts of the body.  The sensors may be reusable, disposable, single patient or other.  Except as so admitted, Masimo denies the allegations in Paragraph 10 of Shenzhen Mindray's Counterclaims.

11.    Masimo admits that some sensors contain red and infrared light emitting diodes (LEDs).  The LED's emit light that passes through tissue.  A detector may detect some of the light that is not absorbed by blood and tissue.  Information about the detected light may be transmitted to a pulse oximetry monitor.  The pulse oximetry monitor may be standalone device or part of a multi-parameter patient parameter monitoring system ("MPPM"), and may report pulse rate, blood oxygenation saturation ("SpO2"), and a plethysmographic waveform, in addition to other parameters measured and reported by the MPPM system.  Except as so admitted, Masimo denies the allegations in Paragraph 11 of Shenzhen Mindray's Counterclaims.

12.    Masimo admits that oxygenated blood absorbs light differently than deoxygenated blood, and that pulse oximetry monitors use algorithms to calculate oxygenation saturation of the blood in the tissue based on light

absorption.  Some form of pulse oximetry was developed before Masimo was founded.  Except as so admitted, Masimo denies the allegations in Paragraph 12 of Shenzhen Mindray's Counterclaims.

13.    Pulse oximetry monitors may have electronic circuitry and may have software.   Pulse oximetry monitors are often standalone devices or components of an integrated multi-parameter patient monitoring system ("MPPM").   Pulse oximetry monitors in standalone devices or MPPM's often function for a number of years.   Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Shenzhen Mindray's Counterclaims and therefore denies them.

14.    Masimo admits that cables and sensors that are used with pulse oximetry monitors typically must be replaced more frequently than the monitors themselves.   Masimo admits that hospitals purchase reusable, disposable, single-patient, or other types of sensors.  Except as so admitted, Masimo denies the allegations in Paragraph 14 of Shenzhen Mindray's Counterclaims.

15.    Masimo avers that the allegations of Paragraph 15 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 15 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

16.    Masimo avers that the allegations of Paragraph 16 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 16 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

17.     Masimo avers that the allegations of Paragraph 17 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 17 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

18.     Masimo admits that it manufactures pulse oximetry products and sells some of those products for incorporation into MPPM's.  Masimo admits that certain products incorporating Masimo technology are sold under the name "Masimo SET."  Masimo further admits that Nellcor Puritan Bennett, Inc. ("Nellcor"), Philips Medical Systems ("Philips") and Mindray DS USA, Inc. incorporate Masimo SET pulse oximetry into some of their products.  Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Shenzhen Mindray's Counterclaims and therefore denies them.

19.     Masimo admits that Shenzhen Mindray incorporates Masimo SET pulse oximetry into some of its pulse oximeters and MPPM systems.  Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of Shenzhen Mindray's Counterclaims and therefore denies them.

20.     Masimo avers that the allegations of Paragraph 20 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 20 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

21.     Masimo avers that the allegations of Paragraph 21 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 21 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

22.    Masimo lacks knowledge and information sufficient to form a belief as to the truth of allegations in the first sentence of Paragraph 22 of Shenzhen Mindray's Counterclaims, and therefore denies them.  Except as so admitted, Masimo denies the remaining allegations of Paragraph 22 of Shenzhen Mindray's Counterclaims.

23.    Masimo denies the allegations in Paragraph 23 of Shenzhen Mindray's Counterclaims.

24.    Masimo avers that the allegations of Paragraph 24 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 24 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

25.    Masimo denies the allegations in Paragraph 25 of Shenzhen Mindray's Counterclaims.

26.    Masimo avers that the allegations of Paragraph 26 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 26 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

27.    Masimo avers that the allegations of Paragraph 27 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 27 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

28.    Masimo avers that the allegations of Paragraph 28 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of

Paragraph 28 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

29.  Masimo avers that the allegations of Paragraph 29 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 29 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

30.  Masimo denies the allegations of Paragraph 30 of Shenzhen Mindray's Counterclaims.

31.  Masimo denies the allegations in Paragraph 31 of Shenzhen Mindray's Counterclaims.

32.  Masimo admits that it has a licensing agreement with Mindray DS USA, Inc. ("Mindray USA") and that Masimo named Mindray USA as a defendant in the present litigation.  Except as so admitted, Masimo denies the allegations of Paragraph 32 of Shenzhen Mindray's Counterclaims.

33.  Masimo denies the allegations in Paragraph 33 of Shenzhen Mindray's Counterclaims.

34.  Masimo denies the allegations in Paragraph 34 of Shenzhen Mindray's Counterclaims.

35.  Masimo admits that it has made statements concerning its licensing or distribution agreements with manufacturers of MPPM's.  Except as so admitted, Masimo denies the allegations in Paragraph 35 of Shenzhen Mindray's Counterclaims.

36.  Masimo avers that the allegations of Paragraph 36 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 36 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

37.     Masimo avers that the allegations of Paragraph 37 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 37 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

38.     Masimo admits that it had a proprietary sensor line that included a resistor or other information element with the name ProCal.   Masimo also admits that some configurations of its pulse oximeters used the information conveyed by the information element.   Masimo further admits that monitors using Masimo pulse oximetry technology incorporating Masimo's ProCal verification system indicated the presence of an unverified sensor.   Except as so admitted, Masimo denies the allegations in Paragraph 38 of Shenzhen Mindray's Counterclaims.

39.     Masimo denies the allegations in Paragraph 39 of Shenzhen Mindray's Counterclaims.

40.     Masimo denies the allegations in Paragraph 40 of Shenzhen Mindray's Counterclaims.

41.     Masimo admits that licensees and distributors have designed products to be compatible with Masimo pulse oximetry technology.   Except as so admitted, Masimo denies the allegations in Paragraph 41 of Shenzhen Mindray's Counterclaims.

42.     Masimo admits that X-Cal technology is incorporated into reusable and disposable components.   Except as so admitted, Masimo denies the allegations in Paragraph 42 of Shenzhen Mindray's Counterclaims.

43.     Masimo avers that the allegations of Paragraph 43 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 43 of Shenzhen Mindray's Counterclaims is required, Masimo

1  denies them.

2      44.    Masimo avers that the allegations of Paragraph 44 of Shenzhen

3  Mindray's Counterclaims constitute legal contentions and conclusions to which

4  no response is required.   To the extent that a response to the allegations of

5  Paragraph 44 of Shenzhen Mindray's Counterclaims is required, Masimo

6  denies them.

7      45.    Masimo avers that the allegations of Paragraph 45 of Shenzhen

8  Mindray's Counterclaims constitute legal contentions and conclusions to which

9  no response is required.   To the extent that a response to the allegations of

10  Paragraph 45 of Shenzhen Mindray's Counterclaims is required, Masimo

11  denies them.

12      46.    Masimo avers that the allegations of Paragraph 46 of Shenzhen

13  Mindray's Counterclaims constitute legal contentions and conclusions to which

14  no response is required.   To the extent that a response to the allegations of

15  Paragraph 46 of Shenzhen Mindray's Counterclaims is required, Masimo

16  denies them.

17      47.    Masimo avers that the allegations of Paragraph 47 of Shenzhen

18  Mindray's Counterclaims constitute legal contentions and conclusions to which

19  no response is required.   To the extent that a response to the allegations of

20  Paragraph 47 of Shenzhen Mindray's Counterclaims is required, Masimo

21  denies them.

22      48.    Masimo admits that in 2006 it entered into an agreement settling

23  patent litigation between itself and Nellcor.   Masimo also admits that the

24  agreement includes provisions for the payment of royalties to Masimo.

25  Masimo avers that the remaining allegations in Paragraph 48 of Shenzhen

26  Mindray's Counterclaims constitute legal contentions and conclusions to which

27  no response is required.   To the extent that a response to the allegations in

28  Paragraph 48 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

49.    Masimo avers that the allegations of Paragraph 49 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 49 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

50.    Masimo avers that the allegations of Paragraph 50 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 50 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

51.    Masimo avers that the allegations of Paragraph 51 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 51 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

52.    Masimo avers that the allegations of Paragraph 52 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 52 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

53.    Masimo avers that the allegations of Paragraph 53 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 53 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

54.    Masimo avers that the allegations of Paragraph 54 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required. To the extent that a response to the allegations of Paragraph 54 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

55. Masimo avers that the allegations of Paragraph 55 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 55 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

56. Masimo avers that the allegations of Paragraph 56 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 56 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

57. Masimo admits that disposable sensors are replaced relatively frequently, often after use on a single patient. Except as so admitted, Masimo denies the allegations of Paragraph 57 of Shenzhen Mindray's Counterclaims.

58. Masimo avers that the allegations of Paragraph 58 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 58 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

59. Masimo denies the allegations in Paragraph 59 of Shenzhen Mindray's Counterclaims.

60. Masimo avers that the allegations of Paragraph 60 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 60 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

61.    Masimo avers that the allegations of Paragraph 61 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 61 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

62.    Masimo avers that the allegations of Paragraph 62 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 62 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

63.    Masimo avers that the allegations of Paragraph 63 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 63 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

64.    Masimo admits that on or about November 13, 2002 it entered into a contract relating to integration of Masimo SET technology into Shenzhen Mindray products.   Except as so admitted, Masimo denies the allegations in Paragraph 64 of Shenzhen Mindray's Counterclaims.

65.    Masimo avers that the allegations of Paragraph 65 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 65 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

66.    Masimo denies the allegations in Paragraph 66 of Shenzhen Mindray's Counterclaims.

67.    Masimo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of Shenzhen

Mindray's Counterclaims and therefore denies them.

68.     Masimo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of Shenzhen Mindray's Counterclaims and therefore denies them.

69.     Masimo avers that the allegations of Paragraph 69 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 69 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

70.     Masimo denies the allegations in the first sentence of Paragraph 70 of Shenzhen Mindray's Counterclaims.   Masimo avers that the remaining allegations of Paragraph 70 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 70 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

71.     Masimo denies the allegations in Paragraph 71 of Shenzhen Mindray's Counterclaims.

72.     Masimo denies the allegations in Paragraph 72 of Shenzhen Mindray's Counterclaims.

73.     Masimo denies the allegations in Paragraph 73 of Shenzhen Mindray's Counterclaims.

74.     Masimo denies the allegations of Paragraph 74 of Shenzhen Mindray's Counterclaims.

75.     Masimo denies the allegations of Paragraph 75 of Shenzhen Mindray's Counterclaims.

76.     Masimo denies the allegations of Paragraph 76 of Shenzhen Mindray's Counterclaims.

///

77.     Masimo denies the allegations of Paragraph 77 of Shenzhen Mindray's Counterclaims.

78.     Masimo denies the allegations of Paragraph 78 of Shenzhen Mindray's Counterclaims.

79.     Masimo denies the allegations of Paragraph 79 of Shenzhen Mindray's Counterclaims.

80.     Masimo denies the allegations of Paragraph 80 of Shenzhen Mindray's Counterclaims.

81.     Masimo admits that at the October 1992 meeting of the American Society of Anesthesiologists, Mr. Kiani met with and showed Nellcor an implementation of Masimo's early pulse oximeter.  Masimo also admits that Nellcor provided black box data to Masimo.  Except as so admitted, Masimo denies the allegations of Paragraph 81 of Shenzhen Mindray's Counterclaims.

82.     Masimo admits that it had confidential meetings with Nellcor at Nellcor's Pleasanton Office in or around 1993, including with Dr. Yorkey, regarding Masimo's pulse oximetry technology.   Except as so admitted, Masimo denies the allegations of Paragraph 82 of Shenzhen Mindray's Counterclaims.

83.     Masimo admits that it filed U.S. Patent Application No. 08/132,812 ("the '812 application") on October 6, 1993 as a continuation-in-part of U.S. Patent Application No. 08/249/690, which was a continuation of the '060 application.  Except as so admitted, Masimo avers that the allegations of Paragraph 83 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 83 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

84.     Masimo avers that the allegations of Paragraph 84 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 84 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

85.     Masimo denies the allegations of Paragraph 85 of Shenzhen Mindray's Counterclaims.

86.     Masimo admits that it did not conclude a business arrangement with Nellcor in 1993.  Masimo further admits that it filed U.S. Patent Application No. 08/572,488 ("the '488 application") as a continuation of the '812 application.  Masimo further admits that it filed U.S. Patent Application No. 08/943,511 ("the '511 application") as a continuation of the '488 application.  Masimo further admits that U.S. Patent No. 6,263,222 ("the '222 Patent"), asserted by Masimo in this litigation, issued on July 17, 2001 from the '511 application.  Except as so admitted, Masimo avers that the allegations of Paragraph 86 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 86 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

87.     Masimo denies the allegations of Paragraph 87 of Shenzhen Mindray's Counterclaims.

88.     Masimo admits that it sued Nellcor for infringement of U.S. Patent No. 6,036,642 ("the '642 Patent") ("Masimo I").  Masimo further admits that the '642 Patent issued from an application that was a continuation of U.S. Patent Application No. 08/479,918, which was a continuation of U.S. Patent Application No. 08/249,690, which was a continuation of the '060 application filed on March 7, 1991.  Except as so admitted, Masimo avers that the allegations of Paragraph 88 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 88 of Shenzhen

Mindray's Counterclaims is required, Masimo denies them.

89.     Masimo admits that Nellcor moved for summary judgment in the Masimo I litigation.  Except as so admitted, Masimo avers that the allegations of Paragraph 89 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 89 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

90.     Masimo avers that the allegations of Paragraph 90 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 90 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

91.     Masimo admits that it filed a lawsuit for patent infringement against Nellcor asserting patents including U.S. Patent No. 6,206,830 ("the '830 Patent") ("Masimo II").  Masimo further admits that the '830 Patent issued on March 27, 2001 from an application that was a continuation of the application that lead to the '642 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 91 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 91 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

92.     Masimo avers that the allegations of Paragraph 92 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 92 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

93.     Masimo admits that the quoted language of Paragraph 93 of Shenzhen Mindray's Counterclaims appears in a Federal Circuit opinion dated

September 7, 2005.  Except as so admitted, Masimo avers that the allegations of Paragraph 93 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 93 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

94.   Masimo admits that the quoted language of Paragraph 94 of Shenzhen Mindray's Counterclaims appears in a Federal Circuit opinion dated September 7, 2005.  Except as so admitted, Masimo avers that the allegations of Paragraph 94 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 94 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

95.   Masimo admits that the Yorkey and Baker declarations in Masimo I were originally filed under seal.  Except as so admitted, Masimo denies the allegations of Paragraph 95 of Shenzhen Mindray's Counterclaims.

96.   Masimo admits that declarations from Yorkey and Baker were submitted in connection with the prosecution of the application filed on June 5, 2005, which issued as U.S. Patent No. 7,215,986 ("the '986 Patent").  Except as so admitted, Masimo avers that the allegations of Paragraph 96 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 96 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

97.   Masimo admits that Mr. John Grover, Esq. participated in the prosecution of the application that issued as the '958 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 97 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining

allegations of Paragraph 97 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

98.    Masimo avers that the allegations of Paragraph 98 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 98 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

99.    Masimo avers that the allegations of Paragraph 99 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 99 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

100.  Masimo admits that it submitted trial transcripts during prosecution of the application that issued as the '986 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 100 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 100 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

101.  Masimo admits Claim 1 of the '986 Patent, which issued in 2007, contains the language cited in Paragraph 101 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations in Paragraph 101 of Shenzhen Mindray's Counterclaims.

102.  Masimo avers that the allegations of Paragraph 102 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 102 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

103. Masimo avers that the allegations of Paragraph 103 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 103 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

104. Masimo avers that the allegations of Paragraph 104 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 104 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

105. Masimo avers that the allegations of Paragraph 105 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 105 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

106. Masimo avers that the allegations of Paragraph 106 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 106 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

107. Masimo admits that U.S. Patent No. 7,509,154 ("the '154 Patent") issued on March 24, 2009 from an application filed on August 20, 2007. Masimo further admits that the application that issued as the '154 Patent was a continuation of U.S. Patent Application No. 09/195,791 ("the '791 application"). Masimo further admits that the '986 Patent issued from an application that claims priority to the '791 application, and that the disclosure of the application that lead to the '986 Patent contains no new matter over the '791 application. Except as so admitted, Masimo avers that the allegations of

Paragraph 107 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 107 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

108. Masimo admits the allegations of Paragraph 108 of Shenzhen Mindray's Counterclaims.

109. Masimo avers that the allegations of Paragraph 109 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 109 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

110. Masimo avers that the allegations of Paragraph 110 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 110 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

111. Masimo avers that the allegations of Paragraph 111 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 111 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

112. Masimo avers that the allegations of Paragraph 112 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the remaining allegations of Paragraph 112 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

113. Masimo admits the allegations of Paragraph 113 of Shenzhen Mindray's Counterclaims.

114. Masimo avers that the allegations of Paragraph 114 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 114 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

115. Masimo avers that the allegations of Paragraph 115 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 115 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

116. Masimo avers that the allegations of Paragraph 116 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 116 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

117. Masimo avers that the allegations of Paragraph 117 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 117 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

118. Masimo admits that Mr. Kiani met with Philips in 2001 regarding Philips' interest in integrating Masimo pulse oximetry technology into Philips' products. Except as so admitted, Masimo avers that the allegations of Paragraph 118 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the remaining allegations of Paragraph 118 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

///

119.   Masimo admits that in its litigation with Philips in the District of Delaware, Philips moved for summary judgment of invalidity of certain claims of the '222 and '194 Patents.  Masimo further admits that Magistrate Judge Thynge issued a Report and Recommendation on April 2, 2013 regarding the validity of the '222 and '194 Patents.  Except as so admitted, Masimo avers that the allegations of Paragraph 119 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 119 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

120.   Masimo admits that the '194 Patent issued from a continuation application of U.S. Patent Application No. 09/081,539, which was a divisional of U.S. Patent Application No. 08/834,194 ("the '194 application").  Masimo further admits that the '194 application issued as U.S. Patent No. 6,002,952 ("the '952 Patent").  Masimo further admits that the '952 Patent is asserted in this litigation.  Except as so admitted, Masimo avers that the allegations of Paragraph 120 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 120 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

121.   Masimo denies the allegations of Paragraph 121 of Shenzhen Mindray's Counterclaims.

## REPLY TO COUNTERCLAIM 1

122.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 121, inclusive, with the same force and effect as if set forth fully herein.

123.   Masimo avers that the allegations of Paragraph 123 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of

Paragraph 123 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

124. Masimo avers that the allegations of Paragraph 124 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 124 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

125. Masimo avers that the allegations of Paragraph 125 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 125 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

126. Masimo avers that the allegations of Paragraph 126 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 126 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

127. Masimo avers that the allegations of Paragraph 127 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 127 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 2

128. Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 127, inclusive, with the same force and effect as if set forth fully herein.

129. Masimo avers that the allegations of Paragraph 129 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required. To the extent that a response to the allegations of Paragraph 129 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

130. Masimo avers that the allegations of Paragraph 130 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 130 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

131. Masimo avers that the allegations of Paragraph 131 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 131 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

132. Masimo avers that the allegations of Paragraph 132 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 132 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

133. Masimo avers that the allegations of Paragraph 133 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 133 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

134. Masimo avers that the allegations of Paragraph 134 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 134 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 3

135.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 134, inclusive, with the same force and effect as if set forth fully herein.

136.   Masimo avers that the allegations of Paragraph 136 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 136 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

137.   Masimo avers that the allegations of Paragraph 137 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 137 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

138.   Masimo avers that the allegations of Paragraph 138 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 138 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

139.   Masimo avers that the allegations of Paragraph 139 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 139 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

140.   Masimo avers that the allegations of Paragraph 140 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 140 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

## **REPLY TO COUNTERCLAIM 4**

141.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 140, inclusive, with the same force and effect as if set forth fully herein.

142.  Masimo avers that the allegations of Paragraph 142 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 142 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

143.  Masimo avers that the allegations of Paragraph 143 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 143 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

144.  Masimo avers that the allegations of Paragraph 144 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 144 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

145.  Masimo denies the allegations of Paragraph 145 of Shenzhen Mindray's Counterclaims.

146.  Masimo avers that the allegations of Paragraph 146 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 146 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

147.  Masimo avers that the allegations of Paragraph 147 of Shenzhen

Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 147 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 5

148.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 147, inclusive, with the same force and effect as if set forth fully herein.

149.  Masimo avers that the allegations of Paragraph 149 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 149 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

150.  Masimo avers that the allegations of Paragraph 150 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 150 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

151.  Masimo avers that the allegations of Paragraph 151 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 151 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

152.  Masimo avers that the allegations of Paragraph 152 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 152 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

153.   Masimo avers that the allegations of Paragraph 153 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 153 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

154.   Masimo denies the allegations of Paragraph 154 of Shenzhen Mindray's Counterclaims.

155.   Masimo denies the allegations of Paragraph 155 of Shenzhen Mindray's Counterclaims.

156.   Masimo avers that the allegations of Paragraph 156 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 156 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

157.   Masimo avers that the allegations of Paragraph 157 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 157 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

158.   Masimo avers that the allegations of Paragraph 158 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 158 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

159.   Masimo avers that the allegations of Paragraph 159 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 159 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

160.   Masimo avers that the allegations of Paragraph 160 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 160 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 6

161.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 160, inclusive, with the same force and effect as if set forth fully herein.

162.   Masimo avers that the allegations of Paragraph 162 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 162 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

163.   Masimo avers that the allegations of Paragraph 163 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 163 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

164.   Masimo avers that the allegations of Paragraph 164 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 164 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

165.   Masimo denies the allegations in Paragraph 165 of Shenzhen Mindray's Counterclaims.

/ / /