166.   Masimo denies the allegations in Paragraph 166 of Shenzhen Mindray's Counterclaims.

167.   Masimo denies the allegations in Paragraph 167 of Shenzhen Mindray's Counterclaims.

168.   Masimo avers that the allegations of Paragraph 168 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 168 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

169.   Masimo avers that the allegations of Paragraph 169 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 169 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 7

170.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 169, inclusive, with the same force and effect as if set forth fully herein.

171.   Masimo avers that the allegations of Paragraph 171 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 171 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

172.   Masimo avers that the allegations of Paragraph 172 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 172 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

173.   Masimo avers that the allegations of Paragraph 173 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 173 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

174.   Masimo avers that the allegations of Paragraph 174 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 174 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

175.   Masimo avers that the allegations of Paragraph 175 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 175 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 8

176.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 175, inclusive, with the same force and effect as if set forth fully herein.

177.   Masimo avers that the allegations of Paragraph 177 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 177 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

178.   Masimo avers that the allegations of Paragraph 178 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 178 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

179.   Masimo avers that the allegations of Paragraph 179 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 179 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

180.   Masimo avers that the allegations of Paragraph 180 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 180 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

181.   Masimo denies the allegations in Paragraph 181 of Shenzhen Mindray's Counterclaims.

182.   Masimo avers that the allegations of Paragraph 182 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 182 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

183.   Masimo avers that the allegations of Paragraph 183 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 183 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

184.   Masimo avers that the allegations of Paragraph 184 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 184 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## **REPLY TO COUNTERCLAIM 9**

185.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 184, inclusive, with the same force and effect as if set forth fully herein.

186.   Masimo avers that the allegations of Paragraph 186 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 186 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

187.   Masimo avers that the allegations of Paragraph 187 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 187 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

188.   Masimo avers that the allegations of Paragraph 188 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 188 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## **REPLY TO COUNTERCLAIM 10**

189.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 188, inclusive, with the same force and effect as if set forth fully herein.

190.   Masimo avers that the allegations of Paragraph 190 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 190 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

191.   Masimo avers that the allegations of Paragraph 191 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 191 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

192.   Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 192 regarding what Shenzhen Mindray "believes" and therefore denies this allegation.

193.   Masimo avers that the allegations of Paragraph 193 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 193 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

194.   Masimo avers that the allegations of Paragraph 194 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 194 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

195.   Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 195 regarding what Shenzhen Mindray is "informed" of and "believes" and therefore denies this allegation.

196.   Masimo avers that the allegations of Paragraph 196 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 196 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

/ / /

## REPLY TO COUNTERCLAIM 11

197.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 196, inclusive, with the same force and effect as if set forth fully herein.

198.   Masimo avers that the allegations of Paragraph 198 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 198 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

199.   Masimo avers that the allegations of Paragraph 199 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 199 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

200.   Masimo avers that the allegations of Paragraph 200 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 200 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

201.   Masimo avers that the allegations of Paragraph 201 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 201 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

202.   Masimo avers that the allegations of Paragraph 202 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 202 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

203.   Masimo avers that the allegations of Paragraph 203 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 203 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 12

204.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

205.   Masimo admits the allegations in Paragraph 205 of Shenzhen Mindray's Counterclaims.

206.   Masimo avers that the allegations of Paragraph 206 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 206 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

207.   Masimo admits the allegations in Paragraph 207 of Shenzhen Mindray's Counterclaims.

208.   Masimo avers that the allegations of Paragraph 208 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 208 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 13

209.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

210. Masimo admits the allegations in Paragraph 210 of Shenzhen Mindray's Counterclaims.

211. Masimo avers that the allegations of Paragraph 211 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 211 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

212. Masimo admits the allegations in Paragraph 212 of Shenzhen Mindray's Counterclaims.

213. Masimo avers that the allegations of Paragraph 213 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 213 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

**REPLY TO COUNTERCLAIM 14**

214. Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

215. Masimo admits the allegations in Paragraph 215 of Shenzhen Mindray's Counterclaims.

216. Masimo avers that the allegations of Paragraph 216 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 216 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

217. Masimo admits the allegations in Paragraph 217 of Shenzhen Mindray's Counterclaims.

/ / /

218. Masimo avers that the allegations of Paragraph 218 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 218 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 15

219. Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

220. Masimo admits the allegations in Paragraph 220 of Shenzhen Mindray's Counterclaims.

221. Masimo avers that the allegations of Paragraph 221 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 221 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

222. Masimo admits the allegations in Paragraph 222 of Shenzhen Mindray's Counterclaims.

223. Masimo avers that the allegations of Paragraph 223 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 223 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 16

224. Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

/ / /

225.   Masimo admits the allegations in Paragraph 225 of Shenzhen Mindray's Counterclaims.

226.   Masimo avers that the allegations of Paragraph 226 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 226 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

227.   Masimo admits the allegations in Paragraph 227 of Shenzhen Mindray's Counterclaims.

228.   Masimo avers that the allegations of Paragraph 228 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 228 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 17

229.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

230.   Masimo admits the allegations in Paragraph 230 of Shenzhen Mindray's Counterclaims.

231.   Masimo avers that the allegations of Paragraph 231 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 231 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

232.   Masimo admits the allegations in Paragraph 232 of Shenzhen Mindray's Counterclaims.

/ / /

- 38 -

233.   Masimo avers that the allegations of Paragraph 233 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 233 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 18

234.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

235.   Masimo admits the allegations in Paragraph 235 of Shenzhen Mindray's Counterclaims.

236.   Masimo avers that the allegations of Paragraph 236 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 236 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

237.   Masimo admits the allegations in Paragraph 237 of Shenzhen Mindray's Counterclaims.

238.   Masimo avers that the allegations of Paragraph 238 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 238 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 19

239.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

/ / /

240.   Masimo admits the allegations in Paragraph 240 of Shenzhen Mindray's Counterclaims.

241.   Masimo avers that the allegations of Paragraph 241 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 241 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

242.   Masimo admits the allegations in Paragraph 242 of Shenzhen Mindray's Counterclaims.

243.   Masimo avers that the allegations of Paragraph 243 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 243 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 20

244.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

245.   Masimo admits the allegations in Paragraph 245 of Shenzhen Mindray's Counterclaims.

246.   Masimo avers that the allegations of Paragraph 246 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 246 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

247.   Masimo admits the allegations in Paragraph 247 of Shenzhen Mindray's Counterclaims.

/ / /

248.   Masimo avers that the allegations of Paragraph 248 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 248 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 21

249.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

250.   Masimo admits that it has asserted the '952 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 250 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 250 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

251.   Masimo admits the allegations in Paragraph 251 of Shenzhen Mindray's Counterclaims.

252.   Masimo avers that the allegations of Paragraph 252 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 252 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

253.   Masimo avers that the allegations of Paragraph 253 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 253 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

## REPLY TO COUNTERCLAIM 22

254.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

255.   Masimo admits that it has asserted the '222 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 255 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 255 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

256.   Masimo avers that the allegations of Paragraph 256 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 256 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

257.   Masimo admits the allegations in Paragraph 257 of Shenzhen Mindray's Counterclaims.

258.   Masimo avers that the allegations of Paragraph 258 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 258 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 23

259.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

260.   Masimo admits that it has asserted the '086 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 260 of Shenzhen

Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 260 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

261.   Masimo admits the allegations in Paragraph 261 of Shenzhen Mindray's Counterclaims.

262.   Masimo avers that the allegations of Paragraph 262 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 262 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 24

263.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

264.   Masimo admits that it has asserted the '194 Patent.   Except as so admitted, Masimo avers that the allegations of Paragraph 264 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 264 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

265.   Masimo admits the allegations in Paragraph 265 of Shenzhen Mindray's Counterclaims.

266.   Masimo avers that the allegations of Paragraph 266 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 266 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

267.   Masimo avers that the allegations of Paragraph 267 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 267 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 25

268.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

269.   Masimo admits that it has asserted the '060 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 269 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 269 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

270.   Masimo admits the allegations in Paragraph 270 of Shenzhen Mindray's Counterclaims.

271.   Masimo avers that the allegations of Paragraph 271 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 271 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 26

272.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

273.   Masimo admits that it has asserted the '986 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 273 of Shenzhen

Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 273 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

274.   Masimo admits the allegations in Paragraph 274 of Shenzhen Mindray's Counterclaims.

275.   Masimo avers that the allegations of Paragraph 275 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 275 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 27

276.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

277.   Masimo admits that it has asserted the '958 Patent.   Except as so admitted, Masimo avers that the allegations of Paragraph 277 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 277 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

278.   Masimo admits the allegations in Paragraph 278 of Shenzhen Mindray's Counterclaims.

279.   Masimo avers that the allegations of Paragraph 279 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 279 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 28

280.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

281.   Masimo admits that it has asserted the '154 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 281 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 281 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

282.   Masimo admits the allegations in Paragraph 282 of Shenzhen Mindray's Counterclaims.

283.   Masimo avers that the allegations of Paragraph 283 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 283 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 29

284.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

285.   Masimo admits that it has asserted the '533 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 285 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 285 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

286. Masimo admits the allegations in Paragraph 286 of Shenzhen Mindray's Counterclaims.

287. Masimo avers that the allegations of Paragraph 287 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 287 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 30

288. Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

289. Masimo admits that it has more than one hundred issued U.S. Patents. Except as so admitted, Masimo avers that the allegations of Paragraph 289 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 289 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

290. Masimo admits that it has entered contracts with Shenzhen Mindray and Mindray USA. Except as admitted, Masimo avers that the allegations of Paragraph 290 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 290 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

291. Masimo avers that the allegations of Paragraph 291 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 291 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

292.   Masimo avers that the allegations of Paragraph 292 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 292 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 31

293.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

294.   Masimo avers that the allegations of Paragraph 294 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 294 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

295.   Masimo avers that the allegations of Paragraph 295 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 295 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

296.   Masimo avers that the allegations of Paragraph 296 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 296 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

297.   Masimo avers that the allegations of Paragraph 297 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 297 of Shenzhen Mindray's Counterclaims is required, Masimo

1  denies them.

2  298.   Masimo avers that the allegations of Paragraph 298 of Shenzhen

3  Mindray's Counterclaims constitute legal contentions and conclusions to which

4  no response is required.   To the extent that a response to the allegations of

5  Paragraph 298 of Shenzhen Mindray's Counterclaims is required, Masimo

6  denies them.

7  **REPLY TO COUNTERCLAIM 32**

8  299.   Masimo incorporates by reference its responses to the allegations

9  in Paragraphs 1 through 203, inclusive, with the same force and effect as if set

10  forth fully herein.

11  300.   Masimo avers that the allegations of Paragraph 300 of Shenzhen

12  Mindray's Counterclaims constitute legal contentions and conclusions to which

13  no response is required.   To the extent that a response to the allegations of

14  Paragraph 300 of Shenzhen Mindray's Counterclaims is required, Masimo

15  denies them.

16  301.   Masimo avers that the allegations of Paragraph 301 of Shenzhen

17  Mindray's Counterclaims constitute legal contentions and conclusions to which

18  no response is required.   To the extent that a response to the allegations of

19  Paragraph 301 of Shenzhen Mindray's Counterclaims is required, Masimo

20  denies them.

21  302.   Masimo avers that the allegations of Paragraph 302 of Shenzhen

22  Mindray's Counterclaims constitute legal contentions and conclusions to which

23  no response is required.   To the extent that a response to the allegations of

24  Paragraph 302 of Shenzhen Mindray's Counterclaims is required, Masimo

25  denies them.

26  303.   Masimo avers that the allegations of Paragraph 303 of Shenzhen

27  Mindray's Counterclaims constitute legal contentions and conclusions to which

28  no response is required.   To the extent that a response to the allegations of

Paragraph 303 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

304.  Masimo avers that the allegations of Paragraph 304 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 304 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 33

305.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

306.  Masimo avers that the allegations of Paragraph 306 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 306 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

307.  Masimo avers that the allegations of Paragraph 307 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 307 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

308.  Masimo avers that the allegations of Paragraph 308 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 308 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

309.  Masimo avers that the allegations of Paragraph 309 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 309 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

310.  Masimo avers that the allegations of Paragraph 310 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 310 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 34

311.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 203, inclusive, with the same force and effect as if set forth fully herein.

312.  Masimo avers that the allegations of Paragraph 312 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 312 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

313.  Masimo avers that the allegations of Paragraph 313 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 313 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

314.  Masimo avers that the allegations of Paragraph 314 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 314 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

315.   Masimo avers that the allegations of Paragraph 315 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 315 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

316.   Masimo avers that the allegations of Paragraph 316 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 316 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 35

317.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 120, inclusive, with the same force and effect as if set forth fully herein.

318.   Masimo admits that Exhibit 1 purports to be a copy of U.S. Patent No. 6,308,089, entitled "Limited Use Medical Probe," and bears an issue date of October 23, 2001.   Masimo denies the remaining allegations of Paragraph 318 of Shenzhen Mindray's Counterclaims.

319.   Masimo avers that the allegations of Paragraph 319 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 319 of Shenzhen Mindray's Counterclaims is required, Masimo is without knowledge or information sufficient to form a belief, and on that basis denies them.

320.   Masimo denies the allegations of Paragraph 320 of Shenzhen Mindray's Counterclaims.

321.   Masimo denies the allegations of Paragraph 321 of Shenzhen Mindray's Counterclaims.

322.   Masimo denies the allegations of Paragraph 322 of Shenzhen Mindray's Counterclaims.

323.   Masimo denies the allegations of Paragraph 323 of Shenzhen Mindray's Counterclaims.

324.   Masimo denies the allegations of Paragraph 324 of Shenzhen Mindray's Counterclaims.

325.   Masimo denies the allegations of Paragraph 325 of Shenzhen Mindray's Counterclaims.

### REPLY TO COUNTERCLAIM 36

326.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 120, inclusive, with the same force and effect as if set forth fully herein.

327.   Masimo admits that Exhibit 2 purports to be a copy of U.S. Patent No. 7,048,687, entitled "Limited Use Medical Probe," and bears an issue date of May 23, 2006.  Masimo denies the remaining allegations of Paragraph 327 of Shenzhen Mindray's Counterclaims.

328.   Masimo avers that the allegations of Paragraph 328 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 328 of Shenzhen Mindray's Counterclaims is required, Masimo is without knowledge or information sufficient to form a belief, and on that basis denies them.

329.   Masimo denies the allegations of Paragraph 329 of Shenzhen Mindray's Counterclaims.

330.   Masimo denies the allegations of Paragraph 330 of Shenzhen Mindray's Counterclaims.

331.   Masimo denies the allegations of Paragraph 331 of Shenzhen Mindray's Counterclaims.

332.   Masimo denies the allegations of Paragraph 332 of Shenzhen Mindray's Counterclaims.

333.   Masimo denies the allegations of Paragraph 333 of Shenzhen Mindray's Counterclaims.

334.   Masimo denies the allegations of Paragraph 334 of Shenzhen Mindray's Counterclaims.

<b><u>PRAYER FOR RELIEF</u></b>

Masimo denies that Shenzhen Mindray is entitled to either the requested relief or any other or further relief.

<b><u>AFFIRMATIVE DEFENSES</u></b>

Without assuming any burden that it would not otherwise bear, and reserving its right to amend this Answer to assert additional defenses as they may become known during investigation and discovery, Masimo asserts the following separate and additional defenses.

<b><u>AFFIRMATIVE DEFENSE 1:  FAILURE TO STATE A CLAIM</u></b>

335.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

<b><u>AFFIRMATIVE DEFENSE 2:  LACK OF STANDING</u></b>

336.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray lacks standing to pursue such claims.

<b><u>AFFIRMATIVE DEFENSE 3:  NO INJURY-IN-FACT</u></b>

337.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not suffered injury-in-fact.

<b><u>AFFIRMATIVE DEFENSE 4:  NO ANTITRUST INJURY</u></b>

338.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not suffered antitrust injury.

<b><u>AFFIRMATIVE DEFENSE 5:  NO PROXIMATE CAUSE</u></b>

339.   Shenzhen Mindray's Counterclaims are barred, in whole or in part,

because Shenzhen Mindray's claimed injuries and damages, if any, were not proximately caused by any acts or omissions by Masimo.

### AFFIRMATIVE DEFENSE 6:  INTERVENING OR SUPERSEDING ACTS OF THIRD PARTIES

340.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray's claimed injuries and damages, if any, resulted from the acts or omissions of third parties over whom Masimo has or had no control.   The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Shenzhen Mindray.

### AFFIRMATIVE DEFENSE 7:  NO MARKET PARTICIPATION

341.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not alleged that it participates or has participated in any market relevant to such claims.

### AFFIRMATIVE DEFENSE 8:  NO MARKET POWER

342.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not alleged that Masimo possesses or possessed market or monopoly power in any legally cognizable market in which Shenzhen Mindray has alleged that it participates or has participated.

### AFFIRMATIVE DEFENSE 9:  PATENT RIGHTS

343.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Masimo's conduct is lawful under its patents.

### AFFIRMATIVE DEFENSE 10:  LITIGATION PRIVILEGE

344.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the *Noerr-Pennington* doctrine of the First Amendment to the United States Constitution, California's litigation privilege and California's anti-SLAPP statute.

/ / /

/ / /

### AFFIRMATIVE DEFENSE 11:  GOOD FAITH

345.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Masimo's actions were taken in good faith, with the absence of malicious intent, and constituted and constitute lawful, proper and justified means to accomplish legitimate business objectives.

### AFFIRMATIVE DEFENSE 12:  JUSTIFICATION

346.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Masimo's conduct has been reasonable, based upon independent, legitimate business and economic justifications, without any purpose or intent to injure competition.  Masimo's conduct is justified, for example, by any or all of the following:  (1) as a means to protect patient safety; (2) as a means to ensure proper performance of its products; (3) as a means to protect the quality and integrity of its pulse oximetry technology; (4) as a means to protect its goodwill and reputation and prevent consumer confusion; (5) as a means to enable hospitals to purchase its pulse oximetry technology including on a more cost effective basis; (6) as a means to enhance efficient pricing of its SET technology by matching prices and consumer needs based on usage; (7) as a means to protect its patent rights; (8) as consistent with ubiquitous industry practice; and (9) as necessary to compete.

### AFFIRMATIVE DEFENSE 13:  IN PARI DELICTO

347.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### AFFIRMATIVE DEFENSE 14:  STATUTE OF LIMITATIONS

348.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### AFFIRMATIVE DEFENSE 15:  WAIVER

349.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

## AFFIRMATIVE DEFENSE 16:  CONSENT

350.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray consented to and/or ratified Masimo's alleged conduct.

## AFFIRMATIVE DEFENSE 17:  LACHES

351.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of laches.

## AFFIRMATIVE DEFENSE 18:  EQUITABLE ESTOPPEL

352.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of equitable estoppel.

## AFFIRMATIVE DEFENSE 19:  UNCLEAN HANDS

353.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE 20: CONTRACT

354.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because of Shenzhen Mindray's contracts with Masimo.   For example, Shenzhen Mindray is a party to a November 13, 2002 Purchasing and Licensing Agreement and the amendments thereto ("Shenzhen Mindray Agreement").   Shenzhen Mindray is also a successor to an August 19, 1997 agreement between Masimo and Datascope Corporation and the amendments thereto ("Datascope Agreement").   For example, Shenzhen Mindray controls and directs the corporate activities of Mindray USA, a party to the Datascope Agreement.   Furthermore, Shenzhen Mindray has not treated Shenzhen Mindray and Mindray USA independently for the purposes of corporate formalities.   Shenzhen Mindray is also bound to the Datascope Agreement as an "Affiliate" pursuant to Section 2 of the Agreement.

/ / /

/ / /

**AFFIRMATIVE DEFENSE 21: SINGLE ENTITY**

355.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray is not a separate entity from other Mindray entities. For example, Shenzhen Mindray is not a separate entity from Mindray USA. Shenzhen Mindray controls and directs the corporate activities of Mindray USA. Shenzhen Mindray has also not treated Shenzhen Mindray and Mindray USA independently for the purposes of corporate formalities.

**AFFIRMATIVE DEFENSE 22: FAILURE TO MITIGATE DAMAGES**

356.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by its failure to mitigate any injury and by its failure to mitigate damages.

**AFFIRMATIVE DEFENSE 23: ADEQUATE REMEDY AT LAW**

357.   Shenzhen Mindray's Counterclaims seeking equitable relief are barred, in whole or in part, because there is an adequate remedy at law.

**AFFIRMATIVE DEFENSE 24: NONINFRINGEMENT**

358.   Masimo has not infringed and does not infringe, directly, by inducement, or contributorily, one or more claims of U.S. Patent No. 6,308,089 (the "'089 patent"), either literally or under the doctrine of equivalents.

359.   Masimo has not infringed and does not infringe, directly, by inducement, or contributorily, one or more claims of U.S. Patent No. 7,048,687 (the "'687 patent"), either literally or under the doctrine of equivalents.

**AFFIRMATIVE DEFENSE 25: INVALIDITY**

360.   One or more claims of the '089 patent are invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

361.   One or more claims of the '687 patent are invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

**COUNTER-COUNTERCLAIMS**

Masimo Corporation ("Masimo") alleges the following counterclaims against Shenzhen Mindray Bio-Medical Electronics Co., Ltd. ("Shenzhen

Mindray"):

## JURISDICTION AND VENUE

1.     Masimo asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the patent laws of the United States, United States Code Titles 35, that the patents asserted by Shenzhen Mindray are invalid and not infringed.

2.     There exists an actual and justiciable controversy between the parties regarding the validity and alleged infringement of U.S. Patent No. 6,308,089 (the "'089 patent") and U.S. Patent No. 7,048,687 (the "'687 patent") based on Shenzhen Mindray having filed Counterclaims against Masimo alleging infringement of these patents.

3.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.     Shenzhen Mindray is subject to the personal jurisdiction of this Court.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '089 PATENT

6.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-5 of these Counter-counterclaims.

7.     Shenzhen Mindray alleges in its Counterclaims that it is the owner of the '089 patent.

8.     Shenzhen Mindray has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '089 patent.

9.     Masimo has denied Shenzhen Mindray's claim of infringement of the '089 patent, and contends that it does not infringe the '089 patent or any

valid asserted claim thereof.

10.   An immediate, real, and justiciable controversy now exists between Masimo and Shenzhen Mindray with respect to the alleged infringement of the '089 patent.

11.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Masimo requests declaratory judgment that it does not infringe one or more claims of the '089 patent.

<u>**SECOND CLAIM FOR RELIEF**</u>

<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE**</u>

<u>**'687 PATENT**</u>

12.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-11 of these Counter-counterclaims.

13.   Shenzhen Mindray alleges in its Counterclaims that it is the owner of the '687 patent.

14.   Shenzhen Mindray has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '687 patent.

15.   Masimo has denied Shenzhen Mindray's claim of infringement of the '687 patent, and contends that it does not infringe the '687 patent or any valid asserted claim thereof.

16.   An immediate, real, and justiciable controversy now exists between Masimo and Shenzhen Mindray with respect to the alleged infringement of the '687 patent.

17.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Masimo requests declaratory judgment that it does not infringe one or more claims of the '687 patent.

/ / /

/ / /

/ / /

- 60 -

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '089 PATENT

18.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-17 of these Counter-counterclaims.

19.   Shenzhen Mindray asserts that the '089 patent is valid.

20.   Masimo contends that the '089 patent is invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

21.   An immediate, real, and justiciable controversy now exists between Masimo and Shenzhen Mindray with respect to the invalidity of the '089 patent.

22.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Masimo requests declaratory judgment that one or more claims of the '089 patent are invalid.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '687 PATENT

23.   Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-22 of these Counter-counterclaims.

24.   Shenzhen Mindray asserts that the '687 patent is valid.

25.   Masimo contends that the '687 patent is invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

26.   An immediate, real, and justiciable controversy now exists between Masimo and Shenzhen Mindray with respect to the invalidity of the '687 patent.

27.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Masimo requests declaratory judgment that one or more claims of the '687 patent are invalid.

/ / /

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Masimo prays for the following relief:

A.     An declaration that Masimo does not infringe directly, by inducement, or contributorily, the '089 or '687 patents, either literally or under the doctrine of equivalents; and

B.     A declaration that the '089 and '687 patents are invalid.

C.     That Defendant takes nothing from its Counterclaims and that Defendant's claims against Masimo be dismissed with prejudice; and

D.     That Masimo be granted such other and further relief as the Court deems equitable and just in the circumstances.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: <u>September 16, 2013</u>     By: _____
                    Joseph R. Re
                    Stephen C. Jensen
                    Jon W. Gurka
                    Stephen W. Larson

                    Attorneys for Plaintiff ,Counter-Defendant,
                    Counter-Counter-Claimant
                    MASIMO CORPORATION

- 62 -

## **JURY DEMAND**

Masimo requests a jury trial for those issues so triable herein.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>September 16, 2013</u>   By: _____

Joseph R. Re
Stephen C. Jensen
Jon W. Gurka
Stephen W. Larson

Attorneys for Plaintiff ,Counter-Defendant,
Counter-Counter-Claimant
MASIMO CORPORATION

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, 14th Floor, Irvine, California 92614.

On September 16, 2013, I caused to be served the within **MASIMO CORPORATION'S REPLY TO SHENZHEN MINDRAY BIOMEDICAL ELECTRONICS CO., LTD'S ANSWER AND COUNTERCLAIMS; MASIMO CORPORATION'S COUNTER-COUNTERCLAIMS** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

**VIA U.S. MAIL DELIVERY TO**:

Christopher Carl Bolten
cbolten@foley.com
Jose L Patino
jpatino@foley.com
Nicolas A. Pisano
npisano@foley.com
Foley and Lardner LLP
3579 Valley Centre Drive Suite 300
San Diego, CA 92130
858-847-6700
858-792-6773 (fax)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 16, 2013, at Irvine, California.

Jeff T. Roche

16081167
082313

- 64 -