**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-02206-CJC(JPRx)                                      Date:  December 4, 2013

Title: <u>MASIMO CORPORATION V. MINDRAY DS USA, INC., ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                                              <u>     N/A     </u>
Deputy Clerk                                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** [filed 11/11/13]

Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for December 9, 2013 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

On July 17, 2013, the Court granted in part Defendant Shenzhen Mindray Bio-Medical Electric Co.'s ("Shenzhen Mindray") motion for judgment on the pleadings, but granted Plaintiff Masimo Corporation ("Masimo") leave to amend its Complaint.  (Dkt. No. 66.)  Pursuant to the Court's order, Masimo filed a First Amended Complaint ("FAC") on August 5, 2013.  (Dkt. No. 69.)  Like the Complaint, the FAC alleges nine claims of patent infringement against Shenzhen Mindray, plus several state law claims.  (*See generally* FAC.)  Shenzhen Mindray answered Masimo's FAC on August 21, 2013, and additionally asserted thirty-six counterclaims against Masimo.  (Dkt. No. 70.)  Now before the Court is Shenzhen Mindray's motion for sanctions against Masimo and its counsel, brought pursuant to Federal Rule of Civil Procedure 11.  (Dkt. No. 82 ["Def.'s Mot."].)  Shenzhen Mindray alleges that Masimo's FAC is objectively baseless and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: December 4, 2013
                                                                                               Page 2

brought against Shenzhen Mindray in bad faith without reasonable pre-filing investigation. For the reasons stated herein, Shenzhen Mindray's motion is **DENIED**.

**Analysis**

       "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Mgmt. Co. Sec. Lit.*, 78 F.3d 421, 434 (9th Cir. 1996). Under Rule 11, parties and their attorneys have an affirmative obligation to investigate both the law and the facts underlying their claims. *See Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 550 (1991). Where a defendant's Rule 11 motion is focused on the complaint, the district court must engage in a "two-prong inquiry to determine (1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). A party's "allegations and other factual contentions [must] have evidentiary support or, if specifically so identified, [be] likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

       The thrust of Shenzhen Mindray's Rule 11 motion arises out of the Court's order dismissing Masimo's original Complaint, and Masimo's subsequent alleged failure to cure the claimed deficiencies in its FAC. Shenzhen Mindray asserts that Masimo's patent infringement claims against it are objectively baseless because there is no evidence that Shenzhen Mindray actually engages in its allegedly infringing activity in the United States. (*See generally* Def.'s. Mot.) Because a plaintiff may only recover on a patent infringement claim if the infringing activity occurred in the United States, *see MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) ("It is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States."), Shenzhen Mindray argues that Masimo's claims against it are without merit. Shenzhen Mindray further argues that had Masimo conducted a reasonable pre-filing inquiry, it would have discovered that its claims against Shenzhen Mindray are baseless. As a remedy for Masimo's allegedly frivolous filing, Shenzhen Mindray seeks dismissal of the infringement claims brought against it, as well as monetary sanctions. (Def.'s Mot. at 2.)

       The Court has not determined as a matter of law that Shenzhen Mindray's alleged infringing activity occurs outside the United States, nor has it been presented with any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: December 4, 2013
                                                                                                                   Page 3

opportunity to do so. In fact, the only determination the Court has made thus far as to the sufficiency of Masimo's claims against Shenzhen Mindray is that the original Complaint plausibly alleged that Shenzhen Mindray engaged in directly infringing conduct in the United States, but that other deficiencies required amendment. (Dkt. No. 66.) Masimo has since availed itself of the Court's grant of leave to amend, and continues to maintain that its claims have objective merit. Shenzhen Mindray has made no challenge to the sufficiency of that FAC, by way of either a motion to dismiss or for summary judgment, and instead only relies on the present motion to challenge Masimo's FAC.

While it may or may not be that Masimo's claims of infringement against Shenzhen Mindray are ultimately without merit, the Court cannot make such a determination in the context of Shenzhen Mindray's Rule 11 motion. *See Network Caching Tech., LLC v. Novell, Inc.*, No. C–01–2079 VRW, 2003 WL 21699799, at *7–8 (N.D. Cal. 2003) (declining to issue Rule 11 sanctions despite finding that Plaintiff's suit was filed without reasonable pre-filing inquiry because the court could not determine whether Plaintiff's claims were in fact baseless without additional proceedings, such as a summary judgment motion); *cf.* Committee Notes on Amendments to Fed. R. Civ. P., 146 F.R.D. 401, 590 (1993) (noting that Rule 11 "should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings"). If Shenzhen Mindray in fact believes that there is no evidence to support Masimo's claim, it should file a motion for summary judgment asserting as much. *See* Fed. R. Civ. P. 56. If it additionally believes that the claim is objectively baseless and made without reasonable pre-filing inquiry so as to warrant sanctions, as it here argues, then Shenzhen Mindray may additionally serve and file a Rule 11 motion.[1] It should not, however, use the Rule 11 filing as an end run around the procedures and protections of Rule 56. Shenzhen Mindray's Rule 11 motion seeks to do just that.

---

[1] In response to Shenzhen Mindray's motion, Masimo provided circumstantial evidence suggesting it will be able to assert facts showing that Shenzhen Mindray engaged in allegedly infringing activity in the United States. Such evidence may be enough to indicate that Masimo's claim is not "objectively baseless" so as to warrant the imposition of sanctions. (*See* Dkt. No. 86 ["Pl.'s. Opp'n"] at 12–17); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) (relying on weak circumstantial evidence to determine that the complaint was not "so lacking in plausibility" as to make the decision to sign and certify it subject to sanction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: December 4, 2013
                                                                                 Page 4

**Conclusion**

       For the foregoing reasons, Shenzhen Mindray's motion for Rule 11 sanctions against Masimo is **DENIED**. Masimo's request for attorney's fees in defending the motion is also **DENIED**.

rrd

MINUTES FORM 11
CIVIL-GEN                                                                                        Initials of Deputy Clerk MU