**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-02206-CJC(JPRx)  Date: April 15, 2014

Title: <u>MASIMO CORPORATION V. MINDRAY DS USA, INC., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Dwayne Roberts</u>              <u>    N/A    </u>
Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER** [filed 3/20/14]

**Introduction**

On March 6, 2014, Magistrate Judge Rosenbluth ordered Shenzhen Mindray to provide certain interrogatory responses, documents, product samples, and source code by March 27, 2014 and April 14, 2014.[1] (Dkt. No. 119 ["March 6 Order"].) Judge Rosenbluth's order also provided for the entry of a protective order with a two year patent prosecution bar. (*Id.*; *see also* Dkt. No. 124 ["Protective Order"].) Shenzhen Mindray objects to Judge Rosenbluth's order to compel production, as well as to certain terms in the protective order, and moves for this Court to review it. (Dkt. No. 125 ["Mot. for Review"].) Since Shenzhen Mindray initially filed its motion, as described below, several of its objections to Judge Rosenbluth's order have become moot. As to those objections that remain cognizable, for the reasons stated herein, Shenzhen Mindray's motion is **DENIED**.[2]

---

[1] Judge Rosenbluth's order dated March 6, 2014, appears to have been entered on the docket on March 10, 2014. A prior order of this Court referred to that order as the March 10 Order. (*See* Dkt. No. 129 ["*Ex Parte* Order"].) To appropriately reflect the actual date of Judge Rosenbluth's order, the Court will henceforth refer to it as the March 6 Order.

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 21, 2014 at 1:30 p.m. is hereby vacated and off calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: April 15, 2014
                                                                                                   Page 2

**Background**

On March 6, 2014, Judge Rosenbluth held a hearing on Masimo's motion for entry of a protective order and to compel production from Shenzhen Mindray. After an extensive hearing, at which counsel for both Masimo and Shenzhen Mindray presented their arguments, Judge Rosenbluth entered an order largely granting Masimo's motion. Specifically, by order dated March 6, 2014, Judge Rosenbluth compelled Shenzhen Mindray to respond to three of Masimo's interrogatories by March 27, 2014. (March 6 Order.) She additionally ordered Shenzhen Mindray to produce product samples to Masimo by March 27, 2014, and to produce product source code by April 14, 2014. (*Id.*) Finally, Judge Rosenbluth agreed to the entry of a protective order, which was entered on March 17, 2014. As relevant here, the protective order includes a two year bar on patent prosecution by any individual receiving access to " 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' or 'HIGHLY CONFIDENTIAL – SOURCE CODE' information that describes the structure and/or operation of the Producing Party's product and that has not lost its confidential status." (Protective Order at 11.)

On March 20, 2014, Shenzhen Mindray filed the present motion for review of Judge Rosenbluth's March 6 Order. Concurrently with its motion for review, Shenzhen Mindray filed an *ex parte* application for relief from the March 6 Order in the form of either a stay or an expedited hearing of a motion for review of the March 6 Order. (Dkt. No. 126 ["*Ex Parte* Appl."].) As to the product samples, Shenzhen Mindray argued that relief was necessary because the March 6 Order compelled production by March 27, 2014, but that compliance by that date would be "infeasible" and "not reasonably possible due at least to the time required for processing the samples through international customs." (*Id.*; Mot. for Review at 19.) As to the interrogatory responses and source code, Shenzhen Mindray argued that before it could provide responses, it would need to seek and obtain approval from the Chinese government because the responses could be considered a Chinese state secret. (Mot. for Review at 9.)

On March 24, 2014, the Court denied Shenzhen Mindray's *ex parte* application. Several days after the Court's order denying *ex parte* relief was issued, Shenzhen Mindray produced to Masimo the product samples compelled to be produced by the March 6 Order, and responded to the three interrogatories at issue. (*See* Dkt. No. 134 ["Masimo Opp'n"] at 1; Dkt. No. 145 ["Shenzhen Mindray Reply"] at 18–19.) The parties agree that Shenzhen Mindray's motion for review as to those issues is now moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: April 15, 2014
                                                                                           Page 3

As to production of source code, on March 28, 2014, Shenzhen Mindray sought the Chinese government's approval to produce the relevant source code to Masimo. (Dkt. No. 145 ["Shenzen Mindray Supplemental Reply"] at 1.) On April 9, 2014, the Chinese government effectively denied the request, determining that Shenzhen Mindray's source code and technical information related to its pulse oximeter products is subject to Chinese secrecy law. (*Id.*)

**Analysis**

       A magistrate judge has the authority to resolve and issue orders on nondispositive pretrial matters, including issues related to discovery. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Rule 72-2.1; *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). The district judge in the case must consider timely objections to a magistrate's order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (the district judge may reconsider a magistrate's order that is "clearly erroneous or contrary to law"). The magistrate's order is "not subject to *de novo* determination," and "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted); *see Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004); *Paramount Pictures Corp. v. Replay TV*, No. CV 01–9358, 2002 WL 32151632 (C.D. Cal. May 30, 2002). Rather, the clearly erroneous standard means that the district court must accept the magistrate's decision unless the district court is left with the "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (citing *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). If the magistrate's account of the evidence is plausible in light of the record viewed in its entirety, the district court may not reverse it even though convinced that it would have weighed the evidence differently. *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985); *Phoenix Eng'g & Supply v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1141 (9th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Defazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y 2006) (citation and quotes omitted).

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)     Date: April 15, 2014
                                     Page 4

### 1. April 14 Production Deadline

Shenzhen Mindray's motion to review of Judge Rosenbluth's order with respect to the production of source code is **DENIED**. In denying Shenzhen Mindray's application for *ex parte* relief from the March 6 Order, the Court cited Judge Rosenbluth's statement that she would consider amending her order if Shenzhen Mindray could present her with actual evidence that the Chinese government considers the source code to be a state secret.[3] ("*Ex Parte* Order at 2.) To the extent that Shenzhen Mindray asserts that it now has such evidence, the initial determination of whether the March 6 Order should be amended to reflect the Chinese government's alleged interest must be made by Judge Rosenbluth. Shenzhen Mindray may therefore request reconsideration of the March 6 Order from Judge Rosenbluth. The Court, however, declines to review that order in light of facts that were not before Judge Rosenbluth at the time the order was entered.

### 2. Protective Order

The parties agreed before Judge Rosenbluth that a patent prosecution bar in this action is appropriate. However, they disagreed as to the duration of the bar. That is, while Masimo argued for a two-year prosecution bar, Shenzhen Mindray advocated for a five-year bar. After considering the parties' papers and arguments at hearing, Judge Rosenbluth decided to enter a protective order containing a two-year patent prosecution bar. Judge Rosenbluth's decision was neither clearly erroneous nor contrary to law, and Shenzhen Mindray's motion for review of the March 6 Order with respect to the duration of the prosecution bar is **DENIED**.[4]

---

[3] Shenzhen Mindray claims that Judge Rosenbluth instructed it to put before this Court any order by the Chinese government related to Shenzhen Mindray's source code. (*See* Shenzhen Mindray Supplemental Reply at 1 n.1.) Shenzhen Mindray is mistaken. Judge Rosenbluth stated that Shenzhen Mindray could return to her for reconsideration of the March 6 Order if Shenzhen Mindray obtained any non-speculative basis for alleging that its source code is considered to be a Chinese state secret, not to present such facts to this Court for a determination of their impact on the March 6 Order. (*See* Hearing Tr. at 70:12–17; Dkt. No. 129 ["*Ex Parte* Order"] at 2.)

[4] To the extent that Shenzhen Mindray also challenges Judge Rosenbluth's decision not to specifically name several of Masimo's counsel as covered by the prosecution bar, regardless of whether they ever receive access to confidential information, its motion for review is similarly **DENIED**. Shenzhen Mindray itself acknowledges there is no precedent warranting imposition of a prosecution bar upon a specific individual, without regard for whether or not they engage in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: April 15, 2014
                                                                                                                                 Page 5

"A party seeking a protective order carries the burden of showing good cause for its issuance. The same is true for a party seeking to include in a protective order a provision effecting a patent prosecution bar." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citations omitted). Shenzhen Mindray has no right to a five year prosecution bar. It neither cited to Judge Rosenbluth, nor cites to this Court, any examples of cases in which such a lengthy bar has been issued. Indeed, the Northern District of California's model protective order, which Judge Rosenbluth used as a guide in drafting the prosecution bar at issue here, provides for a two-year patent prosecution bar as reasonable. (*See* Hearing Tr. at 34.) And for good reason. As the Federal Circuit has stated, in issuing a prosecution bar, the Court "must balance [the risk of inadvertent disclosure or competitive use that warrants imposition of a prosecution bar] against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *In re Deutsche Bank*, 605 F.3d at 1381. "In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required." *Id.*

In deciding the duration of the order specifically, Judge Rosenbluth did not find any compelling reason to deviate from the Northern District's model order, disagreeing that technology in the pulse oximetry market develops so slowly as to warrant imposition of a bar more than double the length of the Northern District's recommended bar. (*Id.* at 33–35.) That Judge Rosenbluth disagreed with Shenzhen Mindray as to the weight that should be given its arguments does not show that her decision was contrary to law.[5] The law grants courts considerable discretion to determine the scope, including the duration, of prosecution bars. Judge Rosenbluth reasonably exercised that discretion.

//
//
//

---

the conduct that would make them subject to the bar. (Mot. for Review at 9 n.2.) Judge Rosenbluth's decision to not create such precedent was reasonable, especially in light of the arguments presented.

[5] The fact that Judge Rosenbluth did not grant substantial weight to the allegations in Shenzhen Mindray's counterclaims, and that she disagreed with its argument that technology in the pulse oximetry field develops slowly, does not bespeak a clearly erroneous finding of fact. Indeed, the Court agrees with Judge Rosenbluth's determination that in light of the arguments made by Shenzhen Mindray, a two-year prosecution bar is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)                                    Date:  April 15, 2014
                                                                    Page 6

**Conclusion**

      For the reasons stated herein, to the extent it has not been made moot as noted above, Shenzhen Mindray's motion for review of the March 6 Order is **DENIED**.  Judge Rosenbluth's March 6 Order is **AFFIRMED**.

rrd

MINUTES FORM 11
CIVIL-GEN                                                Initials of Deputy Clerk MU