Joseph R. Re (SBN 134,479)
Joe.Re@knobbe.com
Stephen C. Jensen (SBN 149,894)
Steve.Jensen@knobbe.com
Jon W. Gurka (SBN 187,964)
Jon.Gurka@knobbe.com
Stephen W. Larson (SBN 240,844)
Stephen.Larson@ knobbe.com
Nicholas A. Belair (SBN 295,380)
Nick.Belair@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax:     (949) 760-9502
Attorneys for Plaintiff, Counter-Defendant
and Counter-Counter Claimant
MASIMO CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China <br><br> Defendants. <br><br> SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China <br><br> Counter-Plaintiff. <br><br> v. <br><br> MASIMO CORPORATION a Delaware corporation, <br><br> Counter-Defendant, | Civil Action No. SACV12-02206 CJC (JPRx) <br><br> **MASIMO CORPORATION'S REPLY TO SHENZHEN MINDRAY BIOMEDICAL ELECTRONICS CO., LTD'S FOURTH AMENDED ANSWER AND COUNTERCLAIMS; MASIMO CORPORATION'S COUNTER-COUNTERCLAIMS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MASIMO CORPORATION
a Delaware corporation,

          Counter-Counter-Claimant

    v.

SHENZHEN MINDRAY BIO-MEDICAL
ELECTRONICS CO., LTD a corporation
of the People's Republic of China

          Counter-Counter-Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**MASIMO'S REPLY TO SHENZHEN MINDRAY'S COUNTERCLAIMS**

Plaintiff Masimo Corporation ("Masimo") hereby replies to Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd.'s ("Shenzhen Mindray") Fourth Amended Counterclaims to Masimo's Complaint ("Shenzhen Mindray's Counterclaims").  The numbered paragraphs below correspond to the numbered paragraphs in Shenzhen Mindray's Counterclaims.

**JURISDICTION AND VENUE**

1.     Masimo admits that Shenzhen Mindray's Counterclaims purport to assert violations of federal antitrust law, specifically Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, and Section 3 of the Clayton Act, 15 U.S.C. § 14.  Masimo denies that Shenzhen Mindray has valid claims.  Except as so admitted, Masimo denies the allegations in Paragraph 1 of Shenzhen Mindray's Counterclaims.

2.     Masimo admits that Shenzhen Mindray's Counterclaims purport to seek monetary and equitable relief under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 & 26.  Masimo denies that such relief is warranted.

3.     Masimo admits that Shenzhen Mindray's Counterclaims purport to assert that counterclaims are brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the Patent Laws of the United States, United States Code Title 35, that the patents asserted by Masimo are invalid, unenforceable, and not infringed.  Masimo denies that Shenzhen Mindray has valid claims.

4.     Masimo admits that Shenzhen Mindray's Counterclaims purport to assert violations of the Patent Laws of the United States, specifically 35 U.S.C. § 271.  Masimo denies that Shenzhen Mindray has valid claims.

5.     Masimo admits that the Court has subject matter jurisdiction over Shenzhen Mindray's purported counterclaims.

/ / /

6.      Masimo admits that the Court has personal jurisdiction over Masimo.

7.      Masimo admits that venue is proper in this District.

**THE PARTIES**

8.      Masimo admits the allegations of Paragraph 8 of Shenzhen Mindray's Counterclaims.

9.      Masimo admits the allegations of Paragraph 9 of Shenzhen Mindray's Counterclaims.

**ALLEGATIONS COMMON TO ANTITRUST, UNFAIR COMPETITION, TORTIOUS INTERFERENCE, AND PATENT INFRINGEMENT COUNTERCLAIMS**

10.     Masimo admits that pulse oximetry involves the noninvasive measurement of oxygen in blood.  This may be accomplished by using a system generally comprising a sensor, a monitor and a patient cable that connects the sensor to the monitor.  The sensor may fit onto the finger or the foot of a patient, among other possible parts of the body.  The sensors may be reusable, disposable, single patient or other.  Except as so admitted, Masimo denies the allegations in Paragraph 10 of Shenzhen Mindray's Counterclaims.

11.     Masimo admits that some sensors contain red and infrared light emitting diodes (LEDs).  The LED's emit light that passes through tissue.  A detector may detect some of the light that is not absorbed by blood and tissue.  Information about the detected light may be transmitted to a pulse oximetry monitor.  The pulse oximetry monitor may be standalone device or part of a multi-parameter patient parameter monitoring system ("MPPM"), and may report pulse rate, blood oxygenation saturation ("SpO2"), and a plethysmographic waveform, in addition to other parameters measured and reported by the MPPM system.  Except as so admitted, Masimo denies the allegations in Paragraph 11 of Shenzhen Mindray's Counterclaims.

12.     Masimo admits that oxygenated blood absorbs light differently than deoxygenated blood, and that pulse oximetry monitors use algorithms to calculate oxygenation saturation of the blood in the tissue based on light absorption.  Some form of pulse oximetry was developed before Masimo was founded.  Except as so admitted, Masimo denies the allegations in Paragraph 12 of Shenzhen Mindray's Counterclaims.

13.     Pulse oximetry monitors may have electronic circuitry and may have software.  Pulse oximetry monitors are often standalone devices or components of an integrated multi-parameter patient monitoring system ("MPPM").  Pulse oximetry monitors in standalone devices or MPPM's often function for a number of years.  Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Shenzhen Mindray's Counterclaims and therefore denies them.

14.     Masimo admits that cables and sensors that are used with pulse oximetry monitors typically must be replaced more frequently than the monitors themselves.  Masimo admits that hospitals purchase reusable, disposable, single-patient, or other types of sensors.  Except as so admitted, Masimo denies the allegations in Paragraph 14 of Shenzhen Mindray's Counterclaims.

15.     Masimo avers that the allegations of Paragraph 15 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 15 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

16.     Masimo avers that the allegations of Paragraph 16 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of

Paragraph 16 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

17.    Masimo avers that the allegations of Paragraph 17 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 17 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

18.    Masimo admits that it manufactures pulse oximetry products and sells some of those products for incorporation into MPPM's.  Masimo admits that certain products incorporating Masimo technology are sold under the name "Masimo SET."  Masimo further admits that Nellcor Puritan Bennett, Inc. ("Nellcor"), Philips Medical Systems ("Philips") and Mindray DS USA, Inc. incorporate Masimo SET pulse oximetry into some of their products.  Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Shenzhen Mindray's Counterclaims and therefore denies them.

19.    Masimo admits that Shenzhen Mindray incorporates Masimo SET pulse oximetry into some of its pulse oximeters and MPPM systems.  Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 19 of Shenzhen Mindray's Counterclaims and therefore denies them. Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.  Except as so admitted, Masimo avers that the remaining allegations in Paragraph 19 stated "in the alternative" constitute legal contentions and conclusions to which no response is required.  To the extent that a response to

the allegations of Paragraph 19 is required, Masimo denies them.

20.     Masimo avers that the allegations of Paragraph 20 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 20 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

21.     Masimo avers that the allegations of Paragraph 21 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 21 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

22.     Masimo lacks knowledge and information sufficient to form a belief as to the truth of allegations in the first sentence of Paragraph 22 of Shenzhen Mindray's Counterclaims, and therefore denies them.  Masimo denies the remaining allegations of Paragraph 22 of Shenzhen Mindray's Counterclaims.

23.     Masimo denies the allegations in Paragraph 23 of Shenzhen Mindray's Counterclaims.

24.     Masimo avers that the allegations of Paragraph 24 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 24 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

25.     Masimo denies the allegations in Paragraph 25 of Shenzhen Mindray's Counterclaims.

26.     Masimo avers that the allegations of Paragraph 26 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of

Paragraph 26 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

27. Masimo avers that the allegations of Paragraph 27 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 27 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

28. Masimo avers that the allegations of Paragraph 28 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 28 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

29. Masimo avers that the allegations of Paragraph 29 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 29 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

30. Masimo avers that the allegations of Paragraph 30 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 30 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

31. Masimo avers that the allegations of Paragraph 31 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 31 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

32.    Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.  Except as so admitted, Masimo avers that the remaining allegations in Paragraph 32 stated "in the alternative" constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 32 is required, Masimo denies them.

33.    Masimo avers that the allegations of Paragraph 33 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 33 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

34.    Masimo denies the allegations of Paragraph 34 of Shenzhen Mindray's Counterclaims.

35.    Masimo admits that Shenzhen Mindray's Counterclaims purport to assert the claims of relief stated in Paragraph 35, parts (a) through (j).  Masimo denies that Shenzhen Mindray has valid claims.

36.    Masimo denies the allegations of the first, second, and third sentences of Paragraph 36 of Shenzhen Mindray's Counterclaims.  Masimo avers that the allegations of the fourth sentence of Paragraph 36 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of the fourth sentence is required, Masimo denies them.

37.    Masimo lacks knowledge and information sufficient to form a belief as to the truth of allegations in the third sentence of Paragraph 37 of Shenzhen Mindray's Counterclaims, and therefore denies them.  Masimo avers

that the remaining allegations of Paragraph 37 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 37 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

38.     Masimo denies the allegations of Paragraph 38 of Shenzhen Mindray's Counterclaims.

39.     Masimo denies the allegations of Paragraph 39 of Shenzhen Mindray's Counterclaims.

40.     Masimo denies the allegations in Paragraph 40 of Shenzhen Mindray's Counterclaims.

41.     Masimo admits that it has made statements concerning its licensing or distribution agreements with manufacturers of MPPM's.  Except as so admitted, Masimo denies the allegations in Paragraph 41 of Shenzhen Mindray's Counterclaims.

42.     Masimo avers that the allegations of the last sentence of Paragraph 42 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response is required to the allegations of the last sentence, Masimo denies them.  Masimo denies the remaining allegations in Paragraph 42 of Shenzhen Mindray's Counterclaims.

43.     Masimo avers that the allegations of the last sentence of Paragraph 43 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response is required to the allegations of the last sentence, Masimo denies them.  Masimo denies the allegations in Paragraph 43 of Shenzhen Mindray's Counterclaims.

44.     Masimo lacks knowledge and information sufficient to form a belief as to the truth of allegations in the second sentence of Paragraph 44 of

Shenzhen Mindray's Counterclaims, and therefore denies them. Masimo denies the remaining allegations of Paragraph 44 of Shenzhen Mindray's Counterclaims.

45. Masimo denies the allegations of the first sentence of Paragraph 45 of Shenzhen Mindray's Counterclaims. Masimo avers that the remaining allegations of Paragraph 45 constitute legal contentions and conclusions to which no response is required. To the extent that a response to the remaining allegations of Paragraph 45 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

46. Masimo avers that the allegations of Paragraph 46 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 46 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

47. Masimo admits that it had a proprietary sensor line that included a resistor or other information element with the name ProCal. Masimo also admits that some configurations of its pulse oximeters used the information conveyed by the information element. Masimo further admits that monitors using Masimo pulse oximetry technology incorporating Masimo's ProCal verification system indicated the presence of an unverified sensor. Except as so admitted, Masimo denies the allegations in Paragraph 47 of Shenzhen Mindray's Counterclaims.

48. Masimo denies the allegations in Paragraph 48 of Shenzhen Mindray's Counterclaims.

49. Masimo denies the allegations in Paragraph 49 of Shenzhen Mindray's Counterclaims.

50. Masimo admits that licensees and distributors have designed products to be compatible with Masimo pulse oximetry technology. Except as

so admitted, Masimo denies the allegations in Paragraph 50 of Shenzhen Mindray's Counterclaims.

51.     Masimo admits that X-Cal technology is incorporated into reusable and disposable components.  Except as so admitted, Masimo denies the allegations in Paragraph 51 of Shenzhen Mindray's Counterclaims.

52.     Masimo avers that the allegations of Paragraph 52 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 52 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

53.     Masimo avers that the allegations of Paragraph 53 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 53 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

54.     Masimo avers that the allegations of Paragraph 54 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 54 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

55.     Masimo avers that the allegations of Paragraph 55 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 55 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

56.     Masimo avers that the allegations of Paragraph 56 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of

Paragraph 56 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

57.    Masimo admits that in 2006 it entered into an agreement settling patent litigation between itself and Nellcor.  Masimo also admits that the agreement includes provisions for the payment of royalties to Masimo. Masimo avers that the remaining allegations in Paragraph 57 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations in Paragraph 57 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

58.    Masimo avers that the allegations of Paragraph 58 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 58 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

59.    Masimo avers that the allegations of Paragraph 59 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 59 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

60.    Masimo avers that the allegations of Paragraph 60 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 60 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

61.    Masimo avers that the allegations of Paragraph 61 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of

Paragraph 61 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

62.    Masimo avers that the allegations of Paragraph 62 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 62 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

63.    Masimo avers that the allegations of Paragraph 63 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 63 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

64.    Masimo avers that the allegations of Paragraph 64 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 64 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

65.    Masimo avers that the allegations of Paragraph 65 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 65 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

66.    Masimo avers that the remaining allegations in Paragraph 66 constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 66 is required, Masimo denies them.

67.    Masimo avers that the allegations of Paragraph 67 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 67 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

68.    Masimo admits that disposable sensors are replaced relatively frequently, often after use on a single patient.  Except as so admitted, Masimo denies the allegations of Paragraph 68 of Shenzhen Mindray's Counterclaims.

69.    Masimo avers that the allegations of Paragraph 69 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 69 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

70.    Masimo denies the allegations in Paragraph 70 of Shenzhen Mindray's Counterclaims.

71.    Masimo avers that the allegations of Paragraph 71 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 71 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

72.    Masimo avers that the allegations of Paragraph 72 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 72 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

73.    Masimo avers that the allegations of Paragraph 73 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 73 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

74.     Masimo avers that the allegations of Paragraph 74 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 74 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

75.     Masimo denies the allegations of Paragraph 75 of Shenzhen Mindray's Counterclaims.

76.     Masimo avers that the allegations of Paragraph 76 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 76 is required, Masimo denies them.

77.     Masimo admits that Masimo holds title to numerous issued U.S. Patents, and that Masimo has prosecuted numerous patents before the United States Patent and Trademark Office, including those listed in Paragraph 77 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations of Paragraph 77 of Shenzhen Mindray's Counterclaims.

78.     Masimo admits that it holds a number of patents granted by the European Patent Office. Except as so admitted, Masimo denies the allegations of Paragraph 78 of Shenzhen Mindray's Counterclaims.

79.     Masimo avers that the allegations of Paragraph 79 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 79 is required, Masimo denies them.

80.     Masimo admits that Masimo filed continuation applications on the dates cited in Paragraph 80 of Shenzhen Mindray's Counterclaims.  Masimo further admits that the patents cited in Paragraph 80 of Shenzhen Mindray's Counterclaims claim priority to the dates cited therein.  Except as so admitted, Masimo denies the allegations of Paragraph 80 of Shenzhen Mindray's

Counterclaims.

81.   Masimo denies the allegations of Paragraph 81 of Shenzhen Mindray's Counterclaims.

82.   Masimo denies the allegations of Paragraph 82 of Shenzhen Mindray's Counterclaims.

83.   Masimo denies the allegations of Paragraph 83 of Shenzhen Mindray's Counterclaims.

84.   Masimo denies the allegations of Paragraph 84 of Shenzhen Mindray's Counterclaims.

85.   Masimo denies the allegations of Paragraph 85 of Shenzhen Mindray's Counterclaims.

86.   Masimo denies the allegations of Paragraph 86 of Shenzhen Mindray's Counterclaims.

87.   Masimo denies the allegations of Paragraph 87 of Shenzhen Mindray's Counterclaims.

88.   Masimo admits that it sued Nellcor for infringement of U.S. Patent No. 6,036,642 ("the '642 Patent") ("Masimo I").  Masimo further admits that the '642 Patent issued from an application that was a continuation of U.S. Patent Application No. 08/479,918, which was a continuation of U.S. Patent Application No. 08/249,690, which was a continuation of the '060 application filed on March 7, 1991.  Except as so admitted, Masimo avers that the allegations of Paragraph 88 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 88 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

89.   Masimo admits that Nellcor moved for summary judgment in the Masimo I litigation.  Except as so admitted, Masimo avers that the allegations of Paragraph 89 of Shenzhen Mindray's Counterclaims constitute legal

contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 89 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

90.     Masimo avers that the allegations of Paragraph 90 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 90 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

91.     Masimo avers that the allegations of Paragraph 91 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 91 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

92.     Masimo admits that it filed a lawsuit for patent infringement against Nellcor asserting patents including U.S. Patent No. 6,206,830 ("the '830 Patent") ("Masimo II").  Masimo further admits that the '830 Patent issued on March 27, 2001 from an application that was a continuation of the application that lead to the '642 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 92 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 92 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

93.     Masimo avers that the allegations of Paragraph 93 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 93 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

94.     Masimo admits that the quoted language of Paragraph 94 of Shenzhen Mindray's Counterclaims appears in a Federal Circuit opinion dated September 7, 2005.  Except as so admitted, Masimo avers that the allegations of Paragraph 94 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 94 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

95.     Masimo admits that the quoted language of Paragraph 95 of Shenzhen Mindray's Counterclaims appears in a Federal Circuit opinion dated September 7, 2005.  Except as so admitted, Masimo avers that the allegations of Paragraph 95 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 95 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

96.     Masimo avers that the allegations of Paragraph 96 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 96 of Shenzhen Mindray's Counterclaims is required, Masimo denies them

97.     Masimo admits that the Yorkey and Baker declarations in Masimo I were originally filed under seal.  Except as so admitted, Masimo denies the allegations of Paragraph 97 of Shenzhen Mindray's Counterclaims.

98.     Masimo avers that the allegations of Paragraph 98 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 98 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

99.     Masimo admits that the '958 patent was filed on May 3, 2006,

- 17 -

issued on February 10, 2009, and claims priority to April 14, 1997.  Except as so admitted, Masimo avers that the allegations of Paragraph 99 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 99 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

100.  Masimo admits the allegations of Paragraph 100 of Shenzhen Mindray's Counterclaims.

101.  Masimo admits that the Patent Examiner issued a Non-Final Rejection on January 3, 2008 that included the rejections cited in Paragraph 101 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations of Paragraph 101 of Shenzhen Mindray's Counterclaims.

102.  Masimo admits that the Patent Examiner identified U.S. Patent 4,911,167 as a potentially relevant reference.  Masimo further admits that the abstract of U.S. Patent No. 4,911,167 contains the language quoted in Paragraph 102 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations of Paragraph 102 of Shenzhen Mindray's Counterclaims.

103.  Masimo admits the application Amendment, dated July 1, 2008, contains the language quoted in Paragraph 103 of Shenzhen Mindray's Counterclaims.   Except as so admitted, Masimo denies the allegations of Paragraph 103 of Shenzhen Mindray's Counterclaims.

104.  Masimo admits that Masimo made amendments to Claim 1 of the '958 Patent in an application Amendment dated October 15, 2008.  Masimo further admits the application Amendment, dated July 1, 2008, contains the language quoted in Paragraph 104 of Shenzhen Mindray's Counterclaims. Masimo further admits that the Patent Examiner issued a Notice of Allowance on November 5, 2008.  Except as so admitted, Masimo denies the allegations of

1  Paragraph 104 of Shenzhen Mindray's Counterclaims.

2      105.   Masimo avers that the allegations of Paragraph 105 of Shenzhen
3  Mindray's Counterclaims constitute legal contentions and conclusions to which
4  no response is required.   To the extent that a response to the allegations of
5  Paragraph 105 of Shenzhen Mindray's Counterclaims is required, Masimo
6  denies them.

7      106.   Masimo avers that the allegations of Paragraph 106 of Shenzhen
8  Mindray's Counterclaims constitute legal contentions and conclusions to which
9  no response is required.   To the extent that a response to the allegations of
10  Paragraph 106 of Shenzhen Mindray's Counterclaims is required, Masimo
11  denies them.

12      107.   Masimo avers that the allegations of Paragraph 107 of Shenzhen
13  Mindray's Counterclaims constitute legal contentions and conclusions to which
14  no response is required.   To the extent that a response to the allegations of
15  Paragraph 107 of Shenzhen Mindray's Counterclaims is required, Masimo
16  denies them.

17      108.   Masimo lacks knowledge or information sufficient to form a belief
18  as to the truth of the allegations in Paragraph 108 of Shenzhen Mindray's
19  Counterclaims and therefore denies them.

20      109.   Masimo avers that the allegations of Paragraph 109 of Shenzhen
21  Mindray's Counterclaims constitute legal contentions and conclusions to which
22  no response is required.   To the extent that a response to the allegations of
23  Paragraph 109 of Shenzhen Mindray's Counterclaims is required, Masimo
24  denies them.

25      110.   Masimo avers that the allegations of Paragraph 110 of Shenzhen
26  Mindray's Counterclaims constitute legal contentions and conclusions to which
27  no response is required.   To the extent that a response to the allegations of
28  Paragraph 110 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

111.   Masimo admits that Mr. John Grover, Esq. participated in the prosecution of the '958 patent.   Except as so admitted, Masimo denies the remaining allegations of Paragraph 111 of Shenzhen Mindray's Counterclaims.

112.   Masimo avers that the allegations of Paragraph 112 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 112 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

113.   Masimo denies the allegations of Paragraph 113 of Shenzhen Mindray's Counterclaims.

114.   Masimo denies the allegations of Paragraph 114 of Shenzhen Mindray's Counterclaims.

115.   Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of Shenzhen Mindray's Counterclaims and therefore denies them.

116.   Masimo admits that Masimo and its counsel submitted prior art references during the prosecution of the '958 patent.   Except as so admitted, Masimo lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of Shenzhen Mindray's Counterclaims, and therefore denies them.

117.   Masimo denies the allegations of Paragraph 117 of Shenzhen Mindray's Counterclaims.

118.   Masimo denies the allegations of Paragraph 118 of Shenzhen Mindray's Counterclaims.

119.   Masimo avers that the allegations of Paragraph 119 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of

Paragraph 119 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

120.   Masimo avers that the allegations of Paragraph 120 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 120 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

121.   Masimo avers that the allegations of Paragraph 121 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 121 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

122.   Masimo admits that the Patent Examiner identified U.S. Patent 4,911,167 as a potentially relevant reference.   Masimo further admits that the abstract of U.S. Patent No. 4,911,167 contains the language quoted in Paragraph 122 of Shenzhen Mindray's Counterclaims.   Except as so admitted, Masimo denies the allegations of Paragraph 122 of Shenzhen Mindray's Counterclaims.

123.   Masimo admits the application Amendment, dated July 1, 2008, contains the language quoted in Paragraph 123 of Shenzhen Mindray's Counterclaims.   Except as so admitted, Masimo denies the allegations of Paragraph 123 of Shenzhen Mindray's Counterclaims.

124.   Masimo admits that Masimo made further amendments to Claim 1 of the '958 Patent in an application Amendment dated October 15, 2008. Masimo further admits the application Amendment, dated July 1, 2008, contains the language quoted in Paragraph 124 of Shenzhen Mindray's Counterclaims.   Masimo further admits that the Patent Examiner issued a Notice of Allowance on November 5, 2008.   Except as so admitted, Masimo

denies the allegations of Paragraph 124 of Shenzhen Mindray's Counterclaims.

125.   Masimo avers that the allegations of Paragraph 125 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 125 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

126.   Masimo avers that the allegations of Paragraph 126 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the allegations of Paragraph 126 of Shenzhen Mindray's Counterclaims, Masimo denies them.

127.   Masimo avers that the allegations of Paragraph 127 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 127 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

128.   Masimo avers that the allegations of Paragraph 128 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 128 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

129.   Masimo avers that the allegations of Paragraph 129 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 129 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

130.   Masimo denies the allegations of Paragraph 130 of Shenzhen Mindray's Counterclaims.

131.   Masimo admits that it submitted trial transcripts during prosecution of the application that issued as the '986 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 131 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 131 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

132.   Masimo avers that the allegations of Paragraph 132 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 132 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

133.   Masimo avers that the allegations of Paragraph 133 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 133 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

134.   Masimo avers that the allegations of Paragraph 134 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 134 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

135.   Masimo admits that Shenzhen Mindray's allegations regarding inequitable conduct are summarized in Paragraphs 136 through 140.

136.   Masimo denies the allegations of Paragraph 136 of Shenzhen Mindray's Counterclaims.

137.   Masimo denies the allegations of Paragraph 137 of Shenzhen Mindray's Counterclaims.

138.  Masimo denies the allegations of Paragraph 138 of Shenzhen Mindray's Counterclaims.

139.  Masimo denies the allegations of Paragraph 139 of Shenzhen Mindray's Counterclaims.

140.  Masimo denies the allegations of Paragraph 140 of Shenzhen Mindray's Counterclaims.

141.  Masimo avers that the allegations of Paragraph 141 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 141 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

142.  Masimo admits that it submitted trial transcripts during prosecution of the application that issued as the '986 patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 142 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 142 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

143.  Masimo avers that the allegations of Paragraph 143 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 143 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

144.  Masimo admits Claim 1 of the '986 Patent, which issued in 2007, contains the language cited in Paragraph 144 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations in Paragraph 101 of Shenzhen Mindray's Counterclaims.

/ / /

145.   Masimo admits that Messrs. John Grover and Jarom Kessler and Patent Examiner Winakur conducted an in-person interview on September 11, 2006.   Masimo further admits that the application Amendment, dated September 13, 2006, contains amended Claim 1, as cited in Paragraph 145 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations in Paragraph 145 of Shenzhen Mindray's Counterclaims.

146.   Masimo admits that Dr. Stone testified at the Masimo II trial. Except as so admitted, Masimo denies the allegations in Paragraph 146 of Shenzhen Mindray's Counterclaims.

147.   Masimo admits that it submitted trial transcripts to the Patent Examiner.  Except as so admitted, Masimo denies the allegations in Paragraph 147 of Shenzhen Mindray's Counterclaims.

148.   Masimo avers that the allegations of Paragraph 148 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 148 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

149.   Masimo avers that the allegations of Paragraph 149 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 149 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

150.   Masimo denies the allegations of Paragraph 150 of Shenzhen Mindray's Counterclaims.

151.   Masimo denies the allegations of Paragraph 151 of Shenzhen Mindray's Counterclaims.

152.   Masimo avers that the allegations of Paragraph 152 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 152 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

153.   Masimo avers that the allegations of Paragraph 153 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 153 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

154.   Masimo avers that the allegations of Paragraph 154 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 154 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

155.   Masimo admits that the Notice of Allowability for the '986 Patent contains the language quoted in Paragraph 155 of Shenzhen Mindray's Counterclaims.  Masimo avers that the remaining allegations of Paragraph 155 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 155 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

156.   Masimo avers that the allegations of Paragraph 156 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 156 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

157.   Masimo avers that the allegations of Paragraph 157 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of

Paragraph 157 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

158.   Masimo admits that Shenzhen Mindray's allegations regarding inequitable conduct are summarized in Paragraphs 159 through 163.

159.   Masimo denies the allegations of Paragraph 159 of Shenzhen Mindray's Counterclaims.

160.   Masimo denies the allegations of Paragraph 160 of Shenzhen Mindray's Counterclaims.

161.   Masimo denies the allegations of Paragraph 161 of Shenzhen Mindray's Counterclaims.

162.   Masimo denies the allegations of Paragraph 162 of Shenzhen Mindray's Counterclaims.

163.   Masimo denies the allegations of Paragraph 163 of Shenzhen Mindray's Counterclaims.

164.   Masimo admits that U.S. Patent No. 7,509,154 ("the '154 Patent") issued on March 24, 2009 from an application filed on August 20, 2007 and claims priority through a chain of applications first filed on October 7, 1994. Except as so admitted,     Masimo avers that the remaining allegations of Paragraph 164 constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 164 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

165.   Masimo admits the allegations of Paragraph 165 of Shenzhen Mindray's Counterclaims.

166.   Masimo admits that Claim 1 of the as-filed patent application that issued as the '154 Patent contained the language cited in Paragraph 166 of Shenzhen Mindray's Counterclaims.

167.   Masimo admits that the Patent Examiner issued an Office Action,

dated June 16, 2008 that included the language quoted in Paragraph 167 of Shenzhen Mindray's Counterclaims.

168.   Masimo admits that application Amendment dated September 18, 2008 contains amended Claim 1, as cited in Paragraph 168 of Shenzhen Mindray's Counterclaims. Except as so admitted, Masimo denies the allegations of Paragraph 168 of Shenzhen Mindray's Counterclaims.

169.   Masimo admits that application Amendment dated September 18, 2008 contains the language quoted in Paragraph 169 of Shenzhen Mindray's Counterclaims.   Except as so admitted, Masimo denies the allegations of Paragraph 169 of Shenzhen Mindray's Counterclaims.

170.   Masimo avers that the allegations of Paragraph 170 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the allegations of Paragraph 170 of Shenzhen Mindray's Counterclaims, Masimo denies them.

171.   Masimo avers that the allegations of Paragraph 171 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the allegations of Paragraph 171 of Shenzhen Mindray's Counterclaims, Masimo denies them.

172.   Masimo avers that the allegations of Paragraph 172 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the allegations of Paragraph 172 of Shenzhen Mindray's Counterclaims, Masimo denies them.

173.   Masimo avers that the allegations of Paragraph 173 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the

1    allegations of Paragraph 173 of Shenzhen Mindray's Counterclaims, Masimo
2    denies them.

3         174.   Masimo denies the allegations of Paragraph 174 of Shenzhen
4    Mindray's Counterclaims.

5         175.   Masimo avers that the allegations of Paragraph 175 of Shenzhen
6    Mindray's Counterclaims constitute legal contentions and conclusions to which
7    no response is required.   To the extent that a response is required to the
8    allegations of Paragraph 175 of Shenzhen Mindray's Counterclaims, Masimo
9    denies them.

10        176.   Masimo avers that the allegations of Paragraph 176 of Shenzhen
11   Mindray's Counterclaims constitute legal contentions and conclusions to which
12   no response is required.   To the extent that a response is required to the
13   allegations of Paragraph 176 of Shenzhen Mindray's Counterclaims, Masimo
14   denies them.

15        177.   Masimo admits that application Amendment dated September 18,
16   2008 contains amended Claim 1, as cited in Paragraphs 168 and 177 of
17   Shenzhen Mindray's Counterclaims. Except as so admitted, Masimo denies the
18   allegations of Paragraph 177 of Shenzhen Mindray's Counterclaims.

19        178.   Masimo avers that the allegations of Paragraph 178 of Shenzhen
20   Mindray's Counterclaims constitute legal contentions and conclusions to which
21   no response is required.   To the extent that a response is required to the
22   allegations of Paragraph 178 of Shenzhen Mindray's Counterclaims, Masimo
23   denies them.

24        179.   Masimo avers that the allegations of Paragraph 179 of Shenzhen
25   Mindray's Counterclaims constitute legal contentions and conclusions to which
26   no response is required.   To the extent that a response is required to the
27   allegations of Paragraph 179 of Shenzhen Mindray's Counterclaims, Masimo
28   denies them.

180.   Masimo avers that the allegations of Paragraph 180 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the allegations of Paragraph 180 of Shenzhen Mindray's Counterclaims, Masimo denies them.

181.   Masimo avers that the allegations of Paragraph 181 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the allegations of Paragraph 181 of Shenzhen Mindray's Counterclaims, Masimo denies them.

182.   Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of Shenzhen Mindray's Counterclaims and therefore denies them.

183.   Masimo avers that the allegations of Paragraph 183 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 183 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

184.   Masimo avers that the allegations of Paragraph 184 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 184 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

185.   Masimo admits that Mr. John Grover, Esq. participated in the prosecution of the '958 patent.   Except as so admitted, Masimo denies the remaining allegations of Paragraph 185 of Shenzhen Mindray's Counterclaims.

186.   Masimo avers that the allegations of Paragraph 186 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 186 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

187.  Masimo denies the allegations of Paragraph 187 of Shenzhen Mindray's Counterclaims.

188.  Masimo denies the allegations of Paragraph 188 of Shenzhen Mindray's Counterclaims.

189.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of Shenzhen Mindray's Counterclaims and therefore denies them.

190.  Masimo admits that Masimo and its counsel submitted prior art references during the prosecution of the '154 Patent.  Except as so admitted, Masimo lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of Shenzhen Mindray's Counterclaims, and therefore denies them.

191.  Masimo denies the allegations of Paragraph 191 of Shenzhen Mindray's Counterclaims.

192.  Masimo denies the allegations of Paragraph 192 of Shenzhen Mindray's Counterclaims.

193.  Masimo avers that the allegations of Paragraph 193 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 119 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

194.  Masimo avers that the allegations of Paragraph 194 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 194 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

195.   Masimo avers that the allegations of Paragraph 195 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 195 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

196.   Masimo admits that the Patent Examiner issued an Office Action, dated June 16, 2008 that included the language quoted in Paragraph 196 of Shenzhen Mindray's Counterclaims.  Masimo further admits that the abstract of U.S. Patent No. 4,911,167 contains the language quoted in Paragraph 196 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations of Paragraph 196 of Shenzhen Mindray's Counterclaims.

197.   Masimo admits that application Amendment dated September 18, 2008 contains amended Claim 1, as cited in Paragraphs 168 and 197 of Shenzhen Mindray's Counterclaims. Except as so admitted, Masimo denies the allegations of Paragraph 197 of Shenzhen Mindray's Counterclaims.

198.   Masimo avers that the allegations of Paragraph 198 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 198 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

199.   Masimo avers that the allegations of Paragraph 199 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response is required to the allegations of Paragraph 199 of Shenzhen Mindray's Counterclaims, Masimo denies them.

200.   Masimo avers that the allegations of Paragraph 200 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.   To the extent that a response is required to the allegations of Paragraph 200 of Shenzhen Mindray's Counterclaims, Masimo denies them.

201.   Masimo avers that the allegations of Paragraph 201 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 201 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

202.   Masimo avers that the allegations of Paragraph 202 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 202 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

203.   Masimo avers that the allegations of Paragraph 203 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 203 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

204.   Masimo denies the allegations of Paragraph 204 of Shenzhen Mindray's Counterclaims.

205.   Masimo admits that it submitted trial transcripts during prosecution of the application that issued as the '986 Patent.   Except as so admitted, Masimo avers that the allegations of Paragraph 205 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 205 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

206.   Masimo avers that the allegations of Paragraph 206 of Shenzhen

1   Mindray's Counterclaims constitute legal contentions and conclusions to which
2   no response is required.  To the extent that a response to the allegations of
3   Paragraph 206 of Shenzhen Mindray's Counterclaims is required, Masimo
4   denies them.

5        207.   Masimo avers that the allegations of Paragraph 207 of Shenzhen
6   Mindray's Counterclaims constitute legal contentions and conclusions to which
7   no response is required.  To the extent that a response to the allegations of
8   Paragraph 207 of Shenzhen Mindray's Counterclaims is required, Masimo
9   denies them.

10       208.   Masimo avers that the allegations of Paragraph 208 of Shenzhen
11  Mindray's Counterclaims constitute legal contentions and conclusions to which
12  no response is required.  To the extent that a response to the allegations of
13  Paragraph 208 of Shenzhen Mindray's Counterclaims is required, Masimo
14  denies them.

15       209.   Masimo admits that Shenzhen Mindray's allegations regarding
16  inequitable conduct are summarized in Paragraphs 210 through 214.

17       210.   Masimo denies the allegations of Paragraph 210 of Shenzhen
18  Mindray's Counterclaims.

19       211.   Masimo denies the allegations of Paragraph 211 of Shenzhen
20  Mindray's Counterclaims.

21       212.   Masimo denies the allegations of Paragraph 212 of Shenzhen
22  Mindray's Counterclaims.

23       213.   Masimo denies the allegations of Paragraph 213 of Shenzhen
24  Mindray's Counterclaims.

25       214.   Masimo denies the allegations of Paragraph 214 of Shenzhen
26  Mindray's Counterclaims.

27       215.   Masimo admits that at the October 1992 meeting of the American
28  Society of Anesthesiologists, Mr. Kiani met with and showed Nellcor an

- 34 -

implementation of Masimo's early pulse oximeter. Masimo also admits that Nellcor provided black box data to Masimo. Except as so admitted, Masimo denies the allegations of Paragraph 215 of Shenzhen Mindray's Counterclaims.

216. Masimo admits that it had confidential meetings with Nellcor at Nellcor's Pleasanton Office in or around 1993, including with Dr. Yorkey, regarding Masimo's pulse oximetry technology. Except as so admitted, Masimo denies the allegations of Paragraph 216 of Shenzhen Mindray's Counterclaims.

217. Masimo avers that the allegations of Paragraph 217 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 217 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

218. Masimo denies the allegations of Paragraph 218 of Shenzhen Mindray's Counterclaims.

219. Masimo avers that the allegations of Paragraph 219 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 217 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

220. Masimo avers that the allegations of Paragraph 220 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 220 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

221. Masimo admits that it filed U.S. Patent Application No. 08/132,812 ("the '812 application") on October 6, 1993 as a continuation-in-part of U.S. Patent Application No. 08/249/690, which was a continuation of

the '060 application.  Except as so admitted, Masimo avers that the allegations of Paragraph 221 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 221 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

222.   Masimo admits that the '812 application contains the language quoted in Paragraph 222 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations in Paragraph 222 of Shenzhen Mindray's Counterclaims.

223.   Masimo avers that the allegations of Paragraph 223 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 223 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

224.   Masimo avers that the allegations of Paragraph 224 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 224 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

225.   Masimo avers that the allegations of Paragraph 225 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 225 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

226.   Masimo admits Claim 16 of the '222 patent contains the language cited in Paragraph 226 of Shenzhen Mindray's Counterclaims.  Except as so admitted, Masimo denies the allegations in Paragraph 226 of Shenzhen Mindray's Counterclaims.

227.  Masimo admits that application Amendment, dated March 20, 2000, contained the language quoted in Paragraph 227 of Shenzhen Mindray's Counterclaims.  Masimo further admits that the Patent Examiner issued a Final Rejection on June 6, 2000.   Except as so admitted, Masimo denies the allegations of Paragraph 227 of Shenzhen Mindray's Counterclaims.

228.   Masimo admits that application Amendment dated March 20, 2000 contains the language cited in Paragraph 228 of Shenzhen Mindray's Counterclaims.   Except as so admitted, Masimo denies the allegations in Paragraph 228 of Shenzhen Mindray's Counterclaims.

229.   Masimo admits that the Patent Examiner issued a Final Rejection on June 6, 2000.   Except as so admitted, Masimo denies the allegations in Paragraph 229 of Shenzhen Mindray's Counterclaims.

230.  Masimo admits that the Patent Examiner issued a Notice of Allowance on August 28, 2000.  Except as so admitted, Masimo denies the allegations in Paragraph 230 of Shenzhen Mindray's Counterclaims Masimo avers that the allegations of Paragraph 230 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 230 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

231.   Masimo avers that the allegations of Paragraph 231 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 231 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

232.   Masimo avers that the allegations of Paragraph 232 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of

Paragraph 232 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

233.   Masimo avers that the allegations of Paragraph 233 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 233 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

234.   Masimo denies the allegations of Paragraph 234 of Shenzhen Mindray's Counterclaims.

235.   Masimo denies the allegations of Paragraph 235 of Shenzhen Mindray's Counterclaims.

236.   Masimo denies the allegations of Paragraph 236 of Shenzhen Mindray's Counterclaims.

237.   Masimo denies the allegations of Paragraph 237 of Shenzhen Mindray's Counterclaims.

238.   Masimo denies the allegations of Paragraph 238 of Shenzhen Mindray's Counterclaims.

239.   Masimo avers that the allegations of Paragraph 239 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 239 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

240.   Masimo admits that Mr. Kiani met with Philips in 2001 regarding Philips' interest in integrating Masimo pulse oximetry technology into Philips' products.   Except as so admitted, Masimo avers that the allegations of Paragraph 240 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 240 of Shenzhen

Mindray's Counterclaims is required, Masimo denies them.

241.   Masimo admits that in its litigation with Philips in the District of Delaware, Philips moved for summary judgment of invalidity of certain claims of the '222 and '194 Patents.  Masimo further admits that Magistrate Judge Thynge issued a Report and Recommendation on April 2, 2013 regarding the validity of the '222 and '194 Patents.  Masimo further admits that Judge Stark adopted certain aspects of Magistrate Judge Thynge's Report and Recommendation on March 31, 2014.  Except as so admitted, Masimo avers that the allegations of Paragraph 241 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 241 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

242.   Masimo admits that the '194 Patent issued from a continuation application of U.S. Patent Application No. 09/081,539, which was a divisional of U.S. Patent Application No. 08/834,194 ("the '194 application").  Masimo further admits that the '194 application issued as U.S. Patent No. 6,002,952 ("the '952 Patent").  Masimo further admits that the '952 Patent is asserted in this litigation.  Except as so admitted, Masimo avers that the allegations of Paragraph 242 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the remaining allegations of Paragraph 242 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

243.   Masimo denies the allegations of Paragraph 243 of Shenzhen Mindray's Counterclaims.

244.   Masimo avers that the allegations of Paragraph 244 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 244 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

245.   Masimo avers that the allegations of Paragraph 245 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 245 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

246.   Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.   Except as so admitted, Masimo avers that the allegations of Paragraph 246 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 246 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

247.   Masimo admits that Shenzhen Mindray purports to seek damages and injunctive relief.

**REPLY TO COUNTERCLAIM 1**

248.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 247, inclusive, with the same force and effect as if set forth fully herein.

249.   Masimo avers that the allegations of Paragraph 249 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 249 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

250.   Masimo avers that the allegations of Paragraph 250 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required. To the extent that a response to the allegations of Paragraph 250 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

251. Masimo avers that the allegations of Paragraph 251 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 251 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

252. Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint. Except as so admitted, Masimo avers that the remaining allegations of Paragraph 252 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 252 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

253. Masimo avers that the allegations of Paragraph 253 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 253 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 2

254. Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 253, inclusive, with the same force and effect as if set forth fully herein.

255. Masimo avers that the allegations of Paragraph 255 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 255 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

256.  Masimo avers that the allegations of Paragraph 256 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 256 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

257.  Masimo avers that the allegations of Paragraph 257 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 257 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

258.  Masimo avers that the allegations of Paragraph 258 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 258 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

259.  Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.  Except as so admitted, Masimo avers that the remaining allegations of Paragraph 259 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 259 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

260.  Masimo avers that the allegations of Paragraph 260 of Shenzhen

Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 260 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

261.   Masimo avers that the allegations of Paragraph 261 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 261 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 3

262.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 261, inclusive, with the same force and effect as if set forth fully herein.

263.   Masimo avers that the allegations of Paragraph 263 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 263 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

264.   Masimo avers that the allegations of Paragraph 264 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 264 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

265.   Masimo avers that the allegations of Paragraph 265 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 265 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

266.  Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.  Except as so admitted, Masimo avers that the remaining allegations of Paragraph 266 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 266 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

267.  Masimo avers that the allegations of Paragraph 267 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 267 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

268.  Masimo avers that the allegations of Paragraph 268 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 268 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 4

269.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 268, inclusive, with the same force and effect as if set forth fully herein.

270.  Masimo avers that the allegations of Paragraph 270 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 270 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

271.   Masimo avers that the allegations of Paragraph 271 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 271 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

272.   Masimo avers that the allegations of Paragraph 272 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 272 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

273.   Masimo avers that the allegations of Paragraph 273 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 273 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

274.   Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.   Except as so admitted, Masimo avers that the remaining allegations of Paragraph 274 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 274 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

275.   Masimo avers that the allegations of Paragraph 275 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 275 of Shenzhen Mindray's Counterclaims is required, Masimo

1  denies them.

2        276.   Masimo avers that the allegations of Paragraph 276 of Shenzhen

3  Mindray's Counterclaims constitute legal contentions and conclusions to which

4  no response is required.   To the extent that a response to the allegations of

5  Paragraph 276 of Shenzhen Mindray's Counterclaims is required, Masimo

6  denies them.

7                    **REPLY TO COUNTERCLAIM 5**

8        277.   Masimo incorporates by reference its responses to the allegations

9  in Paragraphs 1 through 276, inclusive, with the same force and effect as if set

10  forth fully herein.

11        278.   Masimo avers that the allegations of Paragraph 278 of Shenzhen

12  Mindray's Counterclaims constitute legal contentions and conclusions to which

13  no response is required.   To the extent that a response to the allegations of

14  Paragraph 278 of Shenzhen Mindray's Counterclaims is required, Masimo

15  denies them.

16        279.   Masimo avers that the allegations of Paragraph 279 of Shenzhen

17  Mindray's Counterclaims constitute legal contentions and conclusions to which

18  no response is required.   To the extent that a response to the allegations of

19  Paragraph 279 of Shenzhen Mindray's Counterclaims is required, Masimo

20  denies them.

21        280.   Masimo avers that the allegations of Paragraph 280 of Shenzhen

22  Mindray's Counterclaims constitute legal contentions and conclusions to which

23  no response is required.   To the extent that a response to the allegations of

24  Paragraph 280 of Shenzhen Mindray's Counterclaims is required, Masimo

25  denies them.

26        281.   Masimo avers that the allegations of Paragraph 281 of Shenzhen

27  Mindray's Counterclaims constitute legal contentions and conclusions to which

28  no response is required.   To the extent that a response to the allegations of

1  Paragraph 281 of Shenzhen Mindray's Counterclaims is required, Masimo
2  denies them.

3  282.   Masimo avers that the allegations of Paragraph 282 of Shenzhen
4  Mindray's Counterclaims constitute legal contentions and conclusions to which
5  no response is required.  To the extent that a response to the allegations of
6  Paragraph 282 of Shenzhen Mindray's Counterclaims is required, Masimo
7  denies them.

8  283.  Masimo denies the allegations of Paragraph 283 of Shenzhen
9  Mindray's Counterclaims.

10  284.  Masimo denies the allegations of Paragraph 284 of Shenzhen
11  Mindray's Counterclaims.

12  285.   Masimo avers that the allegations of Paragraph 285 of Shenzhen
13  Mindray's Counterclaims constitute legal contentions and conclusions to which
14  no response is required.  To the extent that a response to the allegations of
15  Paragraph 285 of Shenzhen Mindray's Counterclaims is required, Masimo
16  denies them.

17  286.   Masimo avers that the allegations of Paragraph 286 of Shenzhen
18  Mindray's Counterclaims constitute legal contentions and conclusions to which
19  no response is required.  To the extent that a response to the allegations of
20  Paragraph 286 of Shenzhen Mindray's Counterclaims is required, Masimo
21  denies them.

22  287.   Masimo avers that the allegations of Paragraph 287 of Shenzhen
23  Mindray's Counterclaims constitute legal contentions and conclusions to which
24  no response is required.  To the extent that a response to the allegations of
25  Paragraph 287 of Shenzhen Mindray's Counterclaims is required, Masimo
26  denies them.

27  288.   Masimo avers that the allegations of Paragraph 288 of Shenzhen
28  Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 288 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

289.   Masimo avers that the allegations of Paragraph 289 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 289 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 6

290.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 289, inclusive, with the same force and effect as if set forth fully herein.

291.   Masimo avers that the allegations of Paragraph 291 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 291 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

292.   Masimo avers that the allegations of Paragraph 292 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 292 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

293.   Masimo avers that the allegations of Paragraph 293 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 293 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

294.   Masimo denies the allegations in Paragraph 294 of Shenzhen

Mindray's Counterclaims.

295.   Masimo denies the allegations in Paragraph 295 of Shenzhen Mindray's Counterclaims.

296.   Masimo avers that the allegations of Paragraph 296 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 296 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

297.   Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.   Except as so admitted, Masimo avers that the remaining allegations of Paragraph 297 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 297 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

298.   Masimo avers that the allegations of Paragraph 298 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 298 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

299.   Masimo avers that the allegations of Paragraph 299 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 299 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

# REPLY TO COUNTERCLAIM 7

300.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 299, inclusive, with the same force and effect as if set forth fully herein.

301.   Masimo avers that the allegations of Paragraph 301 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 301 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

302.   Masimo avers that the allegations of Paragraph 302 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 302 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

303.   Masimo avers that the allegations of Paragraph 303 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 303 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

304.   Masimo admits that Masimo has alleged that Shenzhen Mindray has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET, as alleged in paragraph 22 of Masimo's First Amended Complaint.  Except as so admitted, Masimo avers that the remaining allegations of Paragraph 304 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 304 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

305.   Masimo avers that the allegations of Paragraph 305 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 305 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

306.   Masimo avers that the allegations of Paragraph 306 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 306 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 8

307.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 306, inclusive, with the same force and effect as if set forth fully herein.

308.   Masimo avers that the allegations of Paragraph 308 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 308 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

309.   Masimo avers that the allegations of Paragraph 309 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 309 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

310.   Masimo avers that the allegations of Paragraph 310 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 310 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

311.   Masimo avers that the allegations of Paragraph 311 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 311 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

312.  Masimo denies the allegations in Paragraph 312 of Shenzhen Mindray's Counterclaims.

313.   Masimo avers that the allegations of Paragraph 313 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 313 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

314.   Masimo avers that the allegations of Paragraph 314 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 314 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

315.   Masimo avers that the allegations of Paragraph 315 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 315 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

316.   Masimo avers that the allegations of Paragraph 316 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 316 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 9

317.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 316, inclusive, with the same force and effect as if set forth fully herein.

318.   Masimo avers that the allegations of Paragraph 318 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 318 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

319.   Masimo avers that the allegations of Paragraph 319 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 319 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

320.   Masimo avers that the allegations of Paragraph 320 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 320 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

321.   Masimo avers that the allegations of Paragraph 321 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 321 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

322.   Masimo avers that the allegations of Paragraph 322 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 322 of Shenzhen Mindray's Counterclaims is required, Masimo

1  denies them.

2      323.   Masimo avers that the allegations of Paragraph 323 of Shenzhen

3  Mindray's Counterclaims constitute legal contentions and conclusions to which

4  no response is required.   To the extent that a response to the allegations of

5  Paragraph 323 of Shenzhen Mindray's Counterclaims is required, Masimo

6  denies them.

7      324.   Masimo avers that the allegations of Paragraph 324 of Shenzhen

8  Mindray's Counterclaims constitute legal contentions and conclusions to which

9  no response is required.   To the extent that a response to the allegations of

10  Paragraph 324 of Shenzhen Mindray's Counterclaims is required, Masimo

11  denies them.

12  ## REPLY TO COUNTERCLAIM 10

13      325.   Masimo incorporates by reference its responses to the allegations

14  in Paragraphs 1 through 324, inclusive, with the same force and effect as if set

15  forth fully herein.

16      326.   Masimo lacks knowledge or information sufficient to form a belief

17  as to the truth of the allegations in Paragraph 326 of Shenzhen Mindray's

18  Counterclaims and therefore denies them.

19      327.  Masimo denies the allegations in Paragraph 327 of Shenzhen

20  Mindray's Counterclaims.

21      328.  Masimo denies the allegations in Paragraph 328 of Shenzhen

22  Mindray's Counterclaims.

23      329.  Masimo denies the allegations in Paragraph 329 of Shenzhen

24  Mindray's Counterclaims.

25      330.  Masimo denies the allegations in Paragraph 330 of Shenzhen

26  Mindray's Counterclaims.

27      331.   Masimo avers that the allegations of Paragraph 331 of Shenzhen

28  Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 331 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

332.  Masimo avers that the allegations of Paragraph 332 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 332 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

333.  Masimo denies the allegations in Paragraph 333 of Shenzhen Mindray's Counterclaims.

334.  Masimo avers that the allegations of Paragraph 334 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 334 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

335.  Masimo avers that the allegations of Paragraph 335 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 335 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

336.  Masimo denies the allegations in Paragraph 336 of Shenzhen Mindray's Counterclaims.

337.  Masimo avers that the allegations of Paragraph 337 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 337 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

## **REPLY TO COUNTERCLAIM 11**

338.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 337, inclusive, with the same force and effect as if set forth fully herein.

339.   Masimo avers that the allegations of Paragraph 339 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 339 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

340.   Masimo avers that the allegations of Paragraph 340 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 340 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

341.   Masimo avers that the allegations of Paragraph 341 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 341 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

342.   Masimo avers that the allegations of Paragraph 342 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 342 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

343.   Masimo avers that the allegations of Paragraph 343 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 343 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

344.   Masimo avers that the allegations of Paragraph 344 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 344 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 12

345.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 344, inclusive, with the same force and effect as if set forth fully herein.

346.   Masimo admits the allegations in Paragraph 346 of Shenzhen Mindray's Counterclaims.

347.   Masimo avers that the allegations of Paragraph 347 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 347 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

348.   Masimo admits the allegations in Paragraph 348 of Shenzhen Mindray's Counterclaims.

349.   Masimo avers that the allegations of Paragraph 349 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 349 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 13

350.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 349, inclusive, with the same force and effect as if set forth fully herein.

351.   Masimo admits the allegations in Paragraph 351 of Shenzhen Mindray's Counterclaims.

352.   Masimo avers that the allegations of Paragraph 352 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 352 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

353.   Masimo admits the allegations in Paragraph 353 of Shenzhen Mindray's Counterclaims.

354.   Masimo avers that the allegations of Paragraph 354 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 354 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 14

355.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 354, inclusive, with the same force and effect as if set forth fully herein.

356.   Masimo admits the allegations in Paragraph 356 of Shenzhen Mindray's Counterclaims.

357.   Masimo avers that the allegations of Paragraph 357 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 357 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

358.   Masimo admits the allegations in Paragraph 358 of Shenzhen Mindray's Counterclaims.

359.   Masimo avers that the allegations of Paragraph 359 of Shenzhen

Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 359 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 15

360.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 359, inclusive, with the same force and effect as if set forth fully herein.

361.  Masimo admits the allegations in Paragraph 361 of Shenzhen Mindray's Counterclaims.

362.  Masimo avers that the allegations of Paragraph 362 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 362 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

363.  Masimo admits the allegations in Paragraph 363 of Shenzhen Mindray's Counterclaims.

364.  Masimo avers that the allegations of Paragraph 364 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 364 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 16

365.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 364, inclusive, with the same force and effect as if set forth fully herein.

366.  Masimo admits the allegations in Paragraph 366 of Shenzhen Mindray's Counterclaims.

367.   Masimo avers that the allegations of Paragraph 367 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 367 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

368.   Masimo admits the allegations in Paragraph 368 of Shenzhen Mindray's Counterclaims.

369.   Masimo avers that the allegations of Paragraph 369 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 369 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 17

370.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 369, inclusive, with the same force and effect as if set forth fully herein.

371.   Masimo admits the allegations in Paragraph 371 of Shenzhen Mindray's Counterclaims.

372.   Masimo avers that the allegations of Paragraph 372 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 372 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

373.   Masimo admits the allegations in Paragraph 373 of Shenzhen Mindray's Counterclaims.

374.   Masimo avers that the allegations of Paragraph 374 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of

Paragraph 374 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 18

375.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 374, inclusive, with the same force and effect as if set forth fully herein.

376.   Masimo admits the allegations in Paragraph 376 of Shenzhen Mindray's Counterclaims.

377.   Masimo avers that the allegations of Paragraph 377 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 377 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

378.   Masimo admits the allegations in Paragraph 378 of Shenzhen Mindray's Counterclaims.

379.   Masimo avers that the allegations of Paragraph 379 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 379 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 19

380.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 379, inclusive, with the same force and effect as if set forth fully herein.

381.   Masimo admits the allegations in Paragraph 381 of Shenzhen Mindray's Counterclaims.

382.   Masimo avers that the allegations of Paragraph 382 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required.  To the extent that a response to the allegations of Paragraph 382 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

383.  Masimo admits the allegations in Paragraph 383 of Shenzhen Mindray's Counterclaims.

384.  Masimo avers that the allegations of Paragraph 384 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 384 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 20

385.  Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 384, inclusive, with the same force and effect as if set forth fully herein.

386.  Masimo admits the allegations in Paragraph 386 of Shenzhen Mindray's Counterclaims.

387.  Masimo avers that the allegations of Paragraph 387 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 387 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

388.  Masimo admits the allegations in Paragraph 388 of Shenzhen Mindray's Counterclaims.

389.  Masimo avers that the allegations of Paragraph 389 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 389 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## <u>REPLY TO COUNTERCLAIM 21</u>

390.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 389, inclusive, with the same force and effect as if set forth fully herein.

391.   Masimo admits that it has asserted the '952 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 391 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 391 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

392.   Masimo admits the allegations in Paragraph 392 of Shenzhen Mindray's Counterclaims.

393.   Masimo avers that the allegations of Paragraph 393 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 393 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

394.   Masimo avers that the allegations of Paragraph 394 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 394 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## <u>REPLY TO COUNTERCLAIM 22</u>

395.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 394, inclusive, with the same force and effect as if set forth fully herein.

396.   Masimo admits that it has asserted the '222 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 396 of Shenzhen

Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 396 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

397.   Masimo avers that the allegations of Paragraph 397 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 397 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

398.   Masimo admits the allegations in Paragraph 398 of Shenzhen Mindray's Counterclaims.

399.   Masimo avers that the allegations of Paragraph 399 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 399 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 23

400.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 399, inclusive, with the same force and effect as if set forth fully herein.

401.   Masimo admits that it has asserted the '086 Patent.   Except as so admitted, Masimo avers that the allegations of Paragraph 401 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 401 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

402.   Masimo admits the allegations in Paragraph 402 of Shenzhen Mindray's Counterclaims.

403.   Masimo avers that the allegations of Paragraph 403 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 403 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 24

404.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 403, inclusive, with the same force and effect as if set forth fully herein.

405.   Masimo admits that it has asserted the '194 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 405 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 405 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

406.   Masimo admits the allegations in Paragraph 406 of Shenzhen Mindray's Counterclaims.

407.   Masimo avers that the allegations of Paragraph 407 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 407 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

408.   Masimo avers that the allegations of Paragraph 408 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 408 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

## **REPLY TO COUNTERCLAIM 25**

409.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 408, inclusive, with the same force and effect as if set forth fully herein.

410.   Masimo admits that it has asserted the '060 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 410 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 410 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

411.   Masimo admits the allegations in Paragraph 411 of Shenzhen Mindray's Counterclaims.

412.   Masimo avers that the allegations of Paragraph 412 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 412 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## **REPLY TO COUNTERCLAIM 26**

413.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 412, inclusive, with the same force and effect as if set forth fully herein.

414.   Masimo admits that it has asserted the '986 Patent.  Except as so admitted, Masimo avers that the allegations of Paragraph 414 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 414 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

415.   Masimo admits the allegations in Paragraph 415 of Shenzhen

Mindray's Counterclaims.

416.   Masimo avers that the allegations of Paragraph 416 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 416 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 27

417.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 416, inclusive, with the same force and effect as if set forth fully herein.

418.   Masimo admits that it has asserted the '958 Patent.   Except as so admitted, Masimo avers that the allegations of Paragraph 418 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 418 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

419.   Masimo admits the allegations in Paragraph 419 of Shenzhen Mindray's Counterclaims.

420.   Masimo avers that the allegations of Paragraph 420 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 420 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 28

421.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 420, inclusive, with the same force and effect as if set forth fully herein.

422.   Masimo admits that it has asserted the '154 Patent.   Except as so

admitted, Masimo avers that the allegations of Paragraph 422 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 422 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

423.   Masimo admits the allegations in Paragraph 423 of Shenzhen Mindray's Counterclaims.

424.   Masimo avers that the allegations of Paragraph 424 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 424 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 29

425.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 424, inclusive, with the same force and effect as if set forth fully herein.

426.   Masimo admits that it has asserted the '533 Patent.   Except as so admitted, Masimo avers that the allegations of Paragraph 426 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the remaining allegations of Paragraph 426 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

427.   Masimo admits the allegations in Paragraph 427 of Shenzhen Mindray's Counterclaims.

428.   Masimo avers that the allegations of Paragraph 428 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 428 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

## REPLY TO COUNTERCLAIM 30

429.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 428, inclusive, with the same force and effect as if set forth fully herein.

430.   Masimo admits that it has more than one hundred issued U.S. Patents.  Except as so admitted, Masimo denies the remaining allegations of Paragraph 430.

431.   Masimo avers that the allegations of Paragraph 431 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 431 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

432.   Masimo avers that the allegations of Paragraph 432 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 432 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

433.   Masimo avers that the allegations of Paragraph 433 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 433 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 31

434.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 433, inclusive, with the same force and effect as if set forth fully herein.

/ / /

435.  Masimo avers that the allegations of Paragraph 435 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 435 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

436.  Masimo avers that the allegations of Paragraph 436 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 436 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

437.  Masimo avers that the allegations of Paragraph 437 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 437 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

438.  Masimo avers that the allegations of Paragraph 438 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 438 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

439.  Masimo avers that the allegations of Paragraph 439 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 439 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

/ / /

/ / /

/ / /

## <u>REPLY TO COUNTERCLAIM 32</u>

440.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 439, inclusive, with the same force and effect as if set forth fully herein.

441.   Masimo avers that the allegations of Paragraph 441 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 441 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

442.   Masimo avers that the allegations of Paragraph 442 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 442 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

443.   Masimo avers that the allegations of Paragraph 443 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 443 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

444.   Masimo avers that the allegations of Paragraph 444 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 444 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

445.   Masimo avers that the allegations of Paragraph 445 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 445 of Shenzhen Mindray's Counterclaims is required, Masimo

denies them.

## **REPLY TO COUNTERCLAIM 33**

446.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 445, inclusive, with the same force and effect as if set forth fully herein.

447.   Masimo avers that the allegations of Paragraph 447 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 447 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

448.   Masimo avers that the allegations of Paragraph 448 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 448 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

449.   Masimo avers that the allegations of Paragraph 449 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 449 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

450.   Masimo avers that the allegations of Paragraph 450 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 450 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

451.   Masimo avers that the allegations of Paragraph 451 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of

Paragraph 451 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

## REPLY TO COUNTERCLAIM 34

452.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 451, inclusive, with the same force and effect as if set forth fully herein.

453.   Masimo avers that the allegations of Paragraph 453 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 453 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

454.   Masimo avers that the allegations of Paragraph 454 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 454 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

455.   Masimo avers that the allegations of Paragraph 455 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 455 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

456.   Masimo avers that the allegations of Paragraph 456 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 456 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

457.   Masimo avers that the allegations of Paragraph 457 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which

no response is required. To the extent that a response to the allegations of Paragraph 457 of Shenzhen Mindray's Counterclaims is required, Masimo denies them.

### REPLY TO COUNTERCLAIM 35

458. Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 457, inclusive, with the same force and effect as if set forth fully herein.

459. Masimo admits that Exhibit 1 purports to be a copy of U.S. Patent No. 6,308,089, entitled "Limited Use Medical Probe," and bears an issue date of October 23, 2001. Masimo denies the remaining allegations of Paragraph 459 of Shenzhen Mindray's Counterclaims.

460. Masimo avers that the allegations of Paragraph 460 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required. To the extent that a response to the allegations of Paragraph 460 of Shenzhen Mindray's Counterclaims is required, Masimo is without knowledge or information sufficient to form a belief, and on that basis denies them.

461. Masimo denies the allegations of Paragraph 461 of Shenzhen Mindray's Counterclaims.

462. Masimo denies the allegations of Paragraph 462 of Shenzhen Mindray's Counterclaims.

463. Masimo denies the allegations of Paragraph 463 of Shenzhen Mindray's Counterclaims.

464. Masimo denies the allegations of Paragraph 464 of Shenzhen Mindray's Counterclaims.

465. Masimo denies the allegations of Paragraph 465 of Shenzhen Mindray's Counterclaims.

466. Masimo denies the allegations of Paragraph 466 of Shenzhen

Mindray's Counterclaims.

## REPLY TO COUNTERCLAIM 36

467.   Masimo incorporates by reference its responses to the allegations in Paragraphs 1 through 466, inclusive, with the same force and effect as if set forth fully herein.

468.   Masimo admits that Exhibit 2 purports to be a copy of U.S. Patent No. 7,048,687, entitled "Limited Use Medical Probe," and bears an issue date of May 23, 2006.  Masimo denies the remaining allegations of Paragraph 468 of Shenzhen Mindray's Counterclaims.

469.   Masimo avers that the allegations of Paragraph 469 of Shenzhen Mindray's Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 469 of Shenzhen Mindray's Counterclaims is required, Masimo is without knowledge or information sufficient to form a belief, and on that basis denies them.

470.   Masimo denies the allegations of Paragraph 470 of Shenzhen Mindray's Counterclaims.

471.   Masimo denies the allegations of Paragraph 471 of Shenzhen Mindray's Counterclaims.

472.   Masimo denies the allegations of Paragraph 472 of Shenzhen Mindray's Counterclaims.

473.   Masimo denies the allegations of Paragraph 473 of Shenzhen Mindray's Counterclaims.

474.   Masimo denies the allegations of Paragraph 474 of Shenzhen Mindray's Counterclaims.

475.   Masimo denies the allegations of Paragraph 475 of Shenzhen Mindray's Counterclaims.

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER FOR RELIEF**

Masimo denies that Shenzhen Mindray is entitled to either the requested relief or any other or further relief.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, and reserving its right to amend this Answer to assert additional defenses as they may become known during investigation and discovery, Masimo asserts the following separate and additional defenses.

**AFFIRMATIVE DEFENSE 1:  FAILURE TO STATE A CLAIM**

476.  Shenzhen Mindray's Counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE 2:  LACK OF STANDING**

477.  Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray lacks standing to pursue such claims.

**AFFIRMATIVE DEFENSE 3:  NO INJURY-IN-FACT**

478.  Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not suffered injury-in-fact.

**AFFIRMATIVE DEFENSE 4:  NO ANTITRUST INJURY**

479.  Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not suffered antitrust injury.

**AFFIRMATIVE DEFENSE 5:  NO PROXIMATE CAUSE**

480.  Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray's claimed injuries and damages, if any, were not proximately caused by any acts or omissions by Masimo.

**AFFIRMATIVE DEFENSE 6:  INTERVENING OR SUPERSEDING ACTS OF THIRD PARTIES**

481.  Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray's claimed injuries and damages, if any, resulted

from the acts or omissions of third parties over whom Masimo has or had no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Shenzhen Mindray.

### AFFIRMATIVE DEFENSE 7:  NO MARKET PARTICIPATION

482.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not alleged that it participates or has participated in any market relevant to such claims.

### AFFIRMATIVE DEFENSE 8:  NO MARKET POWER

483.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray has not alleged that Masimo possesses or possessed market or monopoly power in any legally cognizable market in which Shenzhen Mindray has alleged that it participates or has participated.

### AFFIRMATIVE DEFENSE 9:  PATENT RIGHTS

484.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Masimo's conduct is lawful under its patents.

### AFFIRMATIVE DEFENSE 10:  LITIGATION PRIVILEGE

485.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the *Noerr-Pennington* doctrine of the First Amendment to the United States Constitution, and California's litigation privilege.

### AFFIRMATIVE DEFENSE 11:  GOOD FAITH

486.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Masimo's actions were taken in good faith, with the absence of malicious intent, and constituted and constitute lawful, proper and justified means to accomplish legitimate business objectives.

### AFFIRMATIVE DEFENSE 12:  JUSTIFICATION

487.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Masimo's conduct has been reasonable, based upon independent, legitimate business and economic justifications, without any purpose or intent

to injure competition.  Masimo's conduct is justified, for example, by any or all of the following:  (1) as a means to protect patient safety; (2) as a means to ensure proper performance of its products; (3) as a means to protect the quality and integrity of its pulse oximetry technology; (4) as a means to protect its goodwill and reputation and prevent consumer confusion; (5) as a means to enable hospitals to purchase its pulse oximetry technology including on a more cost effective basis; (6) as a means to enhance efficient pricing of its SET technology by matching prices and consumer needs based on usage; (7) as a means to protect its patent rights; (8) as consistent with ubiquitous industry practice; and (9) as necessary to compete.

## AFFIRMATIVE DEFENSE 13:  IN PARI DELICTO

488.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## AFFIRMATIVE DEFENSE 14:  STATUTE OF LIMITATIONS

489.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

## AFFIRMATIVE DEFENSE 15:  WAIVER

490.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

## AFFIRMATIVE DEFENSE 16:  CONSENT

491.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, because Shenzhen Mindray consented to and/or ratified Masimo's alleged conduct.

## AFFIRMATIVE DEFENSE 17:  LACHES

492.   Shenzhen Mindray's Counterclaims are barred, in whole or in part, by the doctrine of laches.

## AFFIRMATIVE DEFENSE 18:  EQUITABLE ESTOPPEL

493.   Shenzhen Mindray's Counterclaims are barred, in whole or in part,

1    by the doctrine of equitable estoppel.

2    ### AFFIRMATIVE DEFENSE 19: UNCLEAN HANDS

3    494.    Shenzhen Mindray's Counterclaims are barred, in whole or in

4    part, by the doctrine of unclean hands.

5    ### AFFIRMATIVE DEFENSE 20: CONTRACT

6    495.    Shenzhen Mindray's Counterclaims are barred, in whole or in part,

7    because of Shenzhen Mindray's contracts with Masimo.    For example,

8    Shenzhen Mindray is a party to a November 13, 2002 Purchasing and Licensing

9    Agreement and the amendments thereto ("Shenzhen Mindray Agreement").

10   Shenzhen Mindray is also a successor to an August 19, 1997 agreement

11   between Masimo and Datascope Corporation and the amendments thereto

12   ("Datascope Agreement").    For example, Shenzhen Mindray controls and

13   directs the corporate activities of Mindray USA, a party to the Datascope

14   Agreement.    Furthermore, Shenzhen Mindray has not treated Shenzhen

15   Mindray and Mindray USA independently for the purposes of corporate

16   formalities.  Shenzhen Mindray is also bound to the Datascope Agreement as

17   an "Affiliate" pursuant to Section 2 of the Agreement.

18   ### AFFIRMATIVE DEFENSE 21: SINGLE ENTITY

19   496.    Shenzhen Mindray's Counterclaims are barred, in whole or in part,

20   because Shenzhen Mindray is not a separate entity from other Mindray entities.

21   For example, Shenzhen Mindray is not a separate entity from Mindray USA.

22   Shenzhen Mindray controls and directs the corporate activities of Mindray

23   USA.  Shenzhen Mindray has also not treated Shenzhen Mindray and Mindray

24   USA independently for the purposes of corporate formalities.

25   ### AFFIRMATIVE DEFENSE 22: FAILURE TO MITIGATE DAMAGES

26   497.    Shenzhen Mindray's Counterclaims are barred, in whole or in part,

27   by its failure to mitigate any injury and by its failure to mitigate damages.

28   / / /

- 79 -

**AFFIRMATIVE DEFENSE 23: ADEQUATE REMEDY AT LAW**

498.   Shenzhen Mindray's Counterclaims seeking equitable relief are barred, in whole or in part, because there is an adequate remedy at law.

**AFFIRMATIVE DEFENSE 24: NONINFRINGEMENT**

499.   Masimo has not infringed and does not infringe, directly, by inducement, or contributorily, one or more claims of U.S. Patent No. 6,308,089 (the "'089 patent"), either literally or under the doctrine of equivalents.

500.   Masimo has not infringed and does not infringe, directly, by inducement, or contributorily, one or more claims of U.S. Patent No. 7,048,687 (the "'687 patent"), either literally or under the doctrine of equivalents.

**AFFIRMATIVE DEFENSE 25: INVALIDITY**

501.   One or more claims of the '089 patent are invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

502.   One or more claims of the '687 patent are invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

**COUNTER-COUNTERCLAIMS**

Masimo Corporation ("Masimo") alleges the following counterclaims against Shenzhen Mindray Bio-Medical Electronics Co., Ltd. ("Shenzhen Mindray"):

**JURISDICTION AND VENUE**

1.   Masimo asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the patent laws of the United States, United States Code Titles 35, that the patents asserted by Shenzhen Mindray are invalid and not infringed.

2.   There exists an actual and justiciable controversy between the parties regarding the validity and alleged infringement of U.S. Patent No. 6,308,089 (the "'089 patent") and U.S. Patent No. 7,048,687 (the "'687 patent") based on Shenzhen Mindray having filed Counterclaims against

1    Masimo alleging infringement of these patents.

2        3.    This Court has subject matter jurisdiction over these counterclaims

3    pursuant to 28 U.S.C. 1338(a), the Patent Laws of the United States, 35 U.S.C.

4    § 100, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5        4.    Shenzhen Mindray is subject to the personal jurisdiction of this

6    Court.

7        5.    Venue is proper in this District under 28 U.S.C. §§ 1391.

8                        **FIRST CLAIM FOR RELIEF**

9    **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE**

10                            **'089 PATENT**

11        6.    Masimo repeats, realleges and incorporates by reference the

12   allegations set forth in Paragraphs 1-5 of these Counter-counterclaims.

13        7.    Shenzhen Mindray alleges in its Counterclaims that it is the owner

14   of the '089 patent.

15        8.    Shenzhen Mindray has asserted in its Counterclaims a claim of

16   patent infringement against Masimo based on the '089 patent.

17        9.    Masimo has denied Shenzhen Mindray's claim of infringement of

18   the '089 patent, and contends that it does not infringe the '089 patent or any

19   valid asserted claim thereof.

20        10.   An immediate, real, and justiciable controversy now exists

21   between Masimo and Shenzhen Mindray with respect to the alleged

22   infringement of the '089 patent.

23        11.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §

24   2201, *et seq.*, Masimo requests declaratory judgment that it does not infringe

25   one or more claims of the '089 patent.

26   / / /

27   / / /

28   / / /

## SECOND CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '687 PATENT

12.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-11 of these Counter-counterclaims.

13.     Shenzhen Mindray alleges in its Counterclaims that it is the owner of the '687 patent.

14.     Shenzhen Mindray has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '687 patent.

15.     Masimo has denied Shenzhen Mindray's claim of infringement of the '687 patent, and contends that it does not infringe the '687 patent or any valid asserted claim thereof.

16.     An immediate, real, and justiciable controversy now exists between Masimo and Shenzhen Mindray with respect to the alleged infringement of the '687 patent.

17.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Masimo requests declaratory judgment that it does not infringe one or more claims of the '687 patent.

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '089 PATENT

18.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-17 of these Counter-counterclaims.

19.     Shenzhen Mindray asserts that the '089 patent is valid.

20.     Masimo contends that the '089 patent is invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

21.     An immediate, real, and justiciable controversy now exists between Masimo and Shenzhen Mindray with respect to the invalidity of the '089 patent.

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Masimo requests declaratory judgment that one or more claims of the '089 patent are invalid.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '687 PATENT

23.     Masimo repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-22 of these Counter-counterclaims.

24.     Shenzhen Mindray asserts that the '687 patent is valid.

25.     Masimo contends that the '687 patent is invalid under the Patent Laws of the United States, including 35 U.S.C. §§ 102, 103 and/or 112.

26.     An immediate, real, and justiciable controversy now exists between Masimo and Shenzhen Mindray with respect to the invalidity of the '687 patent.

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Masimo requests declaratory judgment that one or more claims of the '687 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Masimo prays for the following relief:

A.     A declaration that Masimo does not and has not infringed directly, by inducement, or contributorily, the '089 or '687 patents, either literally or under the doctrine of equivalents; and

B.     A declaration that the '089 and '687 patents are invalid.

C.     That Defendant takes nothing from its Counterclaims and that Defendant's claims against Masimo be dismissed with prejudice; and

D.     That Masimo be granted such other and further relief as the Court deems equitable and just in the circumstances.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 28, 2014          By: */s/ Stephen W. Larson*

Joseph R. Re
Stephen C. Jensen
Jon W. Gurka
Stephen W. Larson
Nicholas A. Belair

Attorneys for Plaintiff ,Counter-Defendant,
Counter-Counter-Claimant
MASIMO CORPORATION

## **<u>JURY DEMAND</u>**

Masimo requests a jury trial for those issues so triable herein.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>April 28, 2014</u>      By: <u>*/s/ Stephen W. Larson*</u>

Joseph R. Re
Stephen C. Jensen
Jon W. Gurka
Stephen W. Larson
Nicholas A. Belair

Attorneys for Plaintiff ,Counter-Defendant, Counter-Counter-Claimant
MASIMO CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, 14th Floor, Irvine, California 92614.

On April 28, 2014, I caused to be served the within **MASIMO CORPORATION'S REPLY TO SHENZHEN MINDRAY BIOMEDICAL ELECTRONICS CO., LTD'S FOURTH AMENDED ANSWER AND COUNTERCLAIMS;   MASIMO   CORPORATION'S   COUNTER-COUNTERCLAIMS** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

**VIA U.S. MAIL AND E-MAIL DELIVERY TO**:

Christopher Carl Bolten
cbolten@foley.com
Jose L Patino
jpatino@foley.com
Nicolas A. Pisano
npisano@foley.com
Foley and Lardner LLP
3579 Valley Centre Drive Suite 300
San Diego, CA 92130
858-847-6700
858-792-6773 (fax)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2014, at Irvine, California.

*/s/ Jeff Roche*
Jeff T. Roche