Nicola A. Pisano (CA Bar No. 151282)
npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
jegray@foley.com
Christopher C. Bolten (CA Bar No. 268284)
cbolten@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone: 858.847.6700
Facsimile: 858.792.6773

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation,<br><br>Plaintiff, Counter-Defendant and Counter Counter-Plaintiff,<br><br>v.<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD, a corporation of the People's Republic of China,<br><br>Defendant, Counter-Plaintiff and Counter Counter-Defendant. | Case No. SACV12-02206 CJC (JPRx)<br><br>**MEMORANDUM IN SUPPORT OF SHENZHEN MINDRAY'S RULE 12(c) MOTION FOR JUDGMENT ON THE TENTH THROUGH FIFTEENTH CLAIMS FOR RELIEF OF MASIMO CORPORATION'S FIRST AMENDED COMPLAINT**<br><br>Date: June 16, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 9B<br>Judge: Hon. Cormac J. Carney |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ................................. 1

III. ARGUMENT ............................................................................................... 4

    A. Shenzhen Mindray Is Entitled to Judgment On The Pleadings For Breach Of Contract And Related State Law Claims. ................... 4

        (1) Masimo, A Non-Party To The Chinese Mindray Agreement, Lacks Standing In Fact To Enforce That Agreement And Related State Law Claims. ............................... 5

        (2) Lack of Subject Matter Jurisdiction For Want Of Standing Cannot Be Waived By A Party's Action Or Inaction. .................................................................................... 8

    B. Masimo Cannot Remedy Its Lack Of Standing By Adding Masimo SARL To This Litigation. ................................................... 10

IV. CONCLUSION .......................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Edumoz v. Republic of Mozambique*,
    968 F. Supp. 2d 1041 (C.D. Cal. 2013) ......................................................... 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555, 112 S. Ct. 2130 (1992) ........................................................ 4, 6

*San Luis Unit Food Producers v. United States*,
    772 F. Supp. 2d 1210 (E.D. Cal. 2011) ............................................................ 5

*Summit Office Park, Inc. v. U.S. Steel Corp.*,
    639 F.2d 1278 (5th Cir. 1981) ........................................................................ 4

*Taylor v. United States*,
    No. 2:13-cv-00371-SVW-PJW, 2013 U.S. Dist. LEXIS 89407
    (C.D. Cal. June 25, 2013) ............................................................................... 5

*Thome v. United States FDA*,
    No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985
    (N.D. Cal. July 27, 2011) ......................................................................... 4, 10

*Walker v. Gates*,
    No. 01-10904 GAF, 2002 U.S. Dist. LEXIS 27443
    (C.D. Cal. May 23, 2002) ...................................................................... 4, 8, 9

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ........................................................................ 4

*Wash. Envtl. Council v. Bellon*,
    732 F.3d 1131 (9th Cir. 2013) ........................................................................ 4

**State Cases**

*Hatchwell v. Blue Shield of Cal.*,
    198 Cal. App. 3d 1027, 244 Cal. Rptr. 249 (Cal. Ct. App. 1988) .................... 7

*Johnson v. Cnty. of Fresno*,
    111 Cal. App. 4th 1087, 4 Cal. Rptr. 3d 475 (Cal. Ct. App. 2003) .................. 7

## **TABLE OF AUTHORITIES (CONTINUED)**

**Page(s)**

*McCown v. Spencer*,
    8 Cal. App. 3d 216, 87 Cal. Rptr. 213 (Cal. Ct. App. 1970) .............................. 7

*Menendez v. Time Warner Cable*,
    No. B223435, 2010 Cal. App. Unpub. LEXIS 8241
    (Cal. Ct. App. Oct. 18, 2010) ........................................................................ 6, 7

*Nat'l Reserve Co. of Am. v. Metro. Trust Co.*,
    17 Cal. 2d 827, 112 P.2d 598 (1941) ................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 5

Fed. R. Civ. P. 12(c) ............................................................................................ 1, 5

Fed. R. Civ. P. 12(h)(3) ................................................................................... 4, 8, 9

Fed. R. Civ. P. 15 .................................................................................................... 4

Fed. R. Civ. P. 17 .................................................................................................... 4

Fed. R. Civ. P. 21 .................................................................................................... 4

**Treatises**

Weil & Brown, et al., *Cal. Prac. Guide: Civ. Pro. Before Trial*
    (The Rutter Group 2014) 2:25 .......................................................................... 7

## I. INTRODUCTION

Defendant, Counter-Plaintiff and Counter Counter-Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd. ("Shenzhen Mindray") moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the Tenth through Fifteenth Claims for Relief (the "State Law Claims") of the First Amended Complaint filed by Plaintiff, Counter-Defendant and Counter Counter-Plaintiff Masimo Corporation ("Masimo"), because Masimo lacks standing to assert those claims. The State Law Claims are predicated on a 2002 Purchasing and Licensing Agreement between Masimo and Shenzhen Mindray, as amended (the "Chinese Mindray Agreement"). Starting with Amendment Number Three to the Chinese Mindray Agreement, and "effective as of the 1st of January, 2010," Masimo was divested of its interest in the Agreement. The *sole* parties to the Chinese Mindray Agreement as of January 1, 2010 are Shenzhen Mindray and "Masimo International SARL, successor in interest to Masimo Corporation."

As of the date of execution of Amendment Number Three, Masimo relinquished any rights it had under the Chinese Mindray Agreement, and only Masimo International SARL ("Masimo SARL") had any right to assert the State Law Claims. Masimo SARL, a Swiss company, is not a party to this litigation, a point that Masimo itself has repeatedly made in refusing to provide discovery from that entity. Because Masimo had no rights in the Chinese Mindray Agreement or the related State Law Claims when it asserted them in this case, Masimo lacks Article III standing to bring the Tenth through Fifteenth Claims for Relief in the First Amended Complaint, requiring that all of those claims be dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Masimo filed this action against Mindray DS USA, Inc. ("Mindray DS") and Shenzhen Mindray on December 21, 2012, asserting patent infringement

MEMO ISO MOTION FOR JUDGMENT
1         Case No. SACV12-02206 CJC (JPRx)

claims against both entities, and a series of state law claims against Shenzhen Mindray alone. *See* Compl. (Dkt. No. 1). Mindray DS was dismissed on February 28, 2013, leaving only Shenzhen Mindray as a defendant before the Court. *See* Order Granting Def.'s Mot. Dismiss (Dkt. No. 38). On July 17, 2013, this Court dismissed Masimo's patent infringement claims with leave to amend, but denied Shenzhen Mindray's motion to dismiss the claims against it for *forum non conveniens*, because, among other things, "the forum selection clause in the Agreement provides strong evidence that this forum is convenient for both parties." *See* Order Granting Def.'s Mot. Partial J. On Pleadings (Dkt. No. 66). Masimo filed its First Amended Complaint on August 5, 2013. *See* Masimo's First Am. Compl. (hereafter, the "FAC"; Dkt. No. 69).

The state law claims asserted by Masimo in the First Amended Complaint purportedly arise from the Chinese Mindray Agreement. *See* FAC (Dkt. No. 69) at ¶¶ 31-55. That Agreement expired on November 2, 2007.

On June 23, 2008, Masimo and Shenzhen Mindray executed Amendment Number Two to Purchasing and Licensing Agreement ("Amendment Two") to the Chinese Mindray Agreement. Amendment Two purports to amend the provisions of the expired Chinese Mindray Agreement and extend that agreement, as amended, until December 31, 2009. Declaration of Nicola A. Pisano in Support of Shenzhen Mindray's Motion for Judgment on the State Law Claims ("Pisano Decl."), Ex. A.

In Amendment Number Three to Purchasing and Licensing Agreement, executed in February 2010 ("Amendment Three"), a distinct Masimo entity, Masimo SARL, succeeded to the Chinese Mindray Agreement effective, at least "as of the 1st of January, 2010." *See* Pisano Decl., Ex. B at 1. Masimo SARL is identified in Amendment Three as "successor in interest to Masimo Corporation." *Id.* Masimo also signed Amendment Three, presumably to confirm that Masimo SARL was the new contracting party. There is no indication in Amendment Three

or any of the multiple amendments thereafter to the Chinese Mindray Agreement that Masimo retained any rights or obligations following Masimo SARL's succession, or that the parties intended for Masimo to retain such rights. *See generally id.*

Out of the more than 30,000 documents and 215,000 pages that Masimo has produced to date in this litigation, Masimo has produced no documents identifying that Masimo has any continuing interest in the Chinese Mindray Agreement following execution of Amendment Three. *See* Pisano Decl., Exs. C and D. Shenzhen Mindray also has not located documents in Masimo's document productions subsequent to the April 29, 2014 conference of counsel on this Motion that identify any rights retained by Masimo affording Masimo standing to sue Shenzhen Mindray for breach of the Chinese Mindray Agreement, or any of the related state law claims set forth in the Tenth through Fifteenth Claims of the FAC. Pisano Decl. ¶ 3.

Instead, Masimo tacitly conceded that Masimo lacked standing to maintain the Tenth through Fifteenth Claims for Relief of its FAC by proposing that the parties stipulate to add Masimo SARL as a party. *See* Pisano Decl., Ex. E. In rebuffing Shenzhen Mindray's request for discovery from Masimo's foreign operations, Masimo SARL and its affiliate Masimo China,[1] Masimo insisted that it had no obligation even to preserve documents in the possession of those entities, much less produce such documents in this litigation, because Masimo SARL and Masimo China "are not parties to this litigation." *See* Memo. P. & A. Supp. Def.'s Mot. Sanctions (Dkt. No. 180-1) at 10:1-4; 10:20-21.

In view of the substantial and severe prejudice that would result to Shenzhen Mindray if Masimo were permitted to substitute Masimo SARL for Masimo on the state law claims, Shenzhen Mindray refuses to agree to that

---

[1] Masimo's deponent, Ms. Lily Soong, Country Manager for China, reports all of its income to Masimo SARL. *See* Pisano Decl., Ex. F at 73:16-74:3.

MEMO ISO MOTION FOR JUDGMENT
3          Case No. SACV12-02206 CJC (JPRx)

addition. Indeed, in that Masimo's counsel refused to accept service of a process directed to Masimo China and/or Masimo SARL at the April 24, 2014, hearing, Masimo's counsel lacks apparent authority to make such an offer. Dkt. No. 180-4, Ex. H at 74:11-75:20.

### III. ARGUMENT

#### A. Shenzhen Mindray Is Entitled to Judgment On The Pleadings For Breach Of Contract And Related State Law Claims.

Standing is a critically important limitation on a district court's subject matter jurisdiction—"an essential and unchanging part of the case-or-controversy requirement of Article III." *Walker v. Gates*, No. 01-10904 GAF (PJWx), 2002 U.S. Dist. LEXIS 27443, at *33-34 (C.D. Cal. May 23, 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992)). The party invoking federal jurisdiction bears the burden of establishing each element of standing. *Lujan*, 504 U.S. at 561. If the plaintiff lacks standing to assert a claim, then the Court lacks jurisdiction to consider it. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003). Subject matter jurisdiction cannot be waived by the parties, and the issue can be raised by a party or by the court at any time. *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013); *see also* Fed. R. Civ. P. 12(h)(3). What is more, a "party lacking Article III standing at the outset of the lawsuit has no power to prosecute the action. As such, a plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists." *Thome v. United States FDA*, No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985, at *7-8 (N.D. Cal. July 27, 2011) ("because [plaintiff] did not have standing to assert its claims when he filed suit…neither Rule 15, Rule 17, nor Rule 21 provide a mechanism by which [plaintiff] can remedy his lack of standing."); *see also Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) ("where a plaintiff never had standing

to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action.").

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "If a party raises an issue as to the court's subject matter jurisdiction on a motion for judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1)." *San Luis Unit Food Producers v. United States*, 772 F. Supp. 2d 1210, 1218 (E.D. Cal. 2011).

A challenge to subject matter jurisdiction can be factual or facial. In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *See Taylor v. United States*, No. 2:13-cv-00371-SVW-PJW, 2013 U.S. Dist. LEXIS 89407, at *3-4 (C.D. Cal. June 25, 2013), *citing McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). When a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "no presumption of truthfulness attaches to plaintiff's allegations." *Taylor*, 2013 U.S. Dist. LEXIS 89407, at *3-4.

> **(1) Masimo, A Non-Party To The Chinese Mindray Agreement, Lacks Standing In Fact To Enforce That Agreement And Related State Law Claims.**

As a non-party to the Chinese Mindray Agreement, Masimo lacks standing in fact to sue for alleged breach of the Chinese Mindray Agreement, or any of the related state law claims predicated on that alleged breach. Although the original Chinese Mindray Agreement was executed between Masimo and Shenzhen

Mindray, it is undisputed that Amendment Three confirmed the divestment of Masimo's rights by Masimo SARL at least by January 1, 2010, as "successor in interest of Masimo." Having suffered no "invasion of a legally protected interest," Masimo lacks standing and this Court therefore lacks subject matter jurisdiction over this action. *Lujan*, 504 U.S. at 560.

Under California law, a transfer of a contract vests in the assignee "all rights and remedies incidental thereto." *Nat'l Reserve Co. of Am. v. Metro. Trust Co.*, 17 Cal. 2d 827, 832-33, 112 P.2d 598 (1941). These incidental rights include "certain ancillary causes of action arising out of the subject of the assignment and accruing before the assignment is made." *Id*. Here, there is no evidence that Masimo assigned anything other than its entire interest under the Chinese Mindray Agreement—including its enforcement rights—to Masimo SARL. As successor in interest, Masimo SARL succeeded to all rights and obligations of Masimo, such that Masimo retained no further interest in or under the Chinese Mindray Agreement. *See Menendez v. Time Warner Cable*, No. B223435, 2010 Cal. App. Unpub. LEXIS 8241, at *9-10 (Cal. Ct. App. Oct. 18, 2010) ("a corporate successor [is] a corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation…[and] a successor in interest is one who follows another in ownership or control of property…[who] retains the same rights as the original owner, with no change in substance.") (quotation marks omitted) (citing Black's Law Dictionary (8th ed. 2004)). Further, under paragraph 19.2 of the Chinese Mindray Agreement, Masimo was required to obtain written consent from Shenzhen Mindray prior to assigning any interest under the Chinese Mindray Agreement, and there is no evidence that Shenzhen Mindray consented to anything less than a complete assignment of Masimo's rights.[2] Chinese Mindray

---

[2] Section 19.2 of the 2002 Chinese Mindray Agreement provides that "…neither party may assign, transfer or sublicense any of the rights or obligations under this

MEMO ISO MOTION FOR JUDGMENT
6     Case No. SACV12-02206 CJC (JPRx)

Agreement (Dkt. No. 32 (under seal), at 15), ¶ 19.2.

Having assigned its rights under the Chinese Mindray Agreement to Masimo SARL, Masimo lacks standing to sue to enforce that Agreement or the subsequent amendments thereto. *See, e.g., Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027, 1034, 244 Cal. Rptr. 249 (Cal. Ct. App. 1988) ("[s]omeone who is not a party to [a] contract has no standing to enforce the contract."); *Johnson v. Cnty. of Fresno*, 111 Cal. App. 4th 1087, 1096, 4 Cal. Rptr. 3d 475 (Cal. Ct. App. 2003) ("Once a claim has been assigned, the assignee is the owner and has the right to sue on it.  In fact, once the transfer has been made, the assignor lacks standing to sue on the claim.") (citations omitted); Weil & Brown, et al., *Cal. Prac. Guide: Civ. Pro. Before Trial* (The Rutter Group 2014) 2:25, pp. 2-15 ("Once the transfer has been made, the assignor is no longer the real party in interest and therefore lacks standing to sue."); *McCown v. Spencer*, 8 Cal. App. 3d 216, 225, 87 Cal. Rptr. 213 (Cal. Ct. App. 1970) ("An assignor may not maintain an action upon a claim after making an absolute assignment of it to another; his right to demand performance is extinguished, the assignee acquiring such right."). Masimo further lacks standing to enforce the Chinese Mindray Agreement under the plain terms of the Chinese Mindray Agreement. *See* Chinese Mindray Agreement (Dkt. No. 32 (under seal), at 15), ¶ 19.4 (restricting right of enforcement to the "Part[ies]" to the Chinese Mindray Agreement). Lacking a legally protected interest in the Chinese Mindray Agreement under substantive state law, Masimo lacks Article III standing to assert its breach of contract and related claims.  Dismissal of these claims is proper. *See, e.g., Edumoz v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1071-72 (C.D. Cal. 2013) (dismissing breach of contract claims of non-party for lack of standing and resulting lack of subject matter jurisdiction).

---

Agreement, without the prior written consent of the other Party." *Id*. (Dkt. No. 32 (under seal), at 15.)

Amendment Three recites on its face that the agreement is between Shenzhen Mindray and Masimo SARL.  *See* Pisano Decl., Ex. B.  Although Masimo also signed Amendment Three, nothing in that agreement suggests that Masimo in any way retained rights under the Chinese Mindray Agreement, or that Shenzhen Mindray consented to less than assignment of the contract in its entirety.  Likewise, each of the subsequent amendments to the Chinese Mindray Agreement identified in the FAC recite that any remaining agreement is between Shenzhen Mindray and Masimo SARL.  *Compare* FAC (Dkt. No. 69) at ¶¶ 46, 48, 50 and 51, *with* Pisano Decl., Exs. G-J.  In addition, nothing in Masimo's voluminous document production of 30,000 documents and 215,000 pages support a claim by Masimo (rather than Masimo SARL) to be aggrieved as a consequence of any alleged breach of the Chinese Mindray Agreement.

Because Masimo demonstrably lacks standing to pursue the State Law Claims, those claims must be dismissed.

### (2) Lack of Subject Matter Jurisdiction For Want Of Standing Cannot Be Waived By A Party's Action Or Inaction.

Standing is "an essential and unchanging part of the case-of-controversy requirement of Article III" and accordingly, if the plaintiff lacks standing—as Masimo does here—the Court lacks jurisdiction to consider plaintiff's claim.  *Walker*, 2002 U.S. Dist. LEXIS 27443, at *34.  Subject matter jurisdiction cannot be waived by a party, and the issue may be raised by a party or by the court *sua sponte* at any time.  *Id*.; *see also* Fed. R. Civ. P. 12(h)(3).

During the parties' April 29, 2014 conference of counsel to discuss this motion, counsel for Masimo indicated that Masimo would oppose this Motion.  Pisano Decl., Ex. C.  Masimo's counsel suggested that it would oppose Shenzhen Mindray's motion on the grounds that Shenzhen Mindray had waited too long to raise this issue, since discovery closes on July 25, 2014.  Pisano Decl. ¶ 2.  Shenzhen Mindray counsel responded that it was promptly raising the issue after

its further study of the amendments to the Chinese Mindray Agreement following the April 24, 2014 discovery hearing that revealed Masimo's lack of standing. *Id.*[3]

Lack of standing cannot be waived by a party's action or inaction because such conduct cannot create subject matter jurisdiction where none exists. *Walker*, 2002 U.S. Dist. LEXIS 27443, at *34; Fed. R. Civ. P. 12(h)(3). Even if it could (and it cannot), the equities favor dismissal of the State Law Claims. For the last seventeen months Shenzhen Mindray has proceeded with this case on the basis that plaintiff Masimo included its foreign operations, and that those entities would preserve, collect and produce evidence vital to Shenzhen Mindray's defenses regarding Masimo's claims for alleged breaches by Shenzhen Mindray in ***China and Europe***. Masimo's belated revelation at the April 24, 2014 discovery hearing that its Swiss and Chinese operations, Masimo SARL and Masimo China, were not even advised to preserve documents relevant to Masimo's claims highlights that if anyone has been prejudiced by Masimo's masquerading as Masimo SARL in this action, it is Shenzhen Mindray.

---

[3] This point was dramatically made at the April 24, 2014 discovery hearing before Magistrate Judge Rosenbluth, during which Masimo argued that it was under no obligation to preserve or collect responsive documents from its foreign operations because those entities are not parties to this litigation. *See* Dkt. No. 180-4, Ex. H at 64:2-10. On that basis, the Magistrate Judge declined to rule on Shenzhen Mindray's motion whether Masimo failed to preserve documents in the possession of Masimo China vital to Shenzhen Mindray's contract defenses. *See* Dkt. No. 163 (Order Granting in Part and Den. in Part Def.'s Mot. Compel), last paragraph. The Magistrate Judge further ruled that she could not order discovery on what steps, if any, Masimo had taken to preserve evidence in the possession of its foreign operations. *See* Dkt. No. 180-4, Ex. H at 70:22-71:13.

### B. Masimo Cannot Remedy Its Lack Of Standing By Adding Masimo SARL To This Litigation.

Masimo has suggested that it can remedy the defects in its FAC by adding Masimo SARL to this litigation.  However, since the Court lacks subject matter jurisdiction over Masimo's breach of contract and related claims, it lacks jurisdiction to hear a motion substituting a party to prosecute these claims.  *See Thome*, 2011 U.S. Dist. LEXIS 81985, at *7-8 ("[a] party lacking Article III standing at the outset of the lawsuit has no power to prosecute the action...[and] may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction…").  Even if Masimo could so amend the Complaint (which it cannot), such an amendment would severely prejudice Shenzhen Mindray.

Shenzhen Mindray learned during the deposition of Ms. Soong, Masimo's Country Manager for China, that employees of Masimo China did not preserve, much less collect, documents on the personal laptops of key witnesses.  Pisano Decl., Ex. F at 18:4-19:16; 113:16-114:11.  The April 24 discovery hearing brought further revelations that because, in Masimo's view, neither Masimo China nor Masimo SARL were parties to this litigation, those entities were not under any obligation to preserve, nor Masimo to collect and produce, documents relevant to this litigation.  *See* Dkt. No. 180-4, Ex. H at 64:2-10.  For Masimo to be afforded leave to add a party to causes of action it had no legal right to assert—a year and half after allowing potentially vital documents to disappear—would severely prejudice Shenzhen Mindray's defenses.  Moreover, permitting joinder of Masimo SARL at the close of discovery would preclude Shenzhen Mindray from taking any meaningful discovery from that entity.  Masimo's State Law Claims bereft of standing must be dismissed, and if Masimo SARL believes it has viable California state law causes of action to assert against Shenzhen Mindray, it may and should initiate those proceedings before the California state courts.

1    Shenzhen Mindray further would be prejudiced because, if Masimo SARL were joined as a party, it could recapture alleged damages within the contract limitations period that Masimo SARL forewent when it decided not to join Masimo in the filing of this case on December 21, 2012.  Masimo's gamesmanship on discovery—in which Masimo negligently permits documents relevant to Shenzhen Mindray's defenses to be lost by Masimo SARL, only to permit its joinder following spoliation of evidence disputing Masimo SARL's causes of action—should not be permitted.

Shenzhen Mindray respectfully submits that Masimo did not mistakenly blur the lines between its U.S. and foreign entities in drafting the FAC.  Masimo relied heavily on the venue provision of the Chinese Mindray Agreement to secure personal jurisdiction over Shenzhen Mindray to assert patents owned by Masimo, not Masimo SARL.  But now that the truth is revealed—that the contract and the venue provision permitting proceedings in this District are only between Shenzhen Mindray and Masimo SARL—that venue provision upon which Masimo avoided dismissal of its patent claims against Shenzhen Mindray does not apply to Masimo.  Indeed, this Court has no interest in a contract dispute between a Swiss company and a Chinese company, and no reason to enforce the venue provision between such companies for the benefit of Masimo, a stranger to the Chinese Mindray Agreement.  Equally importantly, moreover, that venue provision provides no basis on which Masimo—a non-party to the Chinese Mindray Agreement—can establish jurisdiction over a Chinese company for infringement of U.S. patents that are not owned by the contracting party—Masimo SARL.[4]

---

[4] In the event that the Court grants this motion, Shenzhen Mindray respectfully requests leave to renew its motion for dismissal of Masimo's patent claims for *forum non conveniens* because the Court's ruling on that motion was based in large part on the presence of the venue provision of the original Chinese Mindray Agreement, which did not apply to Masimo when this lawsuit was filed and purportedly served.

MEMO ISO MOTION FOR JUDGMENT
11     Case No. SACV12-02206 CJC (JPRx)

It would be manifestly unjust for Shenzhen Mindray to be thrust into essentially a new litigation on the eve of the close of discovery. Now that Masimo's ruse has become evident, Shenzhen Mindray respectfully requests that Masimo's Tenth through Fifteenth Claims for Relief be dismissed without leave to add Masimo SARL as a party to this litigation.

## IV. CONCLUSION

In light of the foregoing, Shenzhen Mindray is entitled to dismissal of the Tenth through Fifteenth Claims for Relief of Masimo's First Amended Complaint (Dkt. No. 69).

DATED: May 19, 2014                     Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ Nicola A. Pisano*
Nicola A. Pisano (CA Bar No. 151282)
   npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
   jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
   semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com
Christopher C. Bolten (CA Bar No. 268284)
   cbolten@foley.com

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on May 19, 2014.

FOLEY & LARDNER LLP

*/s/ Nicola A. Pisano*
Nicola A. Pisano (CA Bar No. 151282)
npisano@foley.com

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.