1  Joseph R. Re (SBN 134,479)
   Joe.Re@knobbe.com
2  Stephen C. Jensen (SBN 149,894)
   Steve.Jensen@knobbe.com
3  Jon W. Gurka (SBN 187,964)
   Jon.Gurka@knobbe.com
4  Stephen W. Larson (SBN 240,844)
   Stephen.Larson@ knobbe.com
5  Nicholas A. Belair (SBN 295,380)
   Nick.Belair@knobbe.com
6  KNOBBE, MARTENS, OLSON & BEAR, LLP
7  2040 Main Street, Fourteenth Floor
   Irvine, CA  92614
8  Phone: (949) 760-0404
   Fax:    (949) 760-9502
9
10 Attorneys for Plaintiff
   MASIMO CORPORATION
11

12               IN THE UNITED STATES DISTRICT COURT

13           FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                      SOUTHERN DIVISION

15

16 | MASIMO CORPORATION | ) | Civil Action No. |
17 | a Delaware corporation, | ) | SACV12-02206 CJC (JPRx) |
   | | ) | |
18 | Plaintiff, | ) | **MASIMO CORPORATION'S** |
   | | ) | **MEMORANDUM IN** |
19 | v. | ) | **OPPOSITION TO SHENZHEN** |
   | | ) | **MINDRAY'S MOTION FOR** |
20 | SHENZHEN MINDRAY BIO-MEDICAL | ) | **SANCTIONS FOR SPOLIATION** |
   | ELECTRONICS CO., LTD a corporation | ) | **OF EVIDENCE OR, IN THE** |
21 | of the People's Republic of China | ) | **ALTERNATIVE, FOR REVIEW** |
   | | ) | **OF MAGISTRATE JUDGE'S** |
22 | Defendant. | ) | **APRIL 24 ORDER [DKT. NO. 163]** |
   | | ) | |
23 | | ) | Hearing:     June 16, 2014 |
   | | ) | Time:        1:30 p.m. |
24 | | ) | Courtroom:  9B |
   | | ) | |
25 | AND RELATED COUNTERCLAIMS | ) | Hon. Cormac J. Carney |
26 | | ) | |

27

28

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION ............................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND............................2

   A.   Masimo Diligently Collected Documents From Masimo
        China ............................................................................................2

   B.   Masimo Voluntarily Produced Ms. Soong for Deposition.............2

   C.   Ms. Soong's Deposition Testimony Does Not Show
        Spoliation ....................................................................................3

   D.   Shenzhen Mindray Only Sought Responsive Documents
        From Masimo China At The April 24 Hearing ............................5

   E.   Masimo SARL Is Not Even The Subject Of This
        Discovery Dispute........................................................................6

III. ARGUMENT ...................................................................................7

   A.   Shenzhen Mindray Failed to Satisfy Local Rule 7-3....................7

   B.   Shenzhen Mindray Has Failed To Establish That
        Sanctions Against Masimo Are Warranted ..................................8

        1.   Masimo Has Satisfied Its Duty to Preserve,
             Collect, And Produce Documents ........................................9

        2.   Masimo Has Not Committed Spoliation ............................10

        3.   Shenzhen Mindray's Allegation Of Gross
             Negligence Is Unfounded...................................................13

        4.   Shenzhen Mindray Is Not Prejudiced................................14

   C.   The Magistrate Judge Did Not Err..............................................16

IV.  CONCLUSION ..............................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page No(s).**

*Apple, Inc. v. Samsung Electronics Co., Ltd.,*
   881 F. Supp. 2d 1132 (N.D. Cal. 2012) .......................................................10

*Cannata v. Wyndham Worldwide Corp.,*
   2011 WL 3495987 (D. Nev. Aug. 10, 2011)................................................17

*Chin v. Port Authority of New York & New Jersey,*
   685 F.3d 135 (2d Cir. 2012) .........................................................................13

*Cyntegra, Inc. v. Idexx Labs., Inc.,*
   No. CV 06–4170 PSG, 2007 WL 5193736
   (C.D.Cal. Sept. 21, 2007) .............................................................................10

*Domingo v. Donahoe,*
   No. C–11–0533-CRB, 2013 WL 4040091
   (N.D. Cal. Aug. 7, 2013) ..............................................................................10

*In re Ebay Seller Antitrust Litig.,*
   2007 WL 2852364 (N.D.Cal. Oct. 2, 2007).................................................17

*In re NTL, Inc. Sec. Litig.,*
   244 F.R.D. 179 (S.D.N.Y. 2007)..................................................................10

*Pension Comm. Univ. of Montreal Pension Plan v. Banc of Amer.
Sec., LCC,*
   685 F. Supp. 2d 456 (S.D.N.Y. 2010)...............................................11, 12, 13

*Reinsdorf v. Skechers U.S.A., Inc.,*
   296 F.R.D. 604 (C.D. Cal. 2013) .....................................................10, 13, 16

*Singer v. Live Nation Worldwide, Inc.,*
   No. SACV 11-0427 (MLGx), 2012 WL 123146
   (C.D. Cal. Jan. 13, 2012) ...........................................................................7, 8

*Surowiec v. Capital Title Agency,*
   790 F. Supp. 2d 997 (D. Ariz. 2011)......................................................13, 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

*Valdovinos v. County of Los Angeles*,
  No. CV 06-7580 JVS, 2008 WL 2871648
  (C.D. Cal. July 23, 2008).............................................................7, 8

*World Courier v. Doneen Barone*,
  2007 U.S. Dist. LEXIS 31714 (N.D. Cal Apr. 16, 2007) ............................9

## OTHER AUTHORITIES

Fed. R. Civ. P. 30.............................................................................3, 11

Fed. R. Civ. P. 45.................................................................................3

Local Rule 7-3 .....................................................................................7

# I.  **INTRODUCTION**

Without ever contacting Masimo's counsel for a meet and confer, as required under the Local Rules, and after emphasizing to the Magistrate that it was not seeking a spoliation finding, Shenzhen Mindray reverses course and brings a baseless Motion for Sanctions.

Shenzhen Mindray contrives a story of spoliation by two non-party companies related to Masimo – Masimo China and Masimo International SARL.  With respect to Masimo China, Shenzhen Mindray conjures up "clear evidence of spoliation" without ever establishing that Masimo China destroyed any documents.  Though the discovery dispute has centered on Masimo China, Shenzhen Mindray now claims that another non-party, Masimo International SARL ("Masimo SARL") also has destroyed documents.   Yet Shenzhen Mindray has not sought any documents, deposition testimony or any other discovery from Masimo SARL.   Shenzhen Mindray never even mentioned Masimo SARL in its portion of the Joint Stipulation before the Magistrate Judge.   Notwithstanding Shenzhen Mindray's baseless allegations and incendiary charges of spoliation, Masimo has continued to act in accordance with its duties under the Federal Rules to preserve, collect, and produce documents in this litigation.  Thus, Shenzhen Mindray's specious allegations cannot justify the imposition of sanctions against Masimo in this case.

Apparently recognizing the futility of its Motion, Shenzhen Mindray alternatively requests relief in the form of a motion for review of Magistrate Judge Rosenbluth's April 24, 2014 Order.   However, Shenzhen Mindray's request for review is contrary to its express representation to the Magistrate Judge that "Shenzhen Mindray **is not looking for a finding of spoliation**." (Pisano Decl., Ex. H at 71:25-72:1 (emphasis added).)   Shenzhen Mindray's counsel's statement exposes the egregious nature of its unfounded allegations

/ / /

against Masimo and its counsel.  The Court should deny Shenzhen Mindray's Motion in its entirety.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.   Masimo Diligently Collected Documents From Masimo China

As noted during the April 24, 2014 hearing on Shenzhen Mindray's Motion to Compel ("April 24 Hearing"), Masimo has engaged in a systematic effort to produce responsive documents from Masimo China, a non-party to this suit.  (Pisano Decl., Ex. H at 64:18-24, 68:13-17, 75:10-18.)  In this regard, counsel for Masimo has interviewed Masimo China employees, collected documents from their files, and produced numerous responsive documents from those files.  (*Id.* at 75:10-18.)  For example, in advance of Ms. Lily Soong's deposition, and despite the fact that Masimo China is not involved in the relationship between Masimo and Shenzhen Mindray, Masimo produced numerous email communications involving Ms. Soong and other Masimo China employees.  (Declaration of Nicholas A. Belair ("Belair Decl."), ¶ 2.)  On April 10, 2014, Masimo produced 1,256 documents, including numerous documents relating to Masimo China's sales activities.  (D.I. 143-1 at ¶ 6; Belair Decl., ¶ 4.)  On May 8, 2014, Masimo also produced its agreements with Chinese OEM partners other than Shenzhen Mindray.   (Belair Decl., ¶ 5.)   Contrary to Shenzhen Mindray's conclusory allegations, Masimo has diligently collected and produced documents from Masimo China that Mindray Shenzhen contended were relevant to this case.

### B.   Masimo Voluntarily Produced Ms. Soong for Deposition

Lily Soong is an employee of Masimo (Beijing) Medical Technology Co., Ltd. ("Masimo China"), which is owned by Masimo Hong Kong Limited, ***neither*** of which is a party to this lawsuit.  (D.I. 130-1 at 9.)  In turn, Masimo Hong Kong Limited is an indirect subsidiary of Masimo Corporation.  Masimo China sells and distributes Masimo-branded products in China.  (*Id.*)  It does not

sell to Shenzhen Mindray, and does not have any involvement in the Agreement between Masimo and Shenzhen Mindray.  Ms. Soong resides in Beijing, China, which is outside of California and is over 100 miles away from this Court.  (D.I. 137 at 2.)  Accordingly, Ms. Soong is not within the subpoena power of this Court.  *See* Fed. R. Civ. P. 45(c).  Thus, Masimo initially objected to making Ms. Soong available for a deposition at all.  (*See* D.I. 130-1 at 10 n.1.)  However, to avoid a discovery dispute, Masimo arranged for Ms. Soong to travel from China to Orange County for a deposition.[1]  (*Id.*)  During the deposition, Ms. Soong was available for up to ten hours of questioning.  (D.I. 137 at 3.)  At that deposition, Ms. Soong testified in her individual capacity and not as a Rule 30(b)(6) deponent for Masimo China, and Shenzhen Mindray had every opportunity to examine her.

**C.     Ms. Soong's Deposition Testimony Does Not Show Spoliation**

Ms. Soong's deposition testimony simply does not support Shenzhen Mindray's allegations of spoliation.  During her deposition, Shenzhen Mindray's counsel asked selective questions regarding Masimo China's general "document retention program" and how individuals "take care" of their files.  (D.I. 130-1 at 10.)  None of those questions were directed to document retention and collection in connection with litigation, and Ms. Soong did not understand those questions to be directed to this litigation.  (D.I. 130-4, Ex. 1 at ¶¶ 3-5.)  Shenzhen Mindray's counsel failed to ask obvious follow-up questions that would have fully debunked Shenzhen Mindray's false allegations of spoliation.  (*Id.*)  Thus, Shenzhen Mindray tactically avoided uncovering the full story apparently in order to conjure up its unsupported spoliation theory.

/ / /

---

[1] In contrast, Shenzhen Mindray has refused to provide **any** depositions of employees of its sister corporation, Mindray DS USA, on the ground that Mindray DS USA is a separate corporation and not a party to this litigation. (D.I. 130-1 at 10 n. 1.)

Shenzhen Mindray also points to the fact that Ms. Soong answered, "No" to the question, "Has anyone contacted you about this suit against Shenzhen Mindray?" (D.I. 180-1 at 5.) But Ms. Soong was excluding communications with the lawyers, because she was properly instructed to exclude from her answer attorney communications. (*Id*.) Ms. Soong obviously did not intend her answer to mean that no lawyer had ever "contacted" her about the lawsuit. (D.I. 130-4, Ex. 1 at ¶ 4.) Ms. Soong flew to California to attend her deposition in this lawsuit. Obviously, that did not happen without contact by Masimo's counsel.

Shenzhen Mindray also ignores Ms. Soong's testimony refuting Shenzhen Mindray's allegations of spoliation. For example, Ms. Soong testified that, "if there are some e-mails communications and the e-mails will be made a copy in the servers outside China. Yes, outside China." (*Id*., Ex. 2 at 107:20-23.) Ms. Soong testified that she does not know the "specifics" of how Masimo China electronically retains its documents, but that "the company should ***have*** the system. It's not located in China." (*Id*., Ex. 2 at 11:16-18 (emphasis added); *id.,* Ex. 1 at ¶ 6).) Ms. Soong also testified that, while she does not usually create written reports, when she does, she transmits them by email. (*Id*., Ex. 2 at 24:13-25.) Shenzhen Mindray does not argue that any emails have been lost in this case.

As Masimo explained to Shenzhen Mindray, Ms. Soong did preserve documents relating to the lawsuit and did in fact search for such documents prior to her deposition. (D.I. 130-4 at ¶ 12.) Since Ms. Soong's deposition, Masimo China has continued to search for and collect documents relating to this litigation, and Masimo has produced those documents. (*Id.*; *see also* Pisano Decl., Ex. H at 64:18-24, 68:13-72, 75:10-18) Ms. Soong even provided a declaration to explain, not to retract or contradict, her deposition testimony. (D.I. 130-4, Ex. 1 at ¶¶ 1-6.) That declaration confirms that her answers do not

- 4 -

support Shenzhen Mindray's charges, and provides further assurances that Ms. Soong has in fact retained, collected and provided documents for production in connection with this litigation, even though neither she nor her employer is a party.  (*Id.*)

**D.   Shenzhen Mindray Only Sought Responsive Documents From Masimo China At The April 24 Hearing**

Shenzhen Mindray states that Magistrate Judge Rosenbluth made an express finding of "some spoliation," (D.I. 180-1 at 11), but that statement ignores the remaining record from the April 24 Hearing.  At that hearing, the Magistrate Judge initially stated that "let me hear from [Masimo] because I do think [Shenzhen Mindray has] made a prima-facie showing that there has been some spoliation . . . and that perhaps I should inquire further."  (Pisano Decl., Ex. H at 54:23-55:1.)  Later, after "having a few moments to think further about the spoliation issue," the Magistrate Judge stated that "it doesn't seem to me like spoliation - - well, I'm not even going to say what I think preliminarily . . . it's not an issue for me to decide . . . ."  (*Id.* at 70:22-71:8.)  Shortly thereafter, counsel for Shenzhen Mindray unequivocally stated that "Shenzhen Mindray ***is not looking for a finding of spoliation***."  (*Id.* at 71:25-72:1 (emphasis added).)

Instead, Shenzhen Mindray asked for Masimo "to prove . . . that they had a document-retention notice, that they collected documents" from Masimo China.  (*Id.* at 72:1-4.)  In response, Magistrate Judge Rosenbluth essentially retracted her initial remarks, noting that "my preliminary thoughts would be that [Masimo Corporation] was under no obligation to have [Masimo China] put some kind of litigation hold [in place]."  (*Id.* at 72:10-12.)  The Magistrate Judge even went on to note that Shenzhen Mindray could subpoena Masimo China for the documents it was seeking.  (*Id.* at 72:19-22.)

After Masimo ensured the Court that it had produced and would continue to produce responsive documents from Masimo China, (*id.* at 75:10-18),

1  Shenzhen Mindray's counsel modified its request and asked the Magistrate
2  Judge to "just" order Masimo China to make sure it has produced all responsive
3  documents. (*Id.* at 76:1-3, 76:6-10.)  The Magistrate Judge responded that she
4  would be "happy to order [Masimo] again to check and to make sure that
5  [Masimo is] handing over everything that's responsive," to which Shenzhen
6  Mindray confirmed "[t]hat's fine, Your Honor.  Please, ***just*** do that." (*Id.* at
7  76:6-10 (emphasis added).)  Thus, during the hearing, Shenzhen Mindray made
8  clear it was not seeking a spoliation finding and that it was content to just have
9  an order to produce documents.  It obtained such an order and Masimo has
10 produced those documents.

11 **E.    Masimo SARL Is Not Even The Subject Of This Discovery Dispute**

12 Shenzhen Mindray's Motion repeatedly refers to spoliation with respect
13 to Masimo SARL.  However, neither Shenzhen Mindray's portion of the Joint
14 Stipulation nor its Supplemental Memorandum of Law made any mention of
15 Masimo SARL. (*See* D.I. 130-1; D.I. 146.)  Indeed, Shenzhen Mindray has not
16 even sought documents, interrogatories, or deposition testimony from Masimo
17 SARL.[2]  Thus, Shenzhen Mindray's allegations regarding Masimo SARL are
18 not the proper subject of this Motion.

19 Shenzhen Mindray erroneously bases its speculative allegations against
20 Masimo SARL on its misconception that Masimo SARL is an "affiliated entity"
21 of Masimo China and that Masimo China "reports" to it. (D.I. 180-1 at 14.)
22 Shenzhen Mindray is flat wrong.   Masimo SARL is a Swiss company.
23 (Declaration of Mark de Raad ("de Raad Decl."), ¶ 2.)  Masimo SARL does not
24 own any part of Masimo China or Masimo Hong Kong Limited. (*Id.* at ¶ 3.)
25 Masimo SARL is not the parent of Masimo China or Masimo Hong Kong
26
27 _____
   [2] Shenzhen Mindray's counsel recently confirmed that Shenzhen Mindray
   has not sought any discovery from Masimo related to Masimo SARL, and has
28 not sought any discovery directly from Masimo SARL. (Belair Decl., ¶ 6.)

Limited.   (*Id.*)   Thus, Shenzhen Mindray has absolutely no basis for its speculative accusations regarding documents in Masimo SARL's possession, especially when it has not even sought any discovery from Masimo SARL.

### III.  ARGUMENT

### A.   Shenzhen Mindray Failed to Satisfy Local Rule 7-3

Local Rule 7-3 requires counsel for the moving party to "first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  The Rule requires that the conference of counsel take place "at least seven (7) days prior to the filing of the motion." L.R. 7-3.  In addition, the notice of motion must state that the parties conducted the requisite conference of counsel, and the date on which the conference took place. *Id.*

Judges in this District routinely deny pretrial motions where the moving party fails to comply with Local Rule 7-3.  *See, e.g.*, *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 WL 123146 at *2 (C.D. Cal. Jan. 13, 2012) (denying motion where moving party faxed a letter to opposing counsel "***a mere three days***" before filing the motion) (emphasis in original); *Valdovinos v. County of Los Angeles*, No. CV 06-7580 JVS (SHx), 2008 WL 2871648 at *2 (C.D. Cal. July 23, 2008) (finding "gross failure to comply with Local Rule 7-3" where movant filed motions four days after faxing short letter to opposing counsel describing its motions).

Shenzhen Mindray's Notice of Motion and Motion do not comply with Local Rule 7-3.  For example, Shenzhen Mindray's Notice of Motion does not include a statement regarding the parties' pre-filing conference of counsel.  (*See* D.I. 180.)  This is unsurprising given the fact that Shenzhen Mindray's counsel ***never contacted*** Masimo's counsel regarding its intent to file the present Motion, and the parties' ***never conducted*** a conference of counsel to thoroughly discuss the issues raised therein.  (Belair Decl., ¶ 7.)  Thus, Shenzhen Mindray's

1   failures are even more egregious than those found sufficient to deny motions in

2   *Singer* and *Valdovinos* because Shenzhen Mindray **did not even attempt to**

3   **contact** Masimo regarding the present Motion.   The Court should deny

4   Shenzhen Mindray's Motion on that basis alone.

5         In reply, Shenzhen Mindray likely will argue that Masimo was on notice

6   of the issues raised in its present Motion.  However, that is simply not the case.

7   Although Shenzhen Mindray raised the issue of Masimo China's alleged

8   spoliation of evidence in its March 27, 2014 Motion to Compel, (D.I. 130),

9   counsel for Shenzhen Mindray explicitly stated that "Shenzhen Mindray is **not**

10  **looking for a finding of spoliation**" during the April 24 Hearing.  (Pisano Decl.,

11  Ex. H at 71:25-72:1 (emphasis added).)

12        Moreover, Shenzhen Mindray's counsel repeatedly emphasized that

13  Shenzhen Mindray is only interested in receiving responsive documents from

14  Masimo China.  (*Id.* at 72:1-4; *see also* D.I. 130-1 at 8 ("Shenzhen Mindray's

15  concerns can be resolved **only** by an order compelling Masimo to go to China,

16  interview the employees and records custodians there, and collect and produce

17  all documents relevant to these issues") (emphasis added).)  Shenzhen Mindray

18  obtained exactly the relief it told the Magistrate Judge it was "fine" with, and

19  Masimo has complied with that order.  Moreover, prior to filing its present

20  Motion, Shenzhen Mindray never accused Masimo of spoliation with regard to

21  documents in the possession of Masimo SARL.  Of course, it could not make

22  such an accusation because it had not sought any discovery from Masimo

23  SARL.  The Court should deny Shenzhen Mindray's Motion for failure to

24  properly meet and confer.

25  **B.   Shenzhen Mindray Has Failed To Establish That Sanctions Against**

26       **Masimo Are Warranted**

27        Shenzhen Mindray asks this Court to sanction Masimo for its alleged

28  failure to preserve unspecified documents in the possession of third parties.  But

Shenzhen Mindray cannot point to any particular document, or even category of documents, subject to its charge of spoliation.   Instead, Shenzhen Mindray mischaracterizes the record and concocts a tale based on nothing more than pure speculation.   This Court should not indulge Shenzhen Mindray's fabrication, and should deny the present Motion.

### 1.   Masimo Has Satisfied Its Duty to Preserve, Collect, And Produce Documents

Shenzhen Mindray relies on *World Courier v. Doneen Barone*, 2007 U.S. Dist. LEXIS 31714, at * 3 (N.D. Cal Apr. 16, 2007) for the proposition that "a party's obligation to preserve evidence extends to any relevant evidence to which the party has access . . . ."   However, Shenzhen Mindray misconstrues Masimo's statements at the hearing as taking the position that Masimo "has no duty to preserve evidence in the possession of Masimo China or Masimo SARL . . . ."   (D.I. 180-1 at 13.)   Instead, at the April 24 Hearing, Masimo explained that it has access to documents in the possession of Masimo China, and stated that it had produced and would continue to produce such documents "as if [Masimo China] were a party to the lawsuit . . . ."   (Pisano Decl., Ex. H at 75:10-20.)   Thus, Masimo has taken affirmative steps to preserve, collect and produce documents from Masimo China, even though that entity is not a party.

Shenzhen Mindray's reliance on *World Courier* for a finding of spoliation here is misplaced.   In that case, defendant admitted to her husband's destruction of a computer hard drive containing information about the lawsuit.   2007 WL 1119196 at * 1.   The Court extended the obligation to preserve evidence to the wife because "it [was] difficult to imagine a scenario" in which the hard drive could have been destroyed "without any knowledge, support or involvement of [defendant.]"   *Id*.   Thus, in *World Courier,* there was an express finding of actual destruction of evidence.   However, as discussed in detail below, the

/ / /

present record is absent of any findings regarding actual destruction of documents.

Shenzhen Mindray also cites *Cyntegra, Inc. v. Idexx Labs., Inc.,* No. CV 06–4170 PSG, 2007 WL 5193736, at *3 (C.D.Cal. Sept. 21, 2007) and *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 198-99 (S.D.N.Y. 2007). But those cases are similarly inapposite because they too involved admissions of actual destruction of evidence. *Cyntegra,* 2007 WL 5193736, at *3; *In re NTL,* 244 F.R.D. at 193-96. Thus, even though Masimo has access to documents in the possession of Masimo China, there is simply no evidence in the record to support a finding of destruction. This Court should not sanction Masimo for third party conduct that has not occurred.

### 2.    <u>Masimo Has Not Committed Spoliation</u>

In a tacit acknowledgement that its claim is frivolous, Shenzhen Mindray relegates this Court's three-part test for the imposition of spoliation sanctions to a footnote. (*See* D.I. 180-1 at 20 n. 1.) In the Ninth Circuit, a party seeking sanctions "based on the spoliation of evidence" must satisfy three elements:

> "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense . . . ."

*Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013); *see also Apple, Inc. v. Samsung Electronics Co., Ltd.,* 881 F. Supp. 2d 1132, 1138 (N.D. Cal. 2012).

As the above test makes clear, a finding of actual spoliation is a mandatory prerequisite to the imposition of sanctions. *See, e.g.*, *Domingo v. Donahoe*, No. C–11–0533-CRB, 2013 WL 4040091 (N.D. Cal. Aug. 7, 2013) (spoliation requires, among other things, proof that "evidence was destroyed with a culpable state of mind") (internal quotations omitted). Shenzhen

Mindray does not dispute this.  Instead, Shenzhen Mindray relies on Masimo's alleged failure to issue a litigation hold letter to Masimo China as proof of "likely" spoliation.  (D.I. 180-1 at 15.)  However, the record is absent of any finding that Masimo did not instruct Masimo China to retain documents relating this litigation.

Shenzhen Mindray relies on *Pension Comm. Univ. of Montreal Pension Plan v. Banc of Amer. Sec., LCC*, 685 F. Supp. 2d 456, 461-462 (S.D.N.Y. 2010) for the position that "[e]vidence that a particular document has been destroyed is not necessary for a finding of spoliation" because absence of a litigation hold letter can result in "little doubt that some documents were lost or destroyed."  (D.I. 180-1 at 15.)  But that case is inapposite.  In *Pension*, the district court relied on detailed factual findings, including plaintiffs' "admitted failure to preserve some records or search at all for others . . . ."  685 F. Supp. 2d at 476.  Here, contrary to Shenzhen Mindray's arguments, Masimo has neither admitted to any failure to preserve documents nor admitted to any failure to instruct Masimo China to preserve documents.  (*Cf.* D.I. 180-1 at 16.)  Moreover, the **Court has not made any factual findings** on either of those issues.

Next, Shenzhen Mindray relies on the deposition testimony of Ms. Soong to argue that "Masimo utterly failed to uphold its duty to adequately preserve and collect documents . . . ."  (D.I. 180-1 at 16.)  Shenzhen Mindray argues that Ms. Soong's testimony concerning Masimo China's general "document retention policy" somehow leads to the conclusion that  "Masimo made no effort to monitor what [Masimo China] was doing to preserve and collect" documents for this litigation.  (*Id.*)  But Ms. Soong testified in her individual capacity, and not as a 30(b)(6) witness.  Moreover, information regarding Masimo China's general "document retention policy" says nothing about Masimo's preservation efforts in this litigation.

- 11 -

Importantly, the Court has not found that Masimo was under any specific obligations with respect to Masimo China.   Regardless, as Masimo has explained on numerous occasions, Masimo has interviewed Masimo China employees, collected documents from their files, and produced responsive documents from Masimo China in this litigation.   (*See* D.I. 130-4 at ¶ 12; *see also* Pisano Decl., Ex. H at 75:10-18.)   There also is no evidence that any document has been destroyed.   Shenzhen Mindray simply ignores these facts and concludes, ***without any citation to the record***, "there can be little doubt that some documents were lost or destroyed."   (D.I. 180-1 at 16 (citing *Pension,* 685 F. Supp. 2d at 463).)   Such speculation cannot support the imposition of sanctions.

Yet Shenzhen Mindray's tale goes even further.   In support of its baseless charge of spoliation, Shenzhen Mindray points to unspecified "documents possessed by Ms. Soong's predecessor" at Masimo China.   (D.I. 180-1 at 16.) Then, claiming that Ms. Soong's predecessor "interact[ed] with Shenzhen Mindray in China," Shenzhen Mindray states, in conclusory fashion, that Ms. Soong's predecessor "undoubtedly possessed numerous documents critical to Shenzhen Mindray's defenses . . . ."   (*Id.*)   The only support Shenzhen Mindray offers for that statement is a citation to Ms. Soong's deposition testimony where she states that she did not have any interactions with anyone from Shenzhen Mindray from 2010 through 2013.   (*Id.* (citing Pisano Decl., Ex. F at 25:11-26:21.)   But that does not explain how the unspecified documents of Ms. Soong's predecessor are in any way relevant to this litigation.   More importantly, Ms. Soong's cited testimony does not provide any basis to suggest that Masimo has lost or destroyed those documents, assuming they even existed in the first place.

As discussed above, Shenzhen Mindray has failed to show that Masimo lost or destroyed any documents.   Because a finding of actual spoliation is a

1  mandatory prerequisite to the imposition of spoliation sanctions, the Court
2  should deny Shenzhen Mindray's Motion.

### 3. Shenzhen Mindray's Allegation Of Gross Negligence Is Unfounded

5  Even if the Court were to accept Shenzhen Mindray's baseless spoliation
6  claims, its Motion must still fail because Shenzhen Mindray has not shown that
7  Masimo committed any act with a "culpable state of mind." *See Reinsdorf,* 296
8  F.R.D. at 626. Shenzhen Mindray's sole basis for Masimo's alleged culpability
9  is an abrogated Second Circuit case dealing with an admitted failure to issue a
10 litigation hold letter, which is absent here. *See Pension*, 685 F. Supp. 2d at 476.

11 Shenzhen Mindray argues that Masimo's alleged "failure to issue a
12 written litigation hold constitutes gross negligence per se. . . ." (D.I. 180-1 at 18
13 (citing *Pension,* 685 F. Supp. 2d at 465).) But that argument ignores the record
14 in this case because Masimo has never admitted that it did not issue a litigation
15 hold, and the Court has never made any findings to the contrary. Moreover,
16 Shenzhen Mindray's position is untenable in light of the holding in *Chin v. Port*
17 *Authority of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012),
18 whereby the Second Circuit specifically rejected "the notion that a failure to
19 institute a 'litigation hold' constitutes gross negligence per se." Even Shenzhen
20 Mindray's own authority recognizes the impropriety of *Pension's* per se rule.
21 *See Surowiec v. Capital Title Agency*, 790 F. Supp. 2d 997, 1007 (D. Ariz.
22 2011) ("The Court disagrees with *Pension Committee*'s holding that a failure to
23 issue a litigation hold constitutes gross negligence per se"). Thus, even if
24 Masimo had not provided a litigation hold letter to Masimo China or Masimo
25 SARL, that conduct, standing alone, would not necessitate sanctions.

26 Shenzhen Mindray argues that Masimo's conduct nonetheless constitutes
27 gross negligence "because Masimo has not provided . . . a reasonable
28 explanation for its failure to issue a litigation hold to Masimo China or Masimo

- 13 -

SARL." (D.I. 180-1 at 18.)  Again, however, Shenzhen Mindray's argument ignores the record in this case.  Masimo has never admitted that it did not issue a litigation hold, and the Court has never made any findings to the contrary.  Thus, the record in this case is nothing like that in *Surowiec,* 790 F. Supp. 2d at 1007 (D. Ariz. 2011), wherein the district court found gross negligence based on plaintiff's admitted "failure to suspend its ongoing destruction of emails."  *Id.* Even if Masimo had not issued a litigation hold, there is simply nothing in the record to suggest any level of culpability necessary to justify spoliation sanctions.  More fundamentally however, is the fact that Shenzhen Mindray has failed to show that Masimo lost or destroyed ***any*** documents in this case, negligently or otherwise.

### 4.  <u>Shenzhen Mindray Is Not Prejudiced</u>

In an effort to justify the relief it seeks, Shenzhen Mindray argues that it "has suffered and continues to suffer great prejudice as a result of Masimo's failure to preserve documents."  (D.I. 180-1 at 19.)  Once again, Shenzhen Mindray's argument finds no support in the record.

Without pointing to any document or category of documents, Shenzhen Mindray baldly concludes "[t]hose documents would have demonstrated . . . Masimo's lack of support, ignorance of the OEM market, poor product quality, and overpriced products . . . ."  (*Id.*)  Shenzhen Mindray attempts to support its position by mischaracterizing Ms. Soong's deposition testimony to suggest that she "testified" that it was "impossible for Shenzhen Mindray to sell Masimo [products] in China . . . ."  (*Id.*)[3]  In reality, Ms. Soong was "pass[ing] on" the opinion of a Shenzhen Mindray employee who admitted that Shenzhen Mindray

---

[3]  Shenzhen Mindray's citation to Ms. Soong's deposition transcript appears to be incorrect as she does not use the term "impossible" or discuss anything related to Shenzhen Mindray's ability to sell product.  *See* Pisano Decl., Ex F (Soong Tr. at 137:19-22).  Masimo has assumed the correct citation to be Exhibit F at 144:19-22.

had given up promoting Masimo's products pursuant to the parties' Agreement. (D.I. 130-4, Ex. 2 at 122:1-123:25, 136:2-137:22.)  Blatant mischaracterizations of deposition testimony do not establish prejudice.

Shenzhen Mindray also manufactures other "facts" regarding the alleged importance of documents from Masimo China.   For example, Shenzhen Mindray states that "[i]t is not in dispute . . . that Masimo China reports to Masimo SARL . . . ."  (D.I. 180-1 at 14.)  Yet that allegedly undisputed fact finds no support in the record.  During her deposition, when asked about the relationship between Masimo China and Masimo SARL, Ms. Soong actually testified that "for sales in China, it would report to - - usually payment is paid to [Masimo SARL]."  (Pisano Decl., Ex. F at 73:18-20.)  Thus, she did not testify that Masimo China reports to Masimo SARL, but instead stopped mid-sentence to state that Masimo China merely makes payments to Masimo SARL.

Shenzhen Mindray also argues that "Masimo China's information is critical because Masimo's OEM department . . . did not exist until 2010."  (D.I. 180-1 at 11.)  But Masimo's OEM department, which is based in Irvine, CA, has been in existence since at least 2007.  (Belair Decl., ¶ 3.)[4]  Thus, Shenzhen Mindray's contention that "Masimo China is the only relevant entity and only source of documents that can shed light on Shenzhen Mindray's best efforts to promote products in China" is simply false.  (D.I. 180-1 at 11.)  Moreover, the very document requests at issue in Shenzhen Mindray's Motion to Compel were specifically directed toward Masimo's OEM business and OEM sales in China, ***not*** to Masimo China's sales of Masimo-branded products.  (*See, e.g.*, Pisano Decl., Ex. G at 7-10.)

/ / /

---

[4]   Indeed, prior to the April 24 Hearing, Masimo had produced organizational charts demonstrating the existence of Masimo's OEM group as early as 2007.  (Belair Decl., ¶ 3.)

Shenzhen Mindray has not shown that Masimo committed spoliation.  *See Reinsdorf*, 296 F.R.D. at 626.  Shenzhen Mindray has not shown that Masimo acted with a "culpable state of mind."  *Id.*  Shenzhen Mindray has not shown that any documents were destroyed.  *Id.*  Indeed, having found no support in the record for its false allegations, Shenzhen Mindray has resorted to fabrications in an attempt to justify sanctions against Masimo.  This Court should not allow such conduct to stand.  Shenzhen Mindray is not entitled to any of the sanctions it seeks, including an adverse instruction.

**C.   <u>The Magistrate Judge Did Not Err</u>**

Shenzhen Mindray argues that the Magistrate Judge failed to rule on its spoliation claims.  (D.I. 180-1 at 21.)  Shenzhen Mindray, however, never sought a ruling that spoliation occurred.  In its portion of the Joint Stipulation, Shenzhen Mindray argued that its "concerns can be resolved ***only*** by an order compelling Masimo to go to China, interview the employees and records custodians there, and collect and produce all documents relevant to these issues."  (D.I. 130-1 at 8 (emphasis added).)  It did not seek a finding that spoliation occurred.  Indeed, at the April 24 Hearing, Shenzhen Mindray's counsel unequivocally confirmed that position by stating, "Shenzhen Mindray ***is not looking for a finding of spoliation***."  (Pisano Decl., Ex. H at 71:25-72:1 (emphasis added).)

At the April 24 Hearing, Masimo confirmed that it had "been interviewing" Masimo China employees, had "been collecting documents" from Masimo China, and "had provided documents" to Shenzhen Mindray.  (*Id.* at 75:10-18.)  Thus, aside from traveling to China, Masimo has already done exactly what Shenzhen Mindray would have it do.  Indeed, Shenzhen Mindray confirmed that it would be "fine" with an order directing Masimo to make sure it has produced all responsive documents.  (*Id.* at 76:9-10.)  The Magistrate Judge informed Shenzhen Mindray that she would be "happy to order [Masimo]

1  **again** to check and to make sure that [Masimo is] handing over everything

2  that's responsive," to which Shenzhen Mindray confirmed "[t]hat's fine, Your

3  Honor.  Please, **_just_** do that."  (*Id.* at 76:6-10 (emphasis added).)

4          Shenzhen Mindray now argues that it "should have been entitled at least

5  to an order requiring Masimo to explain" the circumstances of any hold letters

6  sent to Masimo China and Masimo SARL employees.[5]  (D.I. 180-1 at 21.)

7  However, in its portion of the Joint Stipulation, Shenzhen Mindray argued that

8  such an order would only be necessary if Masimo were not ordered to collect

9  and produce documents from Masimo China.  (D.I. 130-1 at 8.)  Moreover, at

10  the April 24 Hearing, after confirming that it was not seeking a ruling on

11  spoliation, Shenzhen Mindray modified its request regarding litigation hold

12  letters, and instead asked the Magistrate Judge to just order Masimo to make

13  sure it had produced all responsive documents from Masimo China.  (Pisano

14  Decl., Ex. H at 76:1-3.)  The Magistrate Judge issued that order.  (*Id.* at 76:9-

15  12.)  Thus, Shenzhen Mindray never sought a ruling on either spoliation or the

16  production of litigation hold documents.  Accordingly, there is nothing for the

17  Court to review with respect to the production of such documents.

18  ///

19  ///

20  ///

21  ///

22  ///

23

24          [5] As Masimo argued in its portion of the Joint Stipulation, the discovery
Shenzhen Mindray seeks—litigation hold letters—is privileged.  (D.I. 130-1 at

25  13-14.)   Moreover, the very cases Shenzhen Mindray cites support that
conclusion.  *See Cannata v. Wyndham Worldwide Corp.*, 2011 WL 3495987, at

26  *2 (D. Nev. Aug. 10, 2011); *In re Ebay Seller Antitrust Litig.*, 2007 WL

27  2852364, at *2-3 (N.D.Cal. Oct. 2, 2007) (holding that "eBay need not produce
copies of the [Document Retention Notices] nor any information about matters

28  contained therein that are privileged or constitute work product").

# IV.  CONCLUSION

For the reasons discussed above, the Court should deny Shenzhen Mindray's Motion for Sanctions for Spoliation of Evidence or, in the alternative, for Review of Magistrate Judge Rosenbluth's April 24, 2014 Order [D.I. 163].

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  May 27, 2014          By: */s/ Jon W. Gurka*
                                   Joseph R. Re
                                   Stephen C. Jensen
                                   Jon W. Gurka
                                   Stephen W. Larson
                                   Nicholas A. Belair

                                   Attorneys for Plaintiff,
                                   MASIMO CORPORATION