Joseph R. Re (SBN 134,479)
Joe.Re@knobbe.com
Stephen C. Jensen (SBN 149,894)
Steve.Jensen@knobbe.com
Jon W. Gurka (SBN 187,964)
Jon.Gurka@knobbe.com
Stephen W. Larson (SBN 240,844)
Stephen.Larson@ knobbe.com
Nicholas A. Belair (SBN 295,380)
Nick.Belair@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax:    (949) 760-9502

Attorneys for Plaintiff
MASIMO CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China<br><br>Defendant.<br><br><br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>SACV12-02206 CJC (JPRx)<br><br>**PUBLIC VERSION**<br><br>**MASIMO'S OPPOSITION TO SHENZHEN MINDRAY'S RULE 12(c) MOTION FOR JUDGMENT ON THE TENTH THROUGH FIFTEENTH CLAIMS FOR RELIEF ON MASIMO CORPORATION'S FIRST AMENDED COMPLAINT**<br><br>Date:  June 16, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 9B<br>Judge: Hon. Cormac J.Carney |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

Page No.

I.      INTRODUCTION.................................................................................1

II.     BACKGROUND...................................................................................2

        A.      The Original Agreement And The First And Second
                Amendments ...................................................................................2

        B.      Masimo's Delegation Of Responsibilities To Masimo
                SARL ..............................................................................................2

        C.      Shenzhen Mindray's Acknowledgment Of Masimo
                SARL's New Role ..........................................................................3

        D.      The Third Amendment....................................................................4

        E.      The Remaining Amendments And The Parties'
                Performance Under The Amendments ............................................5

        F.      Shenzhen Mindray's Admissions During This Lawsuit.................5

        G.      Shenzhen Mindray's New "Successor In Interest"
                Argument ........................................................................................6

III.    ARGUMENT ........................................................................................8

        A.      Legal Standard ................................................................................8

        B.      Masimo Is A Party To The Mindray Agreement And Has
                Standing To Bring Its Claims .........................................................9

        C.      This Court Has Jurisdiction To Add Masimo SARL ...................17

IV.     CONCLUSION ...................................................................................20

- i -

# TABLE OF AUTHORITIES

**Page No(s).**

*Alvarado Orthopedic Research, L.P. v. Linvatec Corp.,*
  No. 11-CV-246-IEG (RBB), 2013 WL 2351814
  (S.D. Cal. May 24, 2013) ...........................................................................14

*Atascadero v. Merrill Lynch,*
  68 Cal. App. 4th 445 (1998)...............................................................12, 13

*Chavez v. U.S.,*
  683 F.3d 1102 (9th Cir. 2012)..................................................................8

*Conseco Grp. Risk Mgmt. Co. v. Ahrens Fin. Sys., Inc.,*
  No. 00-C-5467, 2001 WL 219627 (N.D. Ill. Mar. 6, 2001)........................10

*Edumoz v. Republic of Mozambique,*
  968 F. Supp. 2d 1041 (C.D. Cal. 2013)................................................12, 16

*Fleming v. Pickard,*
  581 F.3d 922 (9th Cir. 2009) ...................................................................8

*Gen. Conference Corp. v. Seventh-Day Adventist Church,*
  887 F.2d 228 (9th Cir. 1989) ...................................................................8

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
  896 F.2d 1542 (9th Cir. 1989) .................................................................8

*Hatchwell v. Blue Shield of Cal.,*
  198 Cal. App. 3d 1027 (Cal. Ct. App. 1998)...........................................16

*Johnson v. Cnty. of Fresno,*
  111 Cal. App. 4th 1087 (Cal. Ct. App. 2003) ........................................16

*Joint Base Ltd. v. Saehan Bank,*
  No. CV 11-03812 ...................................................................................8

*Kiryas Joel Alliance v. Village of Kiryas Joel,*
  No. 11 Civ. 3982 (JSR), 2011 WL 5995075
  (S.D.N.Y. Nov. 29, 2011)......................................................................17

*Lucas v. Dep't of Corps.,*
  66 F.3d 245 (9th Cir. 1995) ...................................................................17

1

**TABLE OF AUTHORITIES**
*(cont'd)*

2

3

Page No(s).

4

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ...............................................................9, 10, 15

5

6

*McAllister v. Patterson Cos., Inc.,*
    No. CV 10-51413 ...............................................................................8

7

8

*McCarthy v. United States,*
    850 F.2d 558 (9th Cir. 1988)...........................................................9

9

10

*McCown v. Spencer,*
    8 Cal. App. 3d 216 (Cal. Ct. App. 1970).......................................16

11

12

*Menendez v. Time Warner Cable,*
    No. B223435, 2010 Cal. App. .........................................................12

13

14

*Organic Pastures Dairy Co., LLC v. Sebelius,*
    No. 1:12–cv–02019–SAB, 2013 WL 1966464
    (E.D. Cal. May 10, 2013) ................................................................7

15

16

*Randhawa v. Skylux Inc.,*
    No. 2:09-CV-02304 WBS DAD, 2012 WL 5349403
    (E.D. Cal. Oct 26, 2012).............................................................12, 14

17

18

*Rey v. OneWest Bank, FSB,*
    No. 2:12-cv-020780-MCE-GGH, 2013 WL 127829
    (E.D. Cal. Jan. 9, 2013) ..................................................................11

19

20

*San Luis Unit Food Producers. v. United States,*
    772 F. Supp. 2d 1221 (E.D. Cal. Feb. 16, 2011)............................9

21

22

*Seaman v. Pyramid Techs.,*
    No. SACV 10-00070 ......................................................................10

23

24

*Summit Office Park, Inc. v. U.S. Steel Corp.,*
    639 F.2d 1278 (5th Cir. 1981).........................................................17

25

26

*Superior Energy Servs., LLC v. Cabinda Gulf Oil Co.,*
    No. C13-2056 PJH, 2013 WL 6406324
    (N.D. Cal. Dec. 6, 2013).................................................................11

27

28

- iii -

1

**TABLE OF AUTHORITIES**
*(cont'd)*

Page No(s).

*Taylor v. United States,*
    No. 2:13-cv-00371-SVW-PJW 2013 U.S. Dist. LEXIS 89407
    (C.D. Cal. June 25, 2013) ................................................................9

*Thome v. United States FDA,*
    No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985
    (N.D. Cal. July 27, 2011) ..............................................................17

*VasoNova, Inc. v. Grunwald,*
    No. C12-02422 WHA, 2012 WL 6161041
    (N.D. Cal. Dec. 11, 2012) ............................................................10

*Wahl v. Am. Sec. Ins. Co.,*
    No. C08-00555 RS, 2008 WL 2444802
    (N.D. Cal. June 16, 2008) ............................................................10

*Walker v. Gates,*
    No. CV 01-10904, 2002 U.S. Dist. LEXIS 27443
    (C.D. Cal. May 23, 2002) .......................................................17, 19

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir. 2003) ......................................................9

*Wash. Envtl. Council v. Bellon,*
    732 F.3d 1131 (9th Cir. 2013) ......................................................9

**OTHER AUTHORITIES**

Third Amendment ............................................................ *passim*

Rule 12 ............................................................................8

# I. **INTRODUCTION**

Shenzhen Mindray contends that Masimo assigned all of its rights in the parties' Original Agreement and Amendments (the "Mindray Agreement") to Masimo International SARL ("Masimo SARL").   Shenzhen Mindray is mistaken.  Masimo never assigned the Mindray Agreement to Masimo SARL. Masimo delegated to Masimo SARL certain responsibilities relating to sales outside the United States, such as the invoicing and receipt of purchase orders. The parties then *added* Masimo SARL to the parties' agreement.

All of this should come as no surprise to Shenzhen Mindray.  Masimo informed Shenzhen Mindray of this change, told Shenzhen Mindray that Masimo would still be a party to the agreement, ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Masimo thereafter remained a signatory to all of the amendments and continued to perform and interact with Shenzhen Mindray under the agreement.   Indeed, Masimo negotiated the amendments and even audited Shenzhen Mindray under the agreement.  And, after this lawsuit was filed, Shenzhen Mindray *admitted* that Masimo was a party to the amendments in its Answer, and affirmatively asserted Counterclaims on this basis.

Now, after a decade of operating under the Mindray Agreement, and seventeen months into the lawsuit, Shenzhen Mindray states that, after further "study" of the amendments, it believes that Masimo is not a party to the Mindray Agreement at all because the parties described Masimo SARL as a "successor in interest."

Shenzhen Mindray's newly minted litigation position cannot trump the actual intent of the parties when performing the agreement.  The amendments and the parties' performance reflect that Shenzhen Mindray always understood that Masimo was a party to the Mindray Agreement.   Indeed, Shenzhen Mindray's signatory to the amendments, Mr. Richard Yang, submitted *two*

- 1 -

1   sworn declarations with this Court confirming this understanding.  The Court

2   should deny Shenzhen Mindray's Motion.

3   ## II. BACKGROUND

4   **A.   The Original Agreement And The First And Second Amendments**

5   Shenzhen Mindray does not dispute that Masimo was a party to the

6   Purchasing and Licensing Agreement on November 13, 2002 (the "Original

7   Agreement") and the First and Second Amendments dated November 12,

8   20003, and December 31, 2006, respectively.  (D.I. 32, Ex. 1 at 1-30.)  These

9   contracts governed Masimo's relationship with Shenzhen Mindray from 2002

10  through December 31, 2009.  (*Id.*)  Masimo SARL is not a signatory to these

11  agreements and is not mentioned in any of these agreements.  (*Id.*)

12  **B.   Masimo's Delegation Of Responsibilities To Masimo SARL**

13  In late 2008 and early 2009, Masimo engaged in a series of transactions

14  that ultimately resulted in Masimo SARL acquiring certain limited rights to sell

15  Masimo products outside the United States.  On September 29, 2008, Masimo

16  entered a Buy-in License Agreement and Cost Sharing Agreement granting such

17  rights to Masimo International Holdings.  (Ex. 1 at MASM0079532-

18  MASM79567.)[1]   On November 21, 2008, Masimo International Holdings

19  granted those rights to Masimo International Technologies SARL.  (*Id.* at

20  MASM0079568-MASM0079570.) ██████████████████████

21  ████████████████████████████████  ████████

22  ████████████████████████████████████

23  ████████████████████████████████████

24  ████████████████████████████████████

25  ████████████████████████████████████

26  ████████████████████████████████████

27  ──────────────────────

28  [1] Unless otherwise specified, all exhibits are attached to the Declaration of Stephen W. Larson filed herewith.

1  

2  ████████████  None of these agreements transferred any rights in the Mindray

3  Agreement to Masimo SARL.

4  **C.    <u>Shenzhen Mindray's Acknowledgment Of Masimo SARL's New Role</u>**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  /  /  /

**D.     The Third Amendment**

Approximately a year later, on February 9, 2010, Masimo and Shenzhen Mindray executed the Third Amendment, which extended the parties' previous agreement and specified that "███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████

As explained by Mr. Burridge and Mr. Fishel in their attached declarations, Masimo and Masimo SARL both understood that Masimo was a party to the Amendments and continued to be a party to the agreement with Shenzhen Mindray.   (Declaration of Rick Fishel ("Fishel Decl.") at ¶ 3; Declaration of George Burridge ("Burridge Decl.") at ¶ 2.)  Shenzhen Mindray also shared this understanding.  Indeed, Mr. Ting "Richard" Yang, signatory to the Third Amendment and most of the later amendments between 2009 and 2012, filed *two* sworn declarations with this Court confirming his understanding that the original agreement "and amendments thereto" are agreements between Shenzhen Mindray and Masimo. (D.I. 77-1 at ¶ 2; D.I. 89-2 at ¶ 3.)  Moreover, Shenzhen Mindray never questioned Masimo's status as a party to the agreements.   (Fishel Decl. at ¶3.)   To the contrary, Shenzhen Mindray specifically requested that Masimo sign the agreements.   (*Id.*; Ex. 8 at MASM0025421.)

**E.    The Remaining Amendments And The Parties' Performance Under The Amendments**

From April 1, 2010 through October 31, 2012, the parties executed the Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Amendments. ██████████

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████  ██  █████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████

From 2009 to 2012, as it did previously, Masimo continued to interact extensively with Shenzhen Mindray pursuant to the parties' contractual relationship.  As Mr. Yang explained, "from at least 2008 through 2012," Shenzhen Mindray and "Masimo cooperated in marketing and selling thousands of Mindray monitors."  (D.I. 89-2 at ¶ 10.)  Masimo also negotiated the Fourth through Ninth Amendments with Shenzhen Mindray.  (Fishel Decl. at ¶ 3.) Masimo even audited Shenzhen Mindray in 2011 pursuant to its rights under the contract.  (Ex. 6; D.I. 144 at ¶ 330 (acknowledging audit by Masimo); D.I. 171-2 at 3 (same).)  And, from July 12 through December 21, 2012, Shenzhen Mindray entered a series of "Forbearance Agreement[s]" with Masimo—and not Masimo SARL—to discuss and attempt to resolve the contractual dispute that led to this lawsuit.  (D.I. 76-4 at ¶ 4.)

**F.    Shenzhen Mindray's Admissions During This Lawsuit**

Masimo filed the present lawsuit on December 21, 2012.   (D.I. 1.) Masimo's pleadings allege that it is a party to the Original Agreement and each of the Amendments.  (D.I. 69 at ¶¶ 37, 44, 46, 48, 50, 51, 103, 114, 126, 136.) Masimo's pleadings explain that Shenzhen Mindray has breached various

provisions of the parties' agreement, and has engaged in related tortious conduct. (*Id.* at ¶¶ 105, 118, 122, 128, 141.) Masimo's pleadings explain that Masimo has been injured and suffered harm by Shenzhen Mindray's breach of contract and tortious conduct. (*Id.* at ¶¶ 108, 119, 122, 123, 131, 132, 134, 142-43.)

Shenzhen Mindray's Answer "admits the allegations" of the paragraphs in Masimo's Complaint alleging that "Masimo and Mindray Shenzhen entered into" the amendments, including the Second through Seventh Amendments, though disputing the enforceability of these agreements. (*Compare* D.I. 69 at ¶¶ 37, 44, 46, 48, 50, 51, *with* D.I. 144 at ¶¶ 37, 44, 46, 48, 50, 51.)   Shenzhen Mindray also asserted counterclaims affirmatively alleging that Masimo is a party to the agreement and the post-2009 amendments.   (D.I. 144 at ¶ 330 (alleging Masimo "[p]ressured Shenzhen Mindray to extend and/or modify ***its operative contract with Masimo***," including "in 2011") (emphasis added). Shenzhen Mindray even successfully argued and obtained partial judgment on the pleadings on the ground that "Shenzhen Mindray had its own license agreement ***with Masimo***" that licensed certain Shenzhen Mindray produced falling within the scope of Masimo's allegations.   (D.I. 59 at 11 (emphasis added).)

**G.     <u>Shenzhen Mindray's New "Successor In Interest" Argument</u>**

Sixteen months after Masimo filed its lawsuit, Shenzhen Mindray raised the "successor in interest" issue in connection with a discovery dispute regarding the deposition of Ms. Lily Soong, an employee of Masimo (Beijing) Medical Technology Co., Ltd ("Masimo China").   Shenzhen Mindray mischaracterized portions of Ms. Soong's testimony to claim that Masimo was not sufficiently collecting and producing documents. (D.I. 130-1 at 9-14.)

At the parties' discovery hearing, Shenzhen Mindray falsely contended that Masimo was refusing to facilitate discovery for its related entities, and

1   contended for the first time that Masimo SARL, and not Masimo, is a proper

2   party to the contract. (Ex. 7 at 66:6-12.) In reality, Masimo had facilitated the

3   deposition of Ms. Soong, brought her to the United States, and made her

4   available for up to ten hours of deposition testimony.[2] (D.I. 137 at 3.) In

5   addition, Masimo collected and produced documents from Masimo China and

6   Masimo SARL. Masimo has also explained that, although these are separate

7   companies, Masimo is facilitating discovery and a subpoena is not necessary for

8   discovery. (*See, e.g.,* Ex. 7 at 75:10-20.)

9          On April 29, 2014, the parties met and conferred regarding Shenzhen

10  Mindray's present Motion. In its Motion, Shenzhen Mindray claims that

11  Masimo "tacitly conceded" that it lacked standing because Masimo proposed

12  adding Masimo SARL during the parties' attorney conference. (D.I. 185-1 at

13  3.) In reality, Masimo proposed adding Masimo SARL to obviate Shenzhen

14  Mindray's Motion and because, though Masimo has standing, Masimo desires

15  to defend itself against Shenzhen Mindray's new charge that Masimo SARL,

16  and not Masimo, has been damaged. (Larson Decl. at ¶ 2.)[3]

17          Shenzhen Mindray refused to permit Masimo to amend its Complaint,

18  even though Shenzhen Mindray has amended its Answer and Counterclaims

19  *four times*, most recently just a month ago. (*Id.* at ¶ 3.) Indeed, Masimo has

20  consented to amendments by Shenzhen Mindray on two occasions in response

21  / / /

22

23  [2] In contrast, Shenzhen Mindray has refused to facilitate any depositions
    of employees of its affiliate, Mindray DS USA, on the ground that Mindray DS
24  USA is a separate corporation and not a party to this litigation. (D.I. 130-4 at
    ¶ 2.) Moreover, Shenzhen Mindray has demanded that Masimo's counsel travel
25  to Hong Kong for deposition of any Shenzhen Mindray witnesses. (Ex. 11.)

26  [3] In view of Shenzhen Mindray's new position, Masimo will be separately
    filing a Motion to Amend its Pleadings to add Masimo SARL as a party to this
27  lawsuit. (Exs. 12-13.) Such an amendment would render moot Shenzhen
    Mindray's present motion. *See Organic Pastures Dairy Co., LLC v. Sebelius*,
28  No. 1:12-cv-02019-SAB, 2013 WL 1966464, at *5 (E.D. Cal. May 10, 2013).

- 7 -

1   to Masimo's identification of deficiencies in Shenzhen Mindray's

2   Counterclaims. (*Id.*)

### III. ARGUMENT

**A.**   **Legal Standard**

    Judgment on the pleadings pursuant to Rule 12(c) is not proper unless "when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). "On a Rule 12(c) motion, the court must accept as true all material facts alleged in the complaint and must draw all reasonable inferences in favor of the non-moving party." *Joint Base Ltd. v. Saehan Bank*, No. CV 11-03812 RSWL (PLAx), 2012 U.S. Dist. LEXIS 31925, at *2-3 (C.D. Cal. Mar. 8, 2012) (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue[.]" *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989).

    In addition, a party "is not entitled to judgment on the pleadings" where the operative pleading "raises issues of fact which, if proved, would support recovery." *McAllister v. Patterson Cos., Inc.,* No. CV 10-51413 RSWL (MANx), 2012 U.S. Dist. LEXIS 67822, at *2-3 (C.D. Cal. May 15, 2012) (citing *Gen. Conference Corp. v. Seventh-Day Adventist Church*, 887 F.2d 228, 230 (9th Cir. 1989)). Shenzhen Mindray's "motion must be denied unless it appears 'to a certainty' that no relief is possible under any state of facts the [non-moving party] could prove in support of its claim." *McAllister*, 2012 U.S. Dist. LEXIS 67822, at *3 (citation omitted).

    Shenzhen Mindray alleges that, because standing is an issue of subject matter jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations." (D.I. 5.) That is incorrect. As the Supreme Court explained in

- 8 -

1   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), "at the pleading stage,
2   general factual allegations of injury may suffice, for on a motion to dismiss, we
3   presume that general allegations embrace those specific facts that are necessary
4   to support the claim."

5       This is confirmed by Shenzhen Mindray's own precedent, which observes
6   that, "at this stage of the pleading, [the plaintiff] need only show that the facts
7   alleged, if proved, would confer standing upon him." *Warren v. Fox Family*
8   *Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003). Indeed, numerous cases
9   in Shenzhen Mindray's brief confirm that this is the correct standard. *See, e.g.,*
10   *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (plaintiff
11   need only allege facts that, if proved, would establish standing); *San Luis Unit*
12   *Food Producers. v. United States*, 772 F. Supp. 2d 1221, 1222 (E.D. Cal. Feb.
13   16, 2011) (same).

14       In arguing that Masimo's allegations are not entitled to a presumption of
15   truthfulness, Shenzhen Mindray cites *McCarthy v. United States*, 850 F.2d 558,
16   560 (9th Cir. 1988) and *Taylor v. United States,* No. 2:13-cv-00371-SVW-PJW
17   2013 U.S. Dist. LEXIS 89407, at *3-4 (C.D. Cal. June 25, 2013). Those cases
18   do not address standing, but rather whether there was jurisdiction because of
19   sovereign immunity. Those cases do not trump the Supreme Court's and the
20   Ninth Circuit's precedent regarding the applicable standard when standing is
21   challenged at the pleadings stage.

22   **B.**   **Masimo Is A Party To The Mindray Agreement And Has Standing**
23          **To Bring Its Claims**

24       Here, Masimo's pleadings readily establish standing. Masimo alleges
25   that it is a party to the Mindray Agreement and Amendments, that Shenzhen
26   Mindray has breached its contracts and engaged in related tortious conduct, and
27   that, as a result, Masimo has been injured and suffered harm. (D.I. 69 at ¶¶ 37,
28   44, 46, 48, 50, 51, 103, 105, 108, 114, 118-123, 126, 128, 131-32, 134, 136,

141-43.)   Masimo's injury is concrete and particularized, and actual and imminent, there is a causal connection between Masimo's injury and Shenzhen Mindray's conduct, and it is likely that Masimo's injury will be redressed by a favorable decision.   Under *Lujan*, 504 U.S. at 560-61, Masimo has established standing.

"As much as [Shenzhen Mindray] wishes to characterize its [] contract [as] only between itself and [Masimo SARL] . . . the allegations, presumed true for purposes of this motion, are otherwise." *Wahl v. Am. Sec. Ins. Co.*, No. C08-00555 RS, 2008 WL 2444802, at *2 (N.D. Cal. June 16, 2008).   "At the pleading stage, [Masimo] has alleged sufficient facts to give rise to standing." *Id.*   Masimo's allegations establish standing and defeat Shenzhen Mindray's Motion.   *See VasoNova, Inc. v. Grunwald*, No. C12-02422 WHA, 2012 WL 6161041 at *5 (N.D. Cal. Dec. 11, 2012) (standing established based on allegations).

Moreover, in its Answer, Shenzhen Mindray **admits** that Masimo is a party to the agreements and amendments.   (D.I. 144 at 37, 44, 46, 48, 50, 51.) Shenzhen Mindray even asserts counterclaims affirmatively alleging that Masimo is a party to the agreement and the post-2009 amendments.   (D.I. 144 at ¶ 330.)   Shenzhen Mindray's "admissions contained in [its] pleadings are binding and cannot later be revoked" for the first time in a motion.   *Seaman v. Pyramid Techs.*, No. SACV 10-00070 DOC (RNBx), 2011 WL 5508971, at *3 (C.D. Cal. Nov. 7, 2011).   Thus, Shenzhen Mindray's own admissions confirm that Masimo has standing.   *See Conseco Grp. Risk Mgmt. Co. v. Ahrens Fin. Sys., Inc.*, No. 00-C-5467, 2001 WL 219627, at *8 (N.D. Ill. Mar. 6, 2001) (defendant's "numerous factual admissions [] establish[ed] [plaintiff's] standing").

Notably, Shenzhen Mindray did not withdraw or amend its admissions and allegations after raising its standing challenge.   To the contrary, **after** filing

1    its present Motion, ██████████████████████████████████████
2    ███████████████████████████████████████████████████████
3    ███████████████████████████████████████████████████████
4    ███████████████████████████████████████████████████████
5    ███████████████████████████████████████████████████████
6    ████████████████████████████

7         Shenzhen Mindray's standing challenge is also factually unsupported.

8    Indeed, Shenzhen Mindray fails to identify any evidence establishing an

9    assignment of the Mindray Agreement.   "An assignment agreement must

10   describe the subject matter of the assignment with sufficient particularity to

11   identify the rights assigned."  *Superior Energy Servs., LLC v. Cabinda Gulf Oil*

12   *Co.*, No. C13-2056 PJH, 2013 WL 6406324, at *5 (N.D. Cal. Dec. 6, 2013).

13   Shenzhen Mindray identifies no such agreement.  As noted above, Masimo did

14   not assign any rights under the Mindray Agreement in any of its transactions

15   with Masimo SARL and other Masimo entities. ███████████████████████

16   ███████████████████████████████████████████████████████

17   ███████████████████████████████████████████████████████

18   ███████████████████████████████████████████████████████

19   ███████████████████████████████████████████████████████

20   ████████████

21        Shenzhen Mindray points solely to the Third Amendment as purportedly

22   demonstrating an assignment.  But the Third Amendment did not ***assign*** any

23   pre-existing rights from Masimo to Masimo SARL.  It ***extended*** a contract

24   between Masimo and Shenzhen Mindray to a new term, and ***added*** Masimo

25   SARL as a party.  Shenzhen Mindray points to fact that the agreement labeled

26   Masimo SARL a "successor in interest."  But the mere fact that a party is

27   labeled a "successor interest" does not mean that the party has actually

28   succeeded to any particular legal interests of a predecessor.  *See Rey v. OneWest*

- 11 -

1   *Bank, FSB*, No. 2:12-cv-020780-MCE-GGH, 2013 WL 127829, at *2 (E.D. Cal.

2   Jan. 9, 2013).

3        This is aptly demonstrated by Shenzhen Mindray's own case, *Edumoz v.*

4   *Republic of Mozambique*, 968 F. Supp. 2d 1041, 1071-72 (C.D. Cal. 2013),

5   wherein the court rejected the argument that a party was a "successor-in-

6   interest" because the party adduced "no document memorializing" any such

7   assignment.    Similarly, here, Shenzhen Mindray identifies no document

8   assigning Masimo's rights in the Mindray Agreement to Masimo SARL.

9   Shenzhen Mindray quotes the definition of a "corporate successor" in *Menendez*

10  *v. Time Warner Cable*, No. B223435, 2010 Cal. App. Unpub. LEXIS 8241, at

11  *9-10 (Cal. Ct. App. Oct. 18, 2010), but then identifies no evidence establishing

12  that Masimo SARL satisfies this definition.

13       Notably, Masimo **signed** the Third Amendment and each amendment

14  thereafter.  As a signatory to these amendments, Masimo has standing to bring

15  claims for Shenzhen Mindray's breach of contract.  *See Randhawa v. Skylux*

16  *Inc.*, No. 2:09-CV-02304 WBS DAD, 2012 WL 5349403, at *1 (E.D. Cal. Oct

17  26, 2012) (the contract "is signed by an agent of Randhawa" and thus "Radhawa

18  has standing to bring the [breach of contract] claim").



19

20

21

22                                                    And the Third Amendment

23  and the amendments thereafter were intended to extend and continue Shenzhen

24  Mindray's **preexisting** contractual relationship with Masimo.  "The fundamental

25  goal of contractual interpretation is to give effect to the mutual intention of the

26  parties."  *Atascadero v. Merrill Lynch*, 68 Cal. App. 4th 445, 473-74 (1998)

27  (mutual intention "is determined by objective manifestation of the parties'

28  intent, including the words used in the agreement,  as well as extrinsic evidence

1    of such objective matters. . . ."). The language of the amendments and
2    Masimo's status as a signatory reflect that Masimo was intended to remain a
3    party to the parties' contractual relationship. Indeed, all of the signatories to the
4    amendments, including Shenzhen Mindray, understood that Masimo was a party
5    to the amendments. (Fishel Decl. at ¶ 3, Burridge Decl. at ¶ 2; D.I. 77-1 at ¶ 2.)

6          The intent of the parties is further shown by the "surrounding
7    circumstances under which the parties negotiated or entered into the contract;
8    the object, nature and subject matter of the contract; and the subsequent acts and
9    conduct of the parties." *Atascadero*, 68 Cal. App. 4th at 473-74. Here, Masimo
10   negotiated the amendments to the contract and communicated with Shenzhen
11   Mindray regarding Shenzhen Mindray's compliance with the contract. (Fishel
12   Decl. at ¶ 3; Larson Decl., Exs. 8-10.) Masimo even ***audited*** Shenzhen Mindray
13   under the contract (after the date Masimo purportedly lost its rights). (Ex. 6;
14   D.I. 144 at ¶ 330 (acknowledging audit by Masimo); D.I. 171-2 at 3 (same).)
15   Masimo would have been powerless to do so if it had not been a party under the
16   Mindray Agreement. Shenzhen Mindray's participation in that audit is
17   powerful objective evidence that the parties' understood that Masimo was a
18   party to the Mindray Agreement and had the right to enforce that agreement.
19   *Atascadero*, 68 Cal. App. 4th at 473-74.

20         Masimo also interacted with Shenzhen Mindray continuously throughout
21   the relevant period. As summarized by Mr. Yang, "from at least 2008 through
22   2012," Shenzhen Mindray and "Masimo cooperated in marketing and selling
23   thousands of Mindray monitors" under the parties' contractual relationship.
24   (D.I. 89-2 at ¶ 10.) In the face of this overwhelming evidence regarding the
25   parties' intent, Shenzhen Mindray's litigation-inspired "successor in interest"
26   argument falls short.

27         Shenzhen Mindray attempts to support its position by pointing out that,
28   under paragraph 19.2 of the Mindray Agreement, Masimo had to obtain written

- 13 -

1  consent from Shenzhen Mindray prior to assigning any interest under the
2  Chinese Mindray Agreement.   (D.I. 185-1.)   But that bolsters **_Masimo's_**
3  **_position_**, not Shenzhen Mindray's.   Shenzhen Mindray identifies no evidence
4  that Shenzhen Mindray provided "prior written consent" to any assignment,
5  further undermining Shenzhen Mindray's argument that Masimo ever assigned
6  away its rights.

7       Indeed, ███████████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████
14 █████████████████████████████████

15      Because Masimo is a party to the Mindray Agreement and Masimo did
16 not assign away its rights, Masimo has standing to assert claims against
17 Shenzhen Mindray for its breach of contract and related tortious conduct.   _See_
18 _Randhawa_, 2012 WL 5349403, at *1 (the contract "is signed by an agent of
19 Randhawa" and thus "Radhawa has standing to bring the [breach of contract]
20 claim").   "Under California law, it is axiomatic that a party to a contract has
21 standing to sue for breach of that contract."   _Alvarado Orthopedic Research,_
22 _L.P. v. Linvatec Corp._, No. 11-CV-246-IEG (RBB), 2013 WL 2351814, at *6
23 (S.D. Cal. May 24, 2013).   Indeed, Shenzhen Mindray makes no argument to
24 the contrary.

25      As Masimo alleges in its Complaint, Masimo has been injured and has
26 suffered harm by Shenzhen Mindray's breach of contract and tortious conduct.
27 (D.I. 69 at ¶¶ 108, 119, 122, 123, 131, 132, 134, 142-43.)   For example,
28 Shenzhen Mindray's breach of contract has resulted in the "loss of past, present

1  and future profits, by the loss of business opportunities, by the loss of customers
2  and potential customers, and by the loss of good will and product image." (*Id.*
3  at ¶ 108.)  Masimo has been similarly harmed by Shenzhen Mindray's breach of
4  the covenant of good faith and fair dealing, interference with prospective
5  economic advantage, and unfair competition.  (*Id.* at ¶¶ 119-20, 131-34, 142-
6  44.)  Masimo's injuries are concrete, causally connected to Shenzhen Mindray's
7  conduct, and redressable by a favorable decision.  *Lujan*, 504 U.S. at 560-61.
8  Masimo's injuries support standing and entitle Masimo to seek relief for
9  damages, as well as declaratory relief and an accounting.  *Id.* at 122-24; 136-38.

10        Masimo's delegation of invoicing and purchasing orders to Masimo
11  SARL did not erase Masimo's harm, nor eliminate the past and prospective
12  relief to which Masimo is entitled as a party to the Mindray Agreement.
13  Masimo SARL sells Masimo products on behalf of Masimo, and ███████████
14  ███████████████████████████████████████████████████████████
15  ████████  ███████████████████████████████████████████████
16  Shenzhen Mindray's failure to purchase Masimo products under the Mindray
17  Agreement directly harms Masimo, even when Shenzhen Mindray purchases
18  those products through Masimo SARL. (*Id.*)

19        Moreover, Masimo's delegation to Masimo SARL is limited to
20  transactions outside the United States.  (Ex. 1 at MASM0079536 (limiting grant
21  to countries other than U.S.) & MASM0079553 (same), ███████████
22  ██████████████████████  But Masimo's injuries relating to the Mindray
23  Agreement are not limited to a particular geographic region. (D.I. 69 at ¶¶ 31-
24  55.)  Even Shenzhen Mindray has acknowledged this, arguing in a recent
25  discovery hearing that "Masimo is suing Shenzhen Mindray for failure to make
26  sales and promote Masimo products in China ***and in the rest of the world***."
27  (D.I. 180-1 at 10-11 (emphasis added).)

28  / / /

- 15 -

1    Masimo has indeed been injured worldwide, including in the United
2    States.  (*Id.* at ¶ 105.)  For example, Shenzhen Mindray's sale and/or supply of
3    its own products containing Shenzhen Mindray technology in the United States
4    has directly harmed Masimo's own sales in the United States.  (*Id.* at ¶¶ 23,
5    108.)  In addition, Shenzhen Mindray's failure to adopt Masimo pulse oximetry
6    as its primary technology and failure to promote Masimo's technology as the
7    new standard of care has directly harmed Masimo's brand awareness in the
8    United States.  (*Id.* at ¶¶ 105, 108.)  Masimo's other injuries relating to the
9    Mindray Agreement are similarly not limited to a particular geographic region.
10   (D.I. 69 at ¶¶ 30-55, 103-144.)  Masimo has standing to seek relief for these and
11   other injuries caused by Shenzhen Mindray's breach of contract and related
12   tortious conduct, just as Masimo alleges in its Complaint.  (*See, e.g., id.* at ¶¶
13   108-110.)
14       Shenzhen Mindray's remaining cases are all inapposite.   Shenzhen
15   Mindray cites *Edumoz v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1071-
16   72 (C.D. Cal. 2013), but in that case the plaintiff did not "dispute that it [was]
17   not a party to the contract" and failed to allege or proffer facts establishing any
18   assignment.  Shenzhen Mindray also cites *Hatchwell v. Blue Shield of Cal.*, 198
19   Cal. App. 3d 1027, 1034 (Cal. Ct. App. 1998), another case in which the
20   plaintiff was not a party to the contract.  Shenzhen Mindray further relies on
21   *McCown v. Spencer*, 8 Cal. App. 3d 216, 225 (Cal. Ct. App. 1970), but the court
22   in that case reversed a judgment notwithstanding the verdict, because the
23   evidence was in conflict and ***negated*** an intent to assign.  Finally, Shenzhen
24   Mindray cites *Johnson v. Cnty. of Fresno*, 111 Cal. App. 4th 1087, 1096 (Cal.
25   Ct. App. 2003), a case regarding *res judicata* in which the assignment was
26   apparently undisputed.
27   / / /
28   / / /

- 16 -

C.    **This Court Has Jurisdiction To Add Masimo SARL**

Shenzhen Mindray argues that this Court lacks jurisdiction to permit Masimo to amend its Complaint to resolve any standing issues.  But courts permit plaintiffs to amend their complaints to adequately plead standing injury or add new parties. *See, e.g., Kiryas Joel Alliance v. Village of Kiryas Joel*, No. 11 Civ. 3982 (JSR), 2011 WL 5995075, at *10 (S.D.N.Y. Nov. 29, 2011) ("Plaintiffs are given leave to amend their complaint to include new parties or to adequately plead injury to the current parties."). Shenzhen Mindray cites *Thome v. United States FDA*, No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985 (N.D. Cal. July 27, 2011) and *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981), but in both cases, the plaintiff lacked standing as to ***all*** of the claims, and the courts therefore lacked jurisdiction over the action ***as a whole*** and lacked the power to permit a plaintiff to amend. Here, in contrast, Shenzhen Mindray does not dispute that Masimo has standing as to its patent claims.  Thus, even if this Court does not have jurisdiction over the contract-related claims, this Court would still have jurisdiction to permit Masimo to amend its claims.

Shenzhen Mindray also cites *Walker v. Gates*, No. CV 01-10904 (PJWx), 2002 U.S. Dist. LEXIS 27443, at *34 (C.D. Cal. May 23, 2002), but in that case, the court planned to "permit [the plaintiff] an opportunity to amend his complaint," but plaintiff's counsel ***requested*** "dismissal with prejudice as he did not plan to amend the complaint." *Id.* Here, to the extent any deficiencies truly exist, the Court should grant Masimo leave to amend to resolve such deficiencies.  Indeed, leave to amend must be granted unless it is clear that amendment would be futile. *See Lucas v. Dep't of Corps.*, 66 F.3d 245, 248 (9th Cir. 1995).  Shenzhen Mindray does not dispute that adding Masimo SARL would resolve standing and, thus, amendment would not be futile.

/ / /

1    Shenzhen Mindray argues that an amendment would prejudice Shenzhen

2    Mindray.  But Shenzhen Mindray amended its own Answer and Counterclaims

3    **_four_** times, most recently just a **_month_** ago.   Masimo seeks to amend its

4    complaint for only the second time.  Shenzhen Mindray points to the discovery

5    schedule, but Masimo has already been producing, and is continuing to produce

6    documents from Masimo SARL.  Moreover, two months of discovery remain,

7    Shenzhen Mindray has only taken a single deposition, and any other discovery

8    prejudice that truly exists could easily be cured.

9    Furthermore, Masimo is not to blame for Shenzhen Mindray's failure to

10   raise this issue for over a year-and-a-half of this lawsuit.  Since the outset of this

11   lawsuit, Shenzhen Mindray has **_agreed_** that Masimo is a party to the Mindray

12   Agreement, including in its Answer and in its Counterclaims, interrogatory

13   answers, and multiple sworn declarations with this Court.  Shenzhen Mindray

14   even obtained judgment on the pleadings on this ground.   While a party is

15   entitled to raise standing at any time, a party is not automatically entitled to

16   benefit from the alleged prejudice caused by the timing of its challenge.

17   Otherwise, parties would wait until the eleventh hour to raise and/or shift their

18   positions on fundamental issues in the case.[4]

19   Shenzhen Mindray also cites a separately filed motion regarding

20   spoliation and argues that leave to amend should be denied because Masimo has

21   failed to collect and produce documents from Masimo SARL.  (D.I. 185-1 at

22   10.)  As Masimo explains in its opposition to this motion, Shenzhen Mindray's

23   arguments are baseless.  Masimo has collected and produced from Masimo

24   SARL, and is continuing to do so.  Indeed, Masimo has done so even though

25   Shenzhen Mindray never specifically sought discovery regarding Masimo

26   _____

27   [4] Notably, Shenzhen Mindray complained that Masimo's prior Motion for Judgment on the Pleading was "late" and "designed to derail the trial or prejudice Shenzhen Mindray's trial preparation."  (D.I. 109 at 12.)   Yet,

28   Shenzhen Mindray's present motion comes three months later.

1  SARL, and even though Shenzhen Mindray only disclosed its standing
2  challenge based on SARL very recently.

3      Shenzhen Mindray next accuses Masimo of "permit[ting] documents
4  relevant to Shenzhen Mindray's defenses to be lost by Masimo SARL. . . ."
5  (D.I. 185-1 at 11.)  But Shenzhen Mindray fails to cite any support for this
6  allegation and fails to identify any documents or categories of documents
7  supposedly lost by Masimo SARL.  Moreover, Shenzhen Mindray has not even
8  raised this discovery issue with the Magistrate Judge, and it is not proper for
9  Shenzhen Mindray to do so for the first time with this Court.

10     Shenzhen Mindray next levels the charge that Masimo "did not
11 mistakenly blur the lines" between Masimo and Masimo SARL, but instead
12 engaged in a "ruse" to deceive Shenzhen Mindray.  (*Id.* at 11.)  Not so.  Masimo
13 notified Shenzhen Mindray of Masimo SARL and what it would mean for the
14 contract, and ███████████████████████████
15 ████████  Moreover, Masimo SARL appears on Shenzhen Mindray's own
16 contracts.  Shenzhen Mindray cannot claim to have been duped by the existence
17 of Masimo SARL and its role in international sales.

18     Indeed, Shenzhen Mindray admits that it raised its present challenge only
19 after its  recent "study" of the amendments.  That Shenzhen Mindray recently
20 identified a new litigation position through its "study" of the amendments—a
21 position contradicting the parties' long history and Shenzhen Mindray's own
22 admissions and allegations—does not show that Masimo engaged in a scheme
23 to prevent the "truth [from being] revealed," as Shenzhen Mindray now alleges.
24 (D.I. 185-1 at 11.)
25 / / /
26 / / /
27 / / /
28 / / /

- 19 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  **CONCLUSION**

For the reasons discussed above, the Court should deny Shenzhen Mindray's Motion.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: May 27, 2014          By: */s/ Stephen W. Larson*
                                 Joseph R. Re
                                 Stephen C. Jensen
                                 Jon W. Gurka
                                 Stephen W. Larson
                                 Nicholas A. Belair

                                 Attorneys for Plaintiff,
                                 MASIMO CORPORATION

18071423
052714