Nicola A. Pisano (CA Bar No. 151282)
npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
jegray@foley.com
Christopher C. Bolten (CA Bar No. 268284)
cbolten@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone:   858.847.6700
Facsimile:    858.792.6773

Attorneys for Defendant, Counter-Plaintiff
and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL
ELECTRONICS CO., LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation,<br><br>       Plaintiff, Counter-Defendant and Counter Counter-Plaintiff,<br><br>       v.<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD., a corporation of the People's Republic of China,<br><br>       Defendant, Counter-Plaintiff and Counter Counter-Defendant. | Case No. SACV12-02206 CJC (JPRx)<br><br>**SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.'S OPPOSITION TO MASIMO CORPORATION'S MOTION FOR LEAVE TO AMEND MASIMO'S FIRST AMENDED COMPLAINT**<br><br>Date:     June 30, 2014<br>Time:    1:30 p.m.<br>Place:   Courtroom 9B<br>Judge:  Hon. Cormac J. Carney |

4840-8636-2139.2

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................... 1

II. FACTUAL BACKGROUND.......................................................... 2

III. ARGUMENT................................................................................. 10

    A.    Masimo's Lack of Standing Cannot Be Cured By Amendment To The Pleadings ................................................................................ 10

    B.    Amendment At This Late Stage Is Not Warranted And Would Unduly Prejudice Shenzhen Mindray ................................................... 12

        1.    Masimo's Bad Faith Should Not Be Rewarded.................... 12

        2.    Shenzhen Mindray Will Suffer Undue Prejudice If Masimo's Motion Is Granted. ........................................................... 15

        3.    Masimo Unreasonably Delayed Eighteen Months In Seeking Leave To Amend............................................................... 17

        4.    Masimo's Proposed Amendment Is Futile........................... 18

IV. CONCLUSION............................................................................. 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Almeida v. Google, Inc.*,
    No. C-08-02088 RMW, 2009 U.S. Dist. LEXIS 110780
    (N.D. Cal. Nov. 13, 2009)......................................................................... 10

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    456 F.3d 946 (9th Cir. 2005) ..................................................................... 17

*Auto. Info. Processing, Inc. v. Genesys Grp., Inc.*,
    164 F.R.D. 1 (E.D.N.Y. 1995) ............................................................. 12, 13

*EEOC v. Boeing Co.*,
    843 F.2d 1213 (9th Cir. 1988) ................................................................... 15

*Evenchik v. Avis Rent A Car System, LLC*,
    No. 12-cv-00061 BEN (DHB), 2013 U.S. Dist. LEXIS 74004
    (S.D. Cal. May 24, 2013).............................................................. 10, 11, 19

*In re Flash Memory Antitrust Litig.*,
    No. C 07-0086 2010 U.S. Dist. LEXIS 66466, at *29-30
    (N.D. Cal. June 10, 2010) ......................................................................... 11

*Jara v. Aurora Loan Servs.*,
    No. CV 11-00419 LB, 2011 WL 4536808 (N.D. Cal. Sept. 30, 2011).............. 15, 17

*Kaplan v. Rose*,
    49 F.3d 1363 (9th Cir. 1994) ..................................................................... 15

*Lans v. Gateway 2000, Inc.*,
    84 F. Supp. 2d 112 (D.D.C. 1999) *aff'd,* 252 F.3d 1320 (Fed. Cir. 2001).......... 10, 14

*Lewis v. Russell*,
    No. 2:03-2646 WBS CKD, 2012 U.S. Dist. LEXIS 143453
    (E.D. Cal. Oct. 2, 2012) .............................................................. 14, 15, 17

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
    194 F.3d 980 (9th Cir. 1999) ..................................................................... 17

# TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

**Federal Cases (Continued)**

*Logtale, Ltd. v. Ikor, Inc.*,
No. C-11-05452(EDL), 2014 U.S. Dist. LEXIS 52054
(N.D. Cal. Apr. 14, 2014) ............................................................... 15

*Metal Forming Techs., Inc. v. Marsh & Mclennan Co.*,
224 F.R.D. 431 (S.D. Ind. 2004) ..................................................... 14

*Miller v. Rykoff-Sexton, Inc.*,
845 F.2d 209 (9th Cir. 1988) ........................................................... 20

*Neal v. Naturalcare, Inc.*,
No. EDCV 12-0531-DOC, 2014 U.S. Dist. LEXIS 11835
(C.D. Cal. Jan. 30, 2014) ................................................................ 11

*Padron v. OneWest Bank*,
No. 2:14-cv-01340-ODW(Ex), 2014 U.S. Dist. LEXIS 47947
(C.D. Cal. Apr. 7, 2014) ................................................................. 19

*Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889 (2d Cir. 1983) ................................................. 11

*Rose v. Hartford Underwriters Ins. Co.*,
203 F.3d 417 (6th Cir. 2000) ........................................................... 20

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ......................................................... 19

*Thome v. United States FDA*,
No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985
(N.D. Cal. July 27, 2011) ................................................................ 10

*Velazquez v. GMAC Mortg. Corp.*,
No. 08-05444 DDP, 2009 U.S. Dist. LEXIS 88574
(C.D. Cal. Sept. 10, 2009) ..................................................... 12, 15, 16

**Rules**

Fed. R. Civ. P. 20(a)(1)(A) ............................................................ 18

## I.   __INTRODUCTION__

On the eve of the close of fact discovery, and just months away from trial, Masimo attempts to salvage its state law claims from Shenzhen Mindray's motion for judgment by adding a new plaintiff, Masimo International SARL ("Masimo SARL"). The timing of Masimo's proposed amendment is troubling given the fact that only Masimo, and not Shenzhen Mindray, knew that Masimo would eventually reveal that its foreign entities were not parties to this litigation.  Since the outset of this case, Masimo knew that its rights in the Original Agreement and the amendments thereto were all assigned to Masimo SARL in 2008, and that Masimo no longer is a party to the agreements, but just a guarantor for Masimo SARL.  Only Masimo knew that it was acting in complete disregard to its discovery obligations with respect to its foreign entities, permitting ongoing spoliation at Masimo China and Masimo SARL that has severely prejudiced Shenzhen Mindray's defenses.  It is inexcusable that Masimo delayed almost eighteen months in seeking to add Masimo SARL to this case, and highlights Masimo's bad faith litigation tactics.

The timing of Masimo's proposed amendment is also troubling given it has already effectively denied Shenzhen Mindray the ability to defend against the claims made by Masimo SARL in the proposed Second Amended Complaint ("SAC"). Masimo conceded at the April 24 hearing that it never instituted a litigation hold at either Masimo China or Masimo SARL, and spoliation of documents at those entities continues even today.  Even if additional discovery could be provided, the historical documents relevant to Shenzhen Mindray's defenses are well and truly gone. Moreover, with the close of fact discovery set for July 25, 2014, requiring that written discovery be served by June 25, 2014, Masimo's motion to amend will not even be heard by this Court until June 30, 2014−five days after the deadline to serve written discovery.  Masimo seeks to inject a new party, with many new witnesses, on entirely new contracts between various Masimo entities, and with spoliation of documents by

4840-8636-2139.2

these parties already established, rendering Shenzhen Mindray's ability to take any discovery from Masimo SARL non-existent.

All four factors courts use to consider motions to amend strongly favor Shenzhen Mindray; Masimo's motion should be denied.

## II.   FACTUAL BACKGROUND

Shenzhen Mindray provides the below chart to respond to the numerous misstatements of fact in Masimo's brief:

| Masimo's Alleged "Fact" | What is Actually True |
| --- | --- |
| Shenzhen Mindray's Answer "admits the allegations" that Masimo is a party to the Original Agreement and post-2009 amendments, and its Counterclaims even affirmatively allege claims on that basis.  Mot. at 3:17-19. | Shenzhen Mindray's Answer was based on a good faith belief that Masimo SARL was simply an appendage to Masimo Corp., not a completely independent entity.  Shenzhen Mindray first learned of the Masimo SARL issue during the deposition of Ms. Soong and at the April 24 discovery hearing. That Masimo was able to successfully mislead Shenzhen Mindray and this Court, until recently, with respect to whether Masimo's foreign entities are "part" of Masimo, as assumed in Shenzhen Mindray's previous filings, provides no basis for further prejudicing Shenzhen Mindray now that Masimo's deception is exposed. |
| Shenzhen Mindray also successfully argued and obtained partial judgment on the pleadings on the ground that "Shenzhen Mindray had its own license agreement | As above, that this Court and Shenzhen Mindray properly relied on Masimo's representation of the allegations in the Complaint does not give Masimo reasons to challenge that reliance now that its misleading and duplicitous reading of the Chinese Mindray Agreement has been revealed.  Masimo |

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| with Masimo" that licensed certain Shenzhen Mindray products falling within the scope of Masimo's allegations.  Mot. at 3:20-24. | does have a separate agreement with Mindray DS USA, Inc. and this Court properly ruled that Masimo's infringement claims against that entity could only properly be filed in New Jersey court, as specified in the venue provision of that agreement. (Dkt. No. 38.) |
| Sixteen months after Masimo filed its lawsuit, Shenzhen Mindray first raised the "successor in interest" issue at a discovery hearing.  Mot. at 3:25-26. | Shenzhen Mindray first learned of the Masimo SARL issue during the March 11, 2014 deposition of Ms. Lily Soong.  (Dkt. No. 180-1 at 6.)  Shenzhen Mindray raised this issue during the April 24 discovery hearing to address the clear evidence of the spoliation by Masimo China and Masimo's position that neither Masimo China nor Masimo SARL was required to preserve or produce documents in this case because neither was a party. (*Id.* at 10-11.)  Masimo has not been acting in good faith in this case and sprung its peculiar interpretation that Masimo China and Masimo SARL were "not a party" only after Shenzhen Mindray revealed Masimo's malfeasance during discovery.  Even now, Masimo maintains that Masimo China is "not a party" while seeking to recover damages on behalf of Masimo SARL for alleged failure to sell products in China that directly competed with Masimo China. |
| Masimo seeks to amend its | Fact discovery closes on July 25, 2014.  (Dkt. No. |

OPPOSITION TO MASIMO'S MOTION TO AMEND

Case No. SACV12-02206 CJC (JPRx)

3

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| pleadings when the parties are still more than a month and a half away from the end of discovery.  Mot. at 5:25-26. | 79.)  Masimo's motion is scheduled to be heard on June 30, 2014.  By the time this Court rules on Masimo's motion, the deadline for Shenzhen Mindray to serve additional written discovery (June 25, 2014) will have already passed.  More importantly, however, Masimo has conceded that it never instituted a litigation hold at Masimo SARL or Masimo China, where there is undisputed evidence that documents in Masimo SARL's and Masimo China's possession highly relevant to Shenzhen Mindray's defenses have already been destroyed.  (*See* Dkt. No. 180-1.) |
| Masimo brings this Motion 116 days before the Court's deadline for amendment to add new parties.  Mot. at 6:10-11. | This Court's Scheduling Order states "The parties shall have until September 26, 2014 to file and have heard all other motions, including motions to join or amend the pleadings." (Dkt. No. 79.)  The Scheduling Order does not give permission to add new parties to this case after the close of fact discovery, as Masimo claims. |
| Furthermore, fact discovery does not close until July 25, 2014, and Masimo has already produced over two thousand documents relevant to Masimo SARL.  Mot. at 6:11-13. | Fact discovery closes on July 25, 2014.  (Dkt. No. 79.)  Masimo's motion is scheduled to be heard on June 30, 2014.  By the time this Court rules on Masimo's motion, the deadline for Shenzhen Mindray to serve additional written discovery (June 25, 2014) will have already passed.  Further, it is only now, almost five months following service of |

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| | Shenzhen Mindray's first and second sets of requests for production, and after Masimo stood on its position to Magistrate Judge Rosenbluth that Masimo SARL was not a party to this litigation in order to withhold and fail to preserve documents, and four days after its 11th Hour filing seeking to amend the Complaint to add Masimo SARL just a few weeks prior to the close of fact discovery, that Masimo has just begun to selectively produce information referencing Masimo SARL at Masimo's own discretion.  (Declaration of Justin E. Gray in Support of Shenzhen Mindray's Opposition to Masimo's Motion for Leave to Amend Masimo's First Amended Complaint ("Gray Decl.") ¶ 2.) Masimo does not even claim that the "over 2000" recently produced documents ***actually come from the files of Masimo SARL***, but only that they are "relevant" to Masimo SARL (and presumably were produced from documents in the possession of Masimo). |
| Shenzhen Mindray still has plenty of time to take discovery from Masimo SARL.  Mot. at 8:25-26. | Shenzhen Mindray should not be required to discover an entire new case, where documents have already admittedly been destroyed, with a new cast of witnesses, and with few remaining discovery vehicles (Shenzhen Mindray has already used up almost all of its allotted interrogatories and |

OPPOSITION TO MASIMO'S MOTION TO AMEND
Case No. SACV12-02206 CJC (JPRx)

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| | identified all of its Masimo deponents) when it is in the midst of preparing for the impending trial with the existing plaintiff.  There is no reason for imposing such a burden on Shenzhen Mindray when Masimo SARL can simply file a new case in state court, if it believes it has a good faith basis for doing so. |
| Shenzhen Mindray has only taken one deposition to date. Mot. at 8:26-27. | Shenzhen Mindray took the deposition of Ms. Lily Soong on March 11, 2014.  Based on the discovery to date, Shenzhen Mindray plans to take the deposition of the following additional nine witnesses:  (1) Mr. Joe Kiani (CEO of Masimo); (2) Mr. Mohammad Diab (CTO of Masimo); (3) Mr. Rick Fishel (VP of Business Development for Masimo); (4) Mr. Bob Kenney (Head of Masimo's OEM Department); (5) Mr. Steve Jensen (Attorney at Knobbe Martens law firm); (6) a 30(b)(1) deposition of the author of the X-Cal specification/source code; (7) a 30(b)(6) deposition of Masimo on patent, technical, accounting, contract, antitrust-related and damages issues; (8) a deposition of a third-party licensee; and (9) a deposition of a third-party group purchasing organization that buys Masimo-based products. (Gray Decl. ¶ 3.)  If Masimo SARL were added to this litigation, Shenzhen Mindray would need to |

OPPOSITION TO MASIMO'S MOTION TO AMEND
Case No. SACV12-02206 CJC (JPRx)

4840-8636-2139.2

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| | take additional depositions regarding (1) transfer of the Shenzhen Mindray agreement to Masimo Caymans; (2) transfer of the Shenzhen Mindray agreement from Masimo Caymans to Masimo International Technology SARL; (3) transfer of the Shenzhen Mindray agreement from Masimo International Technology SARL to Masimo SARL; (4) money transfers through all of these parties; and (5) multiple deponents – perhaps six or more – on sales, marketing and accounting issues involving Masimo SARL and Masimo's other foreign entities with respect to alleged breach of the Chinese Mindray Agreement in Europe and anywhere else Masimo plans to claim damages for alleged breach of contract. |
| Masimo has already produced over two thousand documents related to Masimo SARL, including Masimo SARL's commercial invoices, shipping documents, communications, etc.  Mot. at 8:27-9:2. | Masimo's belated production of documents "relevant" to SARL cannot cure the severe prejudice to Shenzhen Mindray caused by Masimo's gamesmanship.  Even now, Masimo is only just beginning to selectively produce information "referencing" Masimo SARL – apparently from the files of Masimo rather than Masimo SARL, which never even instituted a litigation hold. |
| [T]he deadline for adding a party is 116 days away.  Mot. at 9:9-10. | As noted above, the does not give permission to add new parties after the close of fact discovery, as Masimo contends. |

4840-8636-2139.2

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| Shenzhen Mindray knew the facts underlying the new amended complaint, undermining any allegation of prejudice.  Mot. at 9:18-19. | As above, Shenzhen Mindray only recently learned that Masimo would not produce documents from Masimo SARL, Masimo's position that Masimo did not even view Masimo SARL as a party to this litigation and that Masimo had not even instituted a litigation hold at Masimo SARL.  (Dkt. No. 180-1 at 10-11.)  Shenzhen Mindray also had no idea about the various transfers revealed in Masimo's opposition to Shenzhen Mindray's 12(c) motion, which themselves reveal a whole new world of discovery.  For example, Masimo's contracts produced in connection with Masimo's Opposition reveal that it received only a small margin on sales of products to Masimo SARL, consequently, the already low damages that Masimo would be entitled to for the alleged breach by Shenzhen Mindray is orders of magnitude lower than would be the case had Masimo not assigned its rights under the contract to Masimo SARL (indeed, probably less than the parties are expending to file this briefing).  (Dkt. No. 200-6.)  That Masimo was able to successfully mislead Shenzhen Mindray and this Court regarding "who" constituted Masimo provides no basis for further prejudicing Shenzhen Mindray now that Masimo's deception is exposed. |
| Shenzhen Mindray has | All of Shenzhen Mindray's amendments were to |

4840-8636-2139.2

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| amended its answer and counterclaims four times, most recently just a month ago.  Mot. at 9:20-22. | address alleged minor defects in the pleadings that were present since the first answer and counterclaims were filed, not to add a new party at the close of discovery; none remotely expanded the scope of discovery as Masimo now proposes to do. |
| Shenzhen Mindray does not dispute that adding Masimo SARL would resolve standing and, thus, amendment would not be futile.  Mot. at 10:22-24. | As discussed at length in Shenzhen Mindray's motion for judgment and reply brief thereto, Masimo cannot add Masimo SARL as a party to this litigation to cure Masimo's standing defect because Masimo lacked standing to bring that claim in the first place.  (Dkt. Nos. 185-1 at 10-12; 205 at 15-18.) |
| In its Rule 12(c) motion, Shenzhen Mindray argued that "if Masimo SARL believes it has viable California state law causes of action to assert against Shenzhen Mindray, it may and should" bring those claims.  Mot. at 10:24-26. | Shenzhen Mindray's motion for judgment makes plain that if Masimo SARL believes it has viable claims, it should bring those claims as a separate litigation in an appropriate court, not as part of this litigation.  (Dkt. No. 205 at 15-18.)  Masimo's infringement claims against Shenzhen Mindray for alleged patent infringement *in the U.S.* do not form part of the same transaction or occurrence as Masimo SARL's alleged breach of the Chinese Mindray Agreement *outside of the U.S.* |
| Masimo's original Complaint and FAC both readily establish Masimo's standing.  Mot. at 11:3-4. | For the reasons set forth in Shenzhen Mindray's motion for judgment and reply brief thereto, Masimo's original Complaint and FAC do not establish standing for Masimo.  (Dkt. Nos. 185-1 at |

| Masimo's Alleged "Fact" | What is Actually True |
|---|---|
| | 4-10; 205 at 11-15.) |
| The case is still in a relatively early stage.  Mot. at 12:1. | Fact discovery closes on July 25, 2014.  (Dkt. No. 79.)  The parties have already exchanged hundreds of thousands of pages of documents, hundreds of requests for production, exhausted almost all of the allotted interrogatories, and taken multiple depositions both here and abroad.  (Gray Decl. ¶ 4.)  Trial is less than five months away.  Masimo's proposed new party would severely prejudice Shenzhen Mindray. |

## III.   ARGUMENT

### A.   Masimo's Lack of Standing Cannot Be Cured By Amendment To The Pleadings

Masimo's request to add Masimo SARL effectively concedes that Masimo lacks standing to prosecute its state law claims.  Masimo's only justification for its motion to amend is to defend against Shenzhen Mindray's motion for judgment on the pleadings for lack of standing.  *See, e.g.,* Mot. at 7:19-22.  Masimo's problem is of its own deliberate making; the law offers Masimo no cover for its bad faith litigation tactics. Masimo used the venue provision of the Masimo SARL contract to establish jurisdiction before this Court for its patent infringement claims, with full knowledge that is had both assigned away that contract and never planned to provide discovery from Masimo SARL – the only real party to bring suit on the alleged contract claims. (Dkt. No. 46.)  It could not be more well settled that defects of standing cannot be cured by amendment to the pleadings.  *See, e.g., Evenchik v. Avis Rent A Car System, LLC*, No. 12-cv-00061 BEN (DHB), 2013 U.S. Dist. LEXIS 74004, at *4-5 (S.D. Cal. May 24, 2013) (holding that Rule 15 "does not extend to cases where Plaintiff's only reason

4840-8636-2139.2

for seeking amendment is to cure a standing defect."); *Thome v. United States FDA,* No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985, at *7-8 (N.D. Cal. July 27, 2011) ("because [plaintiff] did not have standing to assert its claims when he filed suit…neither Rule 15, Rule 17, nor Rule 21 provide a mechanism by which [plaintiff] can remedy his lack of standing."); *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999) *aff'd,* 252 F.3d 1320 (Fed. Cir. 2001) ("a plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists."); *Almeida v. Google, Inc.,* No. C-08-02088 RMW, 2009 U.S. Dist. LEXIS 110780, at *2 (N.D. Cal. Nov. 13, 2009) ("[W]here the original named plaintiff lacks standing, a new plaintiff with standing cannot step in to save the lawsuit from dismissal."); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 U.S. Dist. LEXIS 66466, at *29-30 (N.D. Cal. June 10, 2010) (a party with no standing to maintain an action has no standing to amend); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.,* 700 F.2d 889, 893 (2d Cir. 1983) ("The longstanding and clear rule is that if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.") (internal quotation marks and citations omitted). Furthermore, this Court has rejected the notion that a party who does not have standing can act as a placeholder for others who do.  *See Neal v. Naturalcare, Inc.*, No. EDCV 12-0531-DOC (OPx), 2014 U.S. Dist. LEXIS 11835, at *9-13 (C.D. Cal. Jan. 30, 2014).

Just as in this case, the plaintiff in *Evenchik* responded to a motion seeking judgment for lack of Article III standing by requesting leave to add an additional plaintiff.  The court rejected such a tactic, finding that the motion fails whether the plaintiff has standing or not:

> If [p]laintiff has standing, as [p]laintiff maintains, her justification [for her motion to amend] disappears.  If she does not, then no amendment is permissible because a plaintiff may not retroactively create jurisdiction.

Under the circumstances, the Court is not persuaded that amendment
would be proper.

2013 U.S. Dist. LEXIS 74004, at *5.  Masimo situation is the same – unable to respond
to Shenzhen Mindray's motion for judgment on the pending state law claims, Masimo
effectively concedes defeat by trying to remedy what cannot be remedied by
amendment:  Article III standing.

In light of the applicable law, as set forth above, Masimo may not seek to amend
this case to afford standing to the improvidently filed state law claims.  Also, since
Masimo SARL has not moved to intervene or join this case, its interests cannot be heard
by this Court.  But denying this Motion, as the Court must, does not leave Masimo
SARL without appropriate avenues to redress its alleged injury.  If Masimo SARL
believes it has cognizable legal rights to sue Shenzhen Mindray, it may do so in the
appropriate forum.  This is, moreover, what the law dictates as to parties sought to be
added late in the proceedings, or to vindicate rights that another party improperly
asserted without standing.  *See, e.g., Auto. Info. Processing, Inc. v. Genesys Grp., Inc.*,
164 F.R.D. 1, 3 (E.D.N.Y. 1995) ("[i]f the proposed 'new' plaintiffs believe they have
rights to assert, they should institute a new action in their own names."); *Velazquez v.
GMAC Mortg. Corp.*, No. 08-05444 DDP (PLAx), 2009 U.S. Dist. LEXIS 88574, at
*12 (C.D. Cal. Sept. 10, 2009) ("Plaintiff's counsel remains free to file a new case on
behalf of" the proposed new plaintiffs).

**B.   Amendment At This Late Stage Is Not Warranted And Would
      Unduly Prejudice Shenzhen Mindray**

As shown below, each of the four factors identified in Masimo's Motion, (1) bad
faith or dilatory motive; (2) undue delay; (3) prejudice to the opposing party; and (4)
futility of the proposed amendment, strongly favor Shenzhen Mindray.

**1.   Masimo's Bad Faith Should Not Be Rewarded.**

The only excuse provided by Masimo for its delay is that the purpose of its
proposed amendment is to respond to Shenzhen Mindray's motion for judgment which

Masimo claims presents a "new theory".  Mot. at 7:19-22; 8:13-15.  Shenzhen Mindray did not have access to the complex web of transactions leading to the assignment of the Chinese Mindray Agreement from Masimo, through several intermediaries, to Masimo SARL.  Shenzhen Mindray reasonably believed that Masimo and Masimo SARL were one entity for the purposes of this litigation.  Only recently did Masimo reveal that it did not consider Masimo SARL, and Masimo's other foreign operations, including Masimo China, to be parties who not only did not produce documents relevant to Shenzhen Mindray's defenses and counterclaims, but had not even bothered to preserve such documents.  (Dkt. No. 180-1 at 10-11.)  Thus, Masimo's tactic of using the venue provision as a sword to establish venue in California for its patent infringement claims, but Masimo SARL's status as a non-party to shield discovery, was exposed.  Moreover, only Masimo knew of its deception regarding "who was a party."  In view of these revelations, Masimo lacks standing on the state law claims set forth in the FAC, and thus cannot serve as a "placeholder" to now add Masimo SARL.  (Dkt. No. 205 at 15.) Shenzhen Mindray promptly brought this matter to the Court's attention when Masimo's deception was revealed.

Indeed, Masimo's situation is analogous to that of the plaintiff in *Auto. Info. Processing*, where the plaintiff corporation asserted claims belonging to the assignee of a previously-dissolved related corporation.  Facing a motion to dismiss, the plaintiff sought to amend the original complaint to add the assignee corporation as a plaintiff. The court held that Rule 15 did not permit the plaintiff to add the new plaintiff because the plaintiff's error "was certainly within [plaintiff's] responsibility and ability to ascertain."  164 F.R.D. at 3.  The court denied the plaintiff's motion to amend and granted dismissal without leave to amend, holding that due to the plaintiff's mistake regarding the proper plaintiff, "justice would not be served if the plaintiffs were rewarded for their failures, oversights and misrepresentations by permitting an amendment of their pleadings where it is otherwise unwarranted by the rules."  *Id*.  The

court further stated that "[i]f the proposed 'new' plaintiffs believe they have rights to assert, they should institute a new action in their own names." *Id.*

Masimo does not even attempt to explain its decision to sue in its own name even though the undisputed evidence shows that the state law claims were assigned to other companies beginning in September 2008.  The record is equally clear that Shenzhen Mindray had every reason to believe that it was dealing with only "one" Masimo entity until Masimo's revelation at the April 24 hearing that its foreign operations were not parties to the litigation, and need not even preserve, much less produce, documents highly relevant to Shenzhen Mindray's defenses and counterclaims.  Masimo's admissions that Masimo SARL has disregarded its discovery obligations for the last 18 months makes plain that the documentary record in support of its state law claims has been hopelessly compromised.  (*See* Dkt. No. 180-1.)  Masimo's failure to provide an explanation for any of this, in combination with all that Masimo gained by suing in its own name, demonstrates that Masimo's choice to sue in its own name was tactical. *Lewis v. Russell*, No. 2:03-2646 WBS CKD, 2012 U.S. Dist. LEXIS 143453, at *17-18 (E.D. Cal. Oct. 2, 2012) ("Given the length of time the City knew of the facts to support its [amendment], the reason behind its delay in bringing the claim appears to be tactical. However, a tactical decision does not merit good cause.") (internal quotation marks and citations omitted).  To be sure, by failing to be a part of this litigation since it was filed in December 2012, Masimo SARL (and Masimo China and the list of other Masimo entities) have avoided complying with any of their discovery obligations, instead discarding documents relevant to Shenzhen Mindray's defenses and counterclaims.

In the similar context of Rule 17, courts routinely reject plaintiffs' attempts to add plaintiffs where the plaintiff has failed to allege an "honest and understandable mistake."  *See, e.g., Metal Forming Techs., Inc. v. Marsh & Mclennan Co.*, 224 F.R.D. 431, 437 (S.D. Ind. 2004) (holding that plaintiffs' decision to sue in their own names "was a strategic and tactical decision" "to make the plaintiffs more sympathetic to a jury" and that "such sleight of hand should not be rewarded."); *Lans*, 84 F. Supp. 2d at

120 (rejecting plaintiff's motion for leave to add proper plaintiff under Rule 17 where plaintiff knew identity of proper plaintiff and failed to "establish that when he brought [the] action in his own  name, he did so as the result of an honest and understandable mistake.").  Here, Masimo does not even attempt to explain its decision to sue in its own name, and does not even concede that it made a mistake.  But by misleading Shenzhen Mindray and this Court into believing that "Masimo" included its foreign appendages, Masimo was able to defraud this Court into finding jurisdiction for Masimo's patent infringement claims based on a venue provision of the Chinese Mindray Agreement that Masimo now concedes it assigned away to Masimo SARL. Masimo's tactics should not be rewarded.

The timing with which Masimo brings its Motion further suggests that its choice to sue in its own name was merely tactical.  Masimo waited until it got caught before seeking to add the proper party, and it states repeatedly that its purpose for bringing the Motion is to avoid dismissal for lack of standing.  Mot. at 1:16-19; 6:26-28; 7:19-22; 8:13-15; 11:25-27.  Indeed Masimo's only justification for now adding Masimo SARL is that the misleading nature of its FAC was exposed by its reckless disregard for its discovery obligations.  Where a party's motivation in bringing the motion to amend is to avoid a dispositive ruling, "its motive weighs against granting leave to amend." *Lewis*, 2012 U.S. Dist. LEXIS 143453, at *19, *citing Schlacter-Jones v. General Tel.*, 936 F.2d 435, 443 (9th Cir. 1991) (overruled on different grounds) ("A motion for leave to amend is not a vehicle to circumvent summary judgment").

This factor strongly favors Shenzhen Mindray.

## 2.    Shenzhen Mindray Will Suffer Undue Prejudice If Masimo's Motion Is Granted.

It is well-established in the Ninth Circuit that late amendments based on facts known to the plaintiff at the inception of the lawsuit impose undue prejudice upon the defendant, and denial is proper.  *See Velazquez*, 2009 U.S. Dist. LEXIS 88574, at *11; *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Late amendments to assert new

theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the action."); *EEOC v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988); *Logtale, Ltd. v. Ikor, Inc.*, No. C-11-05452(EDL), 2014 U.S. Dist. LEXIS 52054, at *11-12 (N.D. Cal. Apr. 14, 2014) (denying leave to amend where amendment arose from facts known to plaintiff prior to discovery, where plaintiff had previously amended its complaint, and where plaintiff had delayed three years in bringing motion to amend).

In its argument, Masimo relies on cases (such as *Jara*, *Abels*, and *DCD Programs*) permitting the addition of new defendants, but those cases are readily distinguishable.  The prejudice imposed on Shenzhen Mindray is substantially greater than that involved in any of Masimo's cited cases.  Shenzhen Mindray's ability to defend itself against Masimo SARL's claims will be severely harmed by this late addition.  If Masimo SARL were permitted to join the action, Shenzhen Mindray would be required to start from scratch on discovery it has taken to date.  Indeed, the complex web of transfers and contracts that Masimo produced for the first time in connection with its Opposition to Shenzhen Mindray's motion for judgment, details transfers between Masimo Caymans, Masimo Holdings, Masimo International Technology SARL and Masimo SARL (and still does not speak to the relationships between Masimo China and these entities!).  (Dkt. No. 205 at 5-8.)  If Masimo is permitted to continue to assert any of the state law claims (and it should not be), Shenzhen Mindray already will be required to divert its trial preparation efforts to untangle the relationships that Masimo has just revealed.  Moreover, it would be futile to add Masimo SARL because the record makes clear that Masimo SARL has failed to preserve, much less collect or produce, documents.  *See Velazquez*, 2009 U.S. Dist. LEXIS 88574, at *10-11 (holding that substitution of plaintiff would unduly prejudice defendant by  "start[ing] anew" the litigation and require defendants "re-do all of the discovery they already did as to [plaintiff]").  And given Masimo's delay, by the time this Court even rules on Masimo's motion on June 30, 2014, the date for service of fact

OPPOSITION TO MASIMO'S MOTION TO AMEND
Case No. SACV12-02206 CJC (JPRx)

4840-8636-2139.2

discovery will have passed (even if Shenzhen Mindray still had any interrogatories or unallocated depositions, which it does not).  Further, as explained above, Shenzhen Mindray already has more than enough Masimo witnesses it needs to depose prior to close of discovery on July 25 (for which Shenzhen Mindray is still awaiting meaningful document productions) without Masimo SARL now entering the case at the 11th Hour.

At the same time, denying Masimo's motion works no prejudice on Masimo.  As Masimo does not have rights in the state law claims, it loses nothing if this motion is denied.  If Masimo does have standing, it suffers nothing from proceeding on the pleadings as they stand.  Further, denying Masimo's motion works no prejudice on Masimo SARL.  As explained in Shenzhen Mindray's motion for judgment, if Masimo SARL believes it has a cognizable claim against Shenzhen Mindray, it can file its own litigation in the proper forum.  Such a new filing would not allow Masimo SARL to improperly gain the benefit of Masimo's December 2012 filing date of this litigation as well as the applicable damages period in light of that filing date.  Allowing Masimo SARL to reach back four years prior to December 2012 for any alleged damages under the alleged breach of contract is highly prejudicial to Shenzhen Mindray, especially since in light of Shenzhen Mindray's pending motion for judgment, Masimo itself is entitled to no damages given its lack of standing.

This factor strongly favors Shenzhen Mindray.

### 3.   Masimo Unreasonably Delayed Eighteen Months In Seeking Leave To Amend.

In evaluating delay, courts "do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order.  Rather, in evaluating undue delay, we also inquire 'whether the party knew or should have known the facts and the theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 456 F.3d 946, 953 (9th Cir. 2005) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking leave to amend is unreasonable.").  Delay weighs more heavily against

leave to amend particularly where no reason is given for the delay.  *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming denial of leave where movant failed to explain delay in seeking leave based on information previously known and based request solely on claim of no prejudice to other party).  Here, Masimo's refrain is that the reason for its delay is to avoid dismissal for lack of standing.  Mot. at 1:16-19; 6:26-28; 7:19-22; 8:13-15; 11:25-27.  But as explained above, this excuse weighs against granting leave to amend.  *Lewis*, 2012 U.S. Dist. LEXIS 143453, at *19.

Granting Masimo's motion would also "cause [] undue delay in discovery or trial proceedings."  *Jara v. Aurora Loan Servs.*, No. CV 11-00419 LB, 2011 WL 4536808, at *3 n. 2 (N.D. Cal. Sept. 30, 2011).  Without drastic changes to the upcoming fact discovery deadline and the trial date, Shenzhen Mindray would effectively be prevented from taking any discovery from Masimo SARL to defend against its claims in the proposed SAC.  Not only would granting Masimo's motion at this late hour require Shenzhen Mindray to re-do all of the discovery it has already served on Masimo and serve similar discovery on Masimo SARL, it also would require Shenzhen Mindray to expend additional resources and time to taking discovery on new issues, including the web of transfers between the different Masimo-related entities, discussed *supra*.[1]

This factor strongly favors Shenzhen Mindray.

### 4.    Masimo's Proposed Amendment Is Futile

Shenzhen Mindray's briefing in support of its motion for judgment establishes that Masimo does not have standing to bring its state law claims and cannot correct its standing issue by bringing another plaintiff into this case.

---

[1] Shenzhen Mindray has already allocated its planned depositions, awaiting only for meaningful document productions from Masimo before noticing those depositions. Were Masimo SARL to be added to this case (and it should not be), Shenzhen Mindray would need at least ten additional depositions, a further twenty-five interrogatories, and at least an additional eight months of discovery in which to unravel Masimo SARL's involvement and alleged damages claims.  (Gray Decl. ¶ 5.)

Further, Masimo asserts that Masimo SARL does not have contractual rights for acts in the United States, which deprives Masimo SARL of the ability to join in this litigation.  Even if there were a U.S. component to the Chinese Mindray Agreement, which Masimo has not alleged, any breach in the U.S. would not implicate the rights of Masimo SARL, and any breach of the Chinese Mindray Agreement outside of the U.S. would implicate only Masimo SARL's rights.  Thus, the cause of action for Masimo and, separately, for Masimo SARL, necessarily cannot "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences[.]"  *See* Fed. R. Civ. P. 20(a)(1)(A).  And there is even less overlap between Masimo's patent infringement claims purportedly arising *in the U.S.* and Masimo SARL's putative breach of contract claim based on conduct *outside the U.S.*  *See Padron v. OneWest Bank*, No. 2:14-cv-01340-ODW(Ex), 2014 U.S. Dist. LEXIS 47947, at *9 (C.D. Cal. Apr. 7, 2014) ("Joining such diverse and varied claims would also severely prejudice Defendants and work a disservice to the Court, thereby further compelling the conclusion that Plaintiffs may not proceed together in one action.").

Masimo problem is of its own making.  If this Court correctly concludes that Masimo does not have standing to bring its state law claims, then Masimo cannot correct this defect through its proposed amendment.  If, conversely, this Court determines that Masimo does indeed have standing to bring its state law claims (which it does not), then there is absolutely no need for Masimo SARL to be added to this case at this late hour in order to "obtain full relief for Shenzhen Mindray's conduct" as Masimo contends.[2]  *Evenchik*, 2013 U.S. Dist. LEXIS 74004, at *5.  Further, if the underlying purpose of Masimo's proposed amendment is merely a "litigation position"

---

[2] This Court should not give Masimo's attorneys a free pass in bringing suit on behalf of the wrong entity or for deliberately misleading this Court and Shenzhen Mindray regarding who was "Masimo" in the FAC until Shenzhen Mindray ferreted out that Masimo did not include its foreign operations.

as Masimo contends, then the proposed amendment is not required in order to "obtain full relief."

Masimo's proposed amendment is also futile because it will be subject to a successful Rule 12(b)(6) motion by Shenzhen Mindray.  Masimo alleges in its SAC that it is a party to Amendments 3 through 7 to the Original Agreement.  (*See, e.g.*, SAC ¶¶ 46, 48, 50, 52, 53.)  But now, as explained in Shenzhen Mindray's motion for judgment and reply brief thereto, it is clear that this allegation is demonstrably false.  (*See, e.g.*, Dkt. No. 205 at 5-8.)  As Masimo expressly references and relies on both the Original Agreements and all the amendments thereto in its SAC, this Court can consider those documents, and the fact that they contradict the allegations in the SAC, on a Rule 12(b)(6) motion.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the Complaint.").  And a proposed amendment is futile if it would be subject to a dismissal pursuant to Rule 12(b)(6).  *See, e.g., Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (a proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense"); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

This factor strongly favors Shenzhen Mindray.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

OPPOSITION TO MASIMO'S MOTION TO AMEND
Case No. SACV12-02206 CJC (JPRx)

4840-8636-2139.2

## IV.     <u>CONCLUSION</u>

In light of the foregoing, Shenzhen Mindray respectfully requests this Court deny Masimo's motion to amend.

DATED:  June 9, 2014                           Respectfully submitted,

FOLEY & LARDNER LLP


*/s/ Justin E. Gray*
Nicola A. Pisano (CA Bar No. 151282)
    npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
    jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
    semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
    jegray@foley.com
Christopher C. Bolten (CA Bar No. 268284)
    cbolten@foley.com

Attorneys for Defendant, Counter-Plaintiff
and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL
ELECTRONICS CO., LTD.

4840-8636-2139.2

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on June 9, 2014.                    FOLEY & LARDNER LLP


                                             /s/ Justin E. Gray
                                             Justin E. Gray (CA Bar No. 282452)
                                                jegray@foley.com

                                             Attorneys for Defendant, Counter-Plaintiff
                                             and Counter Counter-Defendant
                                             SHENZHEN MINDRAY BIO-MEDICAL
                                             ELECTRONICS CO., LTD.

4840-8636-2139.2