Joseph R. Re (SBN 134,479)
Joe.Re@knobbe.com
Stephen C. Jensen (SBN 149,894)
Steve.Jensen@knobbe.com
Jon W. Gurka (SBN 187,964)
Jon.Gurka@knobbe.com
Stephen W. Larson (SBN 240,844)
Stephen.Larson@ knobbe.com
Nicholas A. Belair (SBN 295,380)
Nick.Belair@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax:    (949) 760-9502

Attorneys for Plaintiff
MASIMO CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION a Delaware corporation, | Civil Action No. SACV12-02206 CJC (JPRx) |
| Plaintiff, | **MASIMO CORPORATION'S REPLY TO SHENZHEN MINDRAY'S OPPOSITION TO MASIMO'S MOTION FOR LEAVE TO AMEND MASIMO'S FIRST AMENDED COMPLAINT** |
| v. | |
| SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China | |
| Defendant. | Date:   June 30, 2014 Time:  1:30 p.m. Crtm:  9B |
| AND RELATED COUNTERCLAIMS | Hon. Cormac J. Carney |

# <u>TABLE OF CONTENTS</u>

**Page No.**

I.     INTRODUCTION ........................................................................................1

II.    ARGUMENT ...............................................................................................2

    A.    This Court Has Jurisdiction To Adjudicate Masimo's Motion To Amend..................................................................................2

        1.    Masimo Has Standing To Assert Its Contract-Related Claims......................................................................2

        2.    This Court Has Jurisdiction To Add Masimo SARL .........................................................................................4

    B.    The Court Should Grant Masimo's Motion To Amend ...................6

        1.    Shenzhen Mindray Has Identified No Evidence Of Bad Faith.......................................................................6

        2.    Shenzhen Mindray Fails To Establish Undue Prejudice ..................................................................9

        3.    Masimo Has Not Delayed In Seeking Leave To Amend....................................................................12

        4.    The Proposed Amendment Is Not Futile .............................13

III.    CONCLUSION .........................................................................................16

# TABLE OF AUTHORITIES

**Page No(s).**

*Almeida v. Google, Inc.,*
   2009 U.S. Dist. LEXIS 110780 (N.D. Cal. Nov. 13, 2009).......................5

*Automated Info. Processing, Inc. v. Genesis Grp. Inc.,*
   164 F.R.D. 1 (E.D.N.Y. 1995) ..............................................................5, 7

*Avila v. I.N.S.,*
   731 F.2d 616 (9th Cir. 1984)................................................................. 12

*Block v. eBay, Inc.,*
   747 F.3d 1135 (9th Cir. 2014)..................................................................3

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,*
   583 F.3d 832 (Fed. Cir. 2010).................................................................3

*Chanthavong v. Astrue,*
   No. 1:09–cv–1561 SKO, 2011 WL 6751930
   (E.D. Cal. Dec. 23, 2011) ...................................................................... 15

*Davis Wine Co. v. Vina Y Bodega Estampa, S.A.,*
   823 F. Supp. 2d 1159 (D. Or. 2011)...................................................... 11

*DCD Programs, Ltd. v. Leighton,*
   833 F.2d 183 (9th Cir. 1987) ...................................................................9

*E.E.O.C. v. Boeing Co.,*
   843 F.2d 1213 (9th Cir. 1988)..................................................................9

*Eminence Capital, LLC v. Aspeon, Inc.,*
   316 F.3d 1048 (9th Cir. 2003)............................................................... 12

*Evenchik v. Avis Rent A Car Sys., LLC,*
   No. 12-cv-00061 BEN (DHB), 2013 U.S. Dist. LEXIS 74004
   (S.D. Cal. May 24, 2013) ...............................................................4, 5, 14

*In re Flash Memory Antitrust Litig.,*
   No. C 07-0086 SBA, 2010 U.S. Dist. LEXIS 66466
   (N.D. Cal. June 10, 2010)........................................................................4

*Griggs v. Pace Am. Grp., Inc.,*
   170 F.3d 877 (9th Cir. 1999).................................................................. 15

*Jara v. Aurora Loan Servs.,*
   No. CV 11-00419-LB, 2011 WL 4536898
   (N.D. Cal. Sept. 30, 2011).......................................................................8

*Johnson v. Mammoth Recreations, Inc.,*
   975 F.2d 604 (9th Cir. 1992)....................................................................8

## <u>TABLE OF AUTHORITIES</u>
### (*cont'd*)

Page No(s).

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) ...................................................... 4

*Lans v. Gateway 2000, Inc.*,
   84 F. Supp. 2d 112 (D.D.C. 1999), *aff'd*, 252 F.3d 1320
   (Fed. Cir. 2001) ............................................................................... 9

*Lewis v. Russell*,
   No. 2:03-2646 WBS CKD, 2012 U.S. Dist. LEXIS 143453
   (E.D. Cal. Oct. 2, 2012) ............................................................... 7, 8

*Lockheed Martin v. v. Network Solutions, Inc.*,
   194 F.3d 980 (9th Cir. 1999) ........................................................ 13

*Logtale, Ltd. v. Ikor, Inc.*,
   No. C-11-05452 (EDL), 2014 U.S. Dist. LEXIS 52054
   (N.D. Cal. Apr. 14, 2014) ......................................................... 10, 11

*Metal Forming Techs., Inc. v. Marsh & McLennan Co.*,
   224 F.R.D. 431 (S.D. Ind. 2004) ..................................................... 9

*Neal v. Naturalcare, Inc.*,
   No. EDCV 12-0531-DOC, 2014 U.S. Dist. LEXIS 11835
   (C.D. Cal. Jan. 30, 2014) ................................................................ 5

*Pressroom Unions-Printers League Income Sec. Fund v. Continental
   Assurance Co.*,
   700 F.2d 889 (2d Cir. 1983) ............................................................ 5

*Randhawa v. Skylux Inc.*,
   No. 2:09-CV-02304 WBS DAD, 2012 WL 5349403
   (E.D. Cal. Oct 26, 2012) ................................................................. 3

*Sweaney v. Ada Cnty.*,
   119 F.3d 1385 (9th Cir. 1997) ....................................................... 15

*Thome v. U.S. Food & Drug Admin.*,
   No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985
   (N.D. Cal. July 27, 2011) ................................................................ 4

*Velazquez v. GMAC Mortg. Corp.*,
   No. 08-05444 DDP, 2009 U.S. Dist. LEXIS 88574
   (C.D. Cal. Sept. 10, 2009) ...................................................... 5, 9, 11

### OTHER AUTHORITIES

28 U.S.C. § 1338 ................................................................................. 8

Cal. Civ. Code § 1636 ........................................................................ 3

- iii -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>
### (*cont'd*)

**Page No(s).**

Fed. R. Civ. P. 12.................................................................................15

Fed. R. Civ. P. 15...........................................................................*passim*

Fed. R. Civ. P. 16...................................................................................8

Fed. R. Civ. P. 17...................................................................................9

Fed. R. Civ. P. 20...........................................................................13, 14

Restatement (Second) of Contracts § 298 (1981) .................................4

# I. <u>INTRODUCTION</u>

Shenzhen Mindray's Opposition arguments are unsupported and unpersuasive. Indeed, Shenzhen Mindray relies heavily on an allegation that Masimo SARL has engaged in spoliation. But this Court already ***rejected*** that argument, holding that "Defendant has not shown that Plaintiff failed to preserve, collect, or produce any relevant document or that it spoliated any relevant evidence." (D.I. 223.)

Shenzhen Mindray's other "bad faith" arguments are similarly unsupported. Shenzhen Mindray alleges that Masimo knew that Masimo SARL, and not Masimo, was a party to the Agreement and hid this from Shenzhen Mindray. In reality, Masimo has always believed and continues to believe that it is a party to the Agreement, and Masimo disclosed Masimo SARL's role in international sales to Shenzhen Mindray. Masimo hid nothing from Shenzhen Mindray.

Shenzhen Mindray alleges that Masimo timed the filing of its present Motion to prejudice Shenzhen Mindray. In reality, Masimo filed its Motion in direct response to Shenzhen Mindray's new position that Masimo SARL, and not Masimo, is a party to the Agreement and was harmed by Shenzhen Mindray's conduct. Masimo would have sought to add Masimo SARL earlier if Shenzhen Mindray had disclosed its position at the outset of this lawsuit. Instead, Shenzhen Mindray admitted in its Answer that Masimo is a party to the Agreement, asserted Counterclaims on this basis, and even filed motions and sworn declarations confirming this position.

Shenzhen Mindray claims that adding Masimo SARL will disrupt discovery and trial. But the parties are still over a month away from the end of discovery and almost six months away from trial. Shenzhen Mindray fails to explain why extensive discovery is necessary to address the addition of Masimo SARL, a small Masimo subsidiary responsible for processing international

orders of Masimo products.  Regardless, Masimo can facilitate discovery as necessary to cure any purported prejudice without disrupting the discovery or trial schedule.  For these reasons, and the reasons discussed below, each of the four factors governing Masimo's Motion weighs in favor of granting Masimo leave to add Masimo SARL.  The Court should grant Masimo's Motion.

## II.  ARGUMENT

### A.  This Court Has Jurisdiction To Adjudicate Masimo's Motion To Amend

Shenzhen Mindray initially argues that this Court lacks jurisdiction to grant Masimo's Motion to Amend because Masimo does not have standing and cannot cure any lack of standing by amending its claims.  Shenzhen Mindray is incorrect on both counts.

#### 1.  Masimo Has Standing To Assert Its Contract-Related Claims

As Masimo explained in its Opposition to Shenzhen Mindray's Motion for Judgment on the Pleadings (D.I. 212 at 9-16), Masimo has standing to assert its contract-related claims.  Indeed, in its present Opposition, Shenzhen Mindray appears to concede that Masimo has been injured under the relevant Agreement, but now argues that the damages are "orders of magnitude lower than would be the case" if Masimo had not purportedly transferred rights to Masimo SARL. (D.I. 222 at 8.)  That Masimo's damages are purportedly small, however, does not demonstrate that Masimo lacks standing.  If anything, Shenzhen Mindray's present arguments regarding Masimo's "low" damages demonstrate why Masimo seeks to add Masimo SARL to ensure that it obtains full relief.

Shenzhen Mindray claims that Masimo assigned away its rights in the Agreement.  As Shenzhen Mindray has acknowledged, however, Masimo had to obtain written consent from Shenzhen Mindray prior to any assignment of the Agreement.  (D.I. 185-1 at 6-7 & n.2.)  Shenzhen Mindray does not dispute that no such consent was ever granted.  (*Id.*)

To the contrary, Shenzhen Mindray signed a letter acknowledging that Masimo's transfer of certain responsibilities to Masimo SARL was "***not*** intended to minimize or eliminate Masimo's obligations under our current agreement(s)." (D.I. 213, Ex. 4 at SZ0058338 (emphasis added).) Then, Masimo continued to sign all of the amendments. (D.I. 32, Ex. 1 at 1-43.) *See Randhawa v. Skylux Inc.*, No. 2:09-CV-02304 WBS DAD, 2012 WL 5349403, at *1 (E.D. Cal. Oct 26, 2012) (the contract "is signed by an agent of Randhawa" and thus "Radhawa has standing to bring the [breach of contract] claim").

Masimo also continued to negotiate all of the contract amendments with Shenzhen Mindray, and Shenzhen Mindray even asked Masimo to sign the amendments, further showing that the parties intended that Masimo remain a party to the Agreement. (D.I. 200-3, Ex. 8; D.I. 200-1 at ¶ 3.) Indeed, Masimo even audited Shenzhen Mindray under Section 7.7 of the Mindray Agreement. (D.I. 200-9.) *See Block v. eBay, Inc.*, 747 F.3d 1135, 1138 (9th Cir. 2014) (citing Cal. Civ. Code § 1636) ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.")

Shenzhen Mindray has pointed to Section 2.5 of the Buy-In License Agreement, but in that provision, Masimo merely "agree[d] to transfer" to Masimo Cayman (not Masimo SARL) unnamed preexisting customer contracts. Shenzhen Mindray never explains how this provision resulted in Masimo SARL acquiring the rights to the Shenzhen Mindray Agreement. Indeed, Section 2.5 is not an immediate assignment of any rights, but rather an agreement to transfer rights in the future. *See, e.g., Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841, (Fed. Cir. 2010) ("agree to assign" reflects a mere promise to assign rights in the future, not an immediate transfer). As Masimo has shown, no such assignment ever took place. Indeed,

1   any such assignment would have been ineffective absent Shenzhen Mindray's

2   written consent, which was indisputably never provided.

3        Moreover, as Masimo has explained, at most, Masimo transferred certain

4   rights for transactions outside the United States.  But Masimo's contract claims

5   are not limited to transactions outside the United States.   (D.I. 222 at 19

6   (discussing a U.S. component to the agreements); *see* D.I. 69 at ¶¶ 40, 105

7   ("Outside China, Mindray will make best efforts to make Masimo SET its

8   primary and default SpO2 product offering.").)   Thus, at most, Masimo and

9   Masimo SARL may be joint obligees under the Agreement.  That, however,

10  does not defeat Masimo's standing.   *See, e.g.,* Restatement (Second) of

11  Contracts § 298 (1981) ("[A]ny joint obligee unless limited by agreement may

12  sue in the name of all the joint obligees for the enforcement of the promise by a

13  money judgment").

14       **2.**    **<u>This Court Has Jurisdiction To Add Masimo SARL</u>**

15       Even if Masimo did not have standing to assert its contract-related claims,

16  which it does, this Court still would have jurisdiction to permit Masimo to cure

17  any lack of standing.  Indeed, Shenzhen Mindray does not dispute that Masimo

18  has standing to assert its patent claims.

19       Shenzhen Mindray repeatedly cites cases where the plaintiff had no

20  standing as to ***any*** claims when the plaintiff sought to cure standing.   *See*

21  *Evenchik  v. Avis Rent A Car Sys., LLC*, No. 12-cv-00061 BEN (DHB), 2013

22  U.S. Dist. LEXIS 74004, at *2 (S.D. Cal. May 24, 2013) (no standing because

23  plaintiff was not a member of discriminated class); *Thome v. U.S. Food & Drug*

24  *Admin.*, No. C 11-00676 PSG, 2011 U.S. Dist. LEXIS 81985, at *5 (N.D. Cal.

25  July 27, 2011) (no standing to sue under the Freedom of Information Act); *Lans*

26  *v. Digital Equip. Corp.*, 252 F.3d 1320, 1325 (Fed. Cir. 2001) (plaintiff lacked

27  standing for not owning the asserted patent); *In re Flash Memory Antitrust*

28  *Litig.*, No. C 07-0086 SBA, 2010 U.S. Dist. LEXIS 66466, at *28-29 (N.D. Cal.

June 10, 2010) (no jurisdiction because class representative never purchased an accused product); *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (Congress did not create jurisdiction for pension plan under the ERISA); *Neal v. Naturalcare, Inc.*, No. EDCV 12-0531-DOC (OPx), 2014 U.S. Dist. LEXIS 11835, at *9-13 (C.D. Cal. Jan. 30, 2014) (plaintiff initially had standing but filed for bankruptcy, which eliminated standing for amendment); *Almeida v. Google, Inc.*, 2009 U.S. Dist. LEXIS 110780, at *4, *9-10 (N.D. Cal. Nov. 13, 2009) (no standing based on available evidence but the court ***allowed*** plaintiff to renew his motion for leave to amend after submitting new evidence); *Automated Info. Processing, Inc. v. Genesis Grp. Inc.*, 164 F.R.D. 1, 4 (E.D.N.Y. 1995) (plaintiff-corporation had been dissolved long before the lawsuit started); *Velazquez v. GMAC Mortg. Corp.*, No. 08-05444 DDP, 2009 U.S. Dist. LEXIS 88574, at *12 (C.D. Cal. Sept. 10, 2009) (plaintiffs elected to withdraw, and the court concluded the new plaintiffs would bring an "entirely new action against new defendants"). Unlike Shenzhen Mindray's cases, this Court has jurisdiction over Masimo at least based on its patent claims. Thus, the Court has jurisdiction to decide Masimo's present Motion.

Shenzhen Mindray cites *Evenchik* to argue that Masimo's Motion is meaningless because, if Masimo does not have standing, Masimo cannot cure such standing by amending, and if Masimo does have standing, there is no reason to add Masimo SARL. (D.I. 222 at 11-12.) But Shenzhen Mindray is wrong on both counts. This Court has jurisdiction to hear Masimo's Motion, even if Masimo does not have standing as to its contract-related claims. And, although Masimo does have standing, Masimo seeks to add Masimo SARL to respond to Shenzhen Mindray's new position that Masimo's damages are limited in view of Masimo SARL's role in international sales. Thus, Masimo's

/ / /

Motion is not meaningless, and this Court should resolve Masimo's Motion on the merits.[1]

**B.    The Court Should Grant Masimo's Motion To Amend**

**1.    Shenzhen Mindray Has Identified No Evidence Of Bad Faith**

Shenzhen Mindray's allegations of bad faith are unsupported and baseless. First, Shenzhen Mindray accuses Masimo of acting with bad faith because Masimo only recently revealed "who was a party" to the lawsuit. (*Id*. at 1, 13.) But Shenzhen Mindray, represented by sophisticated outside counsel, cannot credibly argue that it did not understand what entities were parties to the lawsuit. Shenzhen Mindray claims that the present issue came to a head when Masimo purportedly refused to provide discovery from Masimo SARL.  But Masimo never refused to provide discovery from Masimo SARL.  To the contrary, Masimo agreed to provide discovery from Masimo SARL as though it were a party to the lawsuit. (*See, e.g.,* D.I. 200-10, Ex. 7 at 75:10-20.)

Second, Shenzhen Mindray argues that Masimo engaged in deception regarding the relationships among the Masimo entities, contending that Shenzhen Mindray had no "access to the complex web of transactions leading to the assignment of the Chinese Mindray Agreement from Masimo, through several intermediaries." (D.I. 222 at 13.)  But the agreements among Masimo, Masimo Cayman, and Masimo International Technology SARL are included in Masimo's ***annual report*** as public records. (D.I. 200-4.)  Moreover, Masimo produced the same annual report in March, before Shenzhen Mindray's allegations even surfaced.  (*Id*.)   Shenzhen Mindray even signed a letter acknowledging its understanding of Masimo SARL's role and that this did not

---

[1] Shenzhen Mindray briefly argues that because Masimo SARL has not moved to intervene or join this case, Masimo SARL's interest cannot be heard by this Court.  (D.I. 222 at 12.)  But Shenzhen Mindray provides no authority for this argument.  Regardless, Masimo's counsel represent both Masimo and Masimo SARL and have authority to file an amended complaint adding Masimo SARL to this lawsuit.  (D.I. 200-13.)

eliminate or minimize Masimo's status as a party to the Agreement.  (D.I. 213, Ex. 4.)  The version Masimo relied on in its Opposition to Shenzhen Mindray's Motion for Judgment on the Pleadings had been previously produced by **Shenzhen Mindray**.  (*Id.* at SZ0058338.)

Third, Shenzhen Mindray accuses Masimo of bad faith because Masimo SARL and Masimo China purportedly spoliated evidence.  (D.I. 222 at 13.)  As this Court already held, however, "Defendant has not shown that Plaintiff failed to preserve, collect, or produce any relevant document or that it spoliated any relevant evidence."  (D.I. 223.)  In reality, Masimo has preserved, collected and produced thousands of documents related to Masimo SARL.  (D.I. 203-1 at 8-9.)  And, Masimo is continuing to collect relevant documents from Masimo SARL.

Shenzhen Mindray cites *Automated Info. Processing* to support its position.  (D.I. 222 at 13-14.)  But in that case, the plaintiff corporation had been dissolved years before the lawsuit began, making the amendment impossible.  *Automated Info. Processing*, 164 F.R.D. at 4.  The court concluded justice would not be served by rewarding the non-existent plaintiff for its failures.  *Id.* at 3.  Here, Masimo is not attempting to essentially refile a case after previously asserting claims on behalf of a non-existent corporation.  Masimo still exists, and indeed, Masimo signed each of the amendments to the Agreement.

Shenzhen Mindray also cites *Lewis*.  (D.I. 222 at 13-14.)  But in that case, the plaintiff's decision to delay seeking an amendment was "tactical."  *Lewis v. Russell*, No. 2:03-2646 WBS CKD, 2012 U.S. Dist. LEXIS 143453, at *12 (E.D. Cal. Oct. 2, 2012).  Here, Masimo did not delay bringing its Motion as a tactic or to prejudice Shenzhen Mindray.  Instead, Masimo brings its Motion in direct response to Shenzhen Mindray's new argument that Masimo SARL, and not

/ / /

1  Masimo, is a party to the Agreement and was harmed by Shenzhen Mindray's
2  conduct.

3      Moreover, the party in *Lewis* sought leave to amend outside of the
4  Court's deadlines, and under Rule 16(b)'s "good cause" standard. *Id*.  Here,
5  Masimo brings its Motion within the Court's deadline to amend pleadings and
6  under Rule 15(a).  The Ninth Circuit has distinguished Rule 16 from Rule 15,
7  holding that "[a] court's evaluation of good cause [under Rule 16(b)] is not
8  coextensive with an inquiry into the propriety of the amendment under Rule
9  15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)
10 (Rule 15 also does not consider the diligence of the party seeking the
11 amendment).

12     Fourth, Shenzhen Mindray accuses Masimo of "defrauding this Court into
13 finding jurisdiction for Masimo's patent infringement claims based on a venue
14 provision of the Chinese Mindray Agreements. . . ."  (D.I. 222 at 15.)  But this
15 Court has jurisdiction for Masimo's patent claims under 28 U.S.C. § 1338(a).
16 Indeed, Shenzhen Mindray provides no argument to the contrary.   And,
17 Shenzhen Mindray cites nothing to support its allegation that Masimo
18 "defraud[ed] this court."  (D.I. 222 at 15.)  *See Jara v. Aurora Loan Servs.*, No.
19 CV 11-00419-LB, 2011 WL 4536898, at *2 (N.D. Cal. Sept. 30, 2011) (without
20 evidence, a claim of bad faith is speculative).

21     Fifth, Shenzhen Mindray argues that the timing of Masimo's Motion
22 suggests it "waited until it got caught" before seeking to amend.  (D.I. 222 at
23 15.)  But Shenzhen Mindray does not dispute that both parties, for over a decade
24 prior to the lawsuit, and even a year into this lawsuit, understood that Masimo
25 was a party to the Agreement.   That Shenzhen Mindray's counsel chose to
26 pursue a new litigation-induced position hardly demonstrates bad faith by
27 Masimo.  Moreover, Shenzhen Mindray again relies on *Lewis*' Rule 16 "good
28 cause" standard, which is inapplicable here.

- 8 -

Shenzhen Mindray's Rule 17 arguments are similarly inapposite. Masimo is not seeking substitution of an alleged real party in interest. While Masimo SARL was added as a party to the Agreement, Masimo still remained a party with real interests in the Agreement. Thus, Shenzhen Mindray's Rule 17 case law regarding real parties in interest is inapplicable. *See Metal Forming Techs., Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, 437 (S.D. Ind. 2004) (denying request to substitute plaintiff with real party in interest under Rule 17); *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999) (same), *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001).

## 2.    Shenzhen Mindray Fails To Establish Undue Prejudice

Shenzhen Mindray fails to satisfy its burden of showing it would suffer incurable prejudice if the Court grants Masimo leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (the party opposing a motion to amend bears the burden of showing prejudice). Shenzhen Mindray argues that it will be prejudiced by Masimo's assertion of a new theory late in this case. (D.I. 222 at 15-16.) But it was Shenzhen Mindray that first injected Masimo SARL late into this case despite being well aware of Masimo SARL's role in the parties' transactions, and after taking the position in its own pleadings and declarations filed with this Court that Masimo is a party to this lawsuit. (*See, e.g.*, D.I. 144 at ¶ 330; D.I. 59 at 11.) That Masimo now seeks to respond to a new theory by Shenzhen Mindray does not establish undue prejudice to Shenzhen Mindray.

None of Shenzhen Mindray's cases addresses facts similar to this case. *See Velazquez v. GMAC Mortg. Corp.*, No. 08-05444 DDP, 2009 U.S. Dist. LEXIS 88574, at *11 (C.D. Cal. Sept. 10, 2009) (plaintiff had no basis for its claims and sought to be substituted by a new set of plaintiffs and defendants); *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (The EEOC's claim that it learned of a new legal theory during the litigation was not

1   convincing and amendment for clarification was not necessary); *Logtale, Ltd. v.*

2   *Ikor, Inc.*, No. C-11-05452 (EDL), 2014 U.S. Dist. LEXIS 52054, at *13-14

3   (N.D. Cal. Apr. 14, 2014) (adding seven new defendants based on new

4   allegations constituted prejudice because new defendants were not prepared to

5   participate in the complicated litigation).

6       Shenzhen Mindray argues that it will be prejudiced because, if Masimo

7   SARL is added, Shenzhen Mindray will have to start discovery from scratch.

8   (D.I. 222 at 16.)  But Masimo SARL is primarily responsible for handling tasks

9   related to sales and deliveries outside the United States.  Masimo SARL was not

10  involved in, for example, the contract negotiations and communications with

11  Shenzhen Mindray.  Thus, adding Masimo SARL as a party will hardly require

12  the parties to restart discovery.   Indeed, Masimo already has produced over a

13  thousand Masimo SARL invoices and shipment records.   And, Masimo and

14  Masimo SARL are continuing to collect additional relevant documents.  There

15  is no need to "re-do discovery" as Shenzhen Mindray argues.

16      Shenzhen Mindray claims that it will need discovery regarding "the

17  complex web of transfers and contracts" among Masimo's subsidiaries who are

18  not parties to the Mindray Agreement.  (*Id.*)  But Shenzhen Mindray does not

19  explain why such discovery is necessary or what such discovery will supposedly

20  reveal.  Masimo produced agreements showing the relationships of various non-

21  party subsidiaries, which are also in Masimo's public filings, as early as March,

22  before any standing allegation surfaced.  (D.I. 200-4.)

23      Remarkably, Shenzhen Mindray claims it will need "an additional eight

24  months of discovery," including "ten more depositions." (D.I. 222 at 18.)

25  Shenzhen Mindray fails to explain why it needs such discovery, including *twice*

26  the original number of depositions in this case, merely to address Masimo

27  SARL's role in this dispute.  As discussed above, Masimo SARL's role is

28  primarily directed to processing international sales orders on behalf of Masimo.

- 10 -

Shenzhen Mindray does not explain with any specificity why it needs eight months and ten additional depositions from Masimo SARL.  (*Id.*)  Indeed, ten more depositions would constitute nearly a quarter of all the employees of Masimo SARL.

Shenzhen Mindray also claims that by the time this Court rules on Masimo's Motion, "the date for service of fact discovery will have passed." (D.I. 222 at 16-17.)  But fact discovery does not close until the end of July, and Shenzhen Mindray is free to take fact discovery regarding Masimo SARL.  To date, Shenzhen Mindray has only taken *one* deposition and has served no other deposition notices.  If Shenzhen Mindray were to serve deposition notices, Masimo SARL would make witnesses from its small team in Switzerland available for depositions.    Shenzhen Mindray can also serve additional document requests specifically directed to Masimo SARL.

Citing *Velazquez*, Shenzhen Mindray argues that it would be futile to add Masimo SARL because "the record makes clear that Masimo SARL has failed to preserve, much less collect or produce, documents."  (D.I. 222 at 16.)  As discussed above, Shenzhen Mindray's spoliation allegations are baseless. Moreover, Masimo does not seek to withdraw and be replaced by a completely new set of plaintiffs asserting new claims against new defendants, as in *Velazquez*, 2009 U.S. Dist. LEXIS 88574, at *10-11.

Shenzhen Mindray also argues that it will be prejudiced by Masimo SARL being permitted to pursue damages as of the original filing date. (D.I. 222 at 17.)  But Shenzhen Mindray does not show that any such purported prejudice would be *undue* prejudice.  Courts have held that a newly added plaintiff's claims relate back to the original filing date under Rule 15(c) where, as here, the newly added plaintiff's claims are closely related to the claims of the original plaintiff, and there is an identity of interests between the plaintiffs. *See, e.g., Davis Wine Co. v. Vina Y Bodega Estampa, S.A.*, 823 F. Supp. 2d

1159, 1178 (D. Or. 2011) (adding a co-plaintiff company related to the original plaintiff-partnership); *Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984) (parent and child).  That Masimo SARL is entitled to Masimo's filing date under Rule 15(c) does not establish undue prejudice to Shenzhen Mindray.  Regardless, the issue of whether Masimo SARL's claims relate back to Masimo's filing date under Rule 15(c) does not alter the Court's analysis on Masimo's Motion under Rule 15(a).

Shenzhen Mindray has failed to prove that it will be prejudiced.  Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis added).  Therefore, a presumption exists that Masimo's Motion should be granted, and Shenzhen Mindray has failed to rebut that presumption.

### 3.   Masimo Has Not Delayed In Seeking Leave To Amend

Shenzhen Mindray argues that unreasonable delay is established because Masimo has purportedly not explained the timing of its Motion.  As Masimo has explained, however, Masimo brings its present Motion in direct response to Shenzhen Mindray's new argument that Masimo SARL, and not Masimo, is a party to the Agreement and was harmed by Shenzhen Mindray's conduct.

Masimo can hardly be faulted for the timing of its Motion.  Shenzhen Mindray admitted that Masimo is a party to the Agreement in its Answer; Shenzhen Mindray asserted Counterclaims on this basis; and Shenzhen Mindray even submitted multiple sworn declarations confirming this position.  (*See*, *e.g.*, D.I. 144 at ¶ 330 (alleging Masimo "[p]ressured Shenzhen Mindray to extend and/or modify its operative contract with Masimo," including "in 2011"); D.I. 59 at 11 (Shenzhen Mindray obtained partial judgment on the pleadings on the ground that "Shenzhen Mindray had its own license agreement with Masimo").)

Shenzhen Mindray cites *Lockheed Martin v. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  (D.I. 222 at 18.)  But in that case, the plaintiff did not explain why it sought leave to amend after the court's deadline for amendment.  In contrast, here, Masimo filed its Motion within the relevant deadlines and explained the timing of its Motion.

Shenzhen Mindray argues that granting Masimo's Motion would cause undue delay in the parties' discovery or trial proceedings.  (*Id.* at 18.)  But Shenzhen Mindray does not explain why adding Masimo SARL will disrupt discovery or trial.  As discussed above, Shenzhen Mindray's argument that it will need to "re-do all of the discovery" is unsupported.  The parties can readily resolve any necessary discovery from Masimo SARL without disrupting the discovery or trial schedule.  Notably, Shenzhen Mindray has amended its own counterclaims **four times**, most recently just two months ago with Masimo's permission.  (D.I. 144.)  Shenzhen Mindray's attempt to invoke the schedule to preclude Masimo from amending its claims a second time is unpersuasive.

### 4. <u>The Proposed Amendment Is Not Futile</u>

Finally, Shenzhen Mindray argues that Masimo's proposed amendment would be futile.  Shenzhen Mindray argues that Masimo did not have standing to bring its state-law claims and cannot correct its standing by amendment.  As explained above, however, Masimo has standing to bring its contract and other state-law related claims and, regardless, this Court has jurisdiction to permit Masimo to amend its pleadings under Rule 15.

Shenzhen Mindray argues that Masimo SARL cannot join this litigation under Rule 20 because there is insufficient overlap between Masimo SARL's claims against Shenzhen Mindray and Masimo's claims against Shenzhen Mindray.  Shenzhen Mindray is incorrect.  Rule 20(a)(1)(A) allows parties to join as plaintiffs "if any right to relief jointly, severally, or in the alternative . . . aris[es] out of the same transaction, occurrence, or series of transactions or

occurrences." Fed. R. Civ. P. 20(a)(1)(A).  Masimo and Masimo SARL's claims, including the patent and state-law claims, arise out of the same transaction and occurrence—Masimo's contractual relationship with Shenzhen Mindray and Shenzhen Mindray's failure to abide by the parties' Agreement. (D.I. 32, Ex. 1.)  Put simply, Shenzhen Mindray breached the Agreement and infringed Masimo's patents when it sold its own technology rather than Masimo's technology.

Shenzhen Mindray argues that there is no overlap between Masimo's patent infringement allegations in the United States and Masimo SARL's role in processing international orders.  But if Masimo SARL's role is as limited as Shenzhen Mindray here alleges (and it is) then Masimo has standing to assert its present claims for sales in the United States, and Masimo's claims under the Agreement are part of the same transaction or occurrence as Masimo SARL's claims.  If, on the other hand, Masimo SARL really did acquire all the rights under the Agreement, those rights are worldwide, and Shenzhen Mindray's breach of those rights would be part of the same transaction or occurrence as Shenzhen Mindray's infringement of Masimo's patents in the United States. Either way, Masimo's and Masimo SARL's claims arise out of the same transaction or occurrence.

Citing *Evenchik,* Shenzhen Mindray contends that if the Court determines Masimo has standing, there is no need to add Masimo SARL.  (D.I. 222 at 19.) However, no case law, including *Evenchik*, supports Shenzhen Mindray's alleged "no need to add" standard.  It is not part of the Rule 15 inquiry. Moreover, *Evenchik* is not relevant because the plaintiff there had no standing for any claim from the inception of the lawsuit.  *Evenchik*, 2013 U.S. Dist. LEXIS 74004, at *2 (plaintiff was not a member of discriminated class). Regardless, as explained above, Masimo does have standing, and has a need to

/ / /

- 14 -

1  add Masimo SARL to ensure that it obtains full relief for Shenzhen Mindray's
2  breach of contract and related tortious conduct.

3      Shenzhen Mindray also argues Masimo's amendment is futile because the
4  amended complaint will be subject to a "successful Rule 12(b)(6) motion by
5  Shenzhen Mindray."   (D.I. 222 at 20.)   However, "a proposed amendment is
6  futile only if **no** set of facts can be proved under the amendment to the pleadings
7  that would constitute a valid and sufficient claim or defense."  *Sweaney v. Ada*
8  *Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (emphasis added).   In making this
9  determination, the Court must resolve all inferences in favor of granting the
10 motion to amend.  *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th
11 Cir. 1999) (reversing a denial of leave to amend).    Here, as Masimo has
12 explained, it has standing to bring the contract related state-law claims.
13 Moreover, Shenzhen Mindray does not dispute that Masimo SARL is a party to
14 the Agreement and has standing to assert claims based on the Agreement.   Thus,
15 Masimo's amendment is not futile.

16     Shenzhen Mindray's remaining arguments largely consist of unsupported
17 accusations and incendiary attacks on Masimo and its attorneys.   To take just a
18 few examples, Shenzhen Mindray accuses Masimo of "discarding documents,"
19 engaging   in   "deception,"   "deliberately   misleading   this   Court,"   and
20 "defraud[ing] this Court."  (*See*, *e.g.*, D.I. 222 at 2, 8, 13-15, 19 n.2.)   Shenzhen
21 Mindray's attacks are unsupported and unhelpful.   They certainly provide no
22 valid reason to deny Masimo's Motion.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III.  <u>CONCLUSION</u>

For the reasons discussed above, Masimo respectfully requests that the Court grant Masimo's Motion for Leave to amend its Complaint to add Masimo SARL.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>June 16, 2014</u>       By: <u>*/s/ Stephen W. Larson*</u>
                                Joseph R. Re
                                Stephen C. Jensen
                                Jon W. Gurka
                                Stephen W. Larson
                                Nicholas A. Belair

                                Attorneys for Plaintiff,
                                MASIMO CORPORATION

18176085

- 16 -