UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)  Date: June 26, 2014

Title: <u>MASIMO CORPORATION V. MINDRAY DS USA, INC., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>      <u>   N/A   </u>
Deputy Clerk      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANT:

None Present      None Present

**PROCEEDINGS: (IN CHAMBERS) GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** [filed 6/2/14], **DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** [filed 5/19/2014], **AND VACATING ALL CASE MANAGEMENT DATES**

     Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 30, 2014 at 1:30 p.m. is hereby vacated and off calendar.

     Defendant Shenzhen Mindray Bio-Medical Electronics Co. Ltd. alleges that Plaintiff Masimo Corporation lacks standing to pursue breach of contract claims against it, and brings the present motion for judgment on the pleadings on that basis. (Dkt. No. 185 ["Mot. J. Pleadings"].) Masimo opposes Shenzhen Mindray's motion, and additionally move to amend the First Amended Complaint ("FAC") to add Masimo SARL, a wholly-owned subsidiary of Masimo, as a plaintiff in the action. (Dkt. No. 203 ["Mot. Amend"].) For the reasons stated herein, Masimo's motion to amend is hereby **GRANTED**.

     Because the deadline hearing all non-discovery motions, including to amend the pleadings, is September 26, 2014, (*see* Dkt. No. 79 ["Scheduling Order"]), Masimo's motion is governed by Federal Rule of Procedure 15. Under Rule 15(a), leave to amend should be "freely given" absent any apparent evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: June 26, 2014
                                                                                Page 2

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent prejudice, or a strong showing of any of the remaining reasons for denying leave to amend, there is a presumption in favor of granting a leave to amend. *Id.* The burden of persuading the court that leave should not be granted rests with the non-moving party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir.1987).

       The Purchasing and Licensing Agreement ("Original Agreement") executed by Masimo and Shenzhen Mindray on November 13, 2002, appears to include, as amended, three parties: Shenzhen Mindray, Masimo, and Masimo SARL. (*See* Dkt. No. 32, Exh. 1 at 31 ["Third Amendment"].) Indeed, the Third Amendment is signed by representatives for each of Shenzhen Mindray, Masimo, and Masimo SARL. (*Id.*) Subsequent amendments to the Original Agreement are similarly executed by representatives for the three parties. (*See* Dkt. No. 32, Exh. 1 at 38–41.) Both Masimo and Masimo SARL therefore appear to have rights under the Original Agreement, and Masimo SARL appears to be a proper party to this action.[1] *See* Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.").

       Moreover, Shenzhen Mindray has not met its burden of showing undue prejudice or delay, bad faith, or dilatory motive in Masimo's motion for leave to amend. While 18-months have passed since the original complaint was filed, neither party has been particularly diligent in conducting this litigation. In fact, Shenzhen Mindray filed its Fourth Amended Answer just over two months ago. (*See* Dkt. No. 144.) Additionally, Shenzhen Mindray has not established through its briefing that necessary evidence has been spoliated, as it alleges, or that it would be unable to conduct necessary discovery after Masimo SARL is added to this litigation. The claims alleged by Masimo SARL are substantially and closely related to those that have been alleged by Masimo from the

---

[1] To the extent Shenzhen Mindray believes the Buy-In Agreement and related transfers of rights between Masimo and its subsidiary corporations, (*see* Dkt. No. 200-3, Exhs. 1–2), impacts the claims that can or should be heard in this proceeding, or the scope of rights Masimo continues to possess under the Original Agreement, it may file the appropriate motion after the complaint is amended. The Court declines, however, to speculate as to the agreements' impact on the basis of the limited evidence before it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02206-CJC(JPRx)            Date: June 26, 2014
Page 3

outset of this action. Accordingly, it is not clear that significant additional discovery would be necessary. Finally, in order to avoid any risk of prejudice to the Shenzhen Mindray from granting Masimo leave to amend, the Court hereby **VACATES** the current scheduling order and trial date. The parties are **ORDERED** to meet and confer and propose a new scheduling order to the Court.

     In light of the foregoing, and given the Federal Rules' liberal policy favoring amendment, Masimo is **GRANTED** leave to amend, and is **ORDERED** to serve and file its amended complaint by July 14, 2014. Shenzhen Mindray's motion for judgment on the pleadings, which challenges a no longer operative complaint, is **DENIED AS MOOT**.

rrd

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk MU