Joseph R. Re (SBN 134,479)
Joe.Re@knobbe.com
Jon W. Gurka (SBN 187,964)
Jon.Gurka@knobbe.com
Stephen W. Larson (SBN 240,844)
Stephen.Larson@ knobbe.com
Nicholas A. Belair (SBN 295,380)
Nick.Belair@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax:    (949) 760-9502

Attorneys for Plaintiffs and Counter-Defendant
MASIMO CORPORATION and
MASIMO INTERNATIONAL SARL

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION a Delaware corporation, <br><br> and <br><br> MASIMO INTERNATIONAL SARL, a corporation of Switzerland <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China <br><br> Defendant. | Civil Action No. SACV12-02206 CJC (JPRx) <br><br> **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NOS. 6,002,952; 6,263,222; 6,580,086; 6,699,194; 6,745,060; 7,215,986; 7,489,958, 7,509,154 AND 8,229,533; BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; ACCOUNTING; TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; DECLARATORY RELIEF; AND STATUTORY UNFAIR COMPETITION** |
| AND RELATED COUNTERCLAIMS | **DEMAND FOR JURY TRIAL** |

Plaintiffs Masimo Corporation ("Masimo") and Masimo International SARL ("Masimo SARL") (collectively "Plaintiffs") hereby complain of Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd ("Mindray Shenzhen") and allege as follows:

### PARTIES

1.     Plaintiff Masimo is a Delaware corporation having its principal place of business at 40 Parker, Irvine, California 92618.

2.     Masimo is a global medical technology company that develops and manufactures innovative noninvasive patient monitoring technologies. Masimo's award-winning innovations over nearly twenty years have led to a portfolio of products that have been demonstrated clinically superior in more than 100 independent and objective studies.  In addition to a complete array of Masimo-branded monitors, Masimo technology is integrated into more than 90 multiparameter monitors and more than 40 monitoring brands throughout the world.  Masimo's pioneering Signal Extraction Technology, Masimo SET® ("Masimo SET"), acquires and detects signals generated by red and infrared light-emitting diodes to extract oxygen saturation and pulse rate values from such signals.  Masimo SET is covered by numerous patents worldwide.

3.     Plaintiff Masimo SARL is a corporation organized and existing under the laws of Switzerland, having its principal place of business at Puits-Godet 10, 2000 Neuchatel, Switzerland.  Masimo SARL is a wholly owned subsidiary of Masimo.

4.     On January 4, 2009, Masimo entered into a Contract Manufacturing Agreement with Masimo SARL, pursuant to which Masimo provides Masimo SARL with Masimo products to sell outside the United States. Masimo receives compensation and profits on the products sold by Masimo SARL outside the United States.

5.     Upon information and belief, Defendant Mindray Shenzhen is a

corporation of the People's Republic of China having a principal place of business at Mindray Building, Keji 12th Road South, High-Tech Industrial Park, Nanshan, Shenzhen, People's Republic of China 518057.  Mindray Shenzhen has developed, manufactured, and marketed medical devices worldwide, including through its affiliates, Mindray USA Corp., Mindray Medical USA Corp., and Mindray DS USA, Inc. (collectively, "Mindray USA").

## JURISDICTION AND VENUE

6.     Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-5 of this Complaint.

7.     This action also includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., more particularly, 35 U.S.C. § 271.  This Court has subject matter jurisdiction of these claims under 28 U.S.C. § 1338(a).

8.     This action also includes claims for breach of contract, breach of the covenant of good faith and fair dealing, accounting, interference with prospective economic advantage, declaratory relief, and unfair competition by Mindray Shenzhen against Plaintiffs.  This Court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367(a) over the related causes of action arising under the laws of the State of California.  These claims stem from the same nucleus of operative facts and are so related to the federal claims that they form part of the same case or controversy.

9.     The relevant Agreement between Mindray Shenzhen and Plaintiffs includes consent to personal jurisdiction in the Central District of California for any dispute or difference concerning the rights or obligation of either Masimo or Mindray Shenzhen.  More specifically the Agreement and Amendments in Section 18 state "any claim or cause of action shall be filed in any court in Orange County, California USA.  MASIMO and MINDRAY each consents to personal jurisdiction in any action brought in the United States District Court for

the Central District of California ….”

10.    Upon information and belief, Mindray Shenzhen conducts business throughout the United States, including in this district, and has committed the acts complained of in this district.

11.    Venue is proper in this district under 28 U.S.C. §§ 1391, 1400(b) and pursuant to the agreement between Mindray Shenzhen and Plaintiffs.

### THE PATENTS-IN-SUIT

12.    Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-11 of this Complaint.

13.    On December 14, 1999, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,002,952 (“the ’952 patent”) entitled “Signal Processing Apparatus and Method.”  Masimo owns the ’952 patent by assignment.

14.    On July 17, 2001, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,263,222 (“the ’222 patent”) entitled “Signal Processing Apparatus.”  Masimo owns the ’222 patent by assignment.

15.    On June 17, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,580,086 (“the ’086 patent”) entitled “Shielded Optical Probe and Method.”  Masimo owns the ’086 patent by assignment.

16.    On March 2, 2004, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,699,194 (“the ’194 patent”) entitled “Signal Processing Apparatus and Method.”  Masimo owns the ’194 patent by assignment.

17.    On June 1, 2004, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,745,060 (“the ’060 patent”) entitled “Signal Processing Apparatus.”  Masimo owns the ’060 patent by assignment.

18.    On May 8, 2007, the United States Patent and Trademark Office

duly and lawfully issued U.S. Patent No. 7,215,986 ("the '986 patent") entitled "Signal Processing Apparatus." Masimo owns the '986 patent by assignment.

19. On February 10, 2009, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,489,958 ("the '958 patent") entitled "Signal Processing Apparatus and Method." Masimo owns the '958 patent by assignment.

20. On March 24, 2009, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,509,154 ("the '154 patent") entitled "Signal Processing Apparatus." Masimo owns the '154 patent by assignment.

21. On July 24, 2012, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,229,533 ("the '533 patent") entitled "Low-Noise Optical Probes For Reducing Ambient Noise." Masimo owns the '533 patent by assignment.

22. Masimo has continuously marked its patient monitoring devices manufactured and sold under the '952, '222, '086, '194, '060, '986, '958, '154 and '533 patents (the "Asserted Patents").

## GENERAL ALLEGATIONS AS TO PATENT CLAIMS

23. Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-22 of this Complaint.

24. Mindray Shenzhen has imported, marketed, sold and distributed medical devices that include noninvasive patient monitoring devices with Mindray Shenzhen technology that do not include Masimo SET ("Mindray SpO2 Technology"). Mindray Shenzhen has also manufactured, imported, marketed, sold and distributed medical devices that include patient monitoring devices that include Masimo SET ("Masimo SET Technology").

25. For example, upon information and belief, at least prior to the acquisition of Datascope Corporation by Mindray Medical International Ltd. ("Mindray Int'l") in May 2008, Mindray Shenzhen was responsible for

- 4 -

conducting substantially all of Mindray Int'l's business worldwide, including in the United States, and including without limitation the sales and distribution of patient monitoring devices that include Mindray SpO2 Technology.  Mindray Shenzhen conducted substantial business in the United States, including without limitation importing, marketing, selling, and distributing patient monitoring devices that include Mindray SpO2 Technology.  Mindray Shenzhen also actively promoted its patient monitoring devices that include Mindray SpO2 Technology in the United States market.  For example, Mindray Shenzhen representatives attended United States trade shows where they promoted patient monitoring devices that include Mindray SpO2 Technology.  In addition, on pages of its website specifically directed to United States sales, Mindray Shenzhen promoted, sold and offered for sale patient monitoring devices that include Mindray SpO2 Technology.  Furthermore, on information and belief, Mindray Shenzhen has imported into the United States patient monitoring devices that include Mindray SpO2 Technology, including in this District.

26.    Mindray Shenzhen has used, promoted, offered for sale, sold and imported products and systems related to noninvasive patient monitoring technologies that incorporate Mindray SpO2 Technology and do not include Masimo SET Technology, including but not limited to the PM-50 Pulse Oximeter; PM-60 Pulse Oximeter; PM-7000 Patient Monitor; PM-8000 Express Patient Monitor; PM-9000 Express Patient Monitor; VS-800 Vital Signs Monitor; and a series of products or systems known as "BeneView", including without limitation BeneView T Series Patient Monitors, Models T5, T6 and T8 (collectively, "Mindray SpO2 Products and Systems").  Mindray SpO2 Products and Systems are covered by one or more claims of the Asserted Patents, have been made especially for use in infringement and are not staple articles of commerce suitable for substantial noninfringing uses.

27.    Upon information and belief, Mindray Shenzhen has used,

promoted, offered for sale, sold and imported Mindray reusable pulse oximetry sensors, including but not limited to DPM SpO2 512F Adult Sensors ("Mindray Reusable Sensors").  Mindray Reusable Sensors are covered by one or more claims of the Asserted Patents, have been made especially for use in infringement and are not staple articles of commerce suitable for substantial noninfringing uses.

28.    Upon information and belief, Mindray Shenzhen has used, promoted, offered for sale, sold and imported Mindray disposable pulse oximetry sensors, including but not limited to DPM SpO2 520 Sensors ("Mindray Disposable Sensors").  Mindray Disposable Sensors are covered by one or more claims of the Asserted Patents, have been made especially for use in infringement and are not staple articles of commerce suitable for substantial noninfringing uses.

29.    Upon information and belief, Mindray Shenzhen has induced, caused, urged, encouraged, and aided others, including customers in the United States, to directly infringe one or more claims of the Asserted Patents.  For example, upon information and belief, Mindray Shenzhen has induced, caused, urged, encouraged, and aided customers in the United States to purchase and use Mindray SpO2 Products and Systems and Mindray Reusable Sensors and Mindray Disposable Sensors that infringe one or more claims of the Asserted Patents.  In addition, upon information and belief, Mindray Shenzhen has induced, caused, urged, encouraged, and aided customers in the United States to engage in methods of noninvasive patient monitoring using Mindray SpO2 Products and Systems and Mindray Reusable Sensors and Mindray Disposable Sensors that infringe one or more claims of the Asserted Patents.  For example, on information and belief, Mindray Shenzhen has provided user manuals to instruct customers in the United States and demonstrated to these customers how to engage in methods of noninvasive patient monitoring using Mindray

SpO2 Products and Systems and Mindray Reusable Sensors and Mindray Disposable Sensors that infringe one or more claims of the Asserted Patents. Upon information and belief, Mindray Shenzhen specifically intended customers in the United States to infringe one or more claims of the Asserted Patents and knew that these customers' acts constituted infringement.

30.     Upon information and belief, Mindray Shenzhen has induced, caused, urged, encouraged, and aided Mindray USA to directly infringe one or more claims of the Asserted Patents. For example, upon information and belief, Mindray Shenzhen has induced, caused, urged, encouraged, and aided Mindray USA to use, sell, offer to sell and/or import Mindray SpO2 Products and Systems and Mindray Reusable Sensors and Mindray Disposable Sensors that infringe one or more claims of the Asserted Patents. For example, Mindray USA has distributed Mindray pulse oximetry products manufactured by Mindray Shenzhen in the United States market. In addition, on information and belief, Mindray Shenzhen has developed and directed Mindray USA activities regarding pulse oximetry products in the United States market. In addition, upon information and belief, Mindray Shenzhen has decided for Mindray USA which products are marketed and sold in the United States. Mindray Shenzhen and Mindray USA have also used the same name, "Mindray," and logo to refer to both corporations in advertising, business cards, and/or in meetings with customers in the United States. On information and belief, Mindray USA has obtained approval from Mindray Shenzhen prior to developing, marketing or selling products, including Mindray SpO2 Products and Systems, Mindray Reusable Sensors and Mindray Disposable Sensors, in the United States. Upon information and belief, Mindray Shenzhen specifically intended Mindray USA to infringe one or more claims of the Asserted Patents and knew that Mindray USA's acts constituted infringement.

31.     Before bringing suit, Masimo provided notice to Mindray

- 7 -

Shenzhen of its infringement of the '952, '222, '086, '194, '060, and '986 patents.

## GENERAL ALLEGATIONS AS TO NON-PATENT CLAIMS

32.     Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-31 of this Complaint.

33.     On or about November 13, 2002, Masimo and Mindray Shenzhen entered into a Purchasing And Licensing Agreement ("Original Agreement").

34.     Section 4.2 of the Original Agreement, among other things, required Mindray Shenzhen to use best efforts to integrate Masimo SET into all products requiring SpO2 measurement and to adopt Masimo SET as Mindray Shenzhen's primary standard pulse oximetry product offering.  Section 4.2 further limited Mindray Shenzhen's non-Masimo SET technology to situations where Nellcor or Mindray technology was demanded.  Even when Nellcor or Mindray Technology was demanded, Mindray Shenzhen was required to fully inform customers of the advantages of Masimo SET and to bring in a Masimo representative to convince customers to purchase Masimo SET.

35.     Section 4.3 of the Original Agreement, among other things, obligated Mindray Shenzhen to promptly and adequately train its sales representatives on the Masimo SET technology and Masimo sensors.

36.     Section 4.4 of the Original Agreement, among other things, required Mindray Shenzhen to exhibit the features and benefits of Masimo SET in Mindray Shenzhen's trade show booths.

37.     Section 4.5 of the Original Agreement required Mindray Shenzhen to promote Masimo SET as the new standard of care in pulse oximetry.

38.     Section 4.7 of the Original Agreement required Mindray Shenzhen to inform Masimo of all new licensed products prior to their launch.

39.     On or about November 13, 2003, Masimo and Mindray Shenzhen entered into Amendment Number One To Purchasing And Licensing

Agreement ("Amendment One").

40.     Among other things, Amendment One set quarterly minimums for Mindray Shenzhen to order Masimo SET kits for the years 2004 to 2006.

41.     On or about June 23, 2008, Masimo and Mindray Shenzhen entered into Amendment Number Two To Purchasing And Licensing Agreement ("Amendment Two").

42.     Among other things, Amendment Two rewrote the first two sentences of Section 4.2 in the Original Agreement to state additional integration commitments by Mindray Shenzhen as follows:

> During the one year term of this Amendment, Mindray will integrate Masimo SET as the default SpO2 product offering in all of its BENEVIEW monitor devices to be sold in China.  Mindray will only ship its BENEVIEW devices providing SpO2 Measurement without Masimo SET if the customer has expressly requested a different SpO2 brand.  Outside China, Mindray will make best efforts to make Masimo SET its primary and default SpO2 product offering, except in developing regions for low end products that utilize only the current Mindray all-in-one board.  Mindray will use best efforts to integrate Masimo SET into all of its product requiring SpO2 measurement, except for low end products which utilize only the current Mindray all-in-one board.  Mindray agrees to adopt Masimo SET as its primary standard pulse oximetry product offering.

43.     Further, Section 4.5 of Amendment Two established a guaranty purchase requirement by Mindray Shenzhen of Masimo SET boards and competitive pricing requirements for devices incorporating Masimo SET, including a requirement that Mindray Shenzhen purchase and ship to third party customers 3,000 Masimo SET boards in China and a total of 6,000 Masimo SET boards overall.

44.     Section 4.5 of Amendment Two also required Mindray Shenzhen to "charge no more than $250 for Masimo SET options in Mindray's Licensed Devices, in comparison to a device without SpO2 functionality."   Mindray Shenzhen further represented and warranted that "the pricing it charges for Masimo SET will be no more than the pricing it charges for other third party SpO2 offerings."

45.     In addition, Amendment Two deleted Section 7.6 of the Original Agreement and replaced that section to require a quarterly certificate under penalty of perjury regarding Mindray Shenzhen's compliance with terms of the Original Agreement, specifically related to product positioning and pricing.

46.     On or about January 1, 2010, Masimo, Masimo SARL and Mindray Shenzhen entered into Amendment Number Three To Purchasing and Licensing Agreement ("Amendment Three").

47.     Among other things, Amendment Three extended the terms of the Original Agreement and prior amendments to March 31, 2010.

48.     On or about April 1, 2010, Masimo, Masimo SARL and Mindray Shenzhen entered into Amendment Number Four To Purchasing and Licensing Agreement ("Amendment Four").

49.     Among other things, Amendment Four extended the terms of the Original Agreement and prior amendments to March 31, 2011, including the minimum purchases of Masimo SET boards.

50.     On or about April 20, 2011, Masimo, Masimo SARL and Mindray Shenzhen entered into Amendment Number Five To Purchasing and Licensing Agreement ("Amendment Five").

51.     Among other things, Amendment Five extended the terms of the Original Agreement and prior amendments to March 31, 2012, including the guaranteed minimum purchases of 6,000 Masimo SET boards.

52.     On or about April 1, 2012, Masimo, Masimo SARL and Mindray

Shenzhen entered into Amendment Six To Purchasing and Licensing Agreement ("Amendment Six"), which among other things, extended the terms of the Original Agreement and prior amendments to June 30, 2012.

53.     On or about July 1, 2012, Masimo, Masimo SARL and Mindray Shenzhen entered into Amendment Seven To Purchasing and Licensing Agreement ("Amendment Seven"), which among other things, extended the terms of the Original Agreement and prior amendments to August 31, 2012.

54.     All of the above agreements and amendments thereto are subject to a dispute resolution clause in Section 18 of the original Purchasing And Licensing Agreement dated November 13, 2002.  Section 18 provides that "any claim or cause of action shall be filed in any court in Orange County, California USA.  MASIMO and MINDRAY each consents to personal jurisdiction in any action brought in the United States District Court for the Central District of California and to service of process upon it in the manner set forth in Section 19.6 [sic] ("Notice").

55.     On November 9, 2011, Masimo sent an Official Intent to Audit to Mindray Shenzhen pursuant to Section 7.7 of the original Purchasing And Licensing Agreement dated November 13, 2002 in order to conduct a contract audit.

56.     On February 27, 2012, Masimo notified Mindray Shenzhen of a dispute between Masimo and Mindray under Section 18 of the Purchasing and Licensing Agreement between Mindray Shenzhen and Masimo, including a notice of breach of such agreement.

57.     Subsequently, Masimo endeavored to resolve the dispute with Mindray Shenzhen through multiple discussions and correspondence.  On May 14, 2012, Masimo provided additional detail in a letter describing certain breaches of the agreement.  Masimo and Mindray Shenzhen have been unable to resolve their differences.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,002,952**

58. Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-57 of this Complaint.

59. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

60. Upon information and belief, Mindray Shenzhen has infringed and/or actively induced others to infringe and/or contributed to others' infringement of the '952 patent by actions alleged in Paragraphs 25-30 of this Complaint and/or by using, selling, offering to sell and/or importing Mindray SpO2 Products and Systems patient monitoring devices covered by one or more claims of the '952 patent in violation of 35 U.S.C. § 271(a), (b), and (c).

61. Upon information and belief, Mindray Shenzhen's infringement of the '952 patent has been deliberate and willful.

62. Upon information and belief, Mindray Shenzhen has derived and received gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo. Due to Mindray Shenzhen's infringement of the '952 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,263,222**

63. Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-62 of this Complaint.

64. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

65. Upon information and belief, Mindray Shenzhen has infringed and/or actively induced others to infringe and/or contributed to others' infringement of the '222 patent by actions alleged in Paragraphs 25-30 of this

1  Complaint and/or by using, selling, offering to sell and/or importing Mindray
2  SpO2 Products and Systems covered by one or more claims of the '222 patent in
3  violation of 35 U.S.C. § 271(a), (b) and (c).

4  66.     Upon information and belief, Mindray Shenzhen's infringement of
5  the '222 patent has been deliberate and willful.

6  67.     Upon information and belief, Mindray Shenzhen has derived and
7  received gains, profits and advantages from the aforesaid acts of infringement in
8  an amount that is not presently known to Masimo.  Due to Mindray Shenzhen's
9  infringement of the '222 patent, Masimo has been damaged and is entitled to
10 monetary relief in an amount to be determined at trial.

11                    **THIRD CLAIM FOR RELIEF**
12          **INFRINGEMENT OF U.S. PATENT NO. 6,580,086**

13 68.     Plaintiffs repeat, reallege and incorporate by reference the
14 allegations set forth in Paragraphs 1-67 of this Complaint.

15 69.     This is a claim for patent infringement and arises under the Patent
16 Laws of the United States, Title 35 of the United States Code.

17 70.     Upon information and belief, Mindray Shenzhen has in the past and
18 is currently infringing and/or actively inducing others to infringe and/or
19 contributing to others' infringement of the '086 patent by the actions alleged in
20 Paragraphs 25-30 of this Complaint and/or by using, selling, offering to sell
21 and/or importing Mindray Reusable Sensors covered by one or more claims of
22 the '086 patent in violation of 35 U.S.C. § 271(a), (b) and (c).

23 71.     Upon information and belief, Mindray Shenzhen's infringement of
24 the '086 patent has been and continues to be deliberate and willful.  Upon
25 information and belief, Mindray Shenzhen's infringement will continue unless
26 enjoined by this Court.

27 72.     Upon information and belief, Mindray Shenzhen has derived,
28 received, and will continue to derive and receive gains, profits and advantages

from the aforesaid acts of infringement in an amount that is not presently known to Masimo.  Due to Mindray Shenzhen's infringement of the '086 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

73.   Unless Mindray Shenzhen is enjoined from infringing the '086 patent, Masimo will continue to suffer irreparable injury for which it has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,699,194

74.   Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-73 of this Complaint.

75.   This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

76.   Upon information and belief, Mindray Shenzhen has infringed and/or actively induced others to infringe and/or contributed to others' infringement of the '194 patent by actions alleged in Paragraphs 25-30 of this Complaint and/or by using, selling, offering to sell and/or importing Mindray SpO2 Products and Systems covered by one or more claims of the '194 patent in violation of 35 U.S.C. § 271(a), (b) and (c).

77.   Upon information and belief, Mindray Shenzhen's infringement of the '194 patent has been deliberate and willful.

78.   Upon information and belief, Mindray Shenzhen has derived and received gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo.  Due to Mindray Shenzhen's infringement of the '194 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 6,745,060

79. Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-78 of this Complaint.

80. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

81. Upon information and belief, Mindray Shenzhen has infringed and/or actively induced others to infringe and/or contributed to others' infringement by actions alleged in Paragraphs 25-30 of this Complaint and/or by using, selling, offering to sell and/or importing Mindray SpO2 Products and Systems covered by one or more claims of the '060 patent in violation of 35 U.S.C. § 271(a), (b) and (c).

82. Upon information and belief, Mindray Shenzhen's infringement of the '060 patent has been deliberate and willful.

83. Upon information and belief, Mindray Shenzhen has derived and received gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo. Due to Mindray Shenzhen's infringement of the '060 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 7,215,986

84. Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-83 of this Complaint.

85. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

86. Upon information and belief, Mindray Shenzhen has infringed and/or actively induced others to infringe and/or contributed to others' infringement of the '986 patent by actions alleged in Paragraphs 25-30 of this Complaint and/or by using, selling, offering to sell and/or importing Mindray SpO2 Products and Systems covered by one or more claims of the '986 patent in

1    violation of 35 U.S.C. § 271(a), (b) and (c).

2         87.    Upon information and belief, Mindray Shenzhen's infringement of

3 the '986 patent has been deliberate and willful.

4         88.    Upon information and belief, Mindray Shenzhen has derived and

5 received gains, profits and advantages from the aforesaid acts of infringement in

6 an amount that is not presently known to Masimo.  Due to Mindray Shenzhen's

7 infringement of the '986 patent, Masimo has been damaged and is entitled to

8 monetary relief in an amount to be determined at trial.

9 **SEVENTH CLAIM FOR RELIEF**

10 **INFRINGEMENT OF U.S. PATENT NO. 7,489,958**

11         89.    Plaintiffs repeat, reallege and incorporate by reference the

12 allegations set forth in Paragraphs 1-88 of this Complaint.

13         90.    This is a claim for patent infringement and arises under the Patent

14 Laws of the United States, Title 35 of the United States Code.

15         91.    Upon information and belief, Mindray Shenzhen has infringed

16 and/or actively induced others to infringe and/or contributed to others'

17 infringement of the '958 patent by actions alleged in Paragraphs 25-30 of this

18 Complaint and/or by using, selling, offering to sell and/or importing Mindray

19 SpO2 Products and Systems covered by one or more claims of the '958 patent in

20 violation of 35 U.S.C. § 271(a), (b) and (c).

21         92.    Upon information and belief, Mindray Shenzhen's infringement of

22 the '958 patent has been deliberate and willful.

23         93.    Upon information and belief, Mindray Shenzhen has derived and

24 received gains, profits and advantages from the aforesaid acts of infringement in

25 an amount that is not presently known to Masimo.  Due to Mindray Shenzhen's

26 infringement of the '958 patent, Masimo has been damaged and is entitled to

27 monetary relief in an amount to be determined at trial.

28 / / /

**EIGHTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 7,509,154**

94.    Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-93 of this Complaint.

95.    This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

96.    Upon information and belief, Mindray Shenzhen has infringed and/or actively induced others to infringe and/or contributed to others' infringement of the '154 patent by actions alleged in Paragraphs 25-30 of this Complaint and/or by using, selling, offering to sell and/or importing Mindray SpO2 Products and Systems covered by one or more claims of the '154 patent in violation of 35 U.S.C. § 271(a), (b) and (c).

97.    Upon information and belief, Mindray Shenzhen's infringement of the '154 patent has been deliberate and willful.

98.    Upon information and belief, Mindray Shenzhen has derived and received gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo.  Due to Mindray Shenzhen's infringement of the '154 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

**NINTH CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 8,229,533**

99.    Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-98 of this Complaint.

100.    This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

101.    Upon information and belief, Mindray Shenzhen has in the past and is currently infringing and/or actively inducing others to infringe and/or contributing to others' infringement of the '533 patent by actions alleged in

Paragraphs 25-30 of this Complaint and/or by using, selling, offering to sell and/or importing Mindray Disposable Sensors that are covered by one or more claims of the '533 patent in violation of 35 U.S.C. § 271(a), (b) and (c).

102.   Upon information and belief, Mindray Shenzhen has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Masimo.   Due to Mindray Shenzhen's infringement of the '533 patent, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

103.   Unless Mindray Shenzhen is enjoined from infringing the '533 patent, Masimo will continue to suffer irreparable injury for which it has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

104.   Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-103 of this Complaint.

105.   Mindray Shenzhen entered into a contractual relationship with Plaintiffs as a result of the Original Agreement and all Amendments thereto.

106.   The Original Agreement and all Amendments thereto, including the obligations of Mindray Shenzhen, existed and continued as of the filing of this lawsuit.

107.   Upon information and belief, Mindray Shenzhen materially breached its contractual obligations, including Sections 4.2, 4.3, 4.4, 4.5, 4.7, and 7.6 of the Original Agreement and all Amendments thereto.   For example, Mindray Shenzhen materially breached as follows:

A.   Material Breaches of Section 4.2:

1.   Mindray Shenzhen failed to use best efforts to make Masimo SET its primary and default SpO2 product.

2.      Mindray Shenzhen failed to use best efforts to integrate Masimo SET into all of its products requiring SpO2 measurement.

3.      Mindray Shenzhen failed to adopt Masimo SET as its primary standard pulse oximetry product offering.

4.      Mindray Shenzhen failed to fully inform customers of the advantages of Masimo SET and to bring in a Masimo representative to convince customers to purchase Masimo SET in situations where Nellcor or Mindray technology was demanded.

5.      Mindray Shenzhen failed to use best efforts to ensure that its sales force was fully trained in the use, advantages and technical competence underlying Masimo SET.

6.      Mindray Shenzhen failed to adequately incentivize its sales force to encourage customers to use Masimo SET.

7.      Over the last several years, Plaintiffs experienced a significant drop in Mindray Shenzhen's purchasing of Masimo SET boards.  Over this same period, Plaintiffs' share of the market for pulse oximetry monitors has increased significantly.  Mindray Shenzhen's significantly reduced purchase volumes over a period of Plaintiffs' increasing market presence is a material breach of Section 4.2 of the Original Agreement and the Amendments thereto.

B.      Material Breach of Section 4.3:

1.      Mindray Shenzhen failed to adequately train its sales representatives on the Masimo SET technology and Masimo sensors.

C.      Material Breach of Section 4.4:

1.      Mindray Shenzhen failed to exhibit the features and benefits of Masimo SET in Mindray Shenzhen's trade show booths and kiosks.

D.      Material Breach of Section 4.5:

1.      Mindray Shenzhen failed to promote Masimo SET as the new

standard of care in pulse oximetry and failed to meet its guaranteed minimum purchase and shipment amounts.

2.     Mindray Shenzhen charged a premium of several hundred dollars for its monitors when equipped with Masimo SET versus the same monitors equipped with Mindray pulse oximetry.

E.     Material Breach of Section 4.7:

1.     Mindray Shenzhen failed to inform Masimo of a description and model number of each licensed product prior to launch.

2.     Mindray Shenzhen failed to provide Plaintiffs with all customer product literature and technical specifications on each licensed product.

F.     Material Breach of Section 7.6:

1.     Mindray Shenzhen failed to supply a certificate from an officer of Mindray Shenzhen on a quarterly basis under penalty of perjury that Mindray Shenzhen was in compliance with the terms set forth in Amendment Two to the Original Agreement.

108.   The consideration of all of the covenants entered into by Mindray Shenzhen was fair and reasonable.

109.   Plaintiffs have performed all conditions, covenants, and promises required in accordance with the terms and conditions of the Original Agreement and all Amendments thereto.

110.   As a result of Mindray Shenzhen's material breaches, Plaintiffs have been injured in their business or property through the loss of past, present and future profits, by the loss of business opportunities, by the loss of customers and potential customers, and by the loss of good will and product image.

111.   Plaintiffs have suffered and continue to suffer actual damages as a result of Mindray Shenzhen's actions and is entitled to monetary relief in an amount to be determined at trial.  The amount of damages exceeds $75,000.

112.   In addition, Mindray Shenzhen's breaches, including its continuing

efforts to market and promote its own SpO2 products to the detriment of Plaintiffs have caused and will continue to cause irreparable harm to Plaintiffs, unless enjoined by the Court.

113.   Plaintiffs are therefore entitled to injunctive relief or specific performance, as provided by law.

### ELEVENTH CLAIM FOR RELIEF
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

114.   Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-113 of this Complaint.

115.   In the Original Agreement and all Amendments thereto there was an implied promise of good faith and fair dealing.

116.   Mindray Shenzhen entered into a contractual relationship with Plaintiffs as a result of the Original Agreement and all Amendments thereto.

117.   The Original Agreement and all Amendments thereto include the obligations of Mindray Shenzhen.   Plaintiffs have performed all conditions, covenants, and promises required in accordance with the terms and conditions of the Original Agreement and all Amendments thereto.

118.   All conditions for the performance under the Original Agreement and all Amendments thereto by Mindray Shenzhen have occurred.

119.   Mindray Shenzhen, by its acts, unfairly interfered with Plaintiffs' rights to receive the benefits of the Original Agreement and all Amendments thereto.

120.   Plaintiffs were harmed by Mindray Shenzhen's conduct.

121.   As a proximate result of the actions by Mindray Shenzhen, Plaintiffs have suffered and continues to suffer actual damages and is entitled to monetary relief in an amount to be determined at trial.   The amount of damages exceeds $75,000.

**TWELFTH CLAIM FOR RELIEF**

**ACCOUNTING**

122.   Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-121 of this Complaint.

123.   Upon information and belief, Mindray Shenzhen has breached the Original Agreement and the Amendments thereto resulting in gains, profits, and advantages which are due to Plaintiffs.

124.   The amount of money due from Mindray Shenzhen to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without an accounting of all gains, profits, and advantages derived by Mindray Shenzhen's breach of the Original Agreement and the Amendments thereto.

125.   Upon information and belief, however, Plaintiffs allege that the amount owed exceeds $75,000.

**THIRTEENTH CLAIM FOR RELIEF**

**INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

126.   Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-125 of this Complaint.

127.   Mindray Shenzhen entered into a binding contractual relationship with Plaintiffs as a result of the Original Agreement and all Amendments thereto.

128.   As a result of Mindray Shenzhen's contractual obligations regarding minimum purchase guarantee and integration commitments under the Original Agreement and all Amendments thereto, Plaintiffs had a prospective economic opportunity to sell Masimo's pulse oximetry products to Mindray Shenzhen's present and future customers.  Mindray Shenzhen was aware of this opportunity.

129.   By virtue of Mindray Shenzhen's breach of its contractual commitments, Mindray Shenzhen has interfered with Plaintiffs' economic opportunity, secured by the Original Agreement and all Amendments thereto, to sell Masimo's products to Mindray Shenzhen's present and future customers.

- 22 -

130.   But for Mindray Shenzhen's wrongful acts, Plaintiffs would have realized additional sales of Masimo's products to present and future customers of Mindray Shenzhen, which interfered with Plaintiffs' prospective business relationships for the benefit of Mindray Shenzhen.

131.   Plaintiffs are informed and believe that the above-mentioned actions of Mindray Shenzhen were performed with the intent to interfere with Plaintiffs' prospective business relationships.

132.   As a result of Mindray Shenzhen's acts, Plaintiffs have been injured in their business or property through the loss of past, present and future profits, by the loss of business opportunities, by the loss of customers and potential customers, and by the loss of good will and product image.

133.   Plaintiffs have suffered and continue to suffer actual damages as a result of Mindray Shenzhen's actions.

134.   Plaintiffs are informed and believe that Mindray Shenzhen's acts were willful, malicious, oppressive, and undertaken with the intent of harming Plaintiffs.

135.   Plaintiffs are informed and believe that unless restrained, Mindray Shenzhen will continue to disrupt the prospective relationships of Plaintiffs, all to Plaintiffs' great and irreparable injury, for which damages would not afford an adequate remedy as damages would not completely compensate for the injury to Plaintiffs' business reputation and good will.

## FOURTEENTH CLAIM FOR RELIEF
## DECLARATORY RELIEF

136.   Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-135 of this Complaint.

137.   An actual controversy has arisen and now exists between Plaintiffs and Mindray Shenzhen concerning their respective rights and duties under the Original Agreement and the Amendments thereto.  Plaintiffs contend that Mindray

Shenzhen is in material breach of its contractual obligations, including Sections 4.2, 4.3, 4.4. 4.5, 4.7, and 7.6, whereas Mindray Shenzhen disputes these contentions.

138.   Plaintiffs desire a judicial determination of the respective rights and duties of Plaintiffs and Mindray Shenzhen under the Original Agreement and the Amendments thereto, and a declaration that Mindray Shenzhen is in material breach of the Original Agreement and the Amendments thereto.

139.   A judicial declaration is necessary and appropriate at this time under the circumstances in that Plaintiffs may ascertain their rights and duties with respect to the Original Agreement and the Amendments thereto.

## FIFTEENTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

140.   Plaintiffs repeat, reallege and incorporate by reference the allegations set forth in Paragraphs 1-139 of this Complaint.

141.   This is a cause of action for statutory unfair competition under the California Business & Professions Code § 17200, et seq.

142.   The acts of Mindray Shenzhen alleged herein, including, but not limited to, failure to satisfy minimum purchase requirements and failure to satisfy integration commitments, constitute unlawful, unfair and fraudulent business practices in violation of the California Business & Professions Code § 17200, et seq.

143.   As a result of Mindray Shenzhen's acts, Plaintiffs have been injured in their business or property through the loss of past, present and future profits, by the loss of business opportunities, by the loss of customers and potential customers, and by the loss of good will and product image.

144.   Plaintiffs have suffered and continue to suffer actual damages as a result of Mindray Shenzhen's actions and further, that similar acts by Mindray

1  Shenzhen will, unless restrained, cause irreparable injury and damage to Plaintiffs.

2      145.   Plaintiffs are informed and believe that Mindray Shenzhen's acts

3  were willful, malicious, oppressive, and undertaken with the intent of harming

4  Plaintiffs.

## **PRAYER FOR RELIEF**

6  WHEREFORE, Plaintiffs pray for the following relief:

7      A.     An Order adjudging Mindray Shenzhen to have infringed, directly

8  and indirectly, each of the '952, '222, '086, '194, '060, '986, '958,'154 and '533

9  patents;

10      B.     A permanent injunction enjoining Mindray Shenzhen, as well as its

11  officers, agents, servants, employees, and attorneys and those persons in active

12  concert or participation with Mindray Shenzhen, from infringing each of the

13  '086 and '533 patents;

14      C.     An accounting of all gains, profits, and advantages derived by

15  Mindray Shenzhen's infringement of each of the '952, '222, '086, '194, '060,

16  '986, '958, '154 and '533 patents and for damages adequate to compensate

17  Masimo for Mindray Shenzhen's infringement of each of the '952, '222, '086,

18  '194, '060, '986, '958,'154, and '533 patents;

19      D.     An Order adjudging Mindray Shenzhen to have willfully infringed

20  one or more of the '952, '222, '086, '194, '060, and '986 patents;

21      E.     An Order trebling damages due to Mindray Shenzhen's willful

22  infringement under 35 U.S.C. § 284;

23      F.     An Order declaring this to be an exceptional case under 35 U.S.C.

24  § 285, and an award to Plaintiffs of their attorneys' fees incurred in connection

25  with this action;

26      G.     An award of pre-judgment and post-judgment interest and costs of

27  this action against Mindray Shenzhen;

28      H.     Judgment that Mindray Shenzhen has breached the Original

- 25 -

Agreement and the Amendments thereto;

I.    Judgment that Mindray Shenzhen has tortiously interfered with Plaintiffs' prospective economic advantage;

J.    Judgment that Mindray Shenzhen competed unfairly with Plaintiffs under California Business & Professions Code § 17200, et seq., and that Mindray Shenzhen's actions in doing so be adjudged as intentional and willful;

K.    Judgment that Mindray Shenzhen competed unfairly with Plaintiffs under the common law of the State of California and that Mindray Shenzhen's actions in doing so be adjudged as intentional and willful;

L.    An accounting of all gains, profits, and advantages derived by Mindray Shenzhen, and an award of such gains, profits and advantages to Plaintiffs;

M.    Judgment in the form of specific performance to require Mindray Shenzhen to perform under its contractual obligations;

N.    For an order that interest be awarded on all applicable damages resulting from Mindray Shenzhen's breach of contract under California Civil Code § 3289;

O.    For a recovery of reasonable attorneys' fees for Mindray Shenzhen's tortious interference with prospective advantage;

P.    For a recovery of punitive damages for Mindray Shenzhen's wrongful conduct;

Q.    An award to Plaintiffs of all damages sustained on account of Mindray Shenzhen's wrongful conduct, in an amount to be proven at trial;

R.    Preliminary and permanent injunctive relief enjoining Mindray Shenzhen, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them from engaging in any act or practice that: 1) constitutes a breach of the Original Agreement and the Amendments therefore, 2) intentionally interferences with Plaintiffs'

prospective economic advantage, 3) constitutes unfair competition against Plaintiffs; and

S.      Such other and further relief as the Court may deem just and proper.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 7, 2014          By: */s/ Stephen W. Larson*
                                Joseph R. Re
                                Jon W. Gurka
                                Stephen W. Larson
                                Nicholas A. Belair

                                Attorneys for Plaintiffs and Counter-Defendant
                                Masimo Corporation and
                                Masimo International SARL

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Masimo Corporation hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 7, 2014        By: */s/ Stephen W. Larson*
                               Joseph R. Re
                               Jon W. Gurka
                               Stephen W. Larson
                               Nicholas A. Belair

                               Attorneys for Plaintiffs and Counter-Defendant
                               Masimo Corporation and
                               Masimo International SARL

18352169