UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION,<br><br>      Plaintiff,<br><br>  vs.<br><br>MINDRAY DS USA, INC., ET AL.,<br><br>      Defendants. | Case No.: SACV 12-02206-CJC(JPRx)<br><br><br>ORDER DENYING WITHOUT PREJUDICE MASIMO'S MOTION FOR SANCTIONS |

    Masimo moves for sanctions against Shenzhen Mindray for its failure to comply with the Court's May 28, 2014 Order affirming the magistrate judge's March 6, 2014 discovery order. (Dkt. No. 232 ["Masimo Motion"].) For the reasons stated herein, the motion is **DENIED**.[1]

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 28, 2014 at 1:30 p.m. is hereby vacated and off calendar.

On March 6, 2014, the magistrate judge entered an order requiring Shenzhen Mindray to produce product samples and source code to Masimo. (Dkt. No. 119.) A protective order was subsequently entered on March 17, 2014. (Dkt. No. 124 ["Protective Order"].) After several months of motions seeking reconsideration of the magistrate judge's order, on May 28, 2014, the Court affirmed the magistrate judge's order in full and ordered Shenzhen Mindray to comply.[2] (Dkt. No. 202.)

Masimo argues that to date, Shenzhen Mindray is still not in compliance with the Court's order. That now appears to be true only in part. In its opposition to Masimo's motion, Shenzhen Mindray notified Masimo and the Court that it would comply with the Court's order by July 28, 2014. (Dkt. No. 235 ["Shenzhen Mindray Opp'n"].) Then, on July 15, 2014, Shenzhen Mindray submitted to the Court a notice of its compliance with the Court's order. (Dkt. No. 239 ["Notice of Compliance"].) The Notice represents that Shenzhen Mindray is now in full compliance with the Court's order as to all product samples requested by Masimo.[3]

As to the source code, Shenzhen Mindray appears to have only actually provided source code in the United States for the 9005 and 9006 boards. (*See* Shenzhen Mindray Opp'n at 7.) It asserts that the 0152 and 6800 boards use source code that is "essentially the same" as the source code used in the 9006 board, (*id.*), and appears to not have produced source code for the 0850 board on similar grounds—that it is similar to that used in the 9005 board, (*id.* at 13). As for the source code used in the 9008 board,

---

[2] The May 28 Order was the last in a series of orders addressing Shenzhen Mindray's failure to produce in compliance with the March 6 Order. (*See, e.g.*, Dkt. Nos. 129, 152.)

[3] The parties dispute whether two other product samples, the Beneview T6 and Lumeon monitors, were included within the Court's order. The Court expects that now that Shenzhen Mindray is aware that Masimo seeks access to these product samples, it will immediately act to make them available, absent any argument that production of such samples is not included within the magistrate judge's March 6 Order.

Shenzhen Mindray asserts that it will only produce that source code to Masimo in China. (*See id.* at 8.)

Clearly, Shenzhen Mindray is not in full compliance with the Court's order. Shenzhen Mindray has been ordered, and is hereby ordered again, to produce all product samples and relevant source code to Masimo at Shenzhen Mindray's offices in San Diego immediately.  As to the source code used in the 0152, 6800, and 0850 boards, it is for the Court and the jury to decide whether the source code is or is not "essentially the same" as that used in the 9005 and 9006 boards, not Shenzhen Mindray's counsel.  As to the source code used in the 9008 board, the Protective Order clearly states that "[a]ny source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the *San Diego office* of the Producing Party's counsel, in the case of source code produced by Shenzhen Mindray . . . ."  (Dkt. No. 124 ["Protective Order"] (emphasis added).)  Shenzhen Mindray will not be allowed to relitigate or openly thwart the Court's May 28 Order affirming the magistrate judge's March 6 order and the Protective Order.  Should Shenzhen Mindray not produce *all* of the source code to Masimo in San Diego, the Court will entertain motions for evidentiary sanctions against Shenzhen Mindray, including for partial summary judgment on any claims related to the not produced source code.  This is Shenzhen Mindray's last chance to comply.

That said, as mentioned above, Shenzhen Mindray has taken steps towards complying with the Court's order, including producing previously not produced product samples.  Those steps, combined with the Court's expectation that Shenzhen Mindray will heed this order, the early stage of this litigation, and the public policy of favoring resolution of claims on their merits, militate against granting Masimo the sanctions it seeks.  However, should Shenzhen Mindray not immediately come into full compliance

with the Court's order, the Court will have no choice but to impose sanctions. Accordingly, Masimo's motion is **DENIED WITHOUT PREJUDICE**.

DATED:   July 25, 2014

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE