Nicola A. Pisano (CA Bar No. 151282)
npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
jegray@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone: 858.847.6700
Facsimile: 858.792.6773

Francis J. Burke, Jr. (CA Bar No. 75970)
fburke@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: 415.434.4484
Facsimile: 415.434.4507

Attorneys for Defendant, Counter-Plaintiff
and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL
ELECTRONICS CO., LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation and MASIMO INTERNATIONAL SARL, a corporation of Switzerland,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD., a corporation of the People's Republic of China,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV12-02206 CJC (JPRx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date: December 4, 2014<br>Time: 3:00 p.m.<br>Place: Courtroom 827-A<br>Mag. Judge: Hon. Jean P. Rosenbluth<br><br>Discovery Cutoff: February 27, 2015<br>Pretrial Conference: November 16, 2015<br>Trial: December 1, 2015 |

Case No. SACV12-02206 CJC (JPRx)

4848-3910-1216.1

Masimo has produced large volumes of general and irrelevant documents and agreements with standard terms with smaller market players, while failing to produce agreements and communications with the key market players, and has failed to produce meaningful e-mails and communications and corporate strategy and marketing documents as requested. Between May 12, 2014 and October 9, 2014, Masimo produced only 31,609 pages of documents. Dkt. No. 253-2 ("Gray Decl."), ¶ 32. Between October 17, 2014 and October 27, 2014, Masimo did make a substantial production of documents, but only in terms of volume. *Id.*, ¶ 33. Of the 587,300 pages of documents Masimo produced in that timeframe (tripling its total document production to date), 91% (537,188 pages) were simply documents produced by Masimo in another litigation, which appear to be largely irrelevant to the overwhelming majority of outstanding requests. *Id.* This is equivalent to producing a warehouse of irrelevant data and documents.[1]

Masimo's illustrative examples make Shenzhen Mindray's point. Masimo has produced 46 spreadsheets of sales data that obviously came directly from its computer system with a push of a button (e.g. MASM0215741-73, MASM0233857-70); third party market reports (e.g. MASM0224026-232937); selected purchasing agreements with standard terms (but no e-mail communications or strategy documents) with a few hospitals and GPOs, not all of the GPOs and largest hospital chains agreed to between the parties (e.g. MASM0246482-769); a dump of distributor agreements with standard terms in alphabetical order with tiny distributors around the world, starting with Latvia, but not the agreements and e-mail communications with the largest U.S. distributors which were the only ones requested and agreed to between the parties (MASM0760781-6820); a handful, but not all, inventor documents, technical

---

[1] In the 16 days between the service of Shenzhen Mindray's Joint Stipulation on Masimo and this Supplemental Memorandum, Masimo produced another roughly 121,000 pages of documents, further justifying a fact discovery extension.

1       Case No. SACV12-02206 CJC (JPRx)

4848-3910-1216.1

documents and a few, but not all, clinical studies and no e-mail communications or remuneration as requested (e.g. MASM0245194-0245586, MASM0807354-566); and deposition transcripts of a few but not all requested witnesses, expert reports from only one expert, and selected but not all trial exhibits from the *Philips* litigation (e.g. MASM0233228-778, MASM0235090-44884, MASM0807567-31983).

In order to show some illustrative examples of critical missing documents and e-mails, Shenzhen Mindray supplies this list of critical missing information:

1. Masimo agreements and communications and negotiations with all GPOs and the 40 largest hospital customers of Masimo regarding the agreement terms, including those that relate to price discounting on boards and monitors, bundling sensors and cables with monitors, and long term sensor and cable contracts;

2. Documents and communications relating to negotiations with prospective United States licensees, including but not limited to GE Medical Systems (need agreement), Philips, Respironics (need agreement), Spacelabs, Welch Allyn, Draeger Medical Systems, CAS Medical Systems, Zoll Medical Corporation, Nonin Medical and Physio Control requiring that they adopt Masimo SET as their primary pulse oximetry technology or abandon their own pulse oximetry technology;

3. Documents and communications relating to negotiations with Cardinal and Owens & Minor relating to terms in their distribution agreements relating to the United States;

4. Documents and communications relating to any agreement between Masimo and Nellcor to not make sensors and cables compatible with each other's monitors, to allow only Nellcor-manufactured sensors to be compatible with Nellcor pulse oximeters and to allow only Masimo-manufactured sensors to be compatible with Masimo pulse oximeters,

and any other potential agreed market allocation, de facto market allocation, or other coordination;

5. Documents and communications relating to settlement negotiations or discussions between Masimo and Nellcor relating to preventing new SpO2 technology development by Nellcor, preventing Nellcor from adding certain functionality to its SpO2 technology and the implementation of "lock and key" technology that prevents generic sensors and cables from being compatible with their monitors;

6. Masimo documents and communications reflecting its dealings with Nellcor, Masimo's market analysis on how it views Nellcor, or discussing its competition/relationship with Nellcor;

7. Masimo financial, marketing, and planning documents relating to the decision to implement a strategy of conditional discounted pricing of monitors, bundling monitor and sensor and cables sales, or entering into long term contracts regarding sensor sales, or X-Cal or any other tying arrangement;

8. Internal documents or data detailing the amount of the Service Fee (equal to all reimbursable costs) and associated mark-up paid by Masimo International SARL to Masimo Corp. according to the Contract Manufacturing Agreement between Masimo International SARL and Masimo Corporation (MASM0219098–9109);

9. Documents or communications relating to Masimo licensing policies and practices, showing royalty rates agreed to for Masimo's patents, showing Nellcor royalty rates relating to Masimo's patents, why the Nellcor rate declined over time and any royalty accounting spreadsheets or databases of Masimo;

10. Documents or data or communications reflecting Masimo internal estimates of its and its competitors' market share, by product segment

and acuity type and manufacturing or distribution or competitor capacity estimates;

11. Documents or data or communications providing details on industry and market pricing practices, internal documentation demonstrating market prices (e.g., internal market research), reflecting average prices for boards, cables, and sensors overall or by manufacturer, or average prices for monitors overall or by manufacturer and the average number of sensors used per board (e.g., internal market research);

12. Documents and communications reflecting Masimo sales projections or forecasts, revenue models, sales estimates and forecasting models, including internal presentations or reports;

13. Documents and communications reflecting Masimo evaluations of its relative performance to competitors, and competitive analyses, including competition between Masimo products and competitors' products, market shares, market studies, business plans, strategic planning documents, consumer surveys and customer preferences and purchasing patterns, analysis of all sensors compatible with Masimo pulse oximeter products, and acceptable available substitutes;

14. Documents and communications relating to Masimo's strategies for increasing sensor sales, and Masimo's competitive intent and expectations from the implementation of ProCal and X-Cal;

15. Masimo documents and communications relating to the ProCal and X-Cal technology, including product materials, strategic or technical documents demonstrating technological tying, customer benefits, if any, from these technologies, describing or evaluating differences between Masimo's, Shenzhen Mindray's, and other competitors' pulse oximetry technologies, sensors and cables, criticisms of Masimo products , and the location and date of each unit of Masimo pulse oximeter product

4848-3910-1216.1

sold in the United States, and whether the software loaded on each such unit included X-Cal technology;

16. All expert reports, expert deposition transcripts and exhibits and expert trial transcripts and related exhibits from the *Masimo v. Nellcor Puritan Bennett, Mallinckrodt, Inc.* patent litigation; all deposition transcripts and exhibits, expert reports, and all trial exhibits from the *Masimo v. Tyco* antitrust litigation; and all deposition transcripts and exhibits, expert reports, trial transcripts and all trial exhibits from the *Masimo v. Philips* patent litigation; and

17. The encryption key on Masimo sensors and cables.

It is clear that Masimo has complied with only a small fraction of its discovery obligations. This matter cannot be effectively and timely addressed by this Court (Rule 53(a)(1)(C)). This motion concerns 384 requests for production for which Masimo agreed to comply in a five hour meet and confer session on May 12, a letter agreement on May 27, other meet and confer sessions on June 5 and June 18, and agreements to produce in discovery responses dated May 22, June 12, July 14 and July 25. Rather than actually comply with its agreements, Masimo has delayed, stonewalled, then engaged in a cynical series of dumps of unrequested, nonresponsive and irrelevant material. When it did produce marginally relevant material, it consisted of boilerplate documents with multiple parties. Now it tries to deceive this Court by referring to page counts of this irrelevant material, while stonewalling on the important materials such as those listed above. Dealing with a stonewalling defendant requires far more time, study and hearings than any Judge has availability to effectively and timely handle.

The requested extension of the fact discovery cut off will lead to fact discovery and expert discovery cutoff on the same date, a common result in complex cases, and will have no impact on the trial date. The extension is in the interests of justice and should be granted.

| | |
|---|---|
| DATED:  November 20, 2014 | Respectfully submitted,<br><br>FOLEY & LARDNER LLP<br><br><br>*/s/ Justin E. Gray*<br>Nicola A. Pisano (CA Bar No. 151282)<br>    npisano@foley.com<br>Jose L. Patiño (CA Bar No. 149568)<br>    jpatino@foley.com<br>Shawn E. McDonald (CA Bar No. 237580)<br>    semcdonald@foley.com<br>Justin E. Gray (CA Bar No. 282452)<br>    jegray@foley.com<br>**FOLEY & LARDNER LLP**<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130-3302<br>Telephone:   858.847.6700<br>Facsimile:    858.792.6773<br><br>Francis J. Burke, Jr. (CA Bar No. 75970)<br>    fburke@foley.com<br>**FOLEY & LARDNER LLP**<br>555 California Street, Suite 1700<br>San Francisco, CA 94104-1520<br>Telephone:   415.434.4484<br>Facsimile:    415.434.4507<br><br>Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD. |

4848-3910-1216.1

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on November 20, 2014     FOLEY & LARDNER LLP

*/s/ Justin E. Gray*
Justin E. Gray (CA Bar No. 282452)
jegray@foley.com

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

7    Case No. SACV12-02206 CJC (JPRx)

4848-3910-1216.1