Nicola A. Pisano (CA Bar No. 151282)
   npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
   jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
   semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone: 858.847.6700
Facsimile: 858.792.6773

Francis J. Burke, Jr. (CA Bar No. 75970)
   fburke@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: 415.434.4484
Facsimile: 415.434.4507

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation and MASIMO INTERNATIONAL SARL, a corporation of Switzerland,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD., a corporation of the People's Republic of China,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV12-02206 CJC (JPRx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Mag. Judge: Hon. Jean P. Rosenbluth<br><br>Discovery Cutoff: February 27, 2015<br>Pretrial Conference: November 16, 2015<br>Trial: December 1, 2015 |

Case No. SACV12-02206 CJC (JPRx)

4823-0393-6033.1

Pursuant to this Court's December 4, 2014 Minute Order (Dkt. No. 262), Defendant and Counterclaim Plaintiff Shenzhen Mindray Bio-Medical Electronics Co., Ltd. "Shenzhen Mindray" submits this supplemental memorandum in support of its motion to compel production of documents responsive to RFP Nos. 278 and 430.

## I.    Proposal for Narrowing Scope of RFP No. 278

RFP No. 278, as originally drafted, reads as follows:

"Shareholder ledgers of Masimo evidencing, referring or relating to stock ownership in Masimo by Knobbe, Martens, Olson and Bear LLP or any current or former partner of that law firm."

Shenzhen Mindray proposes narrowing the scope of RFP No. 278 to read as follows:

"Documents sufficient to show the financial interest in Masimo by attorneys of Knobbe, Martens, Olson and Bear LLP who have litigated or prosecuted patents on behalf of Masimo, as well as any stock ownership interest of the law firm itself in Masimo."

This proposed narrowing is identical to that previously proposed to Masimo on May 23, 2014, which Masimo subsequently rejected. Dkt. No. 253-3 at pp. 873 (Ex. R), 879 (Ex. T). This proposed narrowing is also identical to that suggested by Shenzhen Mindray at the December 4, 2014 hearing. Declaration of Justin E. Gray ("Gray Decl."), Ex. A at 29:19-22. The proposed narrowing makes clear that Shenzhen Mindray is only interested in information concerning (1) the stock ownership in Masimo by the Knobbe, Martens, Olson and Bear LLP ("KMOB") law firm; and (2) the financial interest in Masimo by KMOB attorneys who performed patent-related work for Masimo.

## II.   Proposal for Narrowing Scope of RFP No. 430

RFP No. 430, as originally drafted, reads as follows:

"Documents sufficient to show, by year, all fees and any other

1    Case No. SACV12-02206 CJC (JPRx)

consideration provided by You to Knobbe Martens Olson & Bear for work provided by it to You in the areas of (1) patent prosecution, (2) licensing and (3) litigation relating to Masimo's pulse oximetry patents and licenses."

Shenzhen Mindray proposes narrowing the scope of RFP No. 430 to read as follows:

"A summary chart showing, by year, all fees and any other consideration provided by You to Knobbe Martens Olson & Bear for work provided by it to You in the areas of (1) patent prosecution relating to pulse oximetry and (2) litigation relating to Masimo's pulse oximetry patents."

Shenzhen Mindray's proposal is consistent with that discussed during the December 4, 2014 hearing. Gray Decl., Ex. A at 37:6-7; 38:24-25; 42:7-8; 47:13-14. As also discussed at that hearing, Masimo could respond to this modified request by producing a one-page summary chart consisting of two columns: one for the year and one for the fees. This narrowing proposal was not presented to Masimo prior to the December 4, 2014 hearing because Masimo made clear in previous meet and confers that it considered the entire scope of RFP No. 430 to be irrelevant. *See, e.g.*, Dkt. No. 253-3 at pp. 879 (Ex. T); Gray Decl. Ex. A at 42:7-10. Thus, it would have been futile for Shenzhen Mindray to propose narrowing this RFP to Masimo.[1]

**III. The Documents Sought by RFP Nos. 278 and 430 Are Highly Relevant**

These requests seek discovery that is highly relevant to, *inter alia*, Shenzhen Mindray's prosecution laches, patent misuse, unfair competition, inequitable conduct and antitrust counterclaims. Specifically, Shenzhen Mindray asserts that Masimo and its counsel ("KMOB") have committed inequitable

---

[1] Further, while Masimo argued numerous times in its section of the Joint Stipulation that this request seeks KMOB bills regardless of subject matter (Dkt. No. 253-1 at 7:5-13; 8:15-17), a simple reading of the original RFP No. 430 makes evident that Masimo is incorrect.

2  Case No. SACV12-02206 CJC (JPRx)

1  conduct before the United States Patent and Trademark Office ("USPTO") on
2  several of the Masimo patents-in-suit (*see* Dkt. No. 241 at ¶¶ 76-248, 430-458 of
3  Counterclaims), have engaged in abuse of U.S. continuation practice by filing
4  patent applications directed to inventions that Masimo did not invent, long after
5  (and in one case, 17 years after) the alleged priority application (*see id.* at ¶¶ 76-
6  83, 430-434 of Counterclaims), and have participated in patent licensing
7  negotiations in which Masimo demanded oppressive and commercially
8  unreasonable terms under threat, usually explicit, to sue the targeted licensee for
9  patent infringement if Masimo's licensing terms were not adopted (*see id.* at ¶¶
10 37-47 of Counterclaims).

11        A key element of Shenzhen Mindray's inequitable conduct claims is intent
12 to deceive the USPTO.  *See Therasense, Inc. v. Becton, Dickinson and Co.*, 649
13 F.3d 1276, 1290 (Fed. Cir. 2011).  The Federal Circuit reiterated in *Therasense*
14 the long-standing rule that "[b]ecause direct evidence of deceptive intent is rare, a
15 district court may infer intent from indirect and circumstantial evidence."  *Id.*
16 The theory of proving deceptive intent by inferences for purposes of inequitable
17 conduct existed over twenty years ago and continues to the present day.  *See, e.g.*,
18 *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1189-90 (Fed.
19 Cir. 1993).

20        As this Court recognized at the December 4, 2014 hearing, the *Sony* case
21 cited in Shenzhen Mindray's portion of the Joint Stipulation "is pretty much – I
22 think it's – at least to a certain smaller scope, it's pretty much on point it seems to
23 me."  Gray Decl., Ex. A at 44:7-9.  Masimo's counsel did not deny that *Sony* was
24 on point, instead responding to the court by stating "[p]erhaps" and then pointing
25 out that *Sony* did not concern the issue of stock ownership in a client by its
26 attorney.  *Id.* at 44:11-13.  Of course this does not make *Sony* any less applicable
27 to this case.  And Masimo did not cite in its section of the Joint Stipulation or at
28 the December 4, 2014 hearing a case that distinguishes *Sony*.

*Sony* concerned claims of antitrust and inequitable conduct, just as this case does. *Sony Corp. of Am. v. Soundview Corp. of Am.*, No. 3:00 CV 754 (JBA), 2001 U.S. Dist. LEXIS 23220, at ** 7, 10 (D. Conn. Oct. 23, 2001). The party seeking discovery in *Sony* contended that the inventor's attorneys misrepresented to the PTO the scope of the subject matter, dates of conception, and reduction to practice, and materiality of certain references claimed in the inventor's patent application. *Id.* at *10. The *Sony* court ordered discovery of the party's attorney-client fee arrangements with its patent counsel, including "the amount of the fee" and "the dates of payment" because such evidence, under the broad discovery principles of Fed. R. Civ. P. 26(b)(1), "clearly has *some* tendency of making the existence of wrongful intent more or less probable than it would be without the evidence." *Id.* at **13, 16 (emphasis in original). The *Sony* court further explained that "[t]he probative value of [the party's] attorney-client fee arrangement is that it tends to establish the inference that in light of [the party's] patent reexamination attorneys' financial motive to secure the patent, such motive could have impelled them to intend to mislead or deceive the PTO." *Id.* at *14.

More recently, a district court, relying on *Sony*, held that evidence of the patentee's attorney-client fee arrangement is relevant to the intent to deceive prong of inequitable conduct. *Greenkeepers, Inc. v. Nike, Inc.*, 2009 U.S. Dist. LEXIS 101101, at **10-12 (E.D. Pa. Oct. 29, 2009). Here, Shenzhen Mindray is not even asking for the fee agreement itself, but merely a yearly accounting of fees paid by Masimo to KMOB for limited relevant areas of work.

Masimo's section of the Joint Stipulation points out that *Sony* was decided prior to *Therasense* and implies that *Sony* is therefore no longer applicable. Dkt. No. 253-1 at 11. This is a red herring. While *Therasense* may have arguably heightened the burden to show intent to deceive, *Therasense* did not speak to whether the evidence at issue in *Sony*, or the evidence Shenzhen Mindray seeks

here, is any more or less *relevant* (which is the inquiry during discovery) now than it was prior to *Therasense*.

KMOB's financial motives are also evidenced in its conduct in Masimo's recent jury trial against Philips. As explained in detail in Philips' Motion for Judgment as Matter of Law and/or Motion for a New Trial, KMOB violated numerous pre-trial orders. For example, KMOB tainted the *Philips* jury with prejudicial details concerning a prior litigation as well as prejudicial arguments concerning the defendant's decision not to contest infringement at trial. Gray Decl., Ex. B at pp. 17-27.

Another example of KMOB's financial motives is evidenced by the fact that Masimo's former lead counsel in this litigation (who withdrew from representing Masimo in this case on July 24, 2014 (Dkt. No. 242)) directly participated in negotiating and drafting the 2002 Purchase and License Agreement between Masimo and Shenzhen Mindray, and the Amendments thereto, that are at issue in this litigation.

Further, Shenzhen Mindray asserts in its antitrust counterclaims that "Upon information and belief, Masimo's patent portfolio is the culmination of a systematic and continuous decades' long effort by the officers of Masimo, and in particular Mr. Joe Kiani and Mr. Mohamed Diab, and their patent counsel, Knobbe, Martens, Olsen and Bear LLP to perpetrate fraud on the United Stated Patent and Trademark Office ('USPTO') and the American public by patenting inventions identically disclosed in the prior art, plainly suggest in the prior art, and/or first invented by others." Dkt. No. 241 at ¶ 76 of Counterclaims. Shenzhen Mindray also asserts that "Mr. Kiani, Mr. Diab and Masimo's patent counsel, Knobbe Martens Olsen and Bear LLP ('the Knobbe Martens firm') have financially profited from this conduct, while innovation and competition in the markets for pulse oximeter circuit boards, MPPMs and accessories have been stifled, to the great loss and expense of the American public." *Id.* at ¶ 84 of

Counterclaims. KMOB's financial interest in its dealings with Masimo are clearly relevant to Shenzhen Mindray's antitrust counterclaims.

As explained in Shenzhen Mindray's portion of the Joint Stipulation (Dkt. No. 253-1 at 6:15-27), the relationship between Masimo and KMOB is unusual. It is undisputed that KMOB held stock in Masimo, as reported on the very front of the SEC filing Masimo made the year it went public. Dkt. No. 253-3 at p. 789 (Ex. L). It is also undisputed that KMOB has prosecuted hundreds of patent applications for Masimo related to pulse oximetry over the years (*id*. at pp. 790-902 (Ex. M)). The KMOB attorney who prosecuted several of the patents asserted in this case previously was adjudged to have committed inequitable conduct in connection with a patent directly related to the asserted patents. *See Mallinckrodt, Inc. v. Masimo Corp.*, 147 Fed. Appx. 158, 180-184 (Fed. Cir. 2005); *see also* Dkt. No. 241 at ¶¶ 89-96 of Counterclaims. The Federal Circuit went so far as to say of that KMOB attorney that:

> Any competent attorney registered to practice before the PTO should have known that the *Masimo I* litigation was material to the patentability of the invention claimed in the '830 patent. After all, a registered attorney is required to be familiar with the laws, regulations, and ethical standards implicated in practicing before the PTO. Hence, that Jensen did not disclose the *Masimo I* litigation to the PTO, when he for certain knew about it since he was the lead attorney representing Masimo in that litigation, strongly suggests that he intended to deceive the PTO.

*Mallinckrodt*, 147 Fed. Appx. at 184. That attorney and his subordinates are accused in this case of having again committed inequitable conduct in connection with procurement of several of the patents asserted here, as extensively detailed

in Shenzhen Mindray's counterclaims. *See* Dkt. No. 241 at ¶¶ 76-248, 430-458 of Counterclaims. It is further undisputed that KMOB has been litigating continuously on behalf of Masimo since at least 2000. Dkt. No. 253-3 at pp. 825-862 (Ex. O). Indeed, the same attorneys involved in this matter were involved in the baseless assertion of the other Masimo patents against Nellcor (*Masimo Corp. v. Mallinckrodt Inc.*, 18 Fed. Appx. 852, 856-57 (Fed. Cir. 2001) (affirming district court's grant of summary judgment of noninfringement)), and have been involved in the negotiating of each of Masimo's anti-competitive licensing arrangements and other anti-competitive business practices at the heart of Shenzhen Mindray's antitrust counterclaims. *See* Dkt. No. 241 at ¶¶ 37-75 of Counterclaims. KMOB does not have a typical lawyer-client arms-length business relationship with Masimo; it is the "enforcement arm" for Masimo's improper efforts to monopolize the pulse oximetry market in the United States, and Masimo's responses will show that KMOB has been richly rewarded for those efforts.

    Shenzhen Mindray is entitled to the requested information so that the jury may consider whether Masimo's activities constitute just advocacy or something more.

    Accordingly, the Court should compel production of documents responsive to these requests.

4823-0393-6033.1

DATED:  December 15, 2014

Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ Justin E. Gray*
Nicola A. Pisano (CA Bar No. 151282)
   npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
   jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
   semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone:   858.847.6700
Facsimile:   858.792.6773

Francis J. Burke, Jr. (CA Bar No. 75970)
   fburke@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  415.434.4484
Facsimile:   415.434.4507

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

4823-0393-6033.1

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on December 15, 2014     FOLEY & LARDNER LLP

*/s/ Justin E. Gray*
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

9     Case No. SACV12-02206 CJC (JPRx)

4823-0393-6033.1