Joseph R. Re (SBN 134,479)
Joe.Re@knobbe.com
Jon W. Gurka (SBN 187,964)
Jon.Gurka@knobbe.com
Stephen W. Larson (SBN 240,844)
Stephen.Larson@ knobbe.com
Nicholas A. Belair (SBN 295,380)
Nick.Belair@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Fax:    (949) 760-9502

Attorneys for Plaintiffs
MASIMO CORPORATION and
MASIMO INTERNATIONAL SARL

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MASIMO CORPORATION a Delaware corporation, | Civil Action No. SACV12-02206 CJC (JPRx) |
| and | **MASIMO CORPORATION'S SUPPLEMENTAL BRIEF IN OPPOSITION TO SHENZHEN MINDRAY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS** |
| MASIMO INTERNATIONAL SARL, a corporation of Switzerland | |
| Plaintiffs, | |
| v. | Discovery Cut-Off 2/27/15 Pretrial Conference: 11/16/15 Trial: 12/01/15 |
| SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD a corporation of the People's Republic of China | Hon. Jean P. Rosenbluth |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to the Court's December 4, 2014 Minute Order (Dkt. No. 262), Plaintiffs and Counter-Defendants Masimo Corporation and Masimo International SARL (collectively, "Masimo") submit this supplemental brief in opposition to Shenzhen Mindray's Motion to Compel.

## I. **INTRODUCTION**

During the December 4 hearing, Magistrate Judge Rosenbluth noted that Shenzhen Mindray's requests for production were "hopelessly overbroad" and the way they were written tended to "feed into the notion" that they were intended "for harassment and abuse" of Masimo's counsel. Declaration of Justin E. Gray ("Gray Decl."), Ex. A at 31:19-23. Shenzhen Mindray's purported attempt to narrow Requests 278 and 430 does not diminish their harassing and abusive nature. Notably, Shenzhen Mindray's supplemental briefing affirms this because it resorts to unsupportable attacks on the integrity of Masimo and its counsel, Knobbe Martens Olson & Bear LLP ("Knobbe Martens"). Shenzhen Mindray argues, without support or explanation, that Masimo's lawyers have been "richly rewarded" for their service to Masimo, and thus supposedly have a "financial motive" to engage in unethical conduct. Such baseless accusations and inflammatory remarks ignore ethical standards, and merely distract from the merits of the case. Shenzhen Mindray's rhetoric cannot avoid the lack of relevancy of the discovery it seeks. The Court should deny Shenzhen Mindray's Motion on this basis alone.

Moreover, rather than do as the Court instructed and provide meaningful proposals to narrow its admittedly overbroad RFPs, Shenzhen Mindray instead makes a disingenuous effort to circumvent the Court's clear guidance. Indeed, Shenzhen Mindray's "proposed narrowing" is no narrowing at all. Likewise, rather than provide the Court with any new substantive legal arguments to support its positions, Shenzhen Mindray instead simply parrots its earlier briefing. At no time does Shenzhen Mindray explain how the requested breadth

of discovery is relevant to its claims, and its only legal support cannot possibly justify the scope of discovery it now seeks.  The Court should deny Shenzhen Mindray's Motion outright.

## II.  THE COURT SHOULD NOT TOLERATE SHENZHEN MINDRAY'S UNPROFESSIONAL ATTACKS ON MASIMO AND ITS COUNSEL

The only new arguments in Shenzhen Mindray's supplemental brief amount to nothing more than improper personal attacks on Knobbe Martens' attorneys.  First, Shenzhen Mindray argues that Knobbe Martens' conduct at Masimo's recent trial against Philips is evidence of its "financial motive." Shenzhen Mindray points to the opposing party's (Philips') arguments in its JMOL brief, but fails to explain how Philips' arguments are evidence of anything, much less a financial motive on the part of Knobbe Martens to engage in any conduct at issue in this litigation.  Second, Shenzhen Mindray argues that Knobbe Martens' involvement in negotiating and drafting Masimo's agreement with Shenzhen Mindray further evidences Knobbe Martens' "financial motives."[1]  Yet Shenzhen Mindray provides absolutely no support for, or explanation of its argument.  Indeed, the suggestion that compensation for legal services rendered gives rise to a suspicion of improper financial motive flies in the face of common practice and the Code of Professional Conduct.  Shenzhen Mindray's argument questions the integrity of the entire legal services industry.

Shenzhen Mindray's inflammatory allegations regarding Knobbe Martens' improper "financial motives" are also factually baseless, unhelpful, and clearly intended to harass Masimo and its counsel.

It is important to understand initially, that unlike most American law

---

[1] Shenzhen Mindray's litigation counsel, Foley & Lardner, assisted Shenzhen Mindray in the acquisition of its patents-in-suit, According to Shenzhen Mindray's logic, Foley & Lardner would appear to have an improper "financial motive" to litigate this case, thereby necessitating reciprocal discovery into Foley & Lardner's fee arrangement with Shenzhen Mindray.

firms, Knobbe Martens does not employ any formula for partner compensation, such as origination credits or formulas based on client billings. Indeed, Knobbe Martens' partner compensation system is a shares system and does not provide or allow a specific partner to derive any direct financial benefit from the amount of fees billed to or paid by a particular client. Moreover, contrary to what Shenzhen Mindray's counsel might speculate, Knobbe Martens' performs work for Masimo on a fee-for-service basis, and does not receive any bonuses or reductions contingent on the outcome of a given representation.[2] Thus, Shenzhen Mindray's claim that Knobbe Martens or its attorneys have been "richly rewarded" for it service to Masimo is unsupported and improper.

Finally, Shenzhen Mindray makes the wholly unsupported claim that Masimo's relationship with Knobbe Martens is "unusual." Shenzhen Mindray points to the fact that Knobbe Martens has prosecuted hundreds of patents for Masimo, has negotiated licensing agreements for Masimo, and has litigated on behalf of Masimo for more than ten years.[3] However, given Knobbe Martens status as a large intellectual property law firm, it is unclear how such activities are anything but typical. Moreover, the fact that Masimo has chosen to use Knobbe Martens over the years is testament to a good relationship, not some ulterior motive or "unusual" client relationship. Regardless, the scope of Knobbe Martens' representation in other matters is in no way relevant to the

---

[2] Nearly a decade ago, due to Masimo's temporary financial situation, Knobbe Martens discounted Masimo's legal fees by a small percentage in exchange for stock in Masimo at the value of the discount. Over six years ago, Knobbe Martens liquidated that interest. Knobbe Martens has not received any additional equity compensation from Masimo.

[3] Shenzhen Mindray also falsely accuses Knobbe Martens of asserting "baseless" patent infringement claims against Nellcor. Shenzhen Mindray bases that accusation on a 2-1 Federal Circuit affirmation of summary judgment of non-infringement by Nellcor of one Masimo patent. Interestingly, later in that case, the Federal Circuit affirmed infringement of several Masimo patents by Nellcor and non-infringement of any Nellcor patent by Masimo. Mr. Pisano, Shenzhen Mindray's lead counsel, represented Nellcor in that lawsuit.

merits of this case.  Shenzhen Mindray fails to explain how Knobbe Martens' long-term client relationship with Masimo somehow justifies the discovery it now seeks.  The implication that Knobbe Martens' attorney-client relationship with Masimo should be cause for suspicion is simply ridiculous.

## III.   SHENZHEN MINDRAY'S NARROWED REQUESTS REMAIN HOPELESSLY OVERBROAD

Despite the Court's December 4 instructions, Shenzhen Mindray once again presents requests for production that seek irrelevant information and are "hopelessly overbroad."  Gray Decl., Ex. A at 31:19-23.  Indeed, Shenzhen Mindray has not even attempted to explain how its amended requests are more narrowly tailored to any of the issues in this litigation than its original requests.  Thus, it is apparent that Shenzhen Mindray's proposed narrowing of RFP Nos. 278 and 430 is nothing more than a disingenuous attempt to circumvent the Court's clear guidance.  The Court should deny Shenzhen Mindray's Motion.

Shenzhen Mindray's revised RFP No. 278 seeks documents showing the financial interest in Masimo by any Knobbe Martens attorney who has ever litigated or prosecuted any patent on behalf of Masimo.  Shenzhen Mindray's narrowed request remains overbroad because it seeks personal financial information relating to Knobbe Martens' attorneys who have not been involved in either the present litigation or the prosecution of the patents-in-suit.  More importantly, Shenzhen Mindray fails to explain how Knobbe Martens' services on unrelated matters bear any relevance to the present litigation, much less how the personal stock holdings of the attorneys who performed those services could possibly be relevant to this case.  The Court should deny Shenzhen Mindray's RFP No. 278.

In addition, Shenzhen Mindray's narrowed RFP No. 430 is nearly identical in scope to its original request.  Although Shenzhen Mindray has removed the words "licensing" and "license" from the request, such a change is

meaningless in light of the scope of work Knobbe Martens performs for Masimo. Indeed, Shenzhen Mindray's counsel, Mr. Pisano, acknowledged that he believes Knobbe Martens' licensing work for Masimo to be subsumed by its more general prosecution and litigation work. *See id.* at 38:22-25 (arguing "all of [Masimo's] licensing relates to [Masimo's] patent assertion"). Similarly, although Shenzhen Mindray purports to limit its request to matters "relating to pulse oximetry," such a change is also meaningless given the nature of Masimo's business. Indeed, Mr. Pisano stated that he believes that "99 percent" of Knobbe Martens work for Masimo "relates to pulse oximetry." *Id.* at 40:5-11. Moreover, as Masimo argued at the December 4 hearing, the problem with Shenzhen Mindray's revised request is not that it seeks a "summary chart," but is instead that it seeks information reflecting Knobbe Martens' compensation for services "that have absolutely nothing to do with this case." *Id.* at 37:16-21. Shenzhen Mindray has failed to propose any meaningful changes to the scope of its request. The Court should deny Shenzhen Mindray's RFP No. 430.

## IV. *SONY* AND *GREENKEEPERS* DO NOT JUSTIFY THE DISCOVERY SHENZHEN MINDRAY SEEKS

Rather than provide the Court with any new substantive arguments to support its improper RFPs, Shenzhen Mindray simply parrots language from its earlier briefing. For example, as in its portion of the Joint Stipulation, Shenzhen Mindray argues that the requested discovery is highly relevant to nearly all of its counterclaims, but merely points to the allegations in its pleadings for support. *See* D.I. 270 at 2:21-3:10. Shenzhen Mindray fails to cite any case in which a court considered evidence of patent counsel's stock holdings or total billings relevant to any issue related to a claim of prosecution laches, patent misuse, or unfair competition. Similarly, with respect to its antitrust counterclaims, Shenzhen Mindray copies an entire paragraph from the Joint Stipulation, points to its pleadings and concludes that Knobbe Martens' financial interests are

1    "clearly relevant to Shenzhen Mindray's antitrust counterclaims." *Id.* at 6:1-2.

2    Yet, Shenzhen Mindray fails to cite any cases or facts of record to support its

3    conclusion.

4    With respect to its inequitable conduct allegations, Shenzhen Mindray

5    argues that a financial interest in Masimo by its attorneys is relevant to show an

6    intent to deceive the USPTO. *See id.* at 3-4. In support, Shenzhen Mindray

7    points to *Sony Corp. of Am. V. Soundview Corp. of Am.*, No. 3:00 CV 754

8    (JBA), 2001 WL 1772920, at *1 (D. Conn. Oct. 23, 2001), but that case is

9    inapposite. Contrary to Shenzhen Mindray's argument, the facts in *Sony*, and

10   indeed the discovery at issue, are nothing like the present case. *Sony* involved

11   an allegation of inequitable conduct stemming from a patent reexamination

12   proceeding. *Id.* In the opinion, the District of Connecticut only considered

13   whether to allow limited discovery into the specific attorney-client ***fee***

14   ***arrangement*** associated with the reexamination. *Id.* at *3.

15   By contrast, Shenzhen Mindray is not seeking limited discovery of a fee

16   arrangement associated with any particular patent prosecution at issue in this

17   litigation. Instead, Shenzhen Mindray is seeking a yearly accounting of all fees

18   paid by Masimo to Knobbe Martens for all patent prosecution and litigation

19   work. Given this, Shenzhen Mindray's reliance on *Greenkeepers, Inc. v. Nike,*

20   *Inc.* to suggest that Shenzhen Mindray's requests are somehow narrower than a

21   request for a particular fee agreement defies logic. *See* D.I. 270 at 4:18-23.

22   *Greenkeepers*, like *Sony*, allowed limited discovery of an attorney-client ***fee***

23   ***arrangement*** relating to the specific underlying representations at issue in the

24   case. Shenzhen Mindray's requests are far broader than those permitted in

25   either *Sony* or *Greenkeepers*. Shenzhen Mindray seeks information that is of no

26   "consequence to the determination" of this action, and cannot possibly show a

27   financial motive to secure any of the patents-in-suit. *See Greenkeepers, Inc. v.*

28   *Nike, Inc.*, No. Civ. A. 04-3747, 2009 WL 3581817, at *3 (E.D. Penn. Oct. 29,

2009).

Moreover, contrary to Shenzhen Mindray's argument, the *Sony* Court did not order discovery of the "amount of the fee" and "dates of payment." D.I. 270 at 4:9. Instead, to avoid revelation of privileged material during future depositions, the *Sony* Court allowed limited future inquiry into "the source of the fee . . . and the nature of the fee arrangement (i.e. whether the parties contracted for a flat fee or contingent fee)." 2001 WL 1772920 at *4. But, as Masimo pointed out during the December 4 hearing, Shenzhen Mindray's requested discovery even seeks information about the personal stock holdings of Knobbe Martens' attorneys. Gray Decl., Ex. A at 29-30. Such discovery is facially overbroad, and bears no resemblance to that at issue in *Sony* or *Greenkeepers*. As mentioned above, Knobbe Martens' ***fee arrangement*** with Masimo is based on an hourly fee-for-service model, and no attorney receives any formulaic compensation based on the billings to Masimo.

To the extent that *Sony* and *Greenkeepers* support the bare relevance of a fee arrangement to a claim of inequitable conduct, those decisions were based on an outdated version of the law on inequitable conduct. *See Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011). As Shenzhen Mindray readily acknowledges, the discovery it seeks is not direct evidence of any purported intent to deceive, but is merely circumstantial. *See* D.I. 270 at 3. Although the Federal Circuit in *Therasense* recognized that district courts may infer deceptive intent from circumstantial evidence, *Therasense* held that "the specific intent to deceive" must nonetheless be "'the single most reasonable inference able to be drawn from the evidence.'" *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (citing *Larson Mfg. Co. of S.D., Inc. v. Aluminart Prods. Ltd.,* 559 F.3d 1317, 1366 (Fed. Cir. 2009)). According to the Federal Circuit, if "multiple reasonable inferences" can be drawn, then "***intent to deceive cannot be found***." *Id.* (emphasis added).

In *Sony* and *Greenkeepers*, the district courts acknowledged that evidence of improper "financial motive to secure a patent" ***could*** lead to an inference that the attorney intended to deceive the USPTO.   *See, e.g.*, *Sony,* 2001 WL 1772920, at *3 (emphasis added).  However, that inference simply cannot be the single most reasonable inference drawn from the facts of this case.   As explained in Section II above, Masimo's fee arrangement with Knobbe Martens is based on a fee-for-service model, and does not involve any bonuses or reductions contingent on the outcome of a given representation, or any formula compensation flowing to any Knobbe Martens attorney based on total billings to Masimo.  Such an arrangement cannot give rise to an inference of improper financial motive because Knobbe Martens does not stand to gain any more or less based on the outcome of a given representation.   A more reasonable inference from evidence of Knobbe Martens' billing history is more straightforward: that evidence shows a strong, long-standing attorney-client relationship.  Thus, contrary to Shenzhen Mindray's argument, the evidence it seeks is not evidence of inequitable conduct.

## V. CONCLUSION

Shenzhen Mindray's unprofessional personal attacks and baseless accusations cannot transform the requested discovery into relevant information. Accordingly, the Court should deny Shenzhen Mindray's Motion in its entirety.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>December 22, 2014</u>   By:*/s/ Nicholas A. Belair*

Joseph R. Re
Jon W. Gurka
Stephen W. Larson
Nicholas A. Belair

Attorneys for Plaintiffs,
MASIMO CORPORATION and
MASIMO INTERNATIONAL SARL

- 8 -