Nicola A. Pisano (CA Bar No. 151282)
 npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
 jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
 semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
 jegray@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone:  858.847.6700
Facsimile:   858.792.6773

Francis J. Burke, Jr. (CA Bar No. 75970)
 fburke@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  415.434.4484
Facsimile:   415.434.4507

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| MASIMO CORPORATION, a Delaware corporation and MASIMO INTERNATIONAL SARL, a corporation of Switzerland,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD., a corporation of the People's Republic of China,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV12-02206 CJC (DFMx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM KNOBBE, MARTENS, OLSON & BEAR, LLP**<br><br>Date:          April 28, 2015<br>Time:         10:00 a.m.<br>Judge:        Hon. Douglas F. McCormick<br><br>Discovery Cutoff:      April 30, 2015<br>Pretrial Conference:   November 16, 2015<br>Trial:                          December 1, 2015 |

Case No. SACV12-02206 CJC (DFMx)

4839-0662-5571.3

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2.3, Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd. ("Shenzhen Mindray") hereby files this Supplemental Memorandum to provide a brief response to certain points raised by Knobbe, Martens, Olson & Bear, LLP ("Knobbe") in the Joint Stipulation Accompanying Shenzhen Mindray's Motion to Compel the Production of Documents ("Joint Stipulation").

## INTRODUCTION

Knobbe already agreed to produce the majority of the documents at issue, with the exception of those sought by RFP No. 5, during previous conferences of counsel and discovery negotiations. Despite this agreement, Knobbe has yet to complete its production, has failed to produce any documents whatsoever with respect to certain RFPs, and has not supplied a privilege log. Given the rapidly approaching close of discovery, Shenzhen Mindray cannot rely on Knobbe's assurances that these critical documents will be produced in the future.

Knobbe has steadfastly refused to produce documents responsive to RFP No. 5 based largely on a claim that such documents are irrelevant. Knobbe is incorrect. Such documents are highly relevant to Shenzhen Mindray's prosecution laches, patent misuse, unfair competition, inequitable conduct, and antitrust counterclaims. Shenzhen Mindray therefore seeks this Court's help in obtaining these highly relevant and responsive documents.

### A. REQUESTS FOR PRODUCTION NOS. 1, 2, 3 AND 4

On the day this supplemental memorandum was due, Knobbe produced a privilege log purportedly regarding the RFP Nos. 1-4. Further, Knobbe has indicated for the first time in its own supplemental memorandum filed today that it has produced a total of 44 pages of documents, bearing Bates labels with a Masimo prefix instead of a Knobbe prefix, in response to RFP Nos. 1-4. Shenzhen Mindray cannot confirm that Knobbe's production is complete, nor does Knobbe so state in its supplemental memorandum. Nor can Shenzhen

1   Case No. SACV12-02206 CJC (DFMx)

Mindray adequately assess the claims of privilege made in the privilege log Knobbe produced today. Given past non-compliance by the Knobbe attorneys and their client, more questions remain than answers a few short weeks before the close of discovery (once extended because of Masimo's late identification of the party with standing to sue), and there is, notably, no representation of full compliance. Shenzhen Mindray's motion is not moot, and more so than ever in need of the Court's assistance and vigilance.

In light of the fact that the parties face a discovery cut-off at the end of April, Knobbe's repeated mantra that Shenzhen Mindray submitted its portion of the Joint Stipulation to Knobbe a week after the March 20, 2015 conference of counsel is of no moment. Shenzhen Mindray had to submit the motion at that time or lose its ability to have a motion heard by the Court before the close of discovery, which would thereby jeopardize its right to pursue highly relevant documents should Knobbe once again fail to provide documents when promised. Furthermore, Knobbe was afforded more than a week to produce responsive documents—it had months. Knobbe was served with the subpoena at issue on January 21, 2015 and submitted its objections and responses on February 5, 2015. Rather than agreeing in those responses to produce a narrower category of responsive documents in response to RFP Nos. 1-4 as they ultimately agreed to do at the March 20, 2015 conference of counsel, Knobbe objected to the production of any documents whatsoever in response to the subpoena. In any event, Knobbe has now agreed to produce documents and this Court should hold Knobbe to those promises. In the event that Knobbe makes a satisfactory production of documents and privilege log prior to the April 28, 2015 hearing, Shenzhen Mindray will withdraw portions of its motion to compel as appropriate.

## B.     REQUEST FOR PRODUCTION NO. 5

In its portion of the Joint Stipulation, Knobbe asserts two objections to producing documents in response to RFP No. 5: privilege and relevance. This is

2     Case No. SACV12-02206 CJC(DFMx)

4839-0662-5571.3

contrary to Knobbe's representations at the March 20, 2015 conference of counsel where it indicated that narrowing the request to "documents sufficient to show" the attorney fees and costs charged to Masimo by Knobbe to obtain each of the Masimo patents would alleviate Knobbe's privilege concerns. In any event, Knobbe's privilege argument is frivolous. Client fee information, including the amount charged to a client, is generally not privileged. *See United States v. Olano*, 62 F.3d 1180, 1205 (9th Cir. 1995); *Sony Corp. of Am. v. Soundview Corp. of Am.*, No. 3:00 CV 754 (JBA), 2001 U.S. Dist. LEXIS 23220, at *14-15 (D. Conn. Oct. 23, 2001). Such documents are only privileged if they "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching a specific area of law." *Olano*, 62 F.3d at 1205. That is not the case here where Shenzhen Mindray has agreed to accept documents sufficient to show the total fees received from Masimo and is not pressing for production of detailed or line item bills. *See id.* (indicating that the amount of fees is not privileged but individual bills might be, depending on what they reveal).

Knobbe's relevance objection is also unsupported. Discovery in a civil action is broad. Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter of the litigation. Fed. R. Civ. P. 26(b)(1). As Shenzhen Mindray articulated in the Joint Stipulation, the information sought by RFP No. 5 is highly relevant to Shenzhen Mindray's prosecution laches, patent misuse, unfair competition, inequitable conduct, and antitrust counterclaims. Joint Stipulation at 12-14. Shenzhen Mindray's inequitable conduct counterclaims require a showing of intent and Knobbe's financial interest in keeping Masimo as a client due to the large amount of fees received from Masimo is relevant to establishing intent through circumstantial evidence. *See id.* at 13 (citing *Paragon Podiatry Lab., Inc. v. KLM Labs Inc.*, 984 F.2d 1182, 1189-90 (Fed. Cir. 1993) and *Sony*, 2001 WL 1772920, at *3).

4839-0662-5571.3

Knobbe's attempt to distinguish *Sony* on the basis that *Sony* involved a contingency fee and Knobbe charged by the hour fails. *Sony* did not distinguish between contingency and hourly fees or indicate that the outcome would have been different had the lawyers charged by the hour. Knobbe does not cite a single case that applies its hourly versus contingency fee argument, which it appears to have created out of whole cloth.

Knobbe argues that discovery of Knobbe's fees charged to Masimo is not relevant because "normal compensation for professional services rendered" is not probative of intent. Joint Stipulation at 15 (citing *MLSMK Inv. Co. v. JP Morgan Chase & Co.,* 737 F. Supp. 2d 137, 143 (S.D.N.Y. 2010)). However, it is not clear that the fees charged by Knobbe were, in fact, "normal compensation." This is a question of fact that can only be evaluated after reviewing the amount of the fees which cannot be done unless and until Knobbe produces the documents requested in RFP No. 5.

The cases cited by Knobbe to argue that the requested fee information is not relevant are not on point. Most of these cases do not involve the standard for discovery which is a broad standard. *See, e.g., Pucci v. Litwin*, No. 88 C 10923, 1993 U.S. Dist. LEXIS 13902, at *1 (N.D. Ill. Oct. 4, 1993) (evaluating whether attorney fee information is admissible at trial); *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297, 1308, 1312 (C.D. Cal. 1996) (applying the Private Securities Litigation Reform Act's ("PSLRA") heightened pleading standard which is more rigorous than Federal Rule of Civil Procedure 9(b)); *Police Retirement Sys. of St. Louis v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2012 U.S. Dist. LEXIS 71429, at *22-23, *72 (N.D. Cal. May 22, 2012) (same); *THC Holdings Corp. v. Chinn*, No. 95 Civ. 4422 (KMW), 1998 U.S. Dist. LEXIS 1276, at *26-28 (S.D.N.Y. Feb. 6, 1998) (applying 9(b) pleading standard and refusing to dismiss fraud claims).

The only case Knobbe cites that addresses whether fee information is

4839-0662-5571.3

relevant for discovery purposes is *Adams v. Gateway, Inc.*, No. 2:02-CV-106 TS, 2005 U.S. Dist. LEXIS 43467 (D. Utah Nov. 2, 2005). In *Adams*, the defendant did not seek attorney fee information as evidence of intent for an inequitable conduct claim as Shenzhen Mindray does here, but instead argued that fee arrangements would show the uses to which Plaintiffs put licensing revenue and were relevant to the issue of "reasonable royalty." *Id.* at *10. The court found that fees paid to an attorney were not relevant to the issue of what a reasonable royalty for the patent was and refused to allow the discovery given "the relatively light showing of relevance" for the attorney fee documents. *Id.* at *12. In contrast, in this case, fees paid to Knobbe are important to Shenzhen Mindray's inequitable conduct claim as they will provide evidence of Knobbe's motive to keep Masimo happy in order to retain Masimo as a client and continue receiving large legal fees. "Because a motive demonstrates the probability of ensuing action, it is *always* relevant." *Sony*, 2001 U.S. Dist. LEXIS 23220, at *13 (citing JOHN HENRY WIGMORE, EVIDENCE § 118 (Best Supp. 2001) (emphasis added in *Sony*)). Accordingly, the Court should compel the production of documents responsive to RFP No. 5.

### C.   REQUEST FOR PRODUCTION NO. 6

Shenzhen Mindray confirms that Knobbe produced certain documents and communications relating to the 2006 settlement between Nellcor and Masimo and the 2011 amendment thereto. However, Shenzhen Mindray cannot determine whether any documents continue to be withheld on privilege grounds. If any responsive documents are being withheld on the basis of privilege, work product, or other protection, Shenzhen Mindray requests a privilege log.

| | | |
|---|---|---|
| 1 | DATED:  April 14, 2015 | Respectfully submitted, |
| 2 | | FOLEY & LARDNER LLP |

*/s/ Justin E. Gray*
Nicola A. Pisano (CA Bar No. 151282)
   npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
   jpatino@foley.com
Shawn E. McDonald (CA Bar No. 237580)
   semcdonald@foley.com
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone:  858.847.6700
Facsimile:   858.792.6773

Francis J. Gray, Jr. (CA Bar No. 75970)
   fGray@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  415.434.4484
Facsimile:   415.434.4507

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.

6   Case No. SACV12-02206 CJC(DFMx)

4839-0662-5571.3

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed:  April 14, 2015           FOLEY & LARDNER LLP


*/s/ Justin E. Gray*
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com

Attorneys for Defendant, Counter-Plaintiff and Counter Counter-Defendant
SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD.